JUL 2 4 2007

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES DAVIS BENNETT, PRO SE
FCI SAFFORD/REG# 32589-112
P.O. BOX 9000
SAFFORD, AZ 85548

## THE UNITED STATES DICTRICT COURT
### FOR
### THE DICTRICT OF COLUMBIA

| | |
|---|---|
| James Davis Bennett, | ) CASE No._____ |
| | ) |
| Plaintiff, | ) **Civil Rights and Abuse of Process** |
| | ) **Complaint against Private** |
| vs. | ) **Individuals, The State Bar of** |
| | ) **California and the United States** |
| James M. Crawford, Sean Kennedy, | ) **of America Pursuant to Bivens vs** |
| The State Bar of California, | ) **Six Unknown Agents, The United** |
| The United States of America | ) **States Constitution, and Title 28,** |
| and DOES 1-35 inclusive, | ) **United States Codes, Section 1346** |
| | ) |
| Defendants. | ) Case: 1:07-cv-01321 |
| | ) Assigned To : Kollar-Kotelly, Colleen |
|_____| ) Assign. Date : 7/24/2007 |
| | Description: TRO/PI |

### INTRODUCTION

1. The Plaintiff made a Proffer to the United States Court of Appeals for the Ninth Circuit. He offered to dismiss his appeal if the Court would order The United States Government to reveal the violations it alleged against the 25 un-charged, un-indicted, and un-arraigned counts that the Government presented to the Jury. The Government would also have to reveal all verdict forms associated with the 25 counts in addition to revealing all of the verdict forms which match the Court Instructions as well as the Indictment that the Government used in the Plaintiff's trial.

2. The reason for the Proffer above is The Government used fraud to obtain the Search Warrant, used fraud to obtain the Indictment, used fraud to appoint an attorney for Plaintiff, used the appointed attorney to help conceal the changes made to the charges within the Indictment, refused to disclose the charges and their changes prior to Sentencing, refused to disclose the charges supporting the Prison term during sentencing(Exhibit A), refused to reveal the charges during appeal; then retroactively struck Plaintiff's opening brief and appointed an attorney who would submit a brief that did not include the 25 un-charged Counts.

## GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

3. March 21, 2002 Michael Rawlins, Special Agent with the Federal Bureau of Investigation, obtains the following statement from Gregory Bales; a cooperating witness, in response to his inquiry regarding three loan files which were the subject of his investigation; "Bennett keeps his business records(eg. Loan Files, Appraisal, etc.) at his office in Anaheim Hills and at his home in Yorba Linda....".

4. Knowing that he needed probable cause to search the two locations mentioned in the above Paragraph and also knowing he had no such probable cause or justification to obtain a search warrant, agent Rawlins committed perjury in his sworn affidavit for search warrant by swearing to the following; "Bales further advised that the business record related to the fraudulent appraisals and the corresponding property flips are stored at Bennett's West Belle office....  and at his personal residence....".

5. Knowing that it was not enough to have lied to create the facade of probable cause agent Rawlins knew he needed to establish Federal **JURISDICTION** in order to receive the warrant. He then commits perjury again in his sworn affidavit by representing in paragraphs a-1, b-1, and c-1 on pages 4, 6 and 7 respectively that Flagstar Bank was the lender on the three properties he was investigating stating; "On April 5, 2002 I called Flagstar Bank and was informed that the deposits of Flagstar are insured by the Federal Deposit Insurance Corporation.

6. Agent Rawlins knew Flagstar Bank was not the Lender or Institution instead it was another non-Federally insured institution as demonstrated by the Deeds of Trusts and the signed "Payment Letter to Borrower" he had in his possession.

7. After obtaining the search warrant through perjury designed to created probable cause and perjury designed to create federal **JURISDICTION**, on April 9, 2002 agent Rawlins and or others executed the illegal search of the plaintiff's home and office and illegally seized all documents at both locations in violation of Plaintiff's fourth amendment right to privacy and right to be secur   h his person

-2-

and effects.

8. On January 29, 2003 Plaintiff was falsely arrested as a result of the fraudulent activities of Special Agent Michael Rawlins and assistant United States Attorney David Hoffer and or others.

9. As a result of the false arrest indicated above in or about February 2004 judge Alicemarie Stotler selected and placed in charge of Plaintiff's defense a panel attorney to which Plaintiff neither requested nor wanted. The panel attorney was selected by the Judge because the Federal Public Defender had a conflict of interest.

10. On August 13, 2004 panel attorney filed motion to suppress the documents obtained from the illegal search of Plaintiff's home and office.

11. On December 6, 2004 judge Alicemarie Stotler denies the motion to suppress although she and Assistant United States Attorney Lawrence E. Kole admit that the Lender used for Federal Jurisdiction in the search warrant was not federally insured and the true lender in the Indictments Bank Fraud charges counts 5-7 was not either.

12. On December 18, 2004 Plaintiff attempted to get the panel attorney to appeal based on prosecutorial and investigatory fraud and misconduct, he refused.

13. On December 20, 2004 Plaintiff filed notice of appeal on his own behalf and judge Alicemarie Stotler located the notice and prevented it from being filed.

14. On April 28, 2005 and August 10, 2005 panel attorney filed motion for basic defense tools; cost for copies and investigator.

15. On April 28 and August 10, 2005 Judge Alicemarie Stotler denied the request leaving the Plaintiff with an Attorney he did not request and further frustrating the situation by refusing to pay him for basic defense tools.

-3-

16. On October 27, 2005 Plaintiff motioned Judge Stotler to allow Plaintiff to either represent himself or be allowed to hire effective counsel at Plaintiff's expense. She refused but was generous enough to allow Plaintiff to bring in counsel to watch panel attorney but forced attorney to conduct Plaintiff's trial against Plaintiff's requests.

