**FILED**

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES DAVIS BENNETT, PRO SE
FCI SAFFOR/REG# 32589-112
P.O. BOX 9000
SAFFORD, AZ 85548

## THE UNITED STATES DISTRICT COURT
### FOR
### THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James Davis Bennett, )<br><br>    Plaintiff, )<br> )<br>  vs. )<br> )<br>James M. Crawford, Sean Kennedy,)<br>The State Bar of California, )<br>The United States of America )<br>and DOES 1-35 inclusive, )<br> )<br>    Defendants. )<br> )<br>_____) | CASE No._____<br><br>**Motion for Judicial Notice Pursuant to Fed. Rules of Evid. Rule 201(b) (2) & (d) in support of a Temporary Restraining Order Pursuant to FRCVP Rule 65(b), and Application for a Temporary Restraining Order.** |

Case: 1:07-cv-01321
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/24/2007
Description: TRO/PI

2

## MOTION FOR JUDICIAL NOTICE

1. A court shall take judicial notice if requested by a party and supplied with the necessary information. FRCVP Rule 201(d). A judicially noticed fact must be one not subject to reasonable dispute in that it is......capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FRCVP Rule 201(b)(2).

2. The Plaintiff hereby moves the court to take Judicial Notice of the following verified facts in support of request for Temporary Restraining Order pursuant to FRCVP Rule 65(b). The facts can be easily verified through the records on file in Federal Criminal District Court Case Number SA CR 03-0025(B)AHS and Ninth Circuit Court of Appeals Case Number 06-50580 plus any attached exhibits that may be referenced.

## VERIFIED JUDICIALLY NOTICED FACTS

3. The United States presented a 12 count Second Superseding Indictment lacking a Grand Jury's authorizing signature and presented no other documents to substantiate its' authenticity (exhibit A).

4. After the Court was notified that the Federal Public Defenders had a conflict of interest the court appointed Michael S. Meza as the Plaintiff's attorney even though Plaintiff did not want indigent counsel and could afford and was in the process of hiring retained counsel of his choice. (District Court Docket#(Dk#)69-exhibit B).

5. After the Court Appointed Mr. Meza it denied; in a hearing that was statutorily mandated to be Ex Parte(Court allow Prosecutor to make it a adversarial hearing), his requests for copies and Investigator & denied Plaintiff's motion to retain counsel or represent himself. (Dk# 116, 117, 119 & 153-exhibit c).

6. The Plaintiff tries to get the appointed attorney; Mr. Meza, and the court to prevent the Government from changing the charges and

lenders which were the subject of the charges. Both the appointed attorney as well as the court refused to take any actions to prevent the Government from acting criminally and unconstitutionally. This occurred during the Colloquy on Plaintiff's motion to retain his own counsel or in the alternative represent himself. Both requests were denied by the court. (see transcripts presented in exhibit C and Dk# 153).

7. During trial the appointed attorney and the court allowed the Government to increase the number of counts presented to the jury; change the counts which did appear on the indictment; and change the lending institutions associated with a number of the counts. This was exactly what the Plaintiff had tried to prevent by requesting the court allow him to retain counsel or represent himself.(Dkt# 197-exhibit D).

8. At sentencing the Plaintiff made a very plain and simple request to the court to identify the 25 un-charged, un-indicted, and un-arraigned counts it allowed to be presented to the jury, identify which of the 5 violations of law alleged against each, and present the verdict forms which would support the 121 month sentence to prison. The court refuses.(see exhibit A attached to the verified complaint & Dkt# 316).

9. The Plaintiff filed an Appeal(Dk# 316 & 319), received express permission from the United States Court of Appeals to proceed in Pro Se with opening brief to be submitted not later than February 14, 2007(exhibit E).

10. Plaintiff obeyed the Circuit order and timely filed his opening brief on February 5, 2007, the Government read the brief and was dissatisfied that Plaintiff included the information regarding the 25 un-charged counts; then defaulted by failing to file an opposition brief and instead filed a motion to remove Plaintiff's Pro Se status and to strike his brief.(exhibit F).

11. The United States Court of Appeals for the Ninth Circuit assigned the motion to an inactive member of the State Bar of California-Commissioner Peter Shaw (exhibit G). He recommeded the removal of Plaintiff from further participation and the striking of the Plaintiff's brief but not the other filings of the Plaintiff (exhibit H). Plaintiff thereafter filed an Opposition to Commissioner Shaw's recommendation(exhibit I) however, the Commission refused to file it for consideration by the Circuit Judges and instead forwarded another document previously filed in place of the actual Objection(see exhibit H).

## TEMPORARY RESTRAINING ORDER
### INTRODUCTION

12. The court acknowledged a conflict of interest between the Federal Public Defenders and forced the representation of Michael S. Meza upon the Plaintiff(exhibit B), denied copies and investigative services in what should have been an Ex Parte hearing(18 USC 3006A(e)(1), exhibit C), denied Plaintiff's motion for retained counsel of his choice or in the alternative his self representation(exhibit C), allowed(with appointed counsel) the Government to present 25 un-charged counts to the jury just as Plaintiff warned(exhibit D), then covered up the 25 un-charged counts at sentencing by refusing to identify the basis of the 121 month prison term(exhibit A attached to the complaint).

13. After sentencing the Plaintiff filed a Notice of Appeal (Dkt# 316 & 319), received time schedule order from 9th Circuit verifying his Pro Se status and mandating the briefing schedule (exhibit E), opening brief was timely filed by Plaintiff, Government defaulted and requested Plaintiff's Pro Se status be revoked and his opening brief be removed(exhibit F), recommendation was submitted (exhibit H),to removed Plaintiff and the brief from participation, Plaintiff file an objection which Commissioner Shaw did not file but used other irrelevant documents in place of the actual Objection (exhibit H). The Circuit Court then assigned the very department which has a conflict of interest with the Plaintiff to appoint counsel(Federal Defenders-see Dkt #69-exhibit B), then Sean Kennedy

of the Federal Public Defenders Office appoints James M. Crawford against the Plaintiff's wishes(exhibit J), James M. Crawford then proceeds to represent the Plaintiff against his wishes(exhibit K), he then proceeds to amend the record on appeal deleting the requested October 31, 2005 transcripts of the colloquy between the Plaintiff and the court where the Plaintiff warns the court of what was going to take place in trial with the 25 un-charged counts and the changing of lenders in a number of the counts(exhibit C). Exhibit L shows the Amended Transcript Designation and Ordering Form and court Docket number 397. Absent within the transcript order are a number of important dates relevant to the denial of counsel of choice as well as the information of the 25 un-charged counts. This Amendment was unnecessary as all dates of the entire record was Ordered and their related transcriptions have been completed and filed(exhbit M); the only purpose would be to narrow the record to exclude unwanted recording similar to exhibit C(October 31, 2005 transcripts).

## CONCLUSION

14. The Plaintiff is under continuing and irreparable harm and loss of rights in the following particulars if the Temporary Restraining Order is not issued to enjoin the representation of Plaintiff by James M. Crawford:

    a. the record on appeal will be narrowed to eliminate the unethical and criminal behavior indicated above,
    b. issues raised will be designed to keep Plaintiff imprisoned on fraudulent un-indicted charges, and
    c. Plaintiff will never be able to present his side of the criminal case because the Government has controlled his Defense Attorney at trial and his appellate attorney during the appeal in order to cover up their activities this is reversible error(exhibit N).

15. The Plaintiff is under continuing and irreparable harm and loss of rights if the Temporary Restraining order is not issued

-5-

to enjoin the United States' concealing of the verdict forms for the 25 un-charged, un-indicted, and un-arraigned counts they presented to the jury and to which they used to imprison Plaintiff. Exhibit O shows the sample verdict form submitted by appointed attorney. It does not match the indictment.

16. It is for the above reasons that the Plaintiff prays for the two Temporary Restraining Orders Mentioned in paragraphs 14 and 15 above until a hearing on a Preliminary Injunction can be heard.

Dated this 13th Day of July 2007,

Signed: _____

James Davis Bennett
Reg#32589-112
FCI Safford
Federal Correction Institution
P.O. Box 9000
Safford, AZ 85548

**EXHIBIT A**

COPY

FILED
CLERK, U.S. DISTRICT COURT

SEP - 7 2005

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2004 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. SA CR 03-25(B)-AHS |
| Plaintiff, | ) <br> ) S E C O N D |
| v. | ) S U P E R S E D I N G <br> ) I N D I C T M E N T |
| JAMES DAVIS BENNETT, | ) [18 U.S.C. § 1343: Wire Fraud; |
| Defendant. | ) 18 U.S.C. § 1344: Bank Fraud; <br> ) 18 U.S.C. § 225: Continuing <br> ) Financial Crimes Enterprise; 18 <br> ) U.S.C. § 2(b): Aiding and <br> ) Abetting] |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1343 and 2(b)]

INTRODUCTION

At all times relevant to this indictment:

1.   Defendant JAMES DAVIS BENNETT ("BENNETT") was the owner of West Belle Realty, a company in the business of representing buyers and sellers in real estate transactions, West Belle Mortgage, a company in the business of originating mortgage loans

//

//

BAS:bas
BAS

07 1321

FILED

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1  for real estate transactions, and West Belle Mortgage Escrow, a

2  company in the business of providing escrow services for real

3  estate transactions (collectively "West Belle").

4      2.   Steven Brian Rogers ("Rogers") was a realtor and loan

5  agent at West Belle.

6      3.   Donna M. Simon ("Simon") was a loan agent at Long Beach

7  City Mortgage, a company in the business of originating mortgage

8  loans for real estate transactions.

9      4.   Benny Ibarra ("Ibarra") and Ricardo Omar Garcia

10  ("Garcia") were employees of West Belle.

11  THE FRAUDULENT SCHEME

12      5.   Beginning on a date unknown and continuing through in

13  or about January 2002, in Los Angeles and Orange Counties, within

14  the Central District of California, and elsewhere, Defendant

15  BENNETT, Rogers, Simon, Ibarra, Garcia and others knowingly

16  devised, participated in, and executed a scheme to defraud

17  mortgage lenders and to obtain money and property by means of

18  materially false and fraudulent pretenses, representations and

19  promises.

20      6.   In carrying out this scheme, Defendant BENNETT, Rogers,

21  Simon, Ibarra, Garcia and others engaged in and caused others to

22  engage in the following fraudulent and deceptive acts, practices

23  and devices, among others:

24          a.   Defendant BENNETT, Rogers, Simon, Ibarra, and

25  other co-schemers would identify residential real estate (the

26  "properties") for sale.

27  //

28

2

1          b.    Defendant BENNETT, Rogers, Simon, Ibarra, and

2    other co-schemers would recruit relatives and associates (the

3    "intermediaries") to enter into escrows to purchase the

4    properties at or near fair market value.

5          c.    Defendant BENNETT, Rogers, Simon, Ibarra, and

6    other co-schemers would recruit other relatives and associates

7    (the "straw buyers") to enter into other escrows to purchase the

8    properties from the intermediaries at inflated prices.

9          d.    To obtain mortgage loans for the straw buyers,

10   Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and

11   caused others to prepare fraudulent loan packages concealing the

12   double escrows and falsely representing that the straw buyers

13   were purchasing the properties directly from the original sellers

14   at the inflated prices and that the straw buyers were

15   creditworthy.  To support these fraudulent loan packages,

16   Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and

17   caused others to prepare false and fabricated documentation,

18   including false settlement statements, grant deeds, title

19   reports, down payment checks, pay stubs, W-2 statements, and bank

20   statements.

21         e.    Defendant BENNETT, Rogers, Simon, Ibarra, and

22   other co-schemers submitted and caused others to submit these

23   fraudulent loan packages to mortgage lenders in Orange and Los

24   Angeles Counties.

25     7.    Based on the fraudulent acts, practices and devices,

26   the mortgage lenders funded the loans.  At the close of escrow,

27   Defendant BENNETT, Rogers, Simon, Ibarra, Garcia and other co-

28

                                    3

1   schemers received fees, commissions and profits.

2        8.    Within months of the resale of the residential

3   properties, the straw buyers typically defaulted on the loan

4   payments, leaving mortgage lenders with losses in excess of

5   $1,000,000.

6   THE WIRINGS

7        9.    On or about the dates set forth below, in the Central

8   District of California and elsewhere, for the purpose of

9   executing the above-described scheme to defraud and attempting to

10  do so, Defendant BENNETT, Rogers, Simon, Ibarra, Garcia, and

11  others caused to be transmitted in interstate commerce by wire

12  communications the following wire transfers from mortgage

13  lenders' accounts outside California to title insurance company

14  and escrow accounts in California.

| Count | Date | Funds Wired |
|-------|------|-------------|
| One | 7/27/99 | The CIT Group's $270,000 mortgage loan for the purchase of 2612 Griffith Avenue, Los Angeles, California |
| Two | 10/14/99 | Mortgage Portfolio Services' $233,750 mortgage loan for the purchase of 760 East 43rd Place, Los Angeles, California |
| Three | 3/1/00 | Greenpoint Mortgage Funding, Inc.'s $225,250 mortgage loan for the purchase of 615 West Imperial Highway, Los Angeles, California |
| Four | 2/27/01 | Laguna Capital Mortgage Corporation's $248,000 mortgage loan for the purchase of 860 Cerritos Avenue, Long Beach, California |

4

COUNTS FIVE THROUGH ELEVEN

[18 U.S.C. §§ 1344 and 2(b)]

10. The Grand Jury hereby incorporates by reference and realleges each and every allegation of paragraphs one through eight of this indictment.