17. On November 8, 2005 trial started with new assistant United States Attorney Brett A. Sagel, who was unlicensed and who started his opening arguments by showing the jury a handwritten loan application and telling the jury that Plaintiff filled it out and sent it to a lender.

18. Knowing the above was untrue Plaintiff motions to bring in a handwriting expert to examine the document. Chief Judge Alicemarie Stotler denies.

19. During trial chief Judge Alicemarie Stotler, and the unlicensed Assistant United States Attorney and or others changed the Indictment by adding 15 additional counts used to increase the probability of convictions.

20. During trial chief judge Alicemarie Stotler and or others changed indicted counts 1-10 and 12 with court instruction 1, 2, 5, 7, 24 and 26.

21. During trial the Prosecution subornated Perjury from witnesses Mindi Perry from Flagstar Bank and Amy Pfiefer a Special agent with the FBI. Together they falsely testified that the lender in counts 5-7 was Flagstar Bank. It was actually a non-federally insured institution named Long Beach City Mortgage.

22. January 10, 2006 the jury returned convictions on the charges changed by Judge Stotler, US attorney Brett A. Sagel and or others. Plaintiff was then illegally seized and taken into federal custody in violation of his fourth amendment right to be secure in his person

-4-

from unreasonable seizure. Plaintiff was charged and tried on charges issued by judge Stotler, he was never given the opportunity to be arraigned or prepare  a defense on those charges.

23. After the convictions in the un-charged counts were returned the panel attorney filed a motion for acquittal under federal rules of criminal procedures rule 29.

24. On March 14, 2006 Plaintiff moved the court to remove panel attorney and to supplement panel attorney's motion for acquittal. Now that judge Stotler had the illegal convictions she allowed Plaintiff to represent himself.

25. In an effort to cover up all the changes she made to the charges especially the 15 additional counts she allowed to be charged during trial judge Stotler grants acquittal on count 12 the Continuing Financial Crimes Enterprise charge but refused to address  Plaintiff's filing regarding her changing the charges in the Indictment with court instructions to the jury.

26. Plaintiff made several motions for bill of particulars requesting the court enumerate  what it had done by changing the charges but Judge stotler continues to obstruct justice by denying the motions.

27. On October 6, 2006 Judge Stotler planned to sentence the Plaintiff to 121 months in prison. The Plaintiff requested that she identify the counts, violations of law, and reveal the verdict forms which formed the foundation for the prison sentence. Judge Stotler refused and sentenced the Plaintiff then abruptly walks out of the court room leaving everyone dismayed(Exhibit A).

28. On October 6, 2006 Plaintiff filed a Notice of Appeal. He thereafter requested the Ninth Circuit Court of Appeals order the Government to reveal the counts, violations of law, and the supporting verdict forms. The Circuit denied the Motion for Bill of Particulars thereby continuing to keep the secret as to the actual information the prison sentence is predicated on.

29. On October 16, 2006 the Ninth Circuit filed its' order for time schedule related to the Plaintiff's Notice of Appeal. The order contained the Circuit's express approved acknowledgment of their consent to Plaintiff to proceed in Pro Se. Included therein was the Ninth Circuit's express mandate for the submission of briefs. Plaintiff's opening brief was due not later than February 14, 2007; Government's opposition brief was due not later than March 16, 2007; and Plaintiff's reply brief was due not later than March 30, 2007.

30. The Plaintiff timely submitted his opening brief. The Government took the opportunity to read the brief and realized that the Plaintiff not only included the details related to the Governments introduction of 25 un-charged counts alleging 5 violations of law but also requested the determination of which of the un-charged, un-indicted, and un-arraigned counts formed the foundation for the 121 month sentence. They then refused to timely submit their opposition brief and instead filed a motion to have Plaintiff's Pro Se status revoked and his briefs removed from the record. This was done even though the Plaintiff had filed a number of Writs, Motions, and Appeals which to that point the Government had participated and saw no problem with the Plaintiff's Pro Se status.

31. On June 8, 2007 the Ninth Circuit filed an order removing Plaintiff's Pro Se status, striking his briefs from the record but not his many other filings, and requested appointment of another attorney similar to the one the District Appointed who assisted the Government in presenting the 25 un-charged, un-indicted, and un-arraigned counts to the jury during trial. In addition the Ninth Circuit abused the process of determining the Plaintiff's status by allowing the Government to default in their briefing, by applying their decision selectively retroactive by striking the Plaintiff's opening brief, and by refusing to file and consider the Plaintiff's Objection to the Commissioner's Recommendation to revoke Pro Se status and strike Plaintiff's briefs. All of the above actions by the Government & the Ninth Circuit were against the wishes of the Plaintiff.

-6-

**FIRST CAUSE OF ACTION AGAINST THE UNITED STATES AND DOES 1-10 FOR VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE SECURE IN HIS HOME AND OFFICE AGAINST UNREASONABLE SEARCHES AND SEIZURES.**

32. The Plaintiff incorporates by reference as though fully set fourth herein The General Allegations Common to each Cause of Action and realleges paragraphs 3-31 above and further alleges that The United States Government employed Michael E. Rawlins(FBI Agent), David Hoffer(Assistant US Attorney), Lawrence E. Kole(Assistant US Attorney), Brett A. Sagel(Unlicensed Assistant US Attorney), Alicemarie H. Stotler(Chief Federal District Court Judge) and Michael S. Meza(Panel Attorney appointed under 18 USC 3006A). That on or about April 5, 2002 Michael E. Rawlins submitted a signed sworn search warrant affidavit which included statements known to Rawlins to be false. He created the impression that he had Federal Authority to investigate Bank Fraud by making Flagstar Bank; a Federally Insured Depository, the lender for the purchase of the properties he wanted to investigate when in fact the true lender was Long Beach City Mortgage; a non-Federally Insured Depository.