11. Flagstar Bank, Equicredit Corporation, and First Union Mortgage Corporation were financial institutions and wholly owned subsidiaries of financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation.

12. On or about the dates set forth below, within the Central District of California, Defendant BENNETT, Rogers, Simon, Garcia, and others, for the purpose of executing the above-described scheme to defraud the following financial institutions and to obtain monies and funds owned by and in the custody and control of these financial institutions by means of materially false and fraudulent pretenses, representations and promises, caused these financial institutions to disburse loan proceeds in the amounts listed below for the purchase of the properties listed below:

| Count | Date | Financial Institution, Loan Amount, Property |
|-------|------|----------------------------------------------|
| Five | 8/6/99 | Flagstar Bank's $256,000 mortgage loan for the purchase of 245 West 56th Street, Los Angeles, California |
| Six | 8/16/99 | Flagstar Bank's $252,000 mortgage loan for the purchase of 1412 West 94th Place, Los Angeles, California |

5

| | | |
|---|---|---|
| Seven | 9/17/99 | Flagstar Bank's $247,500 mortgage loan for the purchase of 768 East 43rd Place, Los Angeles, California |
| Eight | 11/22/00 | Equicredit Corporation's $200,000 mortgage loan for the purchase of 1495 Alamitos Avenue, Long Beach, California |
| Nine | 11/28/00 | Equicredit Corporation's $232,000 mortgage loan for the purchase of 1105 Ohio Avenue, Long Beach, California |
| Ten | 3/2/01 | Equicredit Corporation's $248,000 mortgage loan for the purchase of 1304-1306 Junipero Avenue, Long Beach, California |
| Eleven | 1/8/02 | First Union Mortgage Corporation's $227,500 mortgage loan for the purchase of 1052 North Loma Vista Drive, Long Beach, California |

COUNT TWELVE

[18 U.S.C. § 225]

13.  The Grand Jury hereby incorporates by reference and realleges each and every allegation of paragraphs one through twelve of this indictment.

14.  Beginning on a date unknown and continuing through in or about January 2002, in Los Angeles and Orange Counties, within the Central District of California, Defendant BENNETT knowingly conducted a continuing financial crimes enterprise, in that Defendant BENNETT committed a series of violations under Title 18, United States Code, Sections 1341, 1343, and 1344, which violations were undertaken by Defendant BENNETT, in concert with at least three other persons whom Defendant BENNETT organized, managed, and supervised, and from which continuing series of violations Defendant BENNETT received in excess of $5,000,000 in gross receipts from on or about April 2, 1999, and ending on or about March 2, 2001.

A TRUE BILL

_____
Foreperson

DEBRA W. YANG
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

KENNETH B. JULIAN
Assistant United States Attorney
Acting Chief, Santa Ana Branch Office

7

**EXHIBIT B**

| | | |
|---|---|---|
| 02/09/2004 | 66 | FURTHER STATUS CONFERENCE RE: REPRESENTATION held before Judge Alicemarie H. Stotler as to James Davis Bennett: Defendant informs the Court that he has not yet retained counsel. Court advised defendant that he may represent himself, or have counsel appointed for him with defendant contributing towards his attorney's fees. Defendant wishes to continue to seek retained counsel. Further Status Conference is scheduled for 2:30 p.m. on 02/23/04. Defendant is ordered back at that time. New counsel shall file appearance before the Court, and appear with defendant. C/R: Leslie King (tso) (Entered: 02/11/2004) |
| 02/23/2004 | 67 | MINUTES OF FURTHER STATUS CONFERENCE RE: REPRESENTATION held before Judge Alicemarie H. Stotler as to James Davis Bennett: Defendant informs the Court he has not yet retained counsel. Court appoints Federal Public Defender to represent defendant. In the event the Federal Public Defender has a conflict, the Court shall be notified and CJA counsel shall be appointed. Defendant is advised that reasonable contribution might be necessary to his defendant. Retained counsel is not precluded. Trial will commence as scheduled on 04/27/04. Defendant ordered back at that time. Defendant remains on bond under the same terms and conditions as previously order pending trial. Defendant ordered to the Federal Public Defender's Office forthwith. C/R: Theresa A. Lanza (tso) (Entered: 02/27/2004) |
| 02/23/2004 | 68 | NOTICE OF DISCREPANCY AND ORDER by Judge Alicemarie H. Stotler as to James Davis Bennett: Striking Motion; Stipulation and Order to modify Pretrial Supervision. (tso) (Entered: 03/01/2004) |
| 03/01/2004 | 69 | (IN CHAMBERS) APPOINTMENT OF CJA COUNSEL by Judge Alicemarie H. Stotler as to James Davis Bennett: Court has been informed by the Federal Public Defender of a conflict regarding the appointed representation of defendant on 02/23/04. Accordingly, Court appoints CJA Counsel Michael S Meza as attorney of record for defendant. Mr Meza accepts the apointment and acknowledges this matter has a complex case designation with a three-week treial estimate, trial to commence 04/27/04 at 9:00 a.m. C/R: None (tso) (Entered: 03/02/2004) **07 1321** |
| 03/10/2004 | 70 | MAIL RETURNED UNDELIVERABLE as to James Davis Bennett Item: Notice of Document Discrpancies Document **FILED** |

( 10 )

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT C**

| 02/22/2005 | 114 | LETTER filed by and as to James Davis Bennett re motion for reconsideration. (sv) (Entered: 02/23/2005) |
| 02/22/2005 | 115 | MINUTES OF IN CHAMBERS HEARING held before Judge Alicemarie H. Stotler as to James Davis Bennett: ON 2/17/05, court received two letters from James Davis Bennett. Courts orders clerk to file defendant's letters. Clerk shal serve copy of this minute order and a copy of the letter on counsel for the government and defense and the defendant at his last know address. C/R: None. (sv) (Entered: 02/23/2005) |
| 04/28/2005 | 116 | EX PARTE APPLICATION filed by James Davis Bennett: re: authorization for costs of copy service . (tso) (Entered: 05/04/2005) |
| 04/28/2005 | 117 | ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: denying without prejudice, ex parte application re: authorization for costs of copy service [116-1]. (cc: all counsel) (tso) (Entered: 05/04/2005) |
| 05/09/2005 | 118 | STIPULATION AND ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: A status conference is set for 11:30 a.m. on 05/13/05. (tso) (Entered: 05/11/2005) |
| 05/13/2005 | 119 | MINUTES OF STATUS CONFERENCE held before Judge Alicemarie H. Stotler as to James Davis Bennett: Counsel ordered to confer regarding costs and arrangements for copy of discovery materials. C/R: Debbie Gale (mt) (Entered: 05/16/2005) |
| 06/17/2005 | 120 | NOTICE OF MOTION AND MOTION filed by James Davis Bennett: to withdraw as counsel ; Delcaration of Michael Meza. Returnable on: 07/25/05 at 2:30 p.m. (tso) (Entered: 06/21/2005) |
| 06/28/2005 | 121 | (IN CHAMBERS) ORDER ADVANCING HEARING by Judge Alicemarie H. Stotler as to James Davis Bennett: On the Court's own motion, the Motion of Michael S. Meza to Withdraw as Counsel is asdvanced and will be held 1:30 p.m. on 07/25/05. Counsel and defendant ordered to be present at that time. C/R: None (tso) (Entered: 06/29/2005) |
| 07/15/2005 | 122 | STIPULATION FINDINGS AND ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: regarding continuance of trial date and excludable time periods under Speedy Trial Act. Jury trial continued to 9:00am on 11/8/05 . |

*07 1321*

**FILED**

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK

| | | 10/04/2005 |
|---|---|---|
| 10/03/2005 | 146 | MINUTES OF POST-INDICTMENT ARRAIGNMENT HEARING held before Magistrate Judge Marc L. Goldman as to James Davis Bennett : James Davis Bennett (1) count(s) 1ss-4ss, 5ss-11ss, 12ss arraigned and states true name is as charged. CJA Attorney Miguel Mirano specially appearing for Michael Meza appointed. Plea not guilty entered by James Davis Bennett (1) count(s) 1ss-4ss, 5ss-11ss, 12ss . Court orders this case previously assigned to Judge Alicemarie H. Stotler. Jury trial previously set for 11/8/05 at 9:00am remain. Tape No.: SA05-35 (mt) (Entered: 10/04/2005) |
| 10/12/2005 | | RECEIVED fee from James Davis Bennett re Appeal to Circuit Court [140-1] in amount of $ 255.00 (Receipt # 10152) (cbr) (Entered: 10/14/2005) |
| 10/12/2005 | 147 | TRANSCRIPT DESIGNATION filed by James Davis Bennett for transcript of 10/04/04, 10/25/04, Court Reporter; Leslie King; 09/07/05 Court Reporter: Deborah Parker, referencing appeal [140-1]. (USCA No.: 05-50736) (cbr) (Entered: 10/14/2005) |
| 10/13/2005 | 148 | EX PARTE APPLICATION filed by James Davis Bennett re continuance of trial Lodged proposed order (mt) (Entered: 10/19/2005) |
| 10/17/2005 | 150 | OPPOSITION filed by USA as to James Davis Bennett to motion for trial continuance; memorandum of points and authorities; declaration (mt) (Entered: 10/21/2005) |
| 10/18/2005 | 149 | DENIED ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: denying ex parte application re continuance of trial [148-1] (mt) (Entered: 10/19/2005) |
| 10/27/2005 | 151 | ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: It is ordered that the hearing of defendant's motion to substitute counsel, or, in the alternative, to represent himself is set for 1:30 10/31/05 for James Davis Bennett. (cc: all counsel) (sv) (Entered: 10/28/2005) |
| 10/27/2005 | 152 | EX PARTE APPLICATION filed by James Davis Bennett to set hearing date for defendant's motion to seek new counsel, or in the alternative, to represent himself. Lodged order. (sv) (Entered: 11/01/2005) |
| 10/31/2005 | 153 | MINUTES OF MOTION HEARING held before Judge |

| | | |
|---|---|---|
| | | Alicemarie H. Stotler as to James Davis Bennett: denying ex parte application motion to set hearing date for defendant's motion to seek new counsel, or in the alternative, to represent himself. [152-1] Exhibit Conference hearing set for 3:00pm, 11/4/05 for James Davis Bennett and Jury trial set for 9:00 11/8/05 for James Davis Bennett. C/R: Parker. (sv) (Entered: 11/02/2005) |
| 11/02/2005 | 154 | TRIAL MEMORANDUM filed by USA as to James Davis Bennett. (sv) (Entered: 11/02/2005) |
| 11/02/2005 | 155 | PROPOSED VOIR DIRE filed by USA as to James Davis Bennett. (sv) (Entered: 11/02/2005) |
| 11/03/2005 | 156 | PROPOSED JURY INSTRUCTIONS filed by USA as to James Davis Bennett (annotated set). (mt) (Entered: 11/07/2005) |
| 11/03/2005 | 157 | PROPOSED JURY INSTRUCTIONS filed by USA as to James Davis Bennett (unannotated set). (mt) (Entered: 11/07/2005) |
| 11/04/2005 | 158 | APPLICATION AND ORDER for Writ of Habeas Corpus Ad Testificandum ordered by Judge Alicemarie H. Stotler and issued to Warden, Theo Lacy Branch Jail, for production of Gregory William Wright, to testify on 11/15/05 at 9:00am, as to James Davis Bennett, et al. Writ issued. (mt) (Entered: 11/07/2005) |
| 11/04/2005 | 159 | EX PARTE APPLICATION filed by USA as to James Davis Bennett for order permitting release of Grand Jury transcripts ; memorandum of points and authorities; declaration of Brett A Sagel; Lodged proposed order (mt) (Entered: 11/07/2005) |
| 11/04/2005 | 160 | ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: permitting release of Portions of Grand Jury transcripts [159-1] (mt) (Entered: 11/07/2005) |
| 11/04/2005 | | PLACED IN FILE - NOT USED: application for writ of habeas corpus ad testificandum as to James Davis Bennett, Steven Brian Rogers, Donna M Simon, Benny Ibarra, Ricardo Omar Garcia (mt) (Entered: 11/09/2005) |
| 11/07/2005 | 161 | DEFENDANT'S QUESTIONS FOR THE COURT'S GENERAL VOIR DIRE (PROPOSED) filed by James Davis Bennett (mt) (Entered: 11/09/2005) |