33. In addition to the above United States employee Michael E. Rawlins knowing he was unaware of and lacking any probable cause to to search the Plaintiff's home and office did fabricate and falsify the statements made by Gregory Bales by saying Bales identified the Plaintiff's home and office as the location of documents related to the lender which was falsified in paragraph 32 above. Bales true statement made no reference to him having any knowledge of the lender, properties, or documents related to Rawlins investigation. Rawlins obtained the search warrant, executed the search, and manipulated the evidence against the Plaintiff with the help and assistance of the United States Government through the assistance of the parties mentioned in paragraph 32 above. Therefore the United States, its' agents, and its' employees deprived the Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures.

**SECOND CAUSE OF ACTION AGAINST THE UNITED STATES AND DOES 1 -20 FOR VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO BE TRIED ON CHARGES ISSUED BY A DULY SWORN GRAND JURY.**

34. The Plaintiff incorporates by reference as though fully set forth herein the Introduction and the General Allegations common to each cause of Action and realleges paragraphs 1-31 above and further alleges that from September 2005 thru October 6, 2006 The United States through its' employees Chief Judge Alicemarie H. Stotler, Assistant US Attorney Lawrence E. Kole, Unlicensed Assistant US Attorney Brett A. Sagel, and FBI Agent Michael E. Rawlins did deprive Plaintiff James Davis Bennett of his Fifth Amendment right to be charged,arraigned, and tried on an Indictment issued by a duly sworn Grand Jury by creating the Indictment without Grand Jury authority as indicated by the lack of concurrance of the Grand Jury as demonstrated by the absence of a Grand Jury Foreperson's signature on the document. Said parties then took the un-authorized Indictment and amended it during trial with Jury Instructions 1, 5, 7, 24 and 26. And to insure that convictions were returned in the un-charged, un-indicted, and un-arraigned counts the United States through its' employees included the following statement in Instruction 24 lines 19-21 "The government is not required to prove whether defendant [Plaintiff] actually committed the crime or aided and abetted in its commission"; thereby removing the Government's burden of proof.

**THIRD CAUSE OF ACTION AGAINST THE UNITED STATES AND DOES 1-30 FOR VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW AND FOURTH AMENDMENT RIGHT TO BE SECURE IN HIS PERSON FROM UNREASONABLE SEIZURE.**

35.  The Plaintiff incorporates by reference as though fully set forth herein the Introduction, The General Allegations Common to each Cause of Action and realleges paragraphs 1-35 above and further alleges that the United States through its' employees mentioned in paragraph 34 above and other employees to be determined at a later

date did deprive Plaintiff his Fifth Amendment right to Due Process and equal protection of law and his fourth amendment right to be secure in his person from unreasonable seizure when on January 10, 2006 they illegally ordered and commanded the United States Marshalls to take Plaintiff into custody on un-indicted and un-arraigned charges where The United States refuses to reveal or support any of the charges or convictions by providing the verdict forms that match the indictment or the Jury Instructions. It has also refused to support the un-signed Indictment with any filed ballots from the Grand Jury or to produce any verifiable documents that would support a inference that the Indictment was authentic.

### FOURTH CAUSE OF ACTION AGAINST THE UNITED STATES & DOES 1-35 FOR VIOLATION OF PLAINTFF'S 6TH AMENDMENT RIGHT TO COUNSEL.

36. The Plaintiff incorporates by reference as though fully set forth herein the General Allegations Common to each Cause of Action and realleges paragraphs 3-35 above and further alleges that the United States through its' employees Chief Judge Alicemarie H. Stotler, Peter Lind Shaw(Ninth Circuit Commissioner), Sean Kennedy(Federal Public Defender), James Crawford(Appointed Panel Attorney) and others to be determined at a later date did deprive Plaintiff his Sixth Amendment right to counsel and counsel of his choice when in their efforts to cover up the 25 un-charged, un-indicted, and un-arraigned counts they presented to the jury to obtain convictions they forced the services of Michael S. Meza and James Crawford on the Plaintiff for the sole purpose of having counsel ignore Plaintiff and to work exclusively for the Government. The Government intentionally prevented the Plaintiff from bringing in counsel of his choice.

### FIFTH CAUSE OF ACTION AGAINST THE UNITED STATES, JAMES M. CRAWFORD,SEAN KENNEDY, THE STATE BAR OF CALIFORNIA & DOES 1-35 FOR ABUSE OF PROCESS RESULTING IN FRAUDULENT AND FALSE IMPRISONMENT.

37. The Plaintiff incorporates by reference as though full set forth herein the Introduction, The General Allegations Common to

each Cause of Action and realleges paragraphs 1-36 above and further alleges that the United States, James M. Crawford, Sean Kennedy and the State Bar of California abused their process of Appointing, supervising, and administering discipline to unethtical licensed and un-licensed Attornies. More specificly the United States hired and used two attornies who were not active members of the California State Bar; Brett A. Sagel(Un-licensed US Attorney) and Peter L. Shaw(a non-active member of the California State Bar working for the Ninth Circuit Court of Appeals as a Commissioner). Brett A. Sagel presented the fraudulent evidence and Un-charged, un-indicted, and un-arraigned counts in Plaintiff's trial. Peter Shaw put together the recommendation on behalf of the Ninth Circuit Court of Appeals to retroactively strike the Plaintiff's opening brief and to revoke his Pro Se status after finding out the Plaintiff included information on the 25 un-indicted counts presented to the jury. James M. Crawford disregarded the Plaintiff's explicit request that he not represent the Plaintiff after he was appointed by Sean Kennedy of the Federal Defenders office. The State Bar of California refuses to supervise or to discipline any attorney working for the Government to include those who are used through appointment to Defendants in Criminal cases. All of the above parties and those to be identified at a date in the future have abused various processes they use for the sole purpose of fraudulently and falsely imprisoning the Plaintiff.