*Prior to trial*

3

1    SANTA ANA, CALIFORNIA; MONDAY, OCTOBER 31, 2005; 1:30 P.M.

2                              -oOo-

3              THE CLERK:  CALLING CALENDAR ITEM NO. 4,

4    SACR 03-25(B)-AHS, *UNITED STATES OF AMERICA VERSUS JAMES*

5    *DAVIS BENNETT.*

6              COUNSEL, APPEARANCES PLEASE.

7              MR. SAGEL:  GOOD AFTERNOON, YOUR HONOR.

8              BRENT SAGEL, ON BEHALF OF THE GOVERNMENT.

9              THE COURT:  THANK YOU.

10             MR. MEZA:  GOOD AFTERNOON, YOUR HONOR.

11             MIKE MEZA, ON BEHALF OF MR. BENNETT, WHO IS

12   PRESENT.

13             THE COURT:  THANK YOU.

14             IN THIS MATTER, THE COURT RECEIVED AN APPLICATION

15   BY DEFENDANT THROUGH COUNSEL THAT WAS A REQUEST ON

16   DEFENDANT'S MOTION TO SEEK NEW COUNSEL; OR, IN THE

17   ALTERNATIVE, TO REPRESENT HIMSELF.  AND THIS HAD TO DO -- IT

18   LOOKS LIKE WITH THE MOTION THAT MR. BENNETT IS FILING,

19   HIMSELF, JAMES BENNETT PER SE.  I'M LOOKING AT THIS

20   ATTACHMENT.  EXHIBIT A TO MR. MEZA'S FILING OF OCTOBER 27

21   HAS TO DO WITH A REQUEST ALLOWING DEFENDANT TO SEEK NEW

22   REPRESENTATION, OR IN THE ALTERNATIVE, ALLOW

23   SELF-REPRESENTATION.

24             NOW, IS THERE NEW COUNSEL PRESENT TO UNDERTAKE

25   REPRESENTATION FOR MR. BENNETT HERE TODAY?

*DEBORAH D. PARKER, U.S. COURT REPORTER*

4

1    I DO NOT SEE ANYONE APPEARING FOR MR. BENNETT, SO

2  I GUESS THERE IS NO NEW COUNSEL YET ENGAGED.

3    AND MR. MEZA, WAS THERE ANYTHING YOU WANTED TO ADD

4  IN CONNECTION WITH THIS APPLICATION?

5    MR. MEZA:  YOUR HONOR, I KNOW THAT MR. -- I

6  PERSONALLY -- NOTHING DIRECTLY.  I KNOW MR. BENNETT WANTS TO

7  ADDRESS THE COURT.  I WOULD ASK THE COURT TO DO THAT IN A

8  CLOSED COURTROOM.

9    THE COURT:  I BELIEVE THE APPLICATION WAS SERVED

10  ON THE GOVERNMENT, SO I THINK AT THIS POINT IT'S NOT GOING

11  TO BE APPROPRIATE TO CLOSE IT.

12    MR. SAGEL, YOU DID RECEIVE A COPY OF THE

13  APPLICATION, DID YOU?

14    MR. SAGEL:  I DID, YOUR HONOR.

15    AND I WOULD REQUEST THAT IF WE EVEN PROCEED TO A

16  *FERRETA*-TYPE OF COLLOQUY -- I'M NOT SURE WHAT MR. BENNETT IS

17  GOING TO BE ASKING FOR, BUT I BELIEVE THE GOVERNMENT DOES

18  NEED TO BE PRESENT FOR SUCH A COLLOQUY.

19    THE COURT:  ALL RIGHT.  WELL, MR. BENNETT, WHY

20  DON'T YOU TELL US WHAT YOUR THOUGHTS ARE, MINDFUL THAT, OF

21  COURSE, THE GOVERNMENT'S COUNSEL IS PRESENT AND INTERESTED

22  IN HEARING WHAT YOU HAVE TO SAY.  I HAVE INFERRED SO FAR

23  THAT YOU DO NOT HAVE A NEW ATTORNEY TO REPRESENT YOU.  AND

24  OF COURSE, WE ARE ALL MINDFUL THAT THE EXHIBIT CONFERENCE IS

25  THIS FRIDAY AND THE TRIAL IS THE FOLLOWING TUESDAY, NOVEMBER

5

1    THE 8TH.

2           PLEASE PROCEED.

3           DEFENDANT BENNETT:  YES, YOUR HONOR.

4           I GUESS I FIRST WANT TO START OFF WITH THIS --

5    BACK IN FEBRUARY OF '04, THIS COURT DIRECTED ME TO GO DOWN

6    TO THE FEDERAL DEFENDER'S OFFICE TO SEEK COUNSEL.  AT THAT

7    TIME, I WAS EXPLORING MY OWN OPPORTUNITIES TO PROVIDE MY OWN

8    COUNSEL.  AND I WAS TOLD TO DO THAT, WHICH I DID.  AND

9    SHORTLY THEREAFTER, THE COURT ASSIGNED MR. MEZA TO TAKE OVER

10   MY CASE.

11          AT THAT PARTICULAR TIME, I WENT ALONG WITH THAT,

12   HOPING THAT THINGS WOULD WORK OUT FAIRLY WELL.  SINCE THAT

13   TIME, MR. MEZA AND I HAVE COME TO SOMEWHAT DISAGREEMENTS IN

14   REGARDS TO THE STRATEGY OF THE CASE AND ACTUALLY SOME OF THE

15   IMPORTANT MOTIONS THAT NEEDED TO BE MADE.  I'VE TRIED -- AND

16   I THINK THE COURT KNOWS THIS ITSELF THAT I HAVE TRIED ON

17   SEVERAL OCCASIONS TO TRY AND GET MOTIONS IN FRONT OF THE

18   COURT, WHICH THE MOTIONS WERE SENT BACK, AND THEY WERE NOT

19   FILED.  IN ADDITION TO THAT, I HAVE ALSO TRIED TO FILE AN

20   APPEAL BACK IN DECEMBER.

21          SO I JUST WANTED THE COURT TO UNDERSTAND THAT

22   THERE ARE CERTAIN THINGS THAT -- CERTAIN ISSUES THAT I HAVE

23   THAT I BELIEVE ARE VERY PERTINENT TO THE CASE.  AND I HAVE

24   NOT HAD AN OPPORTUNITY TO PUT THOSE -- PUT THOSE ISSUES FOR

25   FORTH.  I'VE BEEN DOING RESEARCH ON MY OWN, AND I HAVE BEEN

6

1   COMING UP WITH FACTUAL INFORMATION THAT I FEEL IS VERY

2   IMPORTANT -- IMPORTANT TO THE CASE AND PERTINENT TO THE

3   OUTCOME OF THE CASE.  AND I HAVE NOT BEEN ABLE TO HAVE A

4   CHANCE TO PUT THAT BEFORE THE COURT.

5        AND THE APPOINTED COUNSEL THAT THE COURT HAD --

6   THE COUNSEL THAT COURT DID APPOINT FOR ME, MR. MEZA, ALSO

7   REQUESTED WITH THE COURT BACK IN APRIL FOR FUNDING FOR

8   COPIES OF DISCOVERY THAT THE COURT SHORTLY THEREAFTER

9   DENIED.  SO THAT WAS IN APRIL OF THIS YEAR.

10       IN ADDITION, I BELIEVE MR. MEZA ALSO REQUESTED FOR

11  AN INVESTIGATOR WHICH WAS DENIED.  SO THESE THINGS CAME

12  ABOUT FAIRLY QUICKLY.  AND THE COURT REQUESTED THAT I

13  PROVIDE SOME TYPE OF FINANCING FOR THESE ITEMS.  AT THAT

14  TIME, I DID NOT HAVE THE MONEY TO DO SO.  I WASN'T EXPECTING

15  THESE EXPENSES TO COME UP.  AND AS THEY CAME -- AS THEY

16  AROSE, I WASN'T ABLE TO BE ABLE TO CONTRIBUTE.

17       I HAVE INFORMATION THAT I DO NEED TO GET TO THE

18  COURT.  I WOULD ASK THE COURT TO AT LEAST ALLOW ME AN

19  OPPORTUNITY TO HIRE COUNSEL THAT I MIGHT BE ABLE TO HAVE

20  PRESENT MY SIDE IN THE WAY THAT I BELIEVE IT'S NECESSARY TO

21  PUT A DEFENSE ON.  AND IN THE ALTERNATIVE, TO ALLOW ME THE

22  OPPORTUNITY TO AT LEAST FILE MOTIONS WHERE I CAN GET THE

23  FACTS THAT I HAVE DISCOVERED IN FRONT OF THE COURT, SO IT

24  CAN BE -- SO THAT THEY CAN BE ANALYZED.

25       THE COURT:  THE GOVERNMENT ATTORNEY FILED AN

*DEBORAH D. PARKER, U.S. COURT REPORTER*

7

1  OPPOSITION TO A MOTION FOR A TRIAL CONTINUANCE ON OCTOBER

2  THE 17TH AND OUTLINED THE CHRONOLOGY OF THE CASE GOING BACK

3  TO FEBRUARY OF 2003 AND MADE A FOOTNOTE THAT THERE WERE FOUR

4  CONTINUANCES IN THE CASE THAT WERE NECESSARY AS A RESULT OF

5  DEFENDANT FAILING TO RETAIN COUNSEL AS DIRECTED BY THE

6  COURT, CITING DOCKET ENTRY 64 TO 67.

7        SO THAT GOES WAY BACK TO THE BEGINNING.  THE CASE

8  WAS FIRST SET FOR TRIAL IN MARCH OF 2003.  THEN, THE TRIAL

9  DATE WAS CONTINUED SEVEN TIMES, AS RECOUNTED MARCH OF '03 TO

10 NOVEMBER 8TH OF '05, AND RECOUNTS WHAT YOU HAVE ALLUDED TO

11 WITH RESPECT TO THE COURT NEVER RECEIVING ANY FINANCIAL

12 INFORMATION FROM YOU, MR. BENNETT, THAT YOU WERE EITHER

13 UNABLE TO PAY FOR AN INVESTIGATOR OR FOR THE COPYING COST.

14        I GUESS MY QUESTION GOES BACK TO MY FIRST

15 QUESTION, WHICH IS:  DO YOU HAVE NEW COUNSEL TO REPRESENT

16 YOU FOR TRIAL ON NOVEMBER 8TH?

17        DEFENDANT BENNETT:  NO, I DON'T, YOUR HONOR.

18        I WAS -- I HAD MADE IN THAT MOTION TWO REQUESTS:

19 THE OPPORTUNITY TO SEEK NEW COUNSEL; OR IN THE ALTERNATIVE,

20 TO MOVE FORWARD AND HAVE AN OPPORTUNITY TO PRINT OUT --

21 PRESENT A DEFENSE THAT I FEEL IS APPROPRIATE.

22        I HAVE INFORMATION THAT I HAVE GOTTEN JUST WITHIN

23 THE WEEK THAT I HAVEN'T BEEN ABLE TO GET IN FRONT OF THE

24 COURT, AND I FEEL THAT NEEDS TO BE -- THE COURT NEEDS TO

25 ANALYZE SOME OF THIS INFORMATION, BECAUSE IT GOES DIRECTLY

8

1  TO THE MATERIALITY OF SOME OF THE ELEMENTS OF THE CRIME.

2  AND I CAN'T GET THAT IN FRONT OF COURT, BECAUSE I CAN'T

3  PRESENT MOTIONS BECAUSE THE COURT WON'T ACCEPT MOTIONS.

4          AND JUST BACKING UP, JUST A LITTLE BIT, IN REGARDS

5  TO THE AFFIDAVIT -- THE FINANCIAL AFFIDAVIT -- I DON'T KNOW

6  IF THE COURT REMEMBERS -- BUT AT THE TIME THAT I WAS ORDERED

7  TO GO DOWN TO THE FEDERAL DEFENDER'S OFFICE, I WAS TOLD TO

8  FILL OUT AN AFFIDAVIT, AND THAT WAS DONE THAT DAY.  SO THE

9  AFFIDAVIT THAT WE ARE REFERRING TO WAS DONE THE SAME DAY OR

10  THE DAY AFTER, AND IT'S BEEN ON FILE.

11          SO AS FAR AS THE AFFIDAVIT IS CONCERNED, I HAVE

12  LIVED UP TO MY SIDE OF THAT.  I DON'T KNOW IF THE COURT

13  REMEMBERS, BUT IT WAS ON FILE AND IT WAS -- THE FEDERAL

14  DEFENDER'S OFFICE HAS THAT FINANCIAL AFFIDAVIT.  AND I

15  ASSUMED THAT THE COURT LOOKED AT IT AND THAT WAS WHY THE

16  COURT APPOINTED MR. MEZA.  AND SO, TO COME THIS FAR IN THE

17  TRIAL PROCESS, YOU KNOW, THREE, FOUR MONTHS OUT AND TO FIND