## PRAYER FOR RELIEF

38. The Plaintiff is under immanent and continuing harm and danger as a result of the behavoir of the parties mentioned above. He prays for relief in the following particulars:

  a. injuntive relief to stop and prevent further representation on behalf of James M. Crawford,

  b. compensatory monetary damages against James M. Crawford for violation of the Sixth Amendment,

-10-

c. compensatory monetary damages against Sean Kennedy for violation of the Sixth Amendment,

d. injunctive relief against The State Bar of California to stop the practice of law by Peter Shaw and Brett A. Sagel who violated the Sixth & Fifth Amendment,

e. injunctive relief against the United States of America to prevent its' continued violations of the Sixth & Fifth Amendments and

f. declaratory relief against the United States to identify the violations for which Chief Judge Alicemarie Stotler sentenced Plaintiff to 121 months in prison.

39. The actions, behaviors, and damages all occurred in Federal District Court Case Number SA CR 03-0025(B)AHS and United States Court of Appeals for the Ninth Circuit Case Number 06-50580.

Dated this 13th Day of July 2007,

Signed: _____

James Davis Bennett, Pro Se
FCI Safford/Reg#32589-112
P.O. Box 9000
Safford, AZ 85548

## VERIFICATION

40. I James Davis Bennett, Plaintiff, verify that the facts presented herein are true and correct to the best of my knowledge.

Dated this 13th Day of July 2007,

Signed: _____

James Davis Bennett
Plaintiff

-11-

07-1321
CKK

JS-44
(Rev. 1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

James Davis Bennett

88880

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James Davis Bennett, #32589-112 Pro Se
FCI Safford
P.O. Box 9000
Safford, AZ 85548

## DEFENDANTS

James M. Crawford, Sean Kennedy, The State Bar of California, the United States of America and Does 1-35 inclusive

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     Orange
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01321
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/24/2007
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

⊙ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

5

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☒ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Bivens vs. Six Unknown Agents, the United States Constitution and Title 28, U.S.C., Section 1346   42 USC 1983

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____   JURY DEMAND:   Check YES only if demanded in complaint   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY** N.f.c.   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 23, 2007   SIGNATURE OF ATTORNEY OF RECORD   *James Davis Barnel H*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**EXHIBIT A**

COPY

1

1

2        UNITED STATES DISTRICT COURT

3        CENTRAL DISTRICT OF CALIFORNIA

4           SOUTHERN DIVISION

5              - - -

6    THE HONORABLE ALICEMARIE STOTLER, JUDGE PRESIDING

7

8    UNITED STATES OF AMERICA,
                    Plaintiff,
9        vs.
                                    SACR-03-25(B)-AHS
10    JAMES BENNETT,
                    Defendant.
11    ------------------------------

12

13

14        REPORTER'S TRANSCRIPT OF PROCEEDINGS

15            Santa Ana, California

16             October 6, 2006

17

18            SHARON A. SEFFENS, RPR
              United States Courthouse
19            411 West 4th Street, Suite 1-1053
              Santa Ana, CA  92701
20            (714) 543-0870

21

22

23                                    07 1321

24                                    FILED

25                                    JUL 2 4 2007

2

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   DEBRA W. YANG
     United States Attorney
 4   WAYNE R. GROSS
     Assistant United States Attorney
 5   Chief, Santa Ana Branch Office
     BRETT A. SAGEL
 6   Assistant United States Attorney
     U.S. District Courthouse
 7   411 West Fourth Street, 8th Floor
     Santa Ana, CA  92701
 8   (714) 338-3541