18  OUT THAT THE COURT WAS UNWILLING TO PAY FOR COPIES AND

19  INVESTIGATORS AND SUBPOENAS, THAT SURPRISED ME AND PUT ME

20  ACTUALLY AT A DISADVANTAGE.  BECAUSE I NOW HAVE TO TRY TO

21  FIND -- LOCATE -- GET THAT KIND OF MONEY TOGETHER TO HAVE

22  THESE THINGS DONE, BUT I WOULD SAY TO THE COURT I AM NOT

23  WILLING TO DO THAT IF I AM NOT ABLE TO EXPRESS MY POINT OF

24  VIEW.  I AM NOT WILLING TO PAY FOR COPIES OR TO DO ALL OF

25  THOSE OTHER THINGS, IF I DON'T HAVE A VOICE IN IT.  I NEED

9

1   TO HAVE A VOICE.  I HAVE TO THIS POINT NOT BEEN ABLE TO

2   FORWARD MY VOICE IN THIS MATTER, OR TO PRESENT MY FACTS, OR

3   TO HAVE MY MOTIONS HEARD.  AND THAT'S --

4           I MEAN, MR. MEZA HAS PRESENTED WHAT HE FEELS IS

5   APPLICABLE AT CERTAIN POINTS.  HE HAS FILED MOTIONS, BUT

6   THOSE MOTIONS ARE MR. MEZA'S MOTIONS.  THEY DON'T

7   CHARACTERIZE WHAT I HAVE FOUND OUT AND THE ISSUES AND THE

8   FACTS THAT I HAVE IN MY POSSESSION.

9           THE COURT:  WE HAD COUNSEL APPOINTED FOR YOU,

10  BECAUSE YOU HAVE, IN ESSENCE, REFUSED TO GO HIRE YOUR OWN

11  ATTORNEY, MR. BENNETT.  AND I DON'T HAVE A FINANCIAL

12  AFFIDAVIT THAT SUGGESTS ANYTHING OTHER.  I JUST DON'T HAVE

13  AN AFFIDAVIT.  SO WHAT YOU MAY HAVE GIVEN TO SOMEBODY ELSE

14  IS NEITHER HERE NOR THERE.  AND, APPARENTLY, FROM WHAT

15  YOU'RE SAYING, THINGS HAVE CHANGED FOR YOU, IN ANY EVENT.

16  SO MAYBE THINGS HAVE CHANGED FOR YOU, BUT I JUST DON'T KNOW.

17  SO YOU ARE NOT UNDER OATH NOW AND YOU WEREN'T UNDER OATH

18  PREVIOUSLY, AND SO THE COURT MADE RULINGS BASED UPON WHAT IT

19  HAD BEFORE IT.

20          MR. MEZA'S MOTIONS ARE NOT MR. MEZA'S MOTIONS;

21  THEY ARE YOUR MOTIONS, MR. BENNETT.  THE MOTIONS HAVE

22  RECEIVED, AS YOU WELL KNOW, A LENGTHY SCRUTINY BY THE COURT.

23  I'M NOT GOING TO DELVE FURTHER WITH RESPECT INTO THE

24  RELATIONSHIP YOU HAVE WITH YOUR COUNSEL AT THIS POINT.  LET

25  ME JUST FIND OUT WHAT YOUR REQUEST IS AND THEN MR. SAGEL CAN

10

1  TELL US WHAT HE MAY KNOW, IF ANYTHING, AS TO SOME OF THESE

2  ITEMS THAT YOU HAVE MENTIONED.

3       WAS THERE ANYTHING ELSE YOU WANTED TO ADD,

4  MR. BENNETT?

5       DEFENDANT BENNETT:  IN REGARDS TO THE FACTS THAT I

6  HAVE UNCOVERED?  IS THAT WHAT WE ARE SPEAKING OF AT THIS

7  POINT?

8       THE COURT:  NO, THIS IS YOUR MOTION.  I JUST WANT

9  TO MAKE SURE THAT YOU HAVE SET FORTH YOUR MOTION FULLY AND

10 COMPLETELY.

11      DEFENDANT BENNETT:  WELL, FIRST OF ALL, I GUESS

12 WHAT I WANT TO SAY IS THAT I HAVE BEEN GATHERING FACTS THAT

13 I HAVE NOT BEEN ABLE TO PRESENT TO THE COURT.  AND I TRIED

14 TO TELL MY COUNSEL WHAT IT IS THAT I HAVE, AND I STILL

15 DON'T --

16      I HAVE IN FRONT OF ME A PLEA AGREEMENT FOR

17 MR. FERNANDEZ THAT WAS SENT TO ME, OR GIVEN TO ME AS AN

18 EXHIBIT IN AN ACCUSATION DEPARTMENT OF -- CALIFORNIA

19 DEPARTMENT OF REAL ESTATE ACCUSATION AGAINST MY LICENSE.  IN

20 THAT PLEA AGREEMENT ON PAGE 5, IT HAS MR. FERNANDEZ PLEADING

21 GUILTY TO DEFRAUDING INDIE MAC BANG ON A PROPERTY AT

22 958 EAST SIGNAL HILL -- 958 EAST 25TH STREET, IN SIGNAL

23 HILL.  ON THAT SAME PARTICULAR PROPERTY, I JUST WENT THROUGH

24 A HEARING A WEEK AGO WHEN I GOT THIS DOCUMENT AND THE

25 CALIFORNIA DEPARTMENT OF REAL ESTATE HAS BEEN -- THEY HAVE

11

1   ME ACCUSED OF DEFRAUDING THIS SAME -- NOT THIS LENDER BUT

2   ANOTHER LENDER FOR THE SAME AMOUNT OF MONEY.  THEY HAD THE

3   CEO THERE THAT INDICATED THAT THEY LOST THE MONEY, AND HERE

4   WE HAVE MR. FERNANDEZ PLEADING GUILTY TO BANK FRAUD OF FUNDS

5   THAT WEREN'T -- THAT DIDN'T COME FROM THE BANK THAT THE

6   GOVERNMENT IS SAYING THAT THEY DID COME FROM.  THIS HAS BEEN

7   THE WHOLE ISSUE.  THE GOVERNMENT HAS BEEN CONCEALING THE

8   JURISDICTION TO GET THESE CHARGES IN FRONT OF THE GRAND JURY

9   AND THE CHARGES IN FRONT OF THE COURT HERE.  AND I DON'T

10  HAVE AN OPPORTUNITY TO SHOW WHAT I HAVE AND TO SHOW WHAT I

11  FOUND OUT OVER THE COURSE OF THE TIME THAT WE HAVE BEEN

12  INVOLVED IN THIS.

13          THE COURT:  ARE YOU TALKING ABOUT THINGS THAT YOU

14  WANT TO BE EXHIBITS IN FRONT OF THE JURY?

15          DEFENDANT BENNETT:  I'M TALKING ABOUT -- I'M

16  TALKING ABOUT THE INABILITY TO BRING FORTH MOTIONS THAT ARE

17  RELEVANT TO THESE EXHIBITS, YOUR HONOR.  I CAN'T EXPRESS --

18          TAKE, FOR INSTANCE, THE MOTION TO QUASH AND

19  TRAVERSE THE SEARCH WARRANT THAT WAS FILED LAST AUGUST,

20  AUGUST OF 2004.  THE MOTION DID NOT GO TO THE ACTUAL HEART

21  OF WHAT WAS -- THE FACTUAL HEART OF WHAT WAS GOING ON.  WHAT

22  WAS ACTUALLY HAPPENING WAS THAT SPECIAL AGENT RAWLINS WAS --

23  IN HIS AFFIDAVIT TO THE COURT TO GET THE SEARCH WARRANT OF

24  MY OFFICE AND MY HOME, HE NEGLECTED TO TELL THE COURT THAT

25  THE FLAGSTAR BANK WAS NOT THE FUNDING INSTITUTION AND THAT

12

1   FLAGSTAR BANK WASN'T THE LENDING INSTITUTION.  AND I THINK

2   IN YOUR HONOR'S -- WHEN YOU GAVE YOUR OPINION, I THINK THAT

3   WHAT YOU SAID IN THERE WAS THAT IS THAT YOU FOUND THAT TO BE

4   DISTURBING.  YOUR HONOR, IT'S MATERIAL TO THE ELEMENT OF THE

5   CRIME AND ITS MORE THAN DISTURBING.  IT'S PERJURY, AND IT'S

6   OBSTRUCTION OF JUSTICE.

7          THE COURT:  ALL RIGHT.  ANYTHING ELSE YOU WANT TO

8   TELL US ABOUT YOUR MOTION?

9          DEFENDANT BENNETT:  NOTHING OTHER THAN I WOULD

10  LIKE THE OPPORTUNITY TO AT LEAST PRESENT MY CASE AND AT

11  LEAST FILE MOTIONS THAT I BELIEVE ARE PERTINENT TO MY

12  DEFENSE.  VERY PERTINENT TO MY DEFENSE.

13         THE COURT:  ALL RIGHT.  WHY DON'T YOU TAKE A SEAT,

14  MR. BENNETT.  AND MR. SAGEL CAN SET THE RECORD STRAIGHT, IF

15  THERE IS ANYTHING CHRONOLOGICALLY MISSED OR OTHERWISE AND

16  THEN WE CAN COME BACK TO YOU.

17         MR. SAGEL:  THANK YOU, YOUR HONOR.

18         FIRST AND FOREMOST -- AND I DON'T KNOW IF THIS

19  REQUIRES ASKING MR. BENNETT A FOLLOW-UP QUESTION -- BUT I

20  GUESS I'M STILL UNCERTAIN OF, IF YOUR HONOR AND THIS COURT

21  IS NOT GOING TO GIVE HIM NEW COUNSEL, WHICH THE GOVERNMENT

22  DOES NOT BELIEVE HE'S ENTITLED TO, IS NOT APPROPRIATE IN

23  THIS CASE, IS HE -- HIS MOTION SEEMS TO SAY THEN HE WANTS TO

24  REPRESENT HIMSELF.  I'M NOT SURE IF THAT IS STILL THE

25  POSITION HE IS TAKING.  THAT'S A QUESTION THE GOVERNMENT

**EXHIBIT D**

12/15/05 DURING TRIAL

DATE 12/15/05 -UNLICENSED AUSA SAGEL SPEAKS TO SPOTLOR [53] → JUDG

US ATTY

1    THEM IN A SIMPLISTIC FORM AS MAIL FRAUD.

2        WITH REGARDS TO THE OTHER -- WITH REGARDS TO ALL

3    25 PROPERTIES OR THE 15 THAT ARE NOT CHARGED, MORE OR LESS,

4    THE GOVERNMENT WILL BASICALLY BE RELYING ON MAIL FRAUD.  I

5    DON'T THINK IT'S EITHER LEGALLY REQUIRED OF THE GOVERNMENT

6    OR THERE IS ANY BASIS TO TELL THE GOVERNMENT OR TO TELL THE

7    JURY HOW TO CONFINE THE GOVERNMENT.  THE GOVERNMENT CHARGED

8    THIS -- THE GRAND JURY CHARGED THIS CASE AFTER HEARING THE

9    EVIDENCE, UNDER ONE OF THREE, BANK FRAUD, WIRE FRAUD, OR

10   MAIL FRAUD, OR THE LATTER TWO AFFECTING A FINANCIAL

11   INSTITUTION.  I DON'T KNOW ANY BASIS IN WHICH DEFENDANT

12   COULD LIMIT WHAT THE GOVERNMENT COULD ARGUE IF THE FACTS

13   PRESENTED, FOR EXAMPLE, TWO OF THE UNCHARGED COUNTS ARE

14   FUNDED BY EQUICREDIT.  I DON'T SEE -- IF WE WANTED TO, WE

15   ARE GETTING TO THE SAME PLACE, WHETHER WE USE MAIL FRAUD

16   AFFECTING A FINANCIAL INSTITUTION.  WE WOULD HAVE TO USE THE

17   SAME EVIDENCE FROM THE BANK FRAUD STATUTES OF EQUICREDIT,

18   BASICALLY, THAT IT'S FDIC CHARTERED OR A WHOLLY OWNED

19   SUBSIDIARY.  BUT I'M NOT SURE THAT THERE IS ANY BASIS IN

20   WHICH THE GOVERNMENT CAN BE CONFINED TO ONLY ONE OUT OF

21   THREE THEORIES WHEN THEY ARE ALL CHARGED IN THE INDICTMENT

22   AND THERE IS EVIDENCE TO SUPPORT ANY ONE OF THOSE THREE.

23       THE COURT:  THE DEFENDANT IS GOING BY WHAT COUNSEL

JUDGE SPOTLOR

24   SAID AND THAT'S THE SAME THING I HEARD GOVERNMENT COUNSEL TO

25   SAY, WHICH WAS SUPPOSEDLY THAT WAS THE SIMPLE APPROACH TO

*DEBORAH D. PARKER, U.S. COURT REPORTER*

(236)    07 1321

**FILED**

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DATE 12/15/05                                          54