 9   For the Defendant:

10   JAMES DAVIS BENNETT, PRO SE
     #32589-112
11   FCI Victorville Medium 1
     Federal Correctional Institution
12   P.O. Box 5300
     Adelanto, CA  92301
13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
 1    SANTA ANA, CALIFORNIA; OCTOBER 6, 2006; A.M. SESSION
 2              THE CLERK:   Item No. 3, SACR-03-25(B)-AHS,
 3    United States of America versus James Davis Bennett.
 4              Appearances, please.
 5              MR. SAGEL:   Good morning, Your Honor.   Brett Sagel
 6    on behalf of the government, and with me at counsel table is
 7    Special Agent Michael Rollings.
 8              THE COURT:   Thank you.
 9              MR. BENNETT:   Good morning, Your Honor.   James
10    Bennett, pro se.
11              THE COURT:  Mr. Bennett is present as well.
12              This matter is set down for the sentencing hearing
13    in the defendant's case, and we have issued a tentative
14    ruling which the parties received this morning and which I
15    have been advised the parties have had time to review.
16              As you can determine, based upon the parties'
17    filings and the presentence report, the Court has indicated
18    that a sentence for the defendant in the range of ten years
19    is approximately a just and reasonable sentence under the
20    advisory Guidelines.
21              We would invite the defendant to make additional
22    comments concerning the matter of his sentencing, hear from
23    Mr. Bennett, then hear from Mr. Sagel, and then the Court
24    will pronounce judgment.
25              Mr. Bennett, let's start with you first.
```

4

1          MR. BENNETT:  Thank you.

2          I guess the first place where I would like to

3    start with the sentencing is I am a little bit confused

4    about the counts.  I understand that you did eliminate Count

5    12.  That left Counts 1 through 10, so if you could --

6    actually I guess I should start by saying that there are

7    several -- in the Indictment, the counts are indicated as --

8    Counts 1 through 4 are indicated as 1343 and subsection

9    (2)(b), which is wire fraud and causing an act to be done.

10   Counts 5 through 7 -- on page five of the Indictment, it's

11   indicated as Section 1344 and Section (2)(b).  Section 1344

12   is bank fraud.  Section (2)(b) is causing an act to be done.

13         Now, I guess my confusion comes probably with the

14   first part.  Once I read your opinion dated May 24, you

15   indicated in that opinion there were a number of properties

16   that -- I guess I have been trying to find out what the

17   charges were related to those properties, and actually they

18   were part of the 25 properties that were Exhibit 258 that

19   the government brought in at trial, but let me direct your

20   attention specifically to Count 1.

21         THE COURT:  I know what they are, Mr. Bennett.

22         MR. BENNETT:  I just wanted to kind of go over

23   this with you, so before I leave here, at least I can have a

24   clear understanding of exactly what those charges were

25   because they are different from the Indictment.

5

1          THE COURT:   I read all of that in your objections

2    to the presentence report.

3          MR. BENNETT:   I understand that but if I can

4    continue.  On Count No. 1, I noticed in your opinion when

5    you analyzed -- I think it's about 15 properties.  You

6    analyzed about 15 properties in that opinion.  Absent within

7    those 15 properties was Count 1.

8          The properties that you did analyze within those

9    15 properties were properties that you were analyzing to

10   determine if the jury had returned convictions on violations

11   that had somehow affected financial institutions.  Absent

12   within that analysis was Count 1, which indicated that you

13   yourself had agreed with the jury's verdict of guilty of

14   Count 1, that Count 1 had affected in some way a financial

15   institution.  As I look at the Indictment, Count 1 is not

16   charged in any way, shape, or form as being connected with a

17   financial institution.  It's simple wire fraud.

18         In your jury instructions for Counts 1 through

19   4 --

20         THE COURT:  Mr. Bennett, I read all of that in the

21   papers, so you don't have to recount it.

22         MR. BENNETT:  I am trying to find out before you

23   pass sentence what the sentence is going to be and what are

24   the charges you are going to pass the sentencing on, so if

25   you could give me an opportunity to just --

6

1      THE COURT:  It will be on all the counts of

2  conviction that remain.

3      MR. BENNETT:  What were those counts, and what

4  were the charges?

5      THE COURT:  Counts 1 through 10 of the Second

6  Superseding Indictment.

7      MR. BENNETT:  What were the violations that were

8  returned?

9      THE COURT:  I believe you were here, sir.

10      MR. BENNETT:  I would like you to tell me exactly

11  what 1 through 4 -- the convictions were.  I would like to

12  see the verdict form if I could.  Just so that the record is

13  clear, Counts 1 through 4 in your instructions to the

14  jury -- you instructed the jury that Counts 1 through 4 were

15  Section 1343, wire fraud.  They had a choice of picking

16  either Section 1343 --

17      THE COURT:  Mr. Bennett, let's try it this way.

18      Is there any legal cause why the sentence should

19  not now be pronounced?

20      MR. BENNETT:  I would like to finish if I could.

21      THE COURT:  Is that legal cause?

22      MR. BENNETT:  Yes.

23      THE COURT:  Please continue.

24      MR. BENNETT:  Counts through 4 -- let's be

25  perfectly clear about Counts 1 through 4.  You instructed

1    the jury --

2           THE COURT:  Yes, I know what the instructed the

3    jury.

4           MR. BENNETT:  -- on Counts 1 through 4 that they

5    had an opportunity -- or their decision was to rest on

6    either conviction of wire fraud which is Section 1343 or

7    aiding and abetting which is Section (2)(A).

8           THE COURT:  You have covered this in your papers.

9           MR. BENNETT:  I understand that, but what I need

10   to know is since you instructed the jury to a charge that

11   was not in the Indictment, what was the conviction in Counts

12   1 through 4 that you plan to sentence me for today?

13          THE COURT:  Anything else you care to say?

14          MR. BENNETT:  No, I am not finished, but I would

15   like to know that first, and then I would like to go and

16   find out -- on Counts 5 through 10, we have the same problem

17   with those counts also.  Counts 5 through 10 appear on the

18   Indictment as Section 1344 which is bank fraud, and in the

19   conjunctive -- and -- Section (2)(b), which is causing an