1   THE WHOLE ISSUE.  SO IF YOU WANT TO CHANGE DIRECTIONS,

2   THAT'S UP TO YOU, BUT THAT'S HOW IT CAME ACROSS.

US ATTY

3        MR. SAGEL:  AND I ASKED THE SPECIAL AGENT BECAUSE

4   I COULDN'T REMEMBER MY SPECIFIC WORDING IF I HAD SAID THAT

5   ABOUT THE JURY OR IN THE RULE 29 CONTEXT.  AND IF I

6   MISSPOKE, FOR SIMPLICITY SAKE, I'M GOING TO AS MUCH AS

7   POSSIBLE LIMIT TO ONE THEORY, SO THAT I'M NOT TELLING, OKAY,

8   THIS ONE LOOK AT THIS, THIS ONE LOOK AT THAT.  BUT I

9   DON'T -- BUT WHAT I WAS ATTEMPTING TO SAY YESTERDAY -- AND

10  IF I MISSPOKE, I APOLOGIZE -- WAS THAT FOR RULE 29 CONTEXT

11  AND GETTING OVER THE BURDEN TO SHOW THE SUFFICIENCY OF THE

12  EVIDENCE, LET'S LOOK AT THE MOST SIMPLEST IN MAIL AND MAIL

13  ONLY.

JUDGE SAYS

         THE COURT:  THE SIMPLISTIC APPROACH IS NEEDED FOR

15  THE COURT, NOT THE JURY.  NOW I GET IT.

16       THANK YOU.

US ATTY

17       MR. SAGEL:  SO I DON'T THINK I SHOULD BE CONFINED,

18  BUT I DO -- I'M NOT GOING TO GO BACK ON THAT.  I'M GOING TO

19  ATTEMPT TO FOCUS PRIMARILY ON MAIL FRAUD, BUT I DON'T THINK

20  THERE SHOULD BE AN INSTRUCTION SAYING THAT THE GOVERNMENT

21  CAN ONLY RELY ON MAIL FRAUD.

22       THE COURT:  SO THE DEFENDANT'S SUGGESTION THERETO

23  OR THEREABOUTS IS OBJECTED TO BY GOVERNMENT.

24       WHAT NEXT?

25       MR. SAGEL:  ONE FINAL THING.  YOUR HONOR ASKED ME

| 12/14/2005 | 196 | AMENDED TRIAL EXHIBIT LIST filed by James Davis Bennett (mt) (Entered: 12/21/2005) |
| 12/15/2005 | 197 | MINUTES OF 13TH DAY JURY TRIAL held before Judge Alicemarie H. Stotler as to James Davis Bennett: Jury NOT present. Defendant's addition exhibits are admitted, without objection. Motion for judgment of acquittal FRCrP Rule 29 [195-1] is denied. Case continued to 1/3/06 for further trial. Counsel ordered to appear at 8:45am. C/R: Deborah Parker (mt) (Entered: 12/22/2005) |
| 12/15/2005 | 198 | TENTATIVE RULING RE: JURY INSTRUCTIONS filed by Judge Alicemarie H. Stotler as to James Davis Bennett (mt) (Entered: 12/22/2005) |
| 12/15/2005 | 199 | SUBMISSION OF DOCUMENTS IN SUPPORT OF ITS MOTION TO ADMIT EXHIBIT 258 filed by USA as to James Davis Bennett (mt) (Entered: 12/22/2005) |
| 12/15/2005 | 200 | PROPOSED ADDITIONAL JURY INSTRUCTION filed by USA as to James Davis Bennett (Annotated Set). (mt) (Entered: 12/22/2005) |
| 12/19/2005 | 201 | MOTION filed by USA as to James Davis Bennett in support of government's proposed jury instruction 50 ; memorandum of points and authorities. (mt) (Entered: 12/23/2005) |
| 12/20/2005 | 202 | AMENDED EXHIBIT LIST filed by James Davis Bennett (mt) (Entered: 12/23/2005) |
| 12/21/2005 | 203 | OPPOSITION TO DEFENDANT'S PROPOSED EXHIBIT 324 filed by USA as to James Davis Bennett (mt) (Entered: 12/23/2005) |
| 12/27/2005 | 204 | MINUTES OF IN CHAMBERS before Judge Alicemarie H. Stotler as to James Davis Bennett: Order denying without prejudice defendant's motion to admit into evidence defendant's proposed Exhibit 324 [524]. C/R: Not Present (mt) (Entered: 12/27/2005) |
| 12/28/2005 | 205 | SECOND AMENDED EXHIBIT LIST filed by James Davis Bennett (mt) (Entered: 12/29/2005) |
| 01/03/2006 | 208 | MINUTES OF 14TH DAY JURY TRIAL held before Judge Alicemarie H. Stotler as to James Davis Bennett: Exhibits admitted. Closing arguments made. Court commences jury instructions. Jury trial continued to 9:00am on 1/4/06 for |

**EXHIBIT E**

CLERK, U.S. DISTRICT COURT

OCT 16 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff(s)/Appelle(s)

v.

JAMES DAVIS BENNETT,

NOTE ⟶

Defendant(s)/Appellant

| | |
|---|---|
| U.S. COURT OF APPEALS CASE NUMBER: | |
| U.S. DISTRICT COURT CASE NUMBER: | |
| DISTRICT OF: CENTRAL CALIFORNIA | SA CR 03-25-AHS |
| NOTICE OF APPEAL FILED: 10/06/06 | |

☐ CJA OF F.P.
☐ APPOINTED COUNSEL
☐ RETAINED COUNSEL
☐ ON BAIL
☒ Pro-se

☐ PAID APPEAL
☐ FED. PUBLIC DEFENDER
☐ ADV. COUNSEL
☐ IN CUSTODY

## ORDER FOR TIME SCHEDULE

The parties, counsel and court personnel in the processing of this appeal, will comply with the following time schedule:

1.  If not exempt, the docket fee will be transmitted to the Clerk of the District Court: **IMMEDIATELY**

2.  Date transcript(s) will be ordered from the court reporter: **11/6/06**
    If this case is under CJA, give the date that the order is to be given to the court reporter.

3.  The court reporter's transcript(s) will be filed in the District Court: **1/5/07**
    Certificate of Record will be submitted to the Court of Appeals by the Clerk of the District Court immediately upon the filing of the transcript. The Certificate of Record indicates that the complete trial court record, including designated transcripts, is available for use of the parties.

4.  Appellant's opening brief and excerpts of record will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: **2/14/07**

5.  The appellee's brief will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: **3/16/07**

6.  The appellant's [optional] reply brief will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: **3/30/07**

By direction of the Judicial Conference of the United States, this Court must expedite criminal appeals. This time schedule must be adhered to without exception. This appeal will be deemed ready for calendaring on the first available calendar after the appellee's brief is filed.

For the Court:
CATHY A. CATTERSON, Clerk
U.S. Court of Appeals

By: _____ C. REYES
Deputy Clerk,
United States District Court
Central District of California

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF RECORD, IN THIS ACTION, ON THIS DATE.

DATED: 10/16/06

DEPUTY CLERK _____

07 1321
FILED

JUL 24 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DOCKETED ON....

OCT 16 2006

BY _____ 181

32

Circuit Rule 42-1 requires that this appeal may be dismissed if appellant's brief is not timely.

ORDER FOR TIME SCHEDULE - U.S.C.C.A. 9TH CIRCUIT

A-7 (04/99)

Search for Case    View Print Full Docket

If you view the full docket online, you will be charged for 4 Pages    $ 0.32

## US Court of Appeals for the Ninth Circuit
### Case Summary

Court of Appeals Docket #: 06-50585
Nsuit:    0                                                          Filed: 10/19/06
USA v. Bennett
Appeal from: Central District of California (Santa Ana)

Lower court information:
    District: 0973-8 : CR-03-00025-AHS
    presiding judge: Alicemarie H. Stotler, District Judge

10/19/06            DOCKETED CAUSE AND ENTERED APPEARANCE OF APLT IN PRO PER &
                    COUNSEL FOR APLE. Filed in D.C. on 10/16/06; setting
                    schedule as follows: transcript shall be ordered by 11/6/06
                    for James Davis Bennett; transcript shall be filed by
                    1/5/07; appellants' briefs, excerpts due by 2/14/07 for
                    James Davis Bennett; appellees' brief due 3/16/07 for USA;
                    appellants' reply brief due by 3/30/07 for James Davis
                    Bennett. ( RT required: y) ( Sentence imp : 121 mos.
                    impris.)  [06-50585] (pg) [06-50585]

10/19/06            Terminated Case: Opened in Error. Case already open and
                    assigned USCA NO. 06-50580 by the SF Office [06-50585] (pg)
                    [06-50585]

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/22/2006 20:37:49 | | |
| PACER Login: | sg1989 | Client Code: |
| Description: | dkt summary | Case Number: | 06-50585 |
| Billable Pages: | 1 | Cost: | 0.08 |

**EXHIBIT F**

# IN THE

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,        )

    Plaintiff-Appellee,        )

    v.        )

JAMES DAVIS BENNETT,        )

    Defendant-Appellant.        )

_____)

    C.A. No. 06-50580
    D. Ct. No. SA CR 03-25-AHS
    (Cent. Dist. California.)

GOVERNMENT'S MOTION FOR
DETERMINATION AS TO WHETHER
DEFENDANT-APPELLANT WILL BE
GIVEN LEAVE TO PROCEED PRO SE;
MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF
LAWRENCE E. KOLE

Plaintiff-Appellee United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby requests that the court make a determination as to whether Defendant-Appellant James Davis Bennett will be given leave to proceed pro se on this appeal pursuant to Circuit Rule 4-1(d). This motion is based upon the attached memorandum of points and authorities, the Declaration of Lawrence E. Kole, the records and files in this case, and on such further evidence and argument as the Court, in its discretion, may permit.

DATED: March 8, 2007

**07 1321**

**FILED**

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

WAYNE R. GROSS
Assistant United States Attorney
Chief, Santa Ana Branch Office

LAWRENCE E. KOLE
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Defendant-Appellant James Davis Bennett was convicted of four counts of wire fraud, in violation of 18 U.S.C. § 1343, six counts of bank fraud, in violation of 18 U.S.C. § 1344, and one count of continuing financial crimes enterprise, in violation of 18 U.S.C. § 225. (CR 215).[1] The district court subsequently dismissed the conviction on the continuing financial crimes enterprise count on May 19, 2006. (CR 250). On October 6, 2006, the district court sentenced Bennett to 121 months imprisonment with three years of supervised release and ordered him to pay a special assessment of $1,000 plus restitution in the amount of $751,050. (CR 316).

Bennett was represented by appointed CJA counsel Michael Meza from March 1, 2004 through his trial, which concluded in January 2006. (CR 69, 215, 235). On March 24, 2006, the district court held a hearing on a motion by counsel Meza to be relieved. (CR 235). The district court granted the motion, addressed Bennett as to self-representation, and conducted a Faretta inquiry. (Id.). The district court found that Bennett could proceed pro se. (Id.). Bennett continued to represent himself through sentencing and commencement of the appeal in this

---

"CR" refers to the Clerk's Record, and is followed by the applicable document control number. "RT" refers to the Reporter's Transcript of proceedings, and is followed by the applicable date and page references. "AOB" refers to defendant's Opening Brief. "ER" refers to defendant's Excerpts of Record.

1

case.  (CR 316, 319).  On October 6, 2006, Bennett initiated the instant direct appeal of his conviction by filing a notice of appeal.  (CR 319).  Simultaneously with the filing of his notice of appeal, Bennett made a motion that he be granted *in forma pauperis* status ("IFP") for his appeal.  (CR 320).  The district court found that Bennett qualified for IFP status and granted his motion.  (<u>Id.</u>).

Bennett never filed a motion for leave to proceed pro se in this court under Circuit Rule 9-1(d).  Instead, he has, on his own initiative, attempted to prosecute this appeal pro se and filed a document that purported to be a pro se opening brief on February 5, 2007.  The government's answering brief is due on March 16, 2007.

### III. DISCUSSION

**A.   IT IS PREMATURE TO PROCEED WITH THIS APPEAL IN ITS CURRENT STATUS UNTIL THE COURT DETERMINES WHETHER BENNETT SHOULD BE GRANTED LEAVE TO REPRESENT HIMSELF**

Before Bennett's appeal proceeds any further, the court should determine it would be appropriate for him to represent himself.  In <u>Martinez v. Court of Appeal</u>, 528 U.S. 152, 163 (2000), the Supreme Court held that a criminal defendant has no constitutional right to self-representation on a direct appeal. The Court reached this conclusion because it found that, in the appellate context, the government's interest in ensuring the integrity and efficiency of the proceeding and its overriding interest in the fair and efficient administration of justice outweighed the defendant's interest in acting as his own lawyer.