20   act to be done, something similar to what I explained to you

21   about in Counts 1 through 4.

22          THE COURT:  And which you covered in your papers.

23          MR. BENNETT:  Absolutely, and which I would like

24   to know before you pass sentence today.  In Counts 5 through

25   10, we have the same problem.  In Jury Instruction No. 7 and

1    Jury Instruction No. 24 --

2              THE COURT:  Which you covered in your papers.

3              MR. BENNETT:  Yes, and which you denied -- I felt

4    that the Court had no jurisdiction to give that

5    instruction -- those two instructions or to allow the jury

6    to consider convictions in counts or charges that weren't

7    appearing in the Indictment the same way that --

8              THE COURT:  And so your papers indicate, sir.

9              MR. BENNETT:  So what we have here is Counts 5

10   through 10 which on the Indictment appear as bank fraud and

11   causing an act to be done, which bank fraud is Section 1344.

12   Causing an act to be done is Section (2)(b), and it's in the

13   conjunctive.  You gave jury instruction -- or Court

14   Instruction No. 7 to the jury.  You gave them a choice in

15   the disjunctive of selecting bank fraud, Section 1344, or

16   aiding and abetting bank fraud which is Section (2)(A).

17             THE COURT:  And so you indicated in your papers.

18             MR. BENNETT:  If we had no difference in the jury

19   instructions and the Indictment and since you have declined

20   my request for the verdict form, which I don't see any

21   reason why -- I would like to take a look at the verdict

22   form.

23             If there was no variance between the Indictment

24   and the jury instruction, then we would have no problem.  I

25   would think we wouldn't have a problem.  If the 25 counts

1    that you allowed the government to bring in during trial --

2    if that never occurred, I don't think we would have a

3    problem either, but you did.  You allowed 25 counts to come

4    in to this court, 25 counts.  We only started off with 12

5    counts in the Indictment.  Count 11 was dismissed.  That

6    left us with Counts 1 through 10 and Count 12.  I don't know

7    where the 25 counts came from.

8            I also do not know -- Jury Instruction or Court

9    Instruction No. 26, what are the properties and lenders that

10   Court instruction applies to.

11           So if you can answer those questions for me, and I

12   realize that you decline to provide me the verdict form on

13   all the charges.  I would once again request the verdict

14   form just so we know exactly what we are doing here and just

15   so that I know exactly what happened.

16           THE COURT:  Is there anything else?

17           MR. BENNETT:  If you could tell me exactly what

18   the convictions were?  The Court instructions were not --

19   did not match the Indictment, so I am trying to find out if

20   -- I just read your tentative on the sentencing.  I am

21   trying to find out what are the charges you plan to sentence

22   me on?  Is it going to be the indicted charges, or is it

23   going to be the charges that you told -- you gave

24   instructions to the jury on?

25           THE COURT:  Let me advise you that you are

1  entitled to take an appeal of the Court's judgment by filing

2  a Notice of Appeal within ten days from today's date, and if

3  you fail to file a Notice of Appeal within that time, there

4  will be no review of the Court's judgment.

5        Do you have questions about your right to appeal?

6        MR. BENNETT:  I think at this point I need an

7  attorney.  I am requesting assistance of a Court-appointed

8  attorney because you refuse to explain to me on the record

9  what the convictions are and what the violations are.  I

10 don't think I need to leave here without knowing that.

11       If you are going to give me a sentence to prison,

12 I think you have an obligation not only to this court but to

13 this government to tell me before I leave out of here.  The

14 Fifth Amendment demands that you tell me exactly what you

15 plan to sentence me on since you changed the charges from

16 what was indicted.

17       So I don't think it's something that you can tell

18 me that I need to finish and shut up and get moving.  I

19 think you need to do that, Your Honor, and I think that

20 justice demands it.

21       THE COURT:  Do you have any questions about your

22 right of appeal?

23       MR. BENNETT:  I am requesting at this point

24 Court-appointed counsel to complete this sentencing.

25       THE COURT:  Do you have any questions about your

1  right of appeal?

2      MR. BENNETT:  I would like to say right now that I

3  do -- if you could, I have got an appeal set up here.  If I

4  could give this to you and you can have your clerk stamp

5  this.  This is my Notice of Appeal, but I am still

6  requesting -- I am at a point now where I need to have

7  appointed counsel, so I would like to find out what your

8  answer is in response to that.  Also, I have got copies of

9  the Notice of Appeal prepared, which if you could have your

10  clerk stamp it.

11      THE COURT:  We will accept it.  The clerk is to

12  accept from the defendant the Notice of Appeal, and I will

13  hold for the moment your request for counsel because I

14  regard it this point as a delay tactic and hear from

15  government counsel.

16      Mr. Sagel, if would you address the Court's

17  tentative ruling.  Any of the defendant's remarks that you

18  wish to address, you may.

19      MR. SAGEL:  Thank you, Your Honor.

20      I won't belabor our points.  We still believe in

21  what we filed in our papers, but we would concur -- or we

22  would not object to Your Honor sentencing the defendant to

23  121 months.  We would stick by our recommendation of 168

24  months, however.

25      I am afraid to say this, but I also would ask Your

1   Honor to ask the defendant if he wishes to allocute as well,

2   so that there is no doubt of whether he was speaking as

3   himself or as his lawyer at that point.  Other than that, we

4   rest on our papers.

5           THE COURT:  Thank you.

6           Yes, the defendant was being asked to speak on his

7   behalf concerning sentencing and tell us if there was any

8   legal cause why sentence should not be pronounced, and

9   neither has been particularly helpful so far.

10          Mr. Bennett, I believe the clerk has now accepted

11  your Notice of Appeal.  Is that correct?

12          MR. BENNETT:  Yes.

13          THE COURT:  Mr. Bennett, the Notice of Appeal has

14  to be filed in the District Court, so what I am going ask

15  you to do is line out where it says "Ninth Circuit Court of

16  Appeals" and say "District Court," and then we will go ahead