2

Id. at 162.   The difference in position between being a defendant and an appellant is such that the autonomy interests following a felony conviction are less compelling than those that underlie the right to self-representation at the trial level.   Id. at 163.

The Supreme Court did not mandate any particular procedure for handling issues of self-representation on appeal.   Id. Instead, the Court stated that this matter was left "to the appellate courts' discretion, keeping 'the best interests of both the prisoner and the government in mind.'"   Id.

In accordance with the Supreme Court's decision in Martinez, this court has adopted Circuit Rule 4-1(d), which provides as follows:

> (d) Motions for Leave to Proceed Pro Se in Direct Criminal Appeals
>
> The court will permit defendants in direct criminal appeals to represent themselves if: (1) the defendant's request to proceed pro se and the waiver of the right to counsel are knowing, intelligent and unequivocal; (2) the defendant is apprised of the dangers and disadvantages of self-representation on appeal; and (3) self-representation would not undermine a just and orderly resolution of the appeal. If, after granting leave to proceed pro se the court finds that appointment of counsel is essential to a just and orderly resolution of the appeal, leave to proceed pro se may be modified or withdrawn. (New 07/2001)

The purpose of Rule 4-1(d) is to satisfy each of the various interests described by the Martinez court.   The appellant's interest in having adequate representation is protected by the requirement that a decision to proceed pro se be made intelligently, with full knowledge of the risks entailed.   The government's and court's interest in efficient proceedings is

3

advanced by the presumption that an appellant cannot proceed without representation unless a motion is made and the court is satisfied that s/he can represent him/herself. Finally, the appellant's interest in autonomy is protected by the preservation of the possibility of self-representation, as long as adequate safeguards are achieved. For all of these reasons, it is important that the court make the determination required by Rule 4-1(d) before defendant is allowed to represent himself on direct appeal of his criminal conviction.

B. **BENNETT HAS NOT OBTAINED PERMISSION TO PROCEED PRO SE, THEREFORE, THE COURT SHOULD NOW MAKE A DETERMINATION REGARDING SELF-REPRESENTATION UNDER RULE 4-1(d)**

In the instant appeal, it appears that neither the court nor the government realized that Bennett has been proceeding pro se on direct appeal without having the benefit of the warnings and safeguards of either a Rule 4-1(d) review or representation by counsel. Although Circuit Rule 4-1 applies only to cases under 18 U.S.C. § 3006A, this appears to be such a case because defendant sought from the district court and obtained IFP status for this appeal. It does not appear that he has been offered the possibility of appointment of counsel on appeal. Furthermore, it is not clear from his filings on appeal whether or not he actually desires counsel or would prefer to proceed pro se.[2]

---

[2]In his pro se opening brief, Bennett indicates that he does not have the benefit of possessing the complete record, has had to review the portion that he has while representing himself, and states that he has been unable to contact the "court's appointed panel attorney."

4

In order to protect the parties' interests, the court should conduct the inquiry required by Rule 4-1(d) and also should consider whether counsel should be appointed. Accordingly, the government requests that the court make a determination under Rule 4-1(d) as to whether Bennett should granted leave to proceed pro se or should receive appointed counsel. Once that determination is made the court can then appropriately determine whether Bennett's filing should be considered to be his opening brief. Because it is premature to proceed with the appeal until the status of Bennett's representation is settled, the court should consider an appropriate briefing schedule after the determination under Rule 4-1(d) has been made.

## IV. CONCLUSION

For the foregoing reasons, the court should make a determination as to whether Bennett should be granted leave to proceed pro se on this appeal.

**EXHIBIT G**

## ATTORNEY SEARCH

**Attorney Name or Bar Number**

| Peter Lind Shaw |    Search    **Advanced Search »**

☐ Include similarly sounding names and alternate spellings

## Your search for *Peter Lind Shaw* returned 1 result.

Sort By: | Last Name ▼ |

| Name | Status | Number | City | Admission Date |
|------|--------|--------|------|----------------|
| Shaw, Peter Lind | Inactive | 79189 | San Francisco | January 1978 |

Contact Us    Site Map    Privacy Policy    Notices    © 2007 The State Bar of California

07 1321

# FILED

JUL 2 4 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

http://members.calbar.ca.gov/search/member_search.aspx?ms=Peter+Lind+Shaw    6/27/20

**EXHIBIT H**

forward to the Appellate Commissioner any objection filed.
( Ap.Com.)  [06-50580] (dl) [06-50580]

4/27/07 ⟶    Filed Report and Recommendation by Appellate Commissioner.
[06-50580] (dl) [06-50580]

5/1/07    Filed Appellant's mtn for default jdgmnt of acquittal on
counts 1-10; mtn for hearing to determine the legality of
aplt's continued detention pursuant to 28 USC 2241; and mtn
to refer Alicemaire Stotler, Lawrence E. Kole, and Brett A.
Sagel to Congress for criminal investigation [06-50580]
served on 4/19/07 [6171378] APP. COMM. [06-50580] (gail)
[06-50580]

5/14/07    Received letter dated May 11, 2007, from appellant's spouse
in support of appellant's request to proceed pro se.
(Ap.Com.)  [06-50580] (dl) [06-50580]

5/15/07    Received notice of objection to App.Comm. recommendation
from Appellant James Davis Bennett in 06-50580 (rcvd in
*Received By Sttm*    court on 5/15/07; rcvd in docketing on 6/5/07) (copy to
APP. COMM.) (gail) [06-50580]

5/29/07    Rec'd notice of change of address from Appellant James
Davis Bennett in 06-50580 dated 5/23/07 (new address:
#32589-112 FCI Stafford, P.O.Box 9000, Safford, AZ 85548)
[06-50580] (gail) [06-50580]

5/29/07    Received letter dated 23 May 2007 from the wife of
appellant re: request of appellant to represent himself.
(Ap.Com.)  [06-50580] (dl) [06-50580]

Docket as of June 8, 2007 11:18 pm                    Page 7

06-50580 USA v. Bennett, et al

6/8/07 ⟶    Filed order ( Edward LEAVY, Thomas G. NELSON):  ...On April
27, 2007, the Appellate Commissioner filed a Report and
Recommendation concluding that the court should deny
appellant Bennett's self-representation and appoint new
counsel to represent Bennett on appeal. Bennett was allowed
21 days within which to file objections to the Report and
Recommendation. During the objection period, Bennett filed
a "Motion for Default Judgment of Acquittal, etc." and,
with a cover letter from his wife, an "Ex Parte Motion to
Relieve Counsel Supplement, etc." Bennett's submissions are
construed as objections to the Appellate Commissioner's
Report and Recommendation. So construed, Bennett's
objections are overruled. The court adopts the Appellate
Commissioner's Report and Recommendation in full. Appellant
Bennett is denied permission to represent himself on
appeal. New counsel will be appointed by separate order.
The Clerk shall serve a copy of this order by facsimile
transmission on Sean K. Kennedy, Federal Public Defender,
321 East Second Street, Los Angeles, California 90012-4206
(FAX: (213) 894-0081), who will locate appointed counsel.

**07 1321**

**FILED**

JUL 2 4 2007

**EXHIBIT I**

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Appellate No.:  06-50580 |
| Plaintiff/Appellees ) | |
| ) | COMMISSIONER SHAW'S |
| vs. ) | RECOMMENDATION VIOLATES |
| ) | NINTH CIRCUIT SCHEDULE ORDER |
| ) | FILED 10-16-06; THE ISSUE IT |
| JAMES DAVIS BENNETT ) | ADDRESSES IS MOOT; AND THE |
| Defendant/Appellant ) | AUTHORITY IT IS BASED ON |
| ) | (CIRCUIT RULE 4-1(d))DOES NOT |
| ) | APPLY TO APPELLANT AND DOES |
| ) | NOT APPLY RETROACTIVELY |
| ) | - <u>OBJECTION</u> - |
| _____ ) | |

<u>INTRODUCTION</u>

1.  February 2004, Judge Alicemarie H. Stotler forces
Defendant Bennett to go to the Federal Defenders office to
initiate representation against Bennett's wishes.  There-
after, she appoints Michael S. Meza, an approved panel
attorney, although Bennett could afford retained counsel
and did not want or request appointed counsel.

2.  Meza made requests for money to hire an
investigator and to pay for copying service for discovery,
but Judge Stotler denied both.  Meza made a motion to be
relieved, but Judge Stotler denied it.  Bennett realized
something was not proper and made a motion to bring in
retained counsel and relieve Meza, but Stotler denied.

07 1321

i

**FILED**

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.   During trial, Judge Stotler and Meza allowed an unlicensed Assistant U.S. Attorney Brett A. Sagel to present 25 un-indicted counts alleging 5 various violations per count.

4.   After conviction, Bennett had to file dual Motions at the Ninth Circuit and the District to force Judge Stotler to remove the appointed panel attorney Meza: unusual, right?

5.   With all of the un-indicted, un-arraigned counts and violations at sentencing, Bennett requested Judge Stotler identify which counts she was going to send him to prison for, and to see the Verdict Forms associated with the counts, but Judge Stotler refuses. See Exhibit A.

6.   On October 16, 2006, the Ninth Circuit issued, and the Clerk filed, Order for Appeal Briefing Schedule. The order mandated that the Appellant's Opening Brief be filed no later than February 14, 2007; the government's Opposition Brief be filed no later than March 16, 2007 and the Reply Brief of Appellant be filed no later than March 30, 2007. The Appellant adhered to the schedule Order and filed his Opening Brief in a timely manner; the government defaulted and instead of filing

an Opposition Brief, filed an inapplicable Rule 4-1(d)

Motion Requesting Determination of Appellant's Pro Se

Status.  The Appellant then took the opportunity to use

his Reply Brief as a supplement, seeing that a number of

Court Reporters had yet to file transcripts for use prior

to the Appellant's due date for his Opening Brief.

7.  On April 27, 2007, the Commissioner made a

Recommendation that the Appellant be refused to be granted

leave to proceed in pro se and applied his decision

retroactively by recommending Appellant's Opening Brief

be struck from the record, thus violating the mandated

briefing schedule order filed October 16, 2006.

8.  Contained within the Commissioner's

Recommendation are two significant statements that support

Appellant's refusal to accept any appoint of counsel.  The

first is the Commissioner's reference to Appellant's

convictions being for Wire Fraud and Bank Fraud.  The

second is the Commissioner's reference to the Appellant's

comparison of Judge Stotler's court to that of a Burger

King restaurant.  In the first statement, the Commissioner

appears to have the convictions incorrect because the

Judgment Order signed by Stotler indicates the convictions

were for Wire Fraud Aiding and Abetting and Bank Fraud

iii

Aiding and Abetting; the Commissioner appears to be confused. The second statement is that the Commissioner is not the only one confused by the number of un-indicted violations alleged against each, especially when the Judge refuses to reveal Verdict Forms for each; thus, the Burger King analogy.

<u>ISSUE</u>

9. The Appellant filed bail and other various Motions with the Circuit Justices; the government participated and rulings were issued with Appellant in pro se. See Commissioner's Recommendation. The Circuit Scheduling Order from the court clearly indicates the Circuit's approval of Appellant's pro se status by placing an "X" in the box indicating pro se. The Appellant adhered to the court's mandated schedule and completed his briefs within the time ordered by the court and in compliance with FRAP Rules 32 and 41; the government defaulted. Does the Commissioner Recommendation violate the 5th Amendment guarantee of due process and equal protection of the law by using Circuit Rule 4-1(d); a rule the government admits is inapplicable because it only applies to those who have CJA appointed counsel

iv

during and throughout sentencing and who seek pro se status to appeal, retroactively reverse the completed briefing as well as remove Appellant as pro se and to re-open briefing with a new briefing schedule?

### ARGUMENT:   ISSUE IS MOOT.   CIRCUIT BRIEFING SCHEDULE ORDER IS COMPLETED

10. The Circuit issued its Briefing Schedule Order approving the Appellant's pro se status; both expressly and implied by issuing Rulings on Appellant's Bail Motions, as well as Bill of Particulars Motion which was to determine which un-indicted count applied to which un-indicted violation and seeking the Verdict Forms related to each.  The Appellant obeyed the Schedule Order, but the government disobeyed and defaulted, then requested a moot Circuit Rule 4-1(d)determination. Even if the Rule 4-1(d)determination was applicable to Appellant's such as Bennett, there is no basis to use it to re-open briefing, strike Bennett's briefs, and to appoint panel counsel similar to Michael S. Meza, just because the government is uncomfortable with the issues presented regarding the 25 un-indicted counts.

v

ARGUMENT:   THE COMMISSIONER'S
            RECOMMENDATION RESTS ON
            APPLICABLE AUTHORITY –
            RULE 4-1(d)

11. The government admits that Circuit Rule 4-1(d)

applies only to Section 3006A Appellants and not to

Appellants such as Bennett who represented himself at the

District and received; on record, all warnings required

for potential pro ses.  Therefore, the Commissioner's

recommendation finds its foundation in a Rule admitted

by the government not to have application to the Appellant.