17  and take the Notice of Appeal.

18          MR. BENNETT:  Absolutely.  They have taken my pen,

19  so if I could get --

20          THE COURT:  I will have the clerk do that.  It's

21  goning to say in the Central District Court.

22          MR. BENNETT:  That's fine.  Also, all the comments

23  that I made prior, those comments were actually directed

24  from a pro se standpoint.

25          The comments that -- I think you kind of confused

*SHARON SEFFENS, U.S. COURT REPORTER*

13

1    that I was making my legal arguments in addition to my

2    allocution.

3        THE COURT:  Let's break it up then, so that you

4    have it clear that you have been telling me about legal

5    cause I think why sentence should not be pronounced.  Let me

6    state to you that I do believe that your request for counsel

7    is a delay and dilatory tactic, and as the government has

8    pointed out in the papers, you appear to be utilizing your

9    own advice that was given to one of the witnesses concerning

10   delay, so as much as I know it's your right to have counsel,

11   on this very eleventh-plus hour, I am not going to delay the

12   proceedings further and have counsel come in.  As I pointed

13   out to you and in the tentative ruling, we have taken

14   account of the various objections and motions that you have

15   filed.

16       MR. BENNETT:  Also, Your Honor, I have a -- if I

17   could get you to take a look -- this is actually a

18   document -- this is a document that I had already filed with

19   you.  If I could get you to take a look at that and get a

20   signature so I can order the transcripts on this.

21       THE COURT:  That's something that can be given to

22   the clerk after the hearing.  Once you file a Notice of

23   Appeal, I think that form will routinely come to me, so I

24   don't think you have to worry about the transcripts being

25   ordered.  I assume it has a designation.

14

1    MR. BENNETT: Yes.

2    One additional thing, I had requested -- actually,

3    as you know, I have made a number of requests for bail.

4    There has been some difference in opinion. Initially, I

5    think it was the April 21 or the April 24 hearing where you

6    indicated that your reason for denying bail was a lack of

7    employment or my putting up some property.

8    I did after that point submit another bail motion

9    which covered those issues that you were concerned about.

10   At that point, you brought up another issue about your

11   concern about my fleeing or clear and convincing evidence.

12   As you put it, you wanted clear and convincing evidence that

13   I would not flee.

14   I believe I submitted another bail motion after

15   that, which I thought would -- which included electronic

16   monitoring, so I am a little bit -- I am trying to find out

17   what is your definition of "clear and convincing evidence,"

18   so that I might be able to satisfy that for you, Your Honor?

19   THE COURT: We do not have a notice motion per se

20   about bail pending appeal or otherwise, but to the extent

21   that's what your request is, it's likewise denied. The

22   burden has always been on you to show that you are not a

23   risk.

24   MR. BENNETT: I guess that still doesn't answer my

25   question, but going back to the question, your primary

1   reason for denying bail in the last bail motion denial was I

2   had not presented clear and convincing evidence that I

3   wouldn't flee even after I had offered to the Court

4   electronic monitoring in addition to property secured.

5           So what is your definition of "clear and

6   convincing evidence"?  Do you have a definition?  I am not

7   certain.

8           THE COURT:  This is the time for sentencing,

9   Mr. Bennett.  That issue is not before the Court at this

10  time.

11          Is there anything else you want to say concerning

12  the matter of sentencing?

13          MR. BENNETT:  Nothing other than the request that

14  the Court -- nothing other than to just tell me which one of

15  those charges on Counts 1 through 4 and Counts 5 through

16  10 -- what were the convictions, and what's the

17  sentencing -- what's the violation that the sentence will be

18  imposed for those counts?

19          THE COURT:  Counts 1 through 4 will carry a

20  sentence of 60 months and then 121 months on Counts 5

21  through 10.

22          MR. BENNETT:  I'm sorry.  That wasn't the

23  question.  The question was the identification of the

24  violations on those counts that the convictions were

25  sustained.

1    THE COURT: All right, anything else?

2    MR. BENNETT: No. If you could provide that

3  and -- that would be fine.

4    THE COURT: Those are the issues that you may wish

5  to take up on the appeal.

6    Are you sure that you have told me any legal cause

7  why the sentence should not be pronounced or other

8  allocution?

9    MR. BENNETT: To be totally honest with you, the

10  legal cause why the sentence should not be pronounced is for

11  all the foregoing reasons I have said, but, basically, I was

12  tried on violations that weren't returned by the Grand Jury.

13  The government brought in 25 counts, alleged at least three

14  violations of law per each count, which wasn't on the

15  Indictment. You allowed it to happen.

16    You in turn instructed the jury to convict me on

17  counts that weren't in the Indictment, so, therefore, it's

18  in violation of the Fifth Amendment. I have a right to be

19  tried on a Grand Jury indictment only. You changed it with

20  Jury Instructions Nos. 5, 7, and 24, and in addition added

21  25 counts to Jury Instruction No. 26, so, therefore, there

22  is a clear absence of jurisdiction for any sentencing today.

23    THE COURT: Does that conclude your statement?

24    MR. BENNETT: Yes.

25    THE COURT: All right.

17

1    Mr. Sagel, is there anything you wish to add in

2    light of the defendant's additional remarks?

3    MR. SAGEL:  No, but in response to your tentative,

4    there are no victims here that wish to be heard prior to

5    sentencing.

6    THE COURT:  Thank you.

7    The Court rules in accordance with the tentative

8    ruling.

9    First, it is ordered that the defendant pay to the

10   United States a special assessment of $1,000, which is $100

11   per count of conviction due immediately.

12   Second, the defendant shall pay restitution in the

13   total amount of $751,050 under Section 3663A.

14   The restitution ultimately consists of the

15   following:

16   As to Count 1, CIT Group, also known as Chase

17   Manhattan, $90,000.

18   Equicredit, a Division of Bank of America, Count

19   2, $88,750.

20   Flagstar Bank, $493,014, and this is as reflected

21   in Counts 5, 6, and 7.