In addition, there is no basis in law for a recommendation

under Circuit Rule 4-1(d) to be applied retroactive to

strike a brief and ignore an Appeals Court Schedule Order

because a judge allowed a U.S. Attorney to present

un-indicted and un-arraigned counts and violations to the

Jury for the sole purpose of increasing convictions.

ARGUMENT:   THE COMMISSIONER'S RECOMMENDATION
            VIOLATES NINTH CIRCUIT SCHEDULE
            ORDER

12. The Ninth Circuit Court of Appeals for the

United States spelled out its mandate for briefing in

its Briefing Schedule Order filed October 16, 2007.

Contained within the Order was the Circuit's express

vi

grant to Bennett to proceed Pro Se and its mandated
time for submission of briefs.  Bennett followed the
Court's mandate, the government did not and defaulted
and requested an inapplicable Circuit Rule 4-1(d)
determination.  Thereafter, the Commissioner makes
a recommendation which not only violates the Circuit
Order, but also further shields the government from
responsibility in the un-indicted, un-arraigned counts
presented to the Jury.

## CONCLUSION

13. The Appellant objects and refuses to allow any
appointed attorney to represent him because of the
following:

    a.   Michael S. Meza was appointed against Appellant's
        wishes and when he was finished, there were 25
        counts presented to the Jury when the indictment
        only show 12 with one being dismissed.

    b.   Commissioner's recommendation violates Ninth
        Circuit Schedule Order filed October 16, 2006.

    c.   The issue being considered by the Commissioner
        is moot because briefing is complete per
        Schedule Order.

d.  Circuit Rule 4-1(d) is admittedly inapplicable

to the Appellant and there is no foundation in

law for retroactive applications of the rule.


Dated this 8th Day of May 2007


Signed: _James Davis Bennett_
James Davis Bennett, #32589-112
FCI Victorville Medium I
P.O. Box 5300
Adelanto, CA  92301

## CERTIFICATE OF SERVICE

APPELLATE NO:  06-50580

CASE NAME:  UNITED STATES OF AMERICA VS. JAMES DAVIS
            BENNETT

I certify that the "Objection" related to Commissioner

Shaw's recommendation was served on the following parties

in the manner described below:


| PARTY | SERVICE METHOD | DATE SERVED |
|-------|----------------|-------------|
| Brett A. Sagel<br>U.S. Courthouse<br>411 W. 4th Street<br>Suite 8000<br>Santa Ana, CA  92701 | Certified Mail | May 14, 2007 |


Signed _James Davis Bennett_
James Davis Bennett

5-14-07
Date Certified

EXHIBIT A – 25 UN-INDICTED COUNTS

DATE 12/15/05 UNLICENSED AUSA INGEL SPEAKS TO Court[53]

1    THEM IN A SIMPLISTIC FORM AS MAIL FRAUD.

2         WITH REGARDS TO THE OTHER -- WITH REGARDS TO ALL

3    25 PROPERTIES OR THE 15 THAT ARE NOT CHARGED, MORE OR LESS,

4    THE GOVERNMENT WILL BASICALLY BE RELYING ON MAIL FRAUD.  I

5    DON'T THINK IT'S EITHER LEGALLY REQUIRED OF THE GOVERNMENT

6    OR THERE IS ANY BASIS TO TELL THE GOVERNMENT OR TO TELL THE

7    JURY HOW TO CONFINE THE GOVERNMENT.  THE GOVERNMENT CHARGED

8    THIS -- THE GRAND JURY CHARGED THIS CASE AFTER HEARING THE

9    EVIDENCE, UNDER ONE OF THREE, BANK FRAUD, WIRE FRAUD, OR

10   MAIL FRAUD, OR THE LATTER TWO AFFECTING A FINANCIAL

11   INSTITUTION.  I DON'T KNOW ANY BASIS IN WHICH DEFENDANT

12   COULD LIMIT WHAT THE GOVERNMENT COULD ARGUE IF THE FACTS

13   PRESENTED, FOR EXAMPLE, TWO OF THE UNCHARGED COUNTS ARE

14   FUNDED BY EQUICREDIT.  I DON'T SEE -- IF WE WANTED TO, WE

15   ARE GETTING TO THE SAME PLACE, WHETHER WE USE MAIL FRAUD

16   AFFECTING A FINANCIAL INSTITUTION.  WE WOULD HAVE TO USE THE

17   SAME EVIDENCE FROM THE BANK FRAUD STATUTES OF EQUICREDIT,

18   BASICALLY, THAT IT'S FDIC CHARTERED OR A WHOLLY OWNED

19   SUBSIDIARY.  BUT I'M NOT SURE THAT THERE IS ANY BASIS IN

20   WHICH THE GOVERNMENT CAN BE CONFINED TO ONLY ONE OUT OF

21   THREE THEORIES WHEN THEY ARE ALL CHARGED IN THE INDICTMENT

22   AND THERE IS EVIDENCE TO SUPPORT ANY ONE OF THOSE THREE.

23        THE COURT:  THE DEFENDANT IS GOING BY WHAT COUNSEL

24   SAID AND THAT'S THE SAME THING I HEARD GOVERNMENT COUNSEL TO

25   SAY, WHICH WAS SUPPOSEDLY THAT WAS THE SIMPLE APPROACH TO

(256)

TRIAL TRANSCRIPTS

DATE 12/5/05

54

1  THE WHOLE ISSUE.  SO IF YOU WANT TO CHANGE DIRECTIONS,

2  THAT'S UP TO YOU, BUT THAT'S HOW IT CAME ACROSS.

3          MR. SAGEL:  AND I ASKED THE SPECIAL AGENT BECAUSE

4  I COULDN'T REMEMBER MY SPECIFIC WORDING IF I HAD SAID THAT

5  ABOUT THE JURY OR IN THE RULE 29 CONTEXT.  AND IF I

6  MISSPOKE, FOR SIMPLICITY SAKE, I'M GOING TO AS MUCH AS

7  POSSIBLE LIMIT TO ONE THEORY, SO THAT I'M NOT TELLING, OKAY,

8  THIS ONE LOOK AT THIS, THIS ONE LOOK AT THAT.  BUT I

9  DON'T -- BUT WHAT I WAS ATTEMPTING TO SAY YESTERDAY -- AND

10 IF I MISSPOKE, I APOLOGIZE -- WAS THAT FOR RULE 29 CONTEXT

11 AND GETTING OVER THE BURDEN TO SHOW THE SUFFICIENCY OF THE

12 EVIDENCE, LET'S LOOK AT THE MOST SIMPLEST IN MAIL AND MAIL

13 ONLY.

14         THE COURT:  THE SIMPLISTIC APPROACH IS NEEDED FOR

15 THE COURT, NOT THE JURY.  NOW I GET IT.

16         THANK YOU.

17         MR. SAGEL:  SO I DON'T THINK I SHOULD BE CONFINED,

18 BUT I DO -- I'M NOT GOING TO GO BACK ON THAT.  I'M GOING TO

19 ATTEMPT TO FOCUS PRIMARILY ON MAIL FRAUD, BUT I DON'T THINK

20 THERE SHOULD BE AN INSTRUCTION SAYING THAT THE GOVERNMENT

21 CAN ONLY RELY ON MAIL FRAUD.

22         THE COURT:  SO THE DEFENDANT'S SUGGESTION THERETO

23 OR THEREABOUTS IS OBJECTED TO BY GOVERNMENT.

24         WHAT NEXT?

25         MR. SAGEL:  ONE FINAL THING.  YOUR HONOR ASKED ME

DEBORAH D. PARKER, U.S. COURT REPORTER

(257)

**EXHIBIT J**

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

**SEAN K. KENNEDY**
*Federal Public Defender*
**DEAN R. GITS**
*Chief Deputy*

**CRAIG WILKE**
*Directing Attorney*
*Santa Ana Office*
**JESUS G. BERNAL**
*Directing Attorney*
*Riverside Office*

Direct Dial: (213) 894-5022

June 22, 2007

James Davis Bennett
Reg. No. 32589-112
F.C.I. Safford
P.O. Box 9000
Safford, AZ 85548

Re:   <u>United States v. Bennett</u>, CA No. 06-50580

Dear Mr. Bennett:

I am in receipt of your letter to Mr. Kennedy which sets forth your concerns about the process by which the Federal Public Defender selects the counsel to handle your appeal. I am the Administrator of the Appellate Panel for the Central District, and Mr. Kennedy referred your letter to me for response.

I was a member of the Central District appellate panel from 1990 until I returned to this office as a Deputy in January of 2006, and am very familiar with the history and process of appointments for appeal in this district. From 1990 to 1996, the panel was administered by a Magistrate Judge. Beginning in 1996, the administration of the panel was assigned to the Federal Public Defender by delegation from the Chief Judge of the Ninth Circuit. Currently, the panel consists of approximately 40 attorneys. These attorneys must have significant appellate or other transferable experience prior to joining the panel, their qualifications and membership are reviewed every three years, and they attend a mandatory training on appellate practice each Spring. Attorneys are assigned to cases randomly, by rotation, unless a case requires specialized handling or qualifications (for example, a death penalty appeal). Their representation in cases assigned to them is totally independent of our office. Although we provide training and resources to the panel attorneys, their litigations decisions, made in consultation with their clients, are their own and are not supervised by our office.

Your case had already been assigned to panel attorney James Crawford prior to the time I received your letter. I cannot undo the appointment, nor would it be proper for me to do so. Your remedy at this point is to address your concerns to the Appellate

07 1321

FILED
JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

June 22, 2007
Page 2


Commissioner, Peter Shaw, who rules on issues regarding counsel for the Ninth Circuit.

The Ninth Circuit does not maintain a separate list of panel attorneys for appointments; that job is delegated to either the FPD or a Magistrate Judge in each of the districts of the Ninth Circuit. You could request that counsel from a different district be appointed to represent you. I would not recommend that, however. Mr. Crawford is an experienced attorney, and you are unlikely to find someone more qualified to handle your appeal in a different district. Mr. Crawford has the additional advantage that he is already familiar with the Central District judges and attorneys. You must do, however, what you think best.

I hope this addresses your concerns. Best of luck on your appeal.

Sincerely

Gail Ivens
Deputy Federal Public Defender


cc:     Sean K. Kennedy, Federal Public Defender
        James Crawford, esq.
        528 N. Glassell Ave.
        Orange, CA 92867
        (714) 288-0180

**EXHIBIT K**

## JAMES M. CRAWFORD
*Attorney at Law*

528 NORTH GLASSELL
ORANGE, CALIFORNIA 92867

Telephone:   (714) 288-0180
Facsimile:   (714) 288-0998
E-mail: jcraw78898@aol.com

July 6, 2007

James Davis Bennett
Reg. No. 32589-112
F.C.I. Safford
P.O. Box 9000
Safford, AZ 85548

**RE:** *People v. Bennett*

Dear Mr. Bennett,

    I received your letter dated June 28, 2007 indicating that you do not wish to have me represent you in your pending appeal. I understand your concerns; however, the 9th Circuit Court of Appeal has appointed me to represent you. Since the court has appointed me to represent you, I am ethically obligated to research and investigate your appeal. This would include the preparation of the opening brief, raising all possible meritorious issues. At this point in time, the only options you have are to ask the court to reconsider your right of self representation, hire an attorney to represent you, request the appointment of another attorney, or accept my representation. Unless the court relieves me, I am obligated to prepare a brief on your behalf. Please advise me if you decide to seek representation by another attorney. If you have any questions, I can be reached at the above address.