22   Greenpoint Mortgage based on a conviction in Count

23   3 for $79,285.

24   I have rounded off the change of 18 cents from

25   what's contained in the presentence report for a total of

18

1   $751,050.

2        The defendant should make restitution forthwith,

3   and if he makes a partial payment, then each payee shall

4   receive approximately proportional payment.

5        The defendant shall be held jointly and severally

6   liable for all restitution ordered against his

7   co-participants:  Steven Brian Rogers, Benny Ibarra, Ricardo

8   Omar Garcia, and Bernardo Fernandez, in related cases in

9   Docket Nos. 03-25 and 02-122, and for the amount of

10  restitution ordered in this judgment.

11       The defendant is ordered to pay a total fine of

12  $12,500, which shall bear interest as provided by law.  Both

13  the restitution and fine are ordered to be paid in full

14  immediately.

15       In addition defendant shall comply with General

16  Order 01-05.

17       It is the judgment of the Court that defendant

18  James Davis Bennett be committed on Counts 1 through 10 of

19  the Second Superseding Indictment to the custody of the

20  Bureau of Prisons to be imprisoned for a term of 121 months.

21  This term consists of 60 months on each of Counts 1 through

22  4 and 121 months on each of the Counts 5 through 10 in the

23  Second Superseding Indictment, all to be served

24  concurrently.

25       Upon defendant's release from imprisonment, he is

19

1   placed on supervised release for a term of five years.  This

2   consists of three years on each of the Counts 1 through 4

3   and five years on Counts 5 through 10, all such terms to run

4   concurrently under the following terms and conditions:

5          1.   The defendant shall comply with the rules and

6   regulations of the U.S. Probation Office and General Order

7   318 and 01-05;

8          2.   Defendant shall refrain from any unlawful use

9   of a controlled substance.  The defendant is ordered to

10  submit to one drug test within 15 days of release from

11  imprisonment and at least two periodic drug tests

12  thereafter, not to exceed eight tests per month, as directed

13  by the probation officer;

14         3.   The defendant shall participate in an

15  outpatient substance abuse treatment and counseling program

16  that may include urinanalysis, saliva and/or sweat patch

17  testing, as directed by the probation officer.  The

18  defendant is ordered to abstain from using illicit drugs,

19  alcohol, and abusing prescription medications during

20  supervision;

21         4.   As directed by the probation officer, the

22  defendant shall pay all or part of the costs of treating

23  defendant's drug dependency and/or alcohol dependency to the

24  aftercare contractor during the period of community

25  supervision under 3672.  The defendant shall provide payment

20

1   and proof of payment as direct by the probation officer;

2        5.   During the period of community supervision,

3   the defendant shall pay a special assessment, fine, and

4   restitution in accordance with this judgment if not

5   previously paid;

6        6.   The defendant shall truthfully and timely file

7   and pay taxes owed for the years of conviction and shall

8   truthfully and timely file and pay taxes during the period

9   of community supervision.  Further, defendant shall show

10  proof to the probation officer of compliance with this

11  order;

12       7.   The defendant shall not be employed or

13  engage, as whole or partial owner or otherwise, in any

14  business that involves real estate, loan programs,

15  telemarketing activities, investment programs or any other

16  business involving the solicitation of funds or cold-calls

17  to customers without the express written approval of the

18  probation officer prior to engagement in such employment.

19  Further, defendant shall provide the probation officer with

20  access to any and all business records, client lists, and

21  other records pertaining to the operation of any business

22  owned, in whole or in part, by the defendant as directed by

23  the probation officer;

24       8.   The defendant shall notify the Department of

25  Real Estate and the Department of Appraisers of his

1  conviction within 30 days of this judgment, and shall

2  provide proof of compliance to the probation officer;

3          9.   As directed by the probation officer, the

4  defendant shall apply monies received from income tax

5  refunds, lottery winnings, inheritance, judgments and any

6  anticipated or unexpected financial gain to the outstanding

7  Court-ordered financial obligation; and

8          10.   Defendant shall cooperate in the collection

9  of a DNA sample from his person.

10         The Court having sat through trial of the

11  defendant's case disagrees with the probation officer's

12  recommendation for a sentence at the low end of the Advisory

13  Guidelines.  As I have indicated in the tentative ruling,

14  nearly all of the government's arguments in support of a

15  high-end sentence apply in Mr. Bennett's case.

16         Certainly the fact that the proof may not show by

17  a preponderance that defendant received over a million

18  dollars personally -- I believe that is certainly one good

19  argument and very much an argument in support of a high-end

20  sentence along with all the others that show his

21  responsibility in this scheme.

22         The Court has previously advised the defendant of

23  his right of appeal, and the clerk is holding that notice to

24  be filed.

25         We have some other motions that the defendant has

22

1  filed.  As indicated in the tentative ruling, those motions

2  are denied.

3        Mr. Bennett, do you have anything else that you

4  wish to add?

5        MR. BENNETT:  Yes, just one thing.  You indicated

6  that you were sentencing me on Counts 1 through 4 and Counts

7  5 through 10 on the Indictment.  Those weren't the charges

8  that you charged the jury.

9        So what specifically am I being sentenced for?

10 What are the Counts 1 through 4 that you are sentencing me

11 for, and what are Counts 5 through 10?

12       THE COURT:  I think we have covered that

13 sufficiently, sir.

14       MR. BENNETT:  I don't think so.

15       THE COURT:  Mr. Sagel, is there anything else?

16       MR. SAGEL:  No, Your Honor.

17       THE COURT:  All right, that concludes the

18 proceedings at this time.  We stand adjourned.

19            *(Proceedings were adjourned.)*

20                   -oOo-

21

22

23

24

25

23

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   November 16, 2006

Sharon A. Seffens           11/16/06
SHARON A. SEFFENS, U.S. COURT REPORTER

*SHARON SEFFENS, U.S. COURT REPORTER*