Sincerely,

James M. Crawford

07 1321

## FILED

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT L**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### TRANSCRIPT DESIGNATION AND ORDERING FORM

06-50580

U.S. COURT OF APPEALS CASE NUMBER

CR-03-25-AHS

U.S. DISTRICT COURT CASE NUMBER

USA v. Bennett

SHORT CASE TITLE

10/16/06

DATE NOTICE OF APPEAL FILED BY CLERK OF DISTRICT COURT

**SECTION A –** TO BE COMPLETED BY PARTY ORDERING TRANSCRIPT

| HEARING DATE | COURT REPORTER | PROCEEDINGS | | | | |
|---|---|---|---|---|---|---|
| 12/15/03 | Debbie Gale | ☐ VOIR DIRE ☐ OPENING STATEMENTS ☐ SETTLEMENT INSTRUCTIONS ☐ CLOSING ARGUMENTS ☐ JURY INSTRUCTIONS ☐ PRE-TRIAL PROCEEDINGS ☒ OTHER (PLEASE SPECIFY) counsel's motion to withdraw | | | | |
| 1/12/04 | Theresa A. Lanza | ☐ VOIR DIRE ☐ OPENING STATEMENTS ☐ SETTLEMENT INSTRUCTIONS ☐ CLOSING ARGUMENTS ☐ JURY INSTRUCTIONS ☐ PRE-TRIAL PROCEEDINGS ☒ OTHER (PLEASE SPECIFY) Hearing relieving counsel | | | | |
| 1/26/04 | Theresa A. Lanza | ☐ VOIR DIRE ☐ OPENING STATEMENTS ☐ SETTLEMENT INSTRUCTIONS ☐ CLOSING ARGUMENTS ☐ JURY INSTRUCTIONS ☐ PRE-TRIAL PROCEEDINGS ☒ OTHER (PLEASE SPECIFY) status counsle re defendant retaining counsel | | | | |
| 2/9/04 | Leslie King | ☐ VOIR DIRE ☐ OPENING STATEMENTS ☐ SETTLEMENT INSTRUCTIONS ☐ CLOSING ARGUMENTS ☐ JURY INSTRUCTIONS ☐ PRE-TRIAL PROCEEDINGS ☒ OTHER (PLEASE SPECIFY) Hearing re counsel | | | | |
| 2/23/04 | Theresa A. Lanza | ☐ VOIR DIRE ☐ OPENING STATEMENTS ☐ SETTLEMENT INSTRUCTIONS ☐ CLOSING ARGUMENTS ☐ JURY INSTRUCTIONS ☐ PRE-TRIAL PROCEEDINGS ☒ OTHER (PLEASE SPECIFY) Hearing appointing counsel | | | | |
| 10/4/04 | Leslie King | ☒ VOIR DIRE ☐ OPENING STATEMENTS ☐ SETTLEMENT INSTRUCTIONS ☐ CLOSING ARGUMENTS ☐ JURY INSTRUCTIONS ☐ PRE-TRIAL PROCEEDINGS ☐ OTHER (PLEASE SPECIFY) | | | | |

ATTACH ADDITIONAL PAGE FOR DESIGNATIONS, IF NECESSARY

☐ I do not intend to designate any portion of the transcript and will notify all counsel of this intention.

☐ As retained counsel (or litigant in pro per), I request a copy of the transcript and guarantee payment to the reporter of the cost thereof upon demand. I further agree to pay for work done prior to cancellation of this order.

☒ As appointed counsel, I certify that an appropriate order authorizing preparation of the transcript at the expense of the United States has been, or within five (5) days hereof, will be obtained and delivered to the reporter. I agree to recommend payment for work done prior to cancellation of this order.

NAME, ADDRESS AND TELEPHONE NUMBER:

James M. Crawford
Attorney at Law
528 North Glassell
Orange, CA 92867
(714) 288-0180

DATE TRANSCRIPT ORDERED: June 28, 2007

*NOT EVEN A SIGNATURE*

SIGNATURE
ATTORNEY/PRO PER LITIGANT

**SECTION B –** TO BE COMPLETED BY COURT REPORTER

I, _____

SIGNATURE OF COURT REPORTER

_____ have received this designation.

☐ Arrangements for payment were made on _____
☐ Arrangements for payment have not been made pursuant to F.R.A.P. 10(b).

Approximate number of pages in transcript: _____
Due Date: _____

07 1321
**FILED**

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**NOTE TO COURT REPORTER**

Be sure to notify the court of appeals if suitable arrangements are not made and you do not intend to commence preparation of the transcript.
1. When designation is received, contact attorney regarding payment.
2. Complete this copy and send to court of appeals in compliance with F.R.A.P. 11(b).
3. Complete and file Copy Three upon completion of the transcript.

A-9 (08/97)  CA9-036(10/01/82)

### TRANSCRIPT DESIGNATION AND ORDERING FORM

COPY TWO

**EXHIBIT M**

APPEAL, CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:03-cr-00025-AHS All Defendants

Case title: USA v. Bennett, et al
Other court case number: 3:03-mj-00238 INTERIN

Date Filed: 01/29/2003
Date Terminated: 01/26/2007

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2007 | 397 | AMENDED TRANSCRIPT DESIGNATION AND ORDERING FORM as to James Davis Bennett, for Dates: 12/15/03, 1/12/04. 1/26/04, 2/9/04, 2/23/04, 10/4/04, 10/25/04, 7/25/05, 9/7/05, 11/8/05, 11/10/05, 11/15/05, 11/16/05, 11/17/05, 11/22/05, 11/23/05, 11/29/05, 11/30/05, 12/1/05, 12/6/05, 12/14/05, 12/15/05, 1/3/06, 1/4/06, 1/10/06, 3/24/06, 4/12/06, 5/19/06, 10/6/06; Court Reporter: Debbie Gale, Theresa Lanza, Leslie King, Deborah Parker, Lisa Gonzalez, Pat Ciep, Nancy Smith-Wells, Jennifer Lewis, Sharon Seffens; Court of Appeals Case Number: 06-50580; Re: Notice of Appeal to USCA - Final Judgment, 319 (Attachments: # 1)(Crawford, James) (Entered: 06/28/2007) |
| 06/08/2007 | 396 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment 319 CCA #06-50580. The governments request for a determination whether appellant James Davis Bennett may represent himself on appeal was referred to the Appellant Commissioner. On 4/27/2007, the Appellate Comissioner filed a Report and Recommendation concluding that the court should deny appellant Bennetts self-representation and appoint new counsel to represent Bennett on appeal. Bennett was allowed 21 days within which to file objections to the Repoort and Recommendation. The Court adopts the Appellate Commissioners Report and Recommendation infull. Appellant Bennett is denied permission to represent himself on appeal. New counsel will be appointed by separate order. Order received in this district on 6/13/2007. (dmap) (Entered: 06/14/2007) |
| 06/07/2007 | 395 | NOTICE of Change of Address changing address to FCI Safford, PO Box 9000, Safford, AZ 85548. Filed by Defendant James Davis Bennett (ln) (Entered: 06/12/2007) |
| 05/21/2007 | 394 | MINUTES OF IN CHAMBERS ORDER by Judge Alicemarie H. Stotler: Defendants Motion for Appellants copy of the completed record to include all filings and all Transcriptions and the missing docket Entries listed herein[389] is denied without prejudice. Court Reporter: None. (ln, ) (Entered: 05/21/2007) |
| 05/02/2007 | 393 | MINUTES OF IN CHAMBERS ORDER by Judge Alicemarie H. Stotler: Court finds Defendant James Davis Bennetts MOTION for Appellants copy of the completed record to include all filings and all Reporters Transcriptions and the missing docket Entries listed herein[389] appropriate for submission on papers without oral argument. Matter is removed from Courts 05/07/07 calendar. Court Reporter: Not Present. (ln, ) (Entered: 05/02/2007) |
| 04/24/2007 | 392 | Amendment to MOTION for Order for Notice of Motion and Motion for Appellants copy of the completed record to include all filings and all RM:\Appeals\LA\... |

07 1321

FILED

JUL 2 4 2007

**EXHIBIT N**

U.S. SUPREME COURT REPORTS                165 L. Ed. 2d

FTC, ch. 4, at 1-44; Pollack, The Multiple Unconstitutionality of Business Method Patents: Common Sense, Congressional Consideration, and Constitutional History, 28 Rutgers Computer & Technology L. J. 61 (2002); Pitofsky, Antitrust and Intellectual Property: Unresolved Issues at the Heart of the New Economy, 16 Berkeley Technology L. J. 535, 542-546 (2001).    For these reasons, I respectfully dissent.

---

UNITED STATES, Petitioner

v

CUAUHTEMOC GONZALEZ-LOPEZ

548 U.S. —, 126 S. Ct. —, 165 L. Ed. 2d 409

[No. 05-352]

Argued April 18, 2006. Decided June 26, 2006.

**Decision:** Trial court's concededly erroneous deprivation of federal criminal defendant's choice of counsel held (1) to have violated defendant's right, under Federal Constitution's Sixth Amendment, to counsel of choice, and (2) not to be subject to harmless-error analysis.

## SUMMARY

A federal criminal defendant hired a California attorney to represent him in connection with a drug charge in Missouri. However, the United States District Court for the Eastern District of Missouri (1) denied some applications by this attorney for admission "pro hac vice" (in the defendant's case); and (2) later explained that the applications had been denied primarily because, in a separate case before the court, the attorney supposedly had violated a Missouri rule of professional conduct. Meanwhile, a local attorney represented the defendant. The California attorney again moved for admission and was again denied. Also, the District Court (1) denied a request by the local attorney to have the California attorney at the counsel table; and (2) ordered the California attorney to sit in the audience and to have no contact with the local attorney during the proceedings. A jury found the defendant guilty.

On appeal, the United States Court of Appeals for the Eighth Circuit, in vacating the defendant's conviction and in ordering a remand, expressed the view that (1) the District Court had erred in interpreting the Missouri rule in question; (2) the District Court's denials of the California attorney's motions for admission were therefore erroneous and violated the defendant's right, under the Federal Constitution's Sixth Amendment, to paid counsel of his choosing; and (3) this Sixth Amendment violation was not subject to harmless-error review (399 F.3d 924).

On certiorari, the United States Supreme Court affirmed and remanded. In an opinion by SCALIA, J., joined by STEVENS, SOUTER, GINSBURG, and BREYER, JJ., it was held that—given that the Federal Government conceded, before the

07 1321

FILED

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT O**

We, the jury, in the above-entitled action, hereby unanimously FIND the following:

| PROPERTY | FRAUD (MAIL) (WIRE) (BANK) | IDENTITY Of 3 PERSONS | MONEY DEFENDANT RECEIVED |
|---|---|---|---|
| 1.  2616 Griffith Ave., Los Angeles, CA | _____ | _____ _____ _____ | _____ |
| 2.  760 E. 43rd Pl., Los Angeles, CA | _____ | _____ _____ _____ | _____ |
| 3.  615 W. Imperial Hwy., Los Angeles, CA | _____ | _____ _____ _____ | _____ |
| 4.  860 Cerritos Ave., Long Beach, CA | _____ | _____ _____ _____ | _____ |

1

EXHIBIT A

07 1321

**FILED**

JUL 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1   5.   245 W. 56th St.,

2        Los Angeles, CA

3        _____    _____    ____

4                     _____

5   6.   1412 W. 94th Pl.,

6        Los Angeles, CA

7        _____    _____    ____

8                     _____

9                     _____

10                    _____

11  7.   768 E. 43rd. Pl.,

12       Los Angeles, CA        _____    _____    ____

13                    _____

14                    _____

15  8.   1495 Alamitos Ave.,

16       Long Beach, CA    _____    _____    ____

17                    _____

18                    _____

19  9.   1105 Ohio Ave.,

20       Long Beach, CA    _____    _____    ____

21                    ___    _____

22  10.  1304-1306 Junipero Ave.,

23       Long Beach, CA    _____    _____    ____

24                    _____

25                    _____

26

27

28                          2

11. 9501 S. Western Ave.,

    Los Angeles, CA

_____  _____  _____

                _____

                _____

12. 1519 W. 29th St.,

    Los Angeles, CA

_____  _____  _____

                _____

                _____

13. 1177 W. 38th St.,

    Los Angeles, CA

_____  _____  _____

                _____

                _____

14. 928 W. 78th St.,

    Los Angeles, CA

_____  _____  _____

                _____

                _____

15. 456 E. 40th Pl.,

    Los Angeles, CA

_____  _____  _____

                _____

                _____

16. 2253 Linden Ave.,

    Long Beach, CA

_____  _____  _____

                _____

                _____

3

1

17. 1485-1489 Molino Ave.,

2

    Long Beach, CA

3 ———————  ———————  ———————

4                     ———————

5

18. 1104-1106 ½ W. 87th St.,

6

    Los Angeles, CA

7 ———————  ———————  ———————

8                     ———————

9

19. 1017 Raymond Ave.,

10

    Long Beach, CA

11 ———————  ———————  ———————

12                     ———————

13

20. 930 E. 11th ST.,

14

    Long Beach, CA

15 ———————  ———————  ———————

16                     ———————

17

21. 428 W. 5th St.,

18

    Long Beach, CA

19 ———————  ———————  ———————

20                     ———————

21

22. 520 Chestnut Ave.,

22

    Long Beach, CA

23 ———————  ———————  ———————

24                     ———————

25

26

27

28

4

1    23.  7819 S. Hoover St.

2         Los Angeles, CA

3    _____    _____    ____

4                _____

5    24.  1495 Alamitos Ave.,    _____

6         Long Beach, CA

7    _____    _____    ____

8                _____

9    25.  2121 Atlantic Ave.,    _____

10        Long Beach, CA

11   _____    _____    ____

12               _____

13               _____

14

15

16   Foreperson    _____

17   Date:  _____

18

19

20

21

22

23

24

25

26

27

28