THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| James Davis Bennett, | ) | Case no.: 1:07-cv-01321 |
| | ) | |
| Plaintiff, | ) | The Hon. Colleen Kollar-Kotelly |
| | ) | |
| vs. | ) | Notice of Motion and Motion for |
| | ) | Summary Judgment Pursuant to |
| James M. Crawford, Sean Kennedy, | ) | Federal Rules of Civil Procedures |
| The State Bar of California, | ) | Rule 56(a) |
| The United States of America | ) | |
| and DOES 1-35 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

RECEIVED

SEP - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| James Davis Bennett, | ) | Case no.: 1:07-cv-01321 |
| | ) | |
| Plaintiff, | ) | The Hon. Colleen Kollar-Kotelly |
| | ) | |
| vs. | ) | Notice of Motion and Motion for |
| | ) | Summary Judgment Pursuant to |
| James M. Crawford, Sean Kennedy, | ) | Federal Rules of Civil Procedures |
| The State Bar of California, | ) | Rule 56(a) |
| The United States of America | ) | |
| and DOES 1-35 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## TABLE OF CONTENTS

Table of Authorities......................................iii

Notice of Motion...........................................1

Proffer to All Defendants..................................1

Motion Introduction........................................2

Issue and Arguments in Cause of Action Number Two.........5

Issue and Arguments in Cause of Action Number Five........8

Conclusion................................................13

<u>**TABLE OF AUTHORITIES**</u>                    <u>**PAGE(S)**</u>

**CONSTITUTION**

    -Fifth Amendment.....................................5,6,8,9,15

    -Sixth Amendment....................................15

**STATUTES**

    -28 USC 2249.......................................5

**CASE LAW**

    -Stirone v. US 8 S.ct 270..........................7

    -Ex Parte Bain 7 S.ct 781..........................7

    -Dynes v. Hoover 20 How 65, 15 L ed 838.............9

    -In re Watkins, 3 Pet 193, & L ed 650...............9

**FEDERAL RULES**

    -FRCVP Rule 56.....................................i,ii,1,13,14

    -FRCRP Rule 6......................................6

**STATE BAR OF CALIFORNIA RULES OF PROFESSIONAL CONDUCT**

    -Rule 1-300(A).....................................10

    -Rule 5-110........................................10,15

THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James Davis Bennett,<br><br>       Plaintiff,<br><br>     vs.<br><br>James M. Crawford, Sean Kennedy,<br>The State Bar of California,<br>The United States of America<br>and DOES 1-35 Inclusive,<br><br>      Defendants. | Case **No.: 1:07-cv-01321**<br><br>**The Hon. Colleen Kollar-Kotelly**<br><br>**Notice of Motion and Motion for**<br>**Summary Judgment Pursuant to**<br>**Federal Rules of Civil Procedures**<br>**Rule 56(a)** |

## NOTICE OF MOTION

1. To the Defendants and their counsel of record; Please take notice that on a date in compliance with Federal Rules of Civil Procedures Rule 56(c) and at the Courts discretion the Plaintiff will move the Court for a judgment in his favor in Cause of Action Numbers Two and Five pursuant to FRCVP Rule 56(a).

2. The Motion includes this Notice, the Motion, any attachments, the court file, and any oral Testimony that the court may deem necessary.

## PROFFER TO ALL DEFENDANTS

3. The Plaintiff is making a Proffer to United States as well as all defendants that he is willing to dismiss all proceedings to include the current complaint as well as his appeal in Ninth Circuit

-1-

Case number 06-50580. The dismissals are to be with prejudice. In return for the unconditional dismissals the United States and all Defendants would have to produce the Indictment signed by the Grand Jury Foreperson which match the 25 counts that the United States presented to the Jury in District Court Case Number SA CR 03-0025(B)AHS. Also, in return for the unconditional dismissals the defendants would have to identify which of the Five various federal violations alleged against each of the 25 counts sustained convictions then produce the verdict forms which match the indictment, the 25 counts, and Court instruction numbers 5, 7, 24, and 26. This will never happen because the Plaintiff is in prison for charges which were falsified by all of the listed defendants as well as some DOE defendants yet to be named.

## MOTION INTRODUCTION

4. In Plaintiff's criminal case number SA CR 03-0025(B)AHS the United States Government filed three Indictments none of which contained a Grand Jury Foreperson's signature authenticating the charges

contained therein. See exhibit A-Second Superseding Indictment.

5. During trial the Government admits it charged the case, admits it introduced 15 un-charged counts, and admits it alleged five various violations per each count. The fifteen counts do not appear on the unauthenticated indictment and the ten that do had their charges changed. See exhibit B-25 un-charged counts.

6. Twice, prior to sentencing, the Plaintiff requested a Bill of Particulars from the Government Identifying all charges, all convictions, and all verdict forms which match the Indictment. Twice the Court denied the request without answer from the US Government.

7. During sentencing the Plaintiff requested the court indentify all 25 counts, identify which of the five alleged violations sustained convictions in each count, provide the verdict forms, and match the verdict forms to the court instructinos and the indictment. The Court refused. See exhibit C-Court refused to identify the un-charged counts.

8. Also, during sentencing, the Plaintiff requested the Court indentify the violations in counts 1-10 which would support the

court's sentence. The Court refused and advised the Plaintiff

that he was entitled to take an appeal of the Court's decision

thereby passing on the issue. See exhibit C (page 9 lines 17-25

and page 10 lines 1-4 of the sentencing transcripts).

9. The Plaintiff filed a timely Notice of Appeal and a Motion

at the Appellate level requesting Bill of Particulars. The Bill

of Particulars requested the Identification of the un-charged counts

and the five violations alleged against each. He also requested the

related verdict forms assocated with these un-charged counts.

The motion was denied without response from the Government. See

exhibit D-Appellate denial of Bill of Particulars. Thereafter

the Plaintiff filed his opening brief and informed the Appeals

court that the indictment was defective and that the charges of

conviction were created by the US Government with the assistance

of the Court through its' court instructions.

10. The Government read the opening brief and filed a motion

to remove Plaintiff from Pro Se and to strike the brief. The

Appellate Court issued an order consistent with the Government's

request; thereby passing on the issue of the unsigned indictment.

11. After being falsely imprisoned on the 25 un-charged and un-arraigned counts the Plaintiff filed a Writ of Habeas Corpus in hopes of having the court require the United States Government indentify the specific counts, violations, and convictions associated with those counts. The court denied the Habeas Writ without response from the US Government even though Title 28, United States Codes, Section 2249 mandates that the United States/Respondent file copies of the indictment, the plea of the Defendant, and the Judgment.

## ISSUE AND ARGUMENTS SUPPORTING SUMMARY JUDGMENT AGAINST THE UNITED STATES IN CAUSE OF ACTION NUMBER TWO

12. **ISSUE:** The Indictment lacked a Grand Jury Foreperson's signature. The US Government admits "charging the case", charging "uncharged counts", and refused to present only one violation per each un-charged count. The US Government; through the Judge, refused to tell plaintiff which of the five violations alleged against each of the 25 un-charged counts was to form the basis of the 121 month prison term. The US Government; through a different Judge, refused to require the Government file copies of the indictment. **WAS PLAINTIFF'S FIFTH AMENDMENT RIGHT TO BE TRIED ON CHARGES MADE BY A DULY SWORN**

-5-

GRAND JURY INTENTIONALLY VIOLATED?

13. **ARGUMENT:** The United States through its' employess and agents and DOES 1-20 intentionally violated the Plaintiff's Fifth Amendment right by trying the Plaintiff on charges never considered by a Duly Sworn Grand Jury and then covering up their actions after receiving unauthorized convictions.

14. The Fifth Amendment to the United States Constitution protects citizens from being tried on charges made by Prosecutor and Judge. It mandates that a person can only be tried on charges made by a duly sworn Grand Jury.

15. Rule 6(c) of the Rules of Criminal Procedures mandates that the Grand Jury Foreperson will sign all Indictments. Rule 6(f) requires 12 Grand Jury members must concur in favor of indictment before charges are made. Rule 6(f) also requires that the signed Indictment be returned in open court to a Magistrate Judge. The authentication procedures mandated by Rule 6 were designed to discourage Prosecutors and Judges from taking on the duties of the Grand Jury in contravention of the Constitution.

16. In Stirone the Supreme Court stated that the "purpose of

requirement that a man be indicted by Grand Jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or Judge". Stirone v U.S. 80 S.ct 270. In Ex Parte bain the Supreme Court stated that the Grand Jury"came to be regarded as an institution by which the subject was rendered secured against oppression from unfounded prosecution....". Ex Parte Bain, 7 S.ct 781.

17. The lessons from the Supreme Court are clear that under no circumstance shall a citizen of the United State be tried on charges which were not made by a duly sworn Grand Jury. It also makes clear that it is absolutely forbidden for a prosecutor & Judge to create charges as was done by the Judge and Prosecutor in the Plaintiff's Criminal trial.

18. The recorded transcripts as well and the entire record on file stand as testament that the Court and the Prosecutor together with other known and unknown parties intentionally participated in Circumventing not only Constitutional Law but statutes and long standing case law which provided direction which they chose to abuse.

### ISSUE AND ARGUMENTS SUPPORTING SUMMARY JUDGMENT AGAINST THE UNITED STATES AND THE STATE BAR OF CALIFORNIA FOR ABUSE OF PROCESS RESULTING IN FRAUDULENT AND FALSE IMPRISONMENT

19. **ISSUES:** The United States abused the Grand Jury process by creating indictments, charges and concealing the related verdict forms. They abused the Writ of Habeas Corpus process by not filing an indictment as required. The State Bar of California abused its' ethtical discipline processes by allowing licensed and unlicensed attornies to participate in false legal processes that caused the imprisonment of the Plaintiff on fabricated charges then refused to take disciplinary actions thus ratifying the attornies conduct.

20. **ARGUMENT:** The United States and The State Bar of California intentionally; through their employees and licensees, and acting wholly without jurisdiction created charges that are mandated by the Fifth Amendment of the United States Constitution to be created by a duly sworn Grand Jury. They then took these fabricated charges and tried the Plaintiff, received illegal & undetermineable convictions, falsely imprisoned Plaintiff, refused to produce the related verdict forms, and continues to keep Plaintiff imprisoned on fabricated convictions.

-8-

21. The Supreme Court has said that where a court is without jurisdiction over the subject-matter, but assumes it, or where the rules which an inferior court are bound to adopt are deviated from so far that the proceedings are coram non judice, and the liberty of the citizen has been restrained by its process or judgment, trespass for false imprisonment is the proper remedy. Dynes v Hoover, 20 How 65, 15 L ed 838.

22. If the judgment under which a person is imprisoned is a nullity, the officer who obeys it is guilty of false imprisonment. In re Watkins, 3 Pet 193, 7 L Ed 650.

23. The Fifth Amendment to the United States Constitution is clear in its's command stating  "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury". There could be no misunderstanding in regards to the purpose or intention of this mandate. It was created to specifically prevent the actions of falsifying indictments and charges then afterwards covering them up by refusing to produce the related verdict forms as was done by the United State Employees and the State of California Bar Licensees in the Plaintiff's criminal case.

24. The State Bar of California "Rules of Professional Conduct" Rule 1-300(A) forbids a member from aiding any person in the unauthorized practice of law. Rule 5-110 states " A member in government service shall not institute or cause to be instituted criminal charges when the member knows or should know that the charges are not supported by probable cause. If, after the institution of criminal charges, the member in government service having responsibility for prosecuting the charges becomes aware that those charges are not supported by probable cause, the member shall promptly so advise the court in which the criminal matter is pending.

25. Lawrence E. Kole supervised the attorney who was unlicensed at the time he conducted the Plaintiff's trial; Brett A. Sagel. Mr. Kole therefore aided Mr. Sagel in his unauthorized practice of law. Mr. Sagel, who did not receive his California Bar License to practice law until August 2006- a full eigth months after conducting the trial; introduced the unauthorized indictment and the 25 un-charged counts which had five various violations alleged against each.

26. After conviction and on appeal the Plaintiff filed his

opening brief. Contained therein were all of the information

about the unsigned indictment, the uncharged counts, and the

related missing verdict forms. After reading the opening brief

and realizing that the above information was included the

Government Defaulted by missing the filing date of their response

brief. They then filed a motion to have the Plaintiff and his

opening brief removed from the record.

27. The Ninth Circuit Court of Appeals assigned Commissioner

Peter L. Shaw; an inactive member of the California Bar Association,

to present recommendations on the Government's motion. His

recommendation was consistent with the Government request and

he allowed the Plaintiff 21 days to file an objection. The Plaintiff

timely filed his objection and included therein was the information

related to the unauthorized indictment, the uncharged counts, and

the missing verdict forms.

28. When Commissioner Shaw saw that the Objection contained the

same incriminating information and evidence as did the opening brief

he refused to file it and instead presented other irrelevant documents

the Plaintiff had filed previously in place of the actual Objection.

29. The Justices of the Court of Appeals for the Ninth Circuit thereafter struck the Plaintiff's openin brief and ordered Indigent counsel to re-do the brief; all without inquiring with the Plaintiff as to his desire to bring in counsel.

30. James M. Crawford was assigned the task of re-writing the brief. He was instructed by the Plaintiff to take no actions on his behalf. He ignored the wishes of the Plaintiff and proceeded to do exactly what the Plaintiff knew he was hired to do; that is to clean up the record on appeal by eliminating transcripts of the days where the incriminating evidence was documented. He immediately proceeded to narrow the record already created by the Plaintiff by amending the Plaintiff's Transcript Designation and Order form to exclude dates that would support the Plaintiff's allegations of criminal intent.

31. The Plaintiff has continuously kept the United States Government as well as the State Bar of California informed as to the abuses of process occuring in the District and the Appellate Courts. They both refused to do anything and by their inaction have ratified the behaviors of the known and yet to be known parties who now imprison the Plaintiff on charges that are false & fraudulent.

-12-

## CONCLUSION

32. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof. FRCVP Rule 56(a).

33. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages

-13-

or other relief is not in controversy, and directing such

further proceedings in the action as are just. Upon the

trial of the action the facts so specified shall be deemed

established, and the trial shall be conducted accordingly.

FRCVP Rule 56(d).

34. Because the United States and the State Bar of California

will never be able contravene the fact that there is no indictment

signed by a Grand Jury Foreman showing the concurrence in the

25 uncharged counts presented to the jury and there are are no

related verdict forms supporting the imprisonment of the Plaintiff

and the facts that both the United States and the State Bar of

California were informed on more than several occasions about the

illegal and unethtical conduct of their employees, agents, and

licensees; the Plaintiff moves the Court to Grant Summary Judgment

against the United States and The California State Bar. Plaintiff

requests a judgment order directing the United States and the

State Bar of California as indicated below:

    a. Issuance of a judgment against the United States and
       in favor of James Davis Bennett in cause of action
       number two for the following relief:
        i. injunctive order consistent with the Sixth
          Amendment preventing its' continued cover up
          of the Grand Jury signed Indictment related to
          the 25 uncharged counts presented to the jury,
          disclosure of the convictions in each of the 25
          uncharged counts, and production of the related
          verdict forms. Prayer for Relief item "e".
    b. Issuance of a judgment against the State Bar of
       California and United States in favor of James Davis
       Bennett in cause of action number five for the following
       relief:
        i. injunctive order consistent with California's
          Rules of Professional Conduct Rule 5-110
          mandate which states if "the member in government
          service having responsibility for prosecuting the
          charges becomes aware that those charges are not
          supported by probable cause, the member shall
          promptly so advised the court in which the criminal
          matter is pending. Plaintiff requests the Court
          issue injunctive relief by forbidding Peter L. Shaw
          and Brett A. Sagel from practicing law in federal
          court until The State Bar of California enforces
          Rule 5-110 requiring that both conduct themselves
          in a way consistent with the Fifth and Six
          Amendments by disclosing the Grand Jury signed
          Indictment related to the 25 uncharged counts
          presented to the jury, disclosure of the convictions
          in each of the 25 uncharged counts, and production
          of the related verdict forms. Prayer for Relief
          item "d".

35. Prior to trial the Plaintiff notified the Court that the

Government would be using fraud to change charges and to bring in

uncharged violations. See exhibit E-Warning to court. The court

thereafter denied the request of the Plaintiff to bring in retained

counsel. Retained counsel was necessary because the court appointed

indigent counsel was assisting the Government. Here we have the

same senario unfolding at the Appellate level. The Plaintiff

timely filed his opening brief, the Government read the brief while defaulting by not filing a response, requested the Appellate court remove the brief as well as the Plaintiff from the process, Appellate Court complies and appoints another Government paid and selected attorney who promptly proceeds to amend the Record created by the Plaintiff so as to eliminate incriminating transcripts.

36. It for the reasons stated above that the Plaintiff requests Summary Judgment in Cause of Actions numbers Two and Five against the United States and The State Bar of California and also request the relief specified  in paragraph 34 above.

37. Additionally, Plaintiff is still willing to live up to the Proffer stated within paragraph three above.


Dated this 15th day of August 2007,

Signed: _____

James Davis Bennett
Reg#32589-112
FCI Safford
P.O. Box 9000
Safford, AZ 85548

## CERTIFICATE OF SERVICE

**CASE NAME:** James Davis Bennett v. James M. Crawford, Sean Kennedy, The State Bar of California, and the United States of America.

**CASE NUMBER:** 1:07-cv-01321

I certify that a copy of the "Notice of Motion and Motion for summary Judgment Pursuant to Federal Rules of Civil Procedure Rule 56(a)" and any attachments were served in a manner prescribed below:

| PARTY SERVED | METHOD OF SERVICE | DATE SERVED |
|---|---|---|
| James M. Crawford<br>528 N. Glassell<br>Orange, Ca. 92867 | US Mail | September 1,2007 |
| Sean Kennedy<br>321 East 2nd Street<br>Los Angeles, Ca. 90012 | US Mail | September 1,2007 |
| California Attorney General<br>1300 "I" Street<br>Sacramento, Ca. 94244-2550 | US Mail | September 1,2007 |
| United States Attorney<br>General<br>Department of Justice<br>950 Pennsylvania Ave. N.W.<br>Washington, DC 20530 | US Mail | August 28, 2007 |
| United States Attorney<br>501 3rd Street N.W.<br>Washington, DC 20001 | US Mail | September 1,2007 |

James Davis Bennett

8·28·07
Date

Note: The September 1, 2007 dates are approximates actual dates mailed to each party available on request(Plaintiff is incarcerated).

**EXHIBIT A—SECOND SUPERSEDING INDICTMENT**

COPY

FILED
CLERK, U.S. DISTRICT COURT

SEP - 7 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2004 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>JAMES DAVIS BENNETT,<br><br>              Defendant. | ) No. SA CR 03-25(B)-AHS<br>)<br>) S E C O N D<br>) S U P E R S E D I N G<br>) I N D I C T M E N T<br>)<br>) [18 U.S.C. § 1343: Wire Fraud;<br>) 18 U.S.C. § 1344: Bank Fraud;<br>) 18 U.S.C. § 225: Continuing<br>) Financial Crimes Enterprise; 18<br>) U.S.C. § 2(b): Aiding and<br>) Abetting] |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1343 and 2(b)]

<u>INTRODUCTION</u>

     At all times relevant to this indictment:

     1.    Defendant JAMES DAVIS BENNETT ("BENNETT") was the owner of West Belle Realty, a company in the business of representing buyers and sellers in real estate transactions, West Belle Mortgage, a company in the business of originating mortgage loans

//

//

BAS:bas
BAS

1  for real estate transactions, and West Belle Mortgage Escrow, a
2  company in the business of providing escrow services for real
3  estate transactions (collectively "West Belle").

4      2.    Steven Brian Rogers ("Rogers") was a realtor and loan
5  agent at West Belle.

6      3.    Donna M. Simon ("Simon") was a loan agent at Long Beach
7  City Mortgage, a company in the business of originating mortgage
8  loans for real estate transactions.

9      4.    Benny Ibarra ("Ibarra") and Ricardo Omar Garcia
10  ("Garcia") were employees of West Belle.

11  THE FRAUDULENT SCHEME

12      5.    Beginning on a date unknown and continuing through in
13  or about January 2002, in Los Angeles and Orange Counties, within
14  the Central District of California, and elsewhere, Defendant
15  BENNETT, Rogers, Simon, Ibarra, Garcia and others knowingly
16  devised, participated in, and executed a scheme to defraud
17  mortgage lenders and to obtain money and property by means of
18  materially false and fraudulent pretenses, representations and
19  promises.

20      6.    In carrying out this scheme, Defendant BENNETT, Rogers,
21  Simon, Ibarra, Garcia and others engaged in and caused others to
22  engage in the following fraudulent and deceptive acts, practices
23  and devices, among others:

24      a.    Defendant BENNETT, Rogers, Simon, Ibarra, and
25  other co-schemers would identify residential real estate (the
26  "properties") for sale.

27  //

28

1          b.    Defendant BENNETT, Rogers, Simon, Ibarra, and

2  other co-schemers would recruit relatives and associates (the

3  "intermediaries") to enter into escrows to purchase the

4  properties at or near fair market value.

5          c.    Defendant BENNETT, Rogers, Simon, Ibarra, and

6  other co-schemers would recruit other relatives and associates

7  (the "straw buyers") to enter into other escrows to purchase the

8  properties from the intermediaries at inflated prices.

9          d.    To obtain mortgage loans for the straw buyers,

10  Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and

11  caused others to prepare fraudulent loan packages concealing the

12  double escrows and falsely representing that the straw buyers

13  were purchasing the properties directly from the original sellers

14  at the inflated prices and that the straw buyers were

15  creditworthy.  To support these fraudulent loan packages,

16  Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and

17  caused others to prepare false and fabricated documentation,

18  including false settlement statements, grant deeds, title

19  reports, down payment checks, pay stubs, W-2 statements, and bank

20  statements.

21          e.    Defendant BENNETT, Rogers, Simon, Ibarra, and

22  other co-schemers submitted and caused others to submit these

23  fraudulent loan packages to mortgage lenders in Orange and Los

24  Angeles Counties.

25     7.    Based on the fraudulent acts, practices and devices,

26  the mortgage lenders funded the loans.  At the close of escrow,

27  Defendant BENNETT, Rogers, Simon, Ibarra, Garcia and other co-

28

1 schemers received fees, commissions and profits.

2       8.     Within months of the resale of the residential

3 properties, the straw buyers typically defaulted on the loan

4 payments, leaving mortgage lenders with losses in excess of

5 $1,000,000.

6 THE WIRINGS

7       9.     On or about the dates set forth below, in the Central

8 District of California and elsewhere, for the purpose of

9 executing the above-described scheme to defraud and attempting to

10 do so, Defendant BENNETT, Rogers, Simon, Ibarra, Garcia, and

11 others caused to be transmitted in interstate commerce by wire

12 communications the following wire transfers from mortgage

13 lenders' accounts outside California to title insurance company

14 and escrow accounts in California.

| Count | Date | Funds Wired |
|---|---|---|
| One | 7/27/99 | The CIT Group's $270,000 mortgage loan for the purchase of 2612 Griffith Avenue, Los Angeles, California |
| Two | 10/14/99 | Mortgage Portfolio Services' $233,750 mortgage loan for the purchase of 760 East 43rd Place, Los Angeles, California |
| Three | 3/1/00 | Greenpoint Mortgage Funding, Inc.'s $225,250 mortgage loan for the purchase of 615 West Imperial Highway, Los Angeles, California |
| Four | 2/27/01 | Laguna Capital Mortgage Corporation's $248,000 mortgage loan for the purchase of 860 Cerritos Avenue, Long Beach, California |

COUNTS FIVE THROUGH ELEVEN

[18 U.S.C. §§ 1344 and 2(b)]

10. The Grand Jury hereby incorporates by reference and realleges each and every allegation of paragraphs one through eight of this indictment.

11. Flagstar Bank, Equicredit Corporation, and First Union Mortgage Corporation were financial institutions and wholly owned subsidiaries of financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation.

12. On or about the dates set forth below, within the Central District of California, Defendant BENNETT, Rogers, Simon, Garcia, and others, for the purpose of executing the above-described scheme to defraud the following financial institutions and to obtain monies and funds owned by and in the custody and control of these financial institutions by means of materially false and fraudulent pretenses, representations and promises, caused these financial institutions to disburse loan proceeds in the amounts listed below for the purchase of the properties listed below:

| Count | Date | Financial Institution, Loan Amount, Property |
|---|---|---|
| Five | 8/6/99 | Flagstar Bank's $256,000 mortgage loan for the purchase of 245 West 56th Street, Los Angeles, California |
| Six | 8/16/99 | Flagstar Bank's $252,000 mortgage loan for the purchase of 1412 West 94th Place, Los Angeles, California |

| | | |
|---|---|---|
| Seven | 9/17/99 | Flagstar Bank's $247,500 mortgage loan for the purchase of 768 East 43rd Place, Los Angeles, California |
| Eight | 11/22/00 | Equicredit Corporation's $200,000 mortgage loan for the purchase of 1495 Alamitos Avenue, Long Beach, California |
| Nine | 11/28/00 | Equicredit Corporation's $232,000 mortgage loan for the purchase of 1105 Ohio Avenue, Long Beach, California |
| Ten | 3/2/01 | Equicredit Corporation's $248,000 mortgage loan for the purchase of 1304-1306 Junipero Avenue, Long Beach, California |
| Eleven | 1/8/02 | First Union Mortgage Corporation's $227,500 mortgage loan for the purchase of 1052 North Loma Vista Drive, Long Beach, California |

1

COUNT TWELVE

2

[18 U.S.C. § 225]

3      13.   The Grand Jury hereby incorporates by reference and

4  realleges each and every allegation of paragraphs one through

5  twelve of this indictment.

6      14.   Beginning on a date unknown and continuing through in

7  or about January 2002, in Los Angeles and Orange Counties, within

8  the Central District of California, Defendant BENNETT knowingly

9  conducted a continuing financial crimes enterprise, in that

10 Defendant BENNETT committed a series of violations under Title

11 18, United States Code, Sections 1341, 1343, and 1344, which

12 violations were undertaken by Defendant BENNETT, in concert with

13 at least three other persons whom Defendant BENNETT organized,

14 managed, and supervised, and from which continuing series of

15 violations Defendant BENNETT received in excess of $5,000,000 in

16 gross receipts from on or about April 2, 1999, and ending on or

17 about March 2, 2001.

                              A TRUE BILL

18

19

20                            _____
                              Foreperson

21 DEBRA W. YANG
   United States Attorney

22

23 THOMAS P. O'BRIEN
   Assistant United States Attorney
24 Chief, Criminal Division

25

26 KENNETH B. JULIAN
   Assistant United States Attorney
27 Acting Chief, Santa Ana Branch Office

28

                                  7

**EXHIBIT B-25 UN-CHARGED COUNTS**

12/15/05 DURING THE [?]                                                          k

DATE 12/15/05 -UNLICENSED AUSA SAGEL SPEAKS TO SPOTLOR 53 →JUDG

US ATTY

1    THEM IN A SIMPLISTIC FORM AS MAIL FRAUD.

2              WITH REGARDS TO THE OTHER -- WITH REGARDS TO ALL

3    25 PROPERTIES OR THE 15 THAT ARE NOT CHARGED, MORE OR LESS,

4    THE GOVERNMENT WILL BASICALLY BE RELYING ON MAIL FRAUD.  I

5    DON'T THINK IT'S EITHER LEGALLY REQUIRED OF THE GOVERNMENT

6    OR THERE IS ANY BASIS TO TELL THE GOVERNMENT OR TO TELL THE

7    JURY HOW TO CONFINE THE GOVERNMENT.  THE GOVERNMENT CHARGED

8    THIS -- THE GRAND JURY CHARGED THIS CASE AFTER HEARING THE

9    EVIDENCE, UNDER ONE OF THREE, BANK FRAUD, WIRE FRAUD, OR

10   MAIL FRAUD, OR THE LATTER TWO AFFECTING A FINANCIAL

11   INSTITUTION.  I DON'T KNOW ANY BASIS IN WHICH DEFENDANT

12   COULD LIMIT WHAT THE GOVERNMENT COULD ARGUE IF THE FACTS

13   PRESENTED, FOR EXAMPLE, TWO OF THE UNCHARGED COUNTS ARE

14   FUNDED BY EQUICREDIT.  I DON'T SEE -- IF WE WANTED TO, WE

15   ARE GETTING TO THE SAME PLACE, WHETHER WE USE MAIL FRAUD

16   AFFECTING A FINANCIAL INSTITUTION.  WE WOULD HAVE TO USE THE

17   SAME EVIDENCE FROM THE BANK FRAUD STATUTES OF EQUICREDIT,

18   BASICALLY, THAT IT'S FDIC CHARTERED OR A WHOLLY OWNED

19   SUBSIDIARY.  BUT I'M NOT SURE THAT THERE IS ANY BASIS IN

20   WHICH THE GOVERNMENT CAN BE CONFINED TO ONLY ONE OUT OF

21   THREE THEORIES WHEN THEY ARE ALL CHARGED IN THE INDICTMENT

22   AND THERE IS EVIDENCE TO SUPPORT ANY ONE OF THOSE THREE.

23              THE COURT:  THE DEFENDANT IS GOING BY WHAT COUNSEL

JUDGE SPOTLOR

24   SAID AND THAT'S THE SAME THING I HEARD GOVERNMENT COUNSEL TO

25   SAY, WHICH WAS SUPPOSEDLY THAT WAS THE SIMPLE APPROACH TO

1-ALLEGATION  2-ALLEGATIONS

3 ALLEGATION  4 AND 5 ALLEGATIONS PER EACH  25 UNCHARGED COUNT

256

DATE 12/5/05

54

1    THE WHOLE ISSUE.  SO IF YOU WANT TO CHANGE DIRECTIONS,

2    THAT'S UP TO YOU, BUT THAT'S HOW IT CAME ACROSS.

US ATTY    3        MR. SAGEL:  AND I ASKED THE SPECIAL AGENT BECAUSE

4    I COULDN'T REMEMBER MY SPECIFIC WORDING IF I HAD SAID THAT

5    ABOUT THE JURY OR IN THE RULE 29 CONTEXT.  AND IF I

6    MISSPOKE, FOR SIMPLICITY SAKE, I'M GOING TO AS MUCH AS

7    POSSIBLE LIMIT TO ONE THEORY, SO THAT I'M NOT TELLING, OKAY,

8    THIS ONE LOOK AT THIS, THIS ONE LOOK AT THAT.  BUT I

9    DON'T -- BUT WHAT I WAS ATTEMPTING TO SAY YESTERDAY -- AND

10   IF I MISSPOKE, I APOLOGIZE -- WAS THAT FOR RULE 29 CONTEXT

11   AND GETTING OVER THE BURDEN TO SHOW THE SUFFICIENCY OF THE

12   EVIDENCE, LET'S LOOK AT THE MOST SIMPLEST IN MAIL AND MAIL

13   ONLY.

JUDGE SAYS    14        THE COURT:  THE SIMPLISTIC APPROACH IS NEEDED FOR

15   THE COURT, NOT THE JURY.  NOW I GET IT.

16        THANK YOU.

US ATTY    17        MR. SAGEL:  SO I DON'T THINK I SHOULD BE CONFINED,

18   BUT I DO -- I'M NOT GOING TO GO BACK ON THAT.  I'M GOING TO

19   ATTEMPT TO FOCUS PRIMARILY ON MAIL FRAUD, BUT I DON'T THINK

20   THERE SHOULD BE AN INSTRUCTION SAYING THAT THE GOVERNMENT

21   CAN ONLY RELY ON MAIL FRAUD.

22        THE COURT:  SO THE DEFENDANT'S SUGGESTION THERETO

23   OR THEREABOUTS IS OBJECTED TO BY GOVERNMENT.

24        WHAT NEXT?

25        MR. SAGEL:  ONE FINAL THING.  YOUR HONOR ASKED ME

We, the jury, in the above-entitled action, hereby unanimously FIND the following:

### PROPERTY

| | FRAUD (MAIL) (WIRE) (BANK) | IDENTITY OF 3 PERSONS | MONEY DEFENDANT RECEIVED |
|---|---|---|---|
| 1. 2616 Griffith Ave., Los Angeles, CA | _____ | _____ | _____ |
| | | _____ | |
| | | _____ | |
| 2. 760 E. 43rd Pl., Los Angeles, CA | _____ | _____ | _____ |
| | | _____ | |
| | | _____ | |
| 3. 615 W. Imperial Hwy., Los Angeles, CA | _____ | _____ | _____ |
| | | _____ | |
| | | _____ | |
| 4. 860 Cerritos Ave., Long Beach, CA | _____ | _____ | _____ |
| | | _____ | |
| | | _____ | |

1

EXHIBIT A

5.   245 W. 56th St.,
     Los Angeles, CA

6.   1412 W. 94th Pl.,
     Los Angeles, CA

7.   768 E. 43rd. Pl.,
     Los Angeles, CA

8.   1495 Alamitos Ave.,
     Long Beach, CA

9.   1105 Ohio Ave.,
     Long Beach, CA

10.  1304-1306 Junipero Ave.,
     Long Beach, CA

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11. 9501 S. Western Ave.,

        Los Angeles, CA

12. 1519 W. 29th St.,

        Los Angeles, CA

13. 1177 W. 38th St.,

        Los Angeles, CA

14. 928 W. 78th St.,

        Los Angeles, CA

15. 456 E. 40th Pl.,

        Los Angeles, CA

16. 2253 Linden Ave.,

        Long Beach, CA

3

17. 1485-1489 Molino Ave.,
    Long Beach, CA

_____  _____  _____
               _____
18. 1104-1106 ½ W. 87th St.,  _____
    Los Angeles, CA

_____  _____  _____
               _____
19. 1017 Raymond Ave.,        _____
    Long Beach, CA

_____  _____  _____
               _____
20. 930 E. 11th ST.,          _____
    Long Beach, CA

_____  _____  _____
               _____
21. 428 W. 5th St.,           _____
    Long Beach, CA

_____  _____  _____
               _____
22. 520 Chestnut Ave.,        _____
    Long Beach, CA

_____  _____  _____
               _____
               _____

4

23.  7819 S. Hoover St.

     Los Angeles, CA

     _____    _____        _____

                _____

24.  1495 Alamitos Ave.,        _____

     Long Beach, CA

     _____    _____        _____

                _____

25.  2121 Atlantic Ave.,        _____

     Long Beach, CA

     _____    _____        _____

                _____

                _____

Foreperson  _____

Date:  _____

5

EXHIBIT C—COURT REFUSED TO IDENTIFY THE UN—CHARGED COUNTS

9

1  that you allowed the government to bring in during trial --

2  if that never occurred, I don't think we would have a

3  problem either, but you did.  You allowed 25 counts to come

4  in to this court, 25 counts.  We only started off with 12

5  counts in the Indictment.  Count 11 was dismissed.  That

6  left us with Counts 1 through 10 and Count 12.  I don't know

7  where the 25 counts came from.

8          I also do not know -- Jury Instruction or Court

9  Instruction No. 26, what are the properties and lenders that

10  Court instruction applies to.

11          So if you can answer those questions for me, and I

12  realize that you decline to provide me the verdict form on

13  all the charges.  I would once again request the verdict

14  form just so we know exactly what we are doing here and just

15  so that I know exactly what happened.

16          THE COURT:  Is there anything else?

17          MR. BENNETT:  If you could tell me exactly what

18  the convictions were?  The Court instructions were not --

19  did not match the Indictment, so I am trying to find out if

20  -- I just read your tentative on the sentencing.  I am

21  trying to find out what are the charges you plan to sentence

22  me on?  Is it going to be the indicted charges, or is it

23  going to be the charges that you told -- you gave

24  instructions to the jury on?

25          THE COURT:  Let me advise you that you are

SHARON SEFFENS, U.S. COURT REPORTER

10

1   entitled to take an appeal of the Court's judgment by filing

2   a Notice of Appeal within ten days from today's date, and if

3   you fail to file a Notice of Appeal within that time, there

4   will be no review of the Court's judgment.

5       Do you have questions about your right to appeal?

6       MR. BENNETT:  I think at this point I need an

7   attorney.  I am requesting assistance of a Court-appointed

8   attorney because you refuse to explain to me on the record

9   what the convictions are and what the violations are.  I

10  don't think I need to leave here without knowing that.

11      If you are going to give me a sentence to prison,

12  I think you have an obligation not only to this court but to

13  this government to tell me before I leave out of here.  The

14  Fifth Amendment demands that you tell me exactly what you

15  plan to sentence me on since you changed the charges from

16  what was indicted.

17      So I don't think it's something that you can tell

18  me that I need to finish and shut up and get moving.  I

19  think you need to do that, Your Honor, and I think that

20  justice demands it.

21      THE COURT:  Do you have any questions about your

22  right of appeal?

23      MR. BENNETT:  I am requesting at this point

24  Court-appointed counsel to complete this sentencing.

25      THE COURT:  Do you have any questions about your

**EXHIBIT D-APPELLATE DENIAL OF BILL OF PARTICULARS**

**F I L E D**

UNITED STATES COURT OF APPEALS

DEC 1 1 2006

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON
CLERK, U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>v.<br><br>JAMES DAVIS BENNETT,<br><br>       Defendant - Appellant. | No. 06-50580<br><br>D.C. No. CR-03-00025-AHS<br>Central District of California,<br>Santa Ana<br><br>ORDER |

Before: GOODWIN and McKEOWN, Circuit Judges.

Appellant's motion for bail pending appeal is denied without prejudice to renewal, if necessary, following presentation of the motion to the district court. *See* Fed. R. App. P. 9(b); 9th Cir. R. 9-1.2(a).

Appellant's "motion for a bill of particulars" is denied.

Appellant's "motion to take judicial notice" is denied.

The court reporter's motion to file the transcript late is granted. The Clerk shall file the transcript received on November 21, 2006, and shall notify the court reporter of appellant's new address and instruct her to send appellant a copy of the transcript at his new address.

The briefing schedule established previously shall remain in effect.

S:\MOATT\Panelord\12.06\pe\06-50580.wpd

**EXHIBIT E—WARNING TO THE COURT**

| | | 10/04/2005) |
|---|---|---|
| 10/03/2005 | 146 | MINUTES OF POST-INDICTMENT ARRAIGNMENT HEARING held before Magistrate Judge Marc L. Goldman as to James Davis Bennett : James Davis Bennett (1) count(s) 1ss-4ss, 5ss-11ss, 12ss arraigned and states true name is as charged. CJA Attorney Miguel Mirano specially appearing for Michael Meza appointed. Plea not guilty entered by James Davis Bennett (1) count(s) 1ss-4ss, 5ss-11ss, 12ss . Court orders this case previously assigned to Judge Alicemarie H. Stotler. Jury trial previously set for 11/8/05 at 9:00am remain. Tape No.: SA05-35 (mt) (Entered: 10/04/2005) |
| 10/12/2005 | | RECEIVED fee from James Davis Bennett re Appeal to Circuit Court [140-1] in amount of $ 255.00 (Receipt # 10152) (cbr) (Entered: 10/14/2005) |
| 10/12/2005 | 147 | TRANSCRIPT DESIGNATION filed by James Davis Bennett for transcript of 10/04/04, 10/25/04, Court Reporter; Leslie King; 09/07/05 Court Reporter: Deborah Parker, referencing appeal [140-1]. (USCA No.: 05-50736) (cbr) (Entered: 10/14/2005) |
| 10/13/2005 | 148 | EX PARTE APPLICATION filed by James Davis Bennett re continuance of trial Lodged proposed order (mt) (Entered: 10/19/2005) |
| 10/17/2005 | 150 | OPPOSITION filed by USA as to James Davis Bennett to motion for trial continuance; memorandum of points and authorities; declaration (mt) (Entered: 10/21/2005) |
| 10/18/2005 | 149 | DENIED ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: denying ex parte application re continuance of trial [148-1] (mt) (Entered: 10/19/2005) |
| 10/27/2005 | 151 | ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: It is ordered that the hearing of defendant's motion to substitute counsel, or, in the alternative, to represent himself is set for 1:30 10/31/05 for James Davis Bennett. (cc: all counsel) (sv) (Entered: 10/28/2005) |
| 10/27/2005 | 152 | EX PARTE APPLICATION filed by James Davis Bennett to set hearing date for defendant's motion to seek new counsel, or in the alternative, to represent himself. Lodged order. (sv) (Entered: 11/01/2005) |
| 10/31/2005 | 153 | MINUTES OF MOTION HEARING held before Judge |

| | | Alicemarie H. Stotler as to James Davis Bennett: denying ex parte application motion to set hearing date for defendant's motion to seek new counsel, or in the alternative, to represent himself. [152-1] Exhibit Conference hearing set for 3:00pm, 11/4/05 for James Davis Bennett and Jury trial set for 9:00 11/8/05 for James Davis Bennett. C/R: Parker. (sv) (Entered: 11/02/2005) |
|---|---|---|
| 11/02/2005 | 154 | TRIAL MEMORANDUM filed by USA as to James Davis Bennett. (sv) (Entered: 11/02/2005) |
| 11/02/2005 | 155 | PROPOSED VOIR DIRE filed by USA as to James Davis Bennett. (sv) (Entered: 11/02/2005) |
| 11/03/2005 | 156 | PROPOSED JURY INSTRUCTIONS filed by USA as to James Davis Bennett (annotated set). (mt) (Entered: 11/07/2005) |
| 11/03/2005 | 157 | PROPOSED JURY INSTRUCTIONS filed by USA as to James Davis Bennett (unannotated set). (mt) (Entered: 11/07/2005) |
| 11/04/2005 | 158 | APPLICATION AND ORDER for Writ of Habeas Corpus Ad Testificandum ordered by Judge Alicemarie H. Stotler and issued to Warden, Theo Lacy Branch Jail, for production of Gregory William Wright, to testify on 11/15/05 at 9:00am, as to James Davis Bennett, et al. Writ issued. (mt) (Entered: 11/07/2005) |
| 11/04/2005 | 159 | EX PARTE APPLICATION filed by USA as to James Davis Bennett for order permitting release of Grand Jury transcripts ; memorandum of points and authorities; declaration of Brett A Sagel; Lodged proposed order (mt) (Entered: 11/07/2005) |
| 11/04/2005 | 160 | ORDER filed by Judge Alicemarie H. Stotler as to James Davis Bennett: permitting release of Portions of Grand Jury transcripts [159-1] (mt) (Entered: 11/07/2005) |
| 11/04/2005 | | PLACED IN FILE - NOT USED: application for writ of habeas corpus ad testificandum as to James Davis Bennett, Steven Brian Rogers, Donna M Simon, Benny Ibarra, Ricardo Omar Garcia (mt) (Entered: 11/09/2005) |
| 11/07/2005 | 161 | DEFENDANT'S QUESTIONS FOR THE COURT'S GENERAL VOIR DIRE (PROPOSED) filed by James Davis Bennett (mt) (Entered: 11/09/2005) |

*PRIOR TO TRIAL* ↑

3

1    SANTA ANA, CALIFORNIA; MONDAY, OCTOBER 31, 2005; 1:30 P.M.

2                              -oOo-

3              THE CLERK:  CALLING CALENDAR ITEM NO. 4,

4    SACR 03-25(B)-AHS, *UNITED STATES OF AMERICA VERSUS JAMES*

5    *DAVIS BENNETT.*

6              COUNSEL, APPEARANCES PLEASE.

7              MR. SAGEL:  GOOD AFTERNOON, YOUR HONOR.

8              BRENT SAGEL, ON BEHALF OF THE GOVERNMENT.

9              THE COURT:  THANK YOU.

10             MR. MEZA:  GOOD AFTERNOON, YOUR HONOR.

11             MIKE MEZA, ON BEHALF OF MR. BENNETT, WHO IS

12   PRESENT.

13             THE COURT:  THANK YOU.

14             IN THIS MATTER, THE COURT RECEIVED AN APPLICATION

15   BY DEFENDANT THROUGH COUNSEL THAT WAS A REQUEST ON

16   DEFENDANT'S MOTION TO SEEK NEW COUNSEL; OR, IN THE

17   ALTERNATIVE, TO REPRESENT HIMSELF.  AND THIS HAD TO DO -- IT

18   LOOKS LIKE WITH THE MOTION THAT MR. BENNETT IS FILING,

19   HIMSELF, JAMES BENNETT PER SE.  I'M LOOKING AT THIS

20   ATTACHMENT.  EXHIBIT A TO MR. MEZA'S FILING OF OCTOBER 27

21   HAS TO DO WITH A REQUEST ALLOWING DEFENDANT TO SEEK NEW

22   REPRESENTATION, OR IN THE ALTERNATIVE, ALLOW

23   SELF-REPRESENTATION.

24             NOW, IS THERE NEW COUNSEL PRESENT TO UNDERTAKE

25   REPRESENTATION FOR MR. BENNETT HERE TODAY?

4

1    I DO NOT SEE ANYONE APPEARING FOR MR. BENNETT, SO

2 I GUESS THERE IS NO NEW COUNSEL YET ENGAGED.

3    AND MR. MEZA, WAS THERE ANYTHING YOU WANTED TO ADD

4 IN CONNECTION WITH THIS APPLICATION?

5    MR. MEZA:  YOUR HONOR, I KNOW THAT MR. -- I

6 PERSONALLY -- NOTHING DIRECTLY.  I KNOW MR. BENNETT WANTS TO

7 ADDRESS THE COURT.  I WOULD ASK THE COURT TO DO THAT IN A

8 CLOSED COURTROOM.

9    THE COURT:  I BELIEVE THE APPLICATION WAS SERVED

10 ON THE GOVERNMENT, SO I THINK AT THIS POINT IT'S NOT GOING

11 TO BE APPROPRIATE TO CLOSE IT.

12    MR. SAGEL, YOU DID RECEIVE A COPY OF THE

13 APPLICATION, DID YOU?

14    MR. SAGEL:  I DID, YOUR HONOR.

15    AND I WOULD REQUEST THAT IF WE EVEN PROCEED TO A

16 *FERRETA*-TYPE OF COLLOQUY -- I'M NOT SURE WHAT MR. BENNETT IS

17 GOING TO BE ASKING FOR, BUT I BELIEVE THE GOVERNMENT DOES

18 NEED TO BE PRESENT FOR SUCH A COLLOQUY.

19    THE COURT:  ALL RIGHT.  WELL, MR. BENNETT, WHY

20 DON'T YOU TELL US WHAT YOUR THOUGHTS ARE, MINDFUL THAT, OF

21 COURSE, THE GOVERNMENT'S COUNSEL IS PRESENT AND INTERESTED

22 IN HEARING WHAT YOU HAVE TO SAY.  I HAVE INFERRED SO FAR

23 THAT YOU DO NOT HAVE A NEW ATTORNEY TO REPRESENT YOU.  AND

24 OF COURSE, WE ARE ALL MINDFUL THAT THE EXHIBIT CONFERENCE IS

25 THIS FRIDAY AND THE TRIAL IS THE FOLLOWING TUESDAY, NOVEMBER

5

1    THE 8TH.

2            PLEASE PROCEED.

3            DEFENDANT BENNETT:  YES, YOUR HONOR.

4            I GUESS I FIRST WANT TO START OFF WITH THIS --

5    BACK IN FEBRUARY OF '04, THIS COURT DIRECTED ME TO GO DOWN

6    TO THE FEDERAL DEFENDER'S OFFICE TO SEEK COUNSEL.  AT THAT

7    TIME, I WAS EXPLORING MY OWN OPPORTUNITIES TO PROVIDE MY OWN

8    COUNSEL.  AND I WAS TOLD TO DO THAT, WHICH I DID.  AND

9    SHORTLY THEREAFTER, THE COURT ASSIGNED MR. MEZA TO TAKE OVER

10   MY CASE.

11           AT THAT PARTICULAR TIME, I WENT ALONG WITH THAT,

12   HOPING THAT THINGS WOULD WORK OUT FAIRLY WELL.  SINCE THAT

13   TIME, MR. MEZA AND I HAVE COME TO SOMEWHAT DISAGREEMENTS IN

14   REGARDS TO THE STRATEGY OF THE CASE AND ACTUALLY SOME OF THE

15   IMPORTANT MOTIONS THAT NEEDED TO BE MADE.  I'VE TRIED -- AND

16   I THINK THE COURT KNOWS THIS ITSELF THAT I HAVE TRIED ON

17   SEVERAL OCCASIONS TO TRY AND GET MOTIONS IN FRONT OF THE

18   COURT, WHICH THE MOTIONS WERE SENT BACK, AND THEY WERE NOT

19   FILED.  IN ADDITION TO THAT, I HAVE ALSO TRIED TO FILE AN

20   APPEAL BACK IN DECEMBER.

21           SO I JUST WANTED THE COURT TO UNDERSTAND THAT

22   THERE ARE CERTAIN THINGS THAT -- CERTAIN ISSUES THAT I HAVE

23   THAT I BELIEVE ARE VERY PERTINENT TO THE CASE.  AND I HAVE

24   NOT HAD AN OPPORTUNITY TO PUT THOSE -- PUT THOSE ISSUES FOR

25   FORTH.  I'VE BEEN DOING RESEARCH ON MY OWN, AND I HAVE BEEN

6

1   COMING UP WITH FACTUAL INFORMATION THAT I FEEL IS VERY

2   IMPORTANT -- IMPORTANT TO THE CASE AND PERTINENT TO THE

3   OUTCOME OF THE CASE.  AND I HAVE NOT BEEN ABLE TO HAVE A

4   CHANCE TO PUT THAT BEFORE THE COURT.

5           AND THE APPOINTED COUNSEL THAT THE COURT HAD --

6   THE COUNSEL THAT COURT DID APPOINT FOR ME, MR. MEZA, ALSO

7   REQUESTED WITH THE COURT BACK IN APRIL FOR FUNDING FOR

8   COPIES OF DISCOVERY THAT THE COURT SHORTLY THEREAFTER

9   DENIED.  SO THAT WAS IN APRIL OF THIS YEAR.

10          IN ADDITION, I BELIEVE MR. MEZA ALSO REQUESTED FOR

11  AN INVESTIGATOR WHICH WAS DENIED.  SO THESE THINGS CAME

12  ABOUT FAIRLY QUICKLY.  AND THE COURT REQUESTED THAT I

13  PROVIDE SOME TYPE OF FINANCING FOR THESE ITEMS.  AT THAT

14  TIME, I DID NOT HAVE THE MONEY TO DO SO.  I WASN'T EXPECTING

15  THESE EXPENSES TO COME UP.  AND AS THEY CAME -- AS THEY

16  AROSE, I WASN'T ABLE TO BE ABLE TO CONTRIBUTE.

17          I HAVE INFORMATION THAT I DO NEED TO GET TO THE

18  COURT.  I WOULD ASK THE COURT TO AT LEAST ALLOW ME AN

19  OPPORTUNITY TO HIRE COUNSEL THAT I MIGHT BE ABLE TO HAVE

20  PRESENT MY SIDE IN THE WAY THAT I BELIEVE IT'S NECESSARY TO

21  PUT A DEFENSE ON.  AND IN THE ALTERNATIVE, TO ALLOW ME THE

22  OPPORTUNITY TO AT LEAST FILE MOTIONS WHERE I CAN GET THE

23  FACTS THAT I HAVE DISCOVERED IN FRONT OF THE COURT, SO IT

24  CAN BE -- SO THAT THEY CAN BE ANALYZED.

25          THE COURT:  THE GOVERNMENT ATTORNEY FILED AN

7

1    OPPOSITION TO A MOTION FOR A TRIAL CONTINUANCE ON OCTOBER

2    THE 17TH AND OUTLINED THE CHRONOLOGY OF THE CASE GOING BACK

3    TO FEBRUARY OF 2003 AND MADE A FOOTNOTE THAT THERE WERE FOUR

4    CONTINUANCES IN THE CASE THAT WERE NECESSARY AS A RESULT OF

5    DEFENDANT FAILING TO RETAIN COUNSEL AS DIRECTED BY THE

6    COURT, CITING DOCKET ENTRY 64 TO 67.

7            SO THAT GOES WAY BACK TO THE BEGINNING.  THE CASE

8    WAS FIRST SET FOR TRIAL IN MARCH OF 2003.  THEN, THE TRIAL

9    DATE WAS CONTINUED SEVEN TIMES, AS RECOUNTED MARCH OF '03 TO

10   NOVEMBER 8TH OF '05, AND RECOUNTS WHAT YOU HAVE ALLUDED TO

11   WITH RESPECT TO THE COURT NEVER RECEIVING ANY FINANCIAL

12   INFORMATION FROM YOU, MR. BENNETT, THAT YOU WERE EITHER

13   UNABLE TO PAY FOR AN INVESTIGATOR OR FOR THE COPYING COST.

14           I GUESS MY QUESTION GOES BACK TO MY FIRST

15   QUESTION, WHICH IS:  DO YOU HAVE NEW COUNSEL TO REPRESENT

16   YOU FOR TRIAL ON NOVEMBER 8TH?

17           DEFENDANT BENNETT:  NO, I DON'T, YOUR HONOR.

18           I WAS -- I HAD MADE IN THAT MOTION TWO REQUESTS:

19   THE OPPORTUNITY TO SEEK NEW COUNSEL; OR IN THE ALTERNATIVE,

20   TO MOVE FORWARD AND HAVE AN OPPORTUNITY TO PRINT OUT --

21   PRESENT A DEFENSE THAT I FEEL IS APPROPRIATE.

22           I HAVE INFORMATION THAT I HAVE GOTTEN JUST WITHIN

23   THE WEEK THAT I HAVEN'T BEEN ABLE TO GET IN FRONT OF THE

24   COURT, AND I FEEL THAT NEEDS TO BE -- THE COURT NEEDS TO

25   ANALYZE SOME OF THIS INFORMATION, BECAUSE IT GOES DIRECTLY

*DEBORAH D. PARKER, U.S. COURT REPORTER*

8

1   TO THE MATERIALITY OF SOME OF THE ELEMENTS OF THE CRIME.

2   AND I CAN'T GET THAT IN FRONT OF COURT, BECAUSE I CAN'T

3   PRESENT MOTIONS BECAUSE THE COURT WON'T ACCEPT MOTIONS.

4           AND JUST BACKING UP, JUST A LITTLE BIT, IN REGARDS

5   TO THE AFFIDAVIT -- THE FINANCIAL AFFIDAVIT -- I DON'T KNOW

6   IF THE COURT REMEMBERS -- BUT AT THE TIME THAT I WAS ORDERED

7   TO GO DOWN TO THE FEDERAL DEFENDER'S OFFICE, I WAS TOLD TO

8   FILL OUT AN AFFIDAVIT, AND THAT WAS DONE THAT DAY.  SO THE

9   AFFIDAVIT THAT WE ARE REFERRING TO WAS DONE THE SAME DAY OR

10  THE DAY AFTER, AND IT'S BEEN ON FILE.

11          SO AS FAR AS THE AFFIDAVIT IS CONCERNED, I HAVE

12  LIVED UP TO MY SIDE OF THAT.  I DON'T KNOW IF THE COURT

13  REMEMBERS, BUT IT WAS ON FILE AND IT WAS -- THE FEDERAL

14  DEFENDER'S OFFICE HAS THAT FINANCIAL AFFIDAVIT.  AND I

15  ASSUMED THAT THE COURT LOOKED AT IT AND THAT WAS WHY THE

16  COURT APPOINTED MR. MEZA.  AND SO, TO COME THIS FAR IN THE

17  TRIAL PROCESS, YOU KNOW, THREE, FOUR MONTHS OUT AND TO FIND

18  OUT THAT THE COURT WAS UNWILLING TO PAY FOR COPIES AND

19  INVESTIGATORS AND SUBPOENAS, THAT SURPRISED ME AND PUT ME

20  ACTUALLY AT A DISADVANTAGE.  BECAUSE I NOW HAVE TO TRY TO

21  FIND -- LOCATE -- GET THAT KIND OF MONEY TOGETHER TO HAVE

22  THESE THINGS DONE, BUT I WOULD SAY TO THE COURT I AM NOT

23  WILLING TO DO THAT IF I AM NOT ABLE TO EXPRESS MY POINT OF

24  VIEW.  I AM NOT WILLING TO PAY FOR COPIES OR TO DO ALL OF

25  THOSE OTHER THINGS, IF I DON'T HAVE A VOICE IN IT.  I NEED

*DEBORAH D. PARKER, U.S. COURT REPORTER*

9

1  TO HAVE A VOICE.  I HAVE TO THIS POINT NOT BEEN ABLE TO

2  FORWARD MY VOICE IN THIS MATTER, OR TO PRESENT MY FACTS, OR

3  TO HAVE MY MOTIONS HEARD.  AND THAT'S --

4          I MEAN, MR. MEZA HAS PRESENTED WHAT HE FEELS IS

5  APPLICABLE AT CERTAIN POINTS.  HE HAS FILED MOTIONS, BUT

6  THOSE MOTIONS ARE MR. MEZA'S MOTIONS.  THEY DON'T

7  CHARACTERIZE WHAT I HAVE FOUND OUT AND THE ISSUES AND THE

8  FACTS THAT I HAVE IN MY POSSESSION.

9          THE COURT:  WE HAD COUNSEL APPOINTED FOR YOU,

10 BECAUSE YOU HAVE, IN ESSENCE, REFUSED TO GO HIRE YOUR OWN

11 ATTORNEY, MR. BENNETT.  AND I DON'T HAVE A FINANCIAL

12 AFFIDAVIT THAT SUGGESTS ANYTHING OTHER.  I JUST DON'T HAVE

13 AN AFFIDAVIT.  SO WHAT YOU MAY HAVE GIVEN TO SOMEBODY ELSE

14 IS NEITHER HERE NOR THERE.  AND, APPARENTLY, FROM WHAT

15 YOU'RE SAYING, THINGS HAVE CHANGED FOR YOU, IN ANY EVENT.

16 SO MAYBE THINGS HAVE CHANGED FOR YOU, BUT I JUST DON'T KNOW.

17 SO YOU ARE NOT UNDER OATH NOW AND YOU WEREN'T UNDER OATH

18 PREVIOUSLY, AND SO THE COURT MADE RULINGS BASED UPON WHAT IT

19 HAD BEFORE IT.

20         MR. MEZA'S MOTIONS ARE NOT MR. MEZA'S MOTIONS;

21 THEY ARE YOUR MOTIONS, MR. BENNETT.  THE MOTIONS HAVE

22 RECEIVED, AS YOU WELL KNOW, A LENGTHY SCRUTINY BY THE COURT.

23 I'M NOT GOING TO DELVE FURTHER WITH RESPECT INTO THE

24 RELATIONSHIP YOU HAVE WITH YOUR COUNSEL AT THIS POINT.  LET

25 ME JUST FIND OUT WHAT YOUR REQUEST IS AND THEN MR. SAGEL CAN

10

1    TELL US WHAT HE MAY KNOW, IF ANYTHING, AS TO SOME OF THESE
2    ITEMS THAT YOU HAVE MENTIONED.

3              WAS THERE ANYTHING ELSE YOU WANTED TO ADD,
4    MR. BENNETT?

5              DEFENDANT BENNETT:  IN REGARDS TO THE FACTS THAT I
6    HAVE UNCOVERED?  IS THAT WHAT WE ARE SPEAKING OF AT THIS
7    POINT?

8              THE COURT:  NO, THIS IS YOUR MOTION.  I JUST WANT
9    TO MAKE SURE THAT YOU HAVE SET FORTH YOUR MOTION FULLY AND
10   COMPLETELY.

11             DEFENDANT BENNETT:  WELL, FIRST OF ALL, I GUESS
12   WHAT I WANT TO SAY IS THAT I HAVE BEEN GATHERING FACTS THAT
13   I HAVE NOT BEEN ABLE TO PRESENT TO THE COURT.  AND I TRIED
14   TO TELL MY COUNSEL WHAT IT IS THAT I HAVE, AND I STILL
15   DON'T --

16             I HAVE IN FRONT OF ME A PLEA AGREEMENT FOR
17   MR. FERNANDEZ THAT WAS SENT TO ME, OR GIVEN TO ME AS AN
18   EXHIBIT IN AN ACCUSATION DEPARTMENT OF -- CALIFORNIA
19   DEPARTMENT OF REAL ESTATE ACCUSATION AGAINST MY LICENSE.  IN
20   THAT PLEA AGREEMENT ON PAGE 5, IT HAS MR. FERNANDEZ PLEADING
21   GUILTY TO DEFRAUDING INDIE MAC BANG ON A PROPERTY AT
22   958 EAST SIGNAL HILL -- 958 EAST 25TH STREET, IN SIGNAL
23   HILL.  ON THAT SAME PARTICULAR PROPERTY, I JUST WENT THROUGH
24   A HEARING A WEEK AGO WHEN I GOT THIS DOCUMENT AND THE
25   CALIFORNIA DEPARTMENT OF REAL ESTATE HAS BEEN -- THEY HAVE

11

1   ME ACCUSED OF DEFRAUDING THIS SAME -- NOT THIS LENDER BUT

2   ANOTHER LENDER FOR THE SAME AMOUNT OF MONEY.  THEY HAD THE

3   CEO THERE THAT INDICATED THAT THEY LOST THE MONEY, AND HERE

4   WE HAVE MR. FERNANDEZ PLEADING GUILTY TO BANK FRAUD OF FUNDS

5   THAT WEREN'T -- THAT DIDN'T COME FROM THE BANK THAT THE

6   GOVERNMENT IS SAYING THAT THEY DID COME FROM.  THIS HAS BEEN

7   THE WHOLE ISSUE.  THE GOVERNMENT HAS BEEN CONCEALING THE

8   JURISDICTION TO GET THESE CHARGES IN FRONT OF THE GRAND JURY

9   AND THE CHARGES IN FRONT OF THE COURT HERE.  AND I DON'T

10   HAVE AN OPPORTUNITY TO SHOW WHAT I HAVE AND TO SHOW WHAT I

11   FOUND OUT OVER THE COURSE OF THE TIME THAT WE HAVE BEEN

12   INVOLVED IN THIS.

13          THE COURT:  ARE YOU TALKING ABOUT THINGS THAT YOU

14   WANT TO BE EXHIBITS IN FRONT OF THE JURY?

15          DEFENDANT BENNETT:  I'M TALKING ABOUT -- I'M

16   TALKING ABOUT THE INABILITY TO BRING FORTH MOTIONS THAT ARE

17   RELEVANT TO THESE EXHIBITS, YOUR HONOR.  I CAN'T EXPRESS --

18          TAKE, FOR INSTANCE, THE MOTION TO QUASH AND

19   TRAVERSE THE SEARCH WARRANT THAT WAS FILED LAST AUGUST,

20   AUGUST OF 2004.  THE MOTION DID NOT GO TO THE ACTUAL HEART

21   OF WHAT WAS -- THE FACTUAL HEART OF WHAT WAS GOING ON.  WHAT

22   WAS ACTUALLY HAPPENING WAS THAT SPECIAL AGENT RAWLINS WAS --

23   IN HIS AFFIDAVIT TO THE COURT TO GET THE SEARCH WARRANT OF

24   MY OFFICE AND MY HOME, HE NEGLECTED TO TELL THE COURT THAT

25   THE FLAGSTAR BANK WAS NOT THE FUNDING INSTITUTION AND THAT

*DEBORAH D. PARKER, U.S. COURT REPORTER*

12

1    FLAGSTAR BANK WASN'T THE LENDING INSTITUTION.  AND I THINK

2    IN YOUR HONOR'S -- WHEN YOU GAVE YOUR OPINION, I THINK THAT

3    WHAT YOU SAID IN THERE WAS THAT IS THAT YOU FOUND THAT TO BE

4    DISTURBING.  YOUR HONOR, IT'S MATERIAL TO THE ELEMENT OF THE

5    CRIME AND ITS MORE THAN DISTURBING.  IT'S PERJURY, AND IT'S

6    OBSTRUCTION OF JUSTICE.

7           THE COURT:  ALL RIGHT.  ANYTHING ELSE YOU WANT TO

8    TELL US ABOUT YOUR MOTION?

9           DEFENDANT BENNETT:  NOTHING OTHER THAN I WOULD

10    LIKE THE OPPORTUNITY TO AT LEAST PRESENT MY CASE AND AT

11    LEAST FILE MOTIONS THAT I BELIEVE ARE PERTINENT TO MY

12    DEFENSE.  VERY PERTINENT TO MY DEFENSE.

13           THE COURT:  ALL RIGHT.  WHY DON'T YOU TAKE A SEAT,

14    MR. BENNETT.  AND MR. SAGEL CAN SET THE RECORD STRAIGHT, IF

15    THERE IS ANYTHING CHRONOLOGICALLY MISSED OR OTHERWISE AND

16    THEN WE CAN COME BACK TO YOU.

17           MR. SAGEL:  THANK YOU, YOUR HONOR.

18           FIRST AND FOREMOST -- AND I DON'T KNOW IF THIS

19    REQUIRES ASKING MR. BENNETT A FOLLOW-UP QUESTION -- BUT I

20    GUESS I'M STILL UNCERTAIN OF, IF YOUR HONOR AND THIS COURT

21    IS NOT GOING TO GIVE HIM NEW COUNSEL, WHICH THE GOVERNMENT

22    DOES NOT BELIEVE HE'S ENTITLED TO, IS NOT APPROPRIATE IN

23    THIS CASE, IS HE -- HIS MOTION SEEMS TO SAY THEN HE WANTS TO

24    REPRESENT HIMSELF.  I'M NOT SURE IF THAT IS STILL THE

25    POSITION HE IS TAKING.  THAT'S A QUESTION THE GOVERNMENT

August 28, 2007

Clerk of the Court
United States District Court
for the District of Columbia
Attention: Nancy Mayer-Whittington
333 Constitution Avenue NW
Washington, DC 20001

Reference: Request to File Application
           for Writ of Mandamus in
           Case No.: 1:-07-cv-01321

Dear Mrs. Mayer-Whittington,

        Please be certain that this is filed in the above case.

Thanks in Advance,

James Davis Bennett/Reg#32589-112
FCI Safford
P.O. Box 9000
Safford, AZ 85548

FILING #2

THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| James Davis Bennett, | ) | CASE No.: 1:07-cv-01321 |
| | ) | |
| Plaintiff/Petitioner, | ) | Application for a Writ of |
| | ) | Mandamus Directed at The |
| vs. | ) | United States Department of |
| | ) | Justice |
| James M. Crawford, Sean Kennedy, | ) | |
| The State Bar of California, | ) | Honorable: Colleen Kollar-Kotelly |
| The United States of America | ) | |
| and DOES 1-35 inclusive, | ) | |
| | ) | |
| Defendants/Respondents. | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

1. On July 23rd and 30th 2007 the Plaintiff/Petitioner mailed two requests to the United States Bureau of Prisons and the United States Department of Justice requesting the three indictments signed by the Grand Jury Foreperson in District Court Case No. SA CR 03-0025(B)AHS, the signed ballots used by the Grand Jury in each indictment and all signed verdict forms related to all 25 convictions. See exhibit A.

2. The two requests were pursuant to Title 5, United States Codes, Section 552(a)(3)(A)(i)(ii). The Bureau of Prisons timely responded within the time mandated by 5 USC § 552(a)(6)(A)(i) however The United States Department of Justice has failed to respond within the time set fourth by the Statue above(AKA-Freedom of Information Act).

3. The Bureau of Prisons indicated in their response that the information which the Petitioner requested was not within the scope of records they retain.

4. The Petitioner has tried without success to obtain the valid Indictments signed by the Foreperson. He has filed Bills of Particulars at the District Court and at the Appellate Court. He has filed Writs of Habeas Corpus at the Supreme Court and at the District Court in Arizona in the City of Tucson(Case#4:07-cv-00354).

5. The United States Government does not appear to be concerned that they have imprisoned one of their Citizens without the benefit of safe guarding his Fifth and Sixth Amendment rights to trial on charges made by a duly sworn Grand Jury and to be informed of the charges which he was imprisoned on.

Verified this 28th Day of August 2007

By: _James Davis Bennett/Petitioner_____

## STATEMENT AS TO NO OTHER MEANS OF RELIEF

6. The Petitioner has had to go through trial forced to accept the service of an indigent attorney when the Petitioner was able to

-2-

retain counsel. Because Petitioner was financially able to retain

counsel of his choice Petitioner was not qualified to have indigent

counsel appointed. Because of the reluctance of the Government to

abide by the Fifth and Sixth Amendments they have left the Petitioner

no other adequate means available to obtain that which he is

guaranteed by the United States Constitution. His only option is

to bring this action for relief.

**ARGUMENT**

7. Each United States Agency, upon any request for records which

reasonably describes such records shall make the records promptly

available to any person. 5 USC § 552(a)(3)(A)(i).

8. Each United States Agency, upon any request for records

shall determine within 20 days after receipt whether to comply

with such request and shall immediately notify the person making

the request of such determination. 5 USC § 552(a)(6)(A)(i).

9. Any person making a request to any agency for records

shall be deemed to have exhausted his administrative remedies

if the Government fails to comply within the time specified.

5 USC § 552(a)(6)(C)(i).

## WHY THE WRIT SHOULD ISSUE

10. The Petitioner was incarcerated on January 10, 2006. As of the date of this writing he has not been informed of the charges upon which he was sentenced. The sentencing Judge was deeply reluctant to tell the Petitioner what charges and convictions he was to be sentenced on because of her concern for her own well being because of her behavoir within the proceedings. See exhibit B.

11. Rehabilitation seeks to provide disclosure and transparency so that one convicted of a crime can re-enter society without committing the same crime. This can not be accomplished if the Governing body refuses to identify the criminal actions of conviction as has been done to the Petitioner. He will have served two years of a ten year sentence without the benefit of knowing what it is he was convicted of. This is why the Writ should issue.

Dated this 28th Day of August 2007,

Signed: _____

James Davis Bennett
Reg#32589-112
FCI Safford
P.O. Box 9000
Safford, AZ 85548

-4-

## CERTIFICATE OF SERVICE

**CASE NAME:** James Davis Bennett v. James M. Crawford, Sean Kennedy, The State Bar of California, and the United States of America.

**CASE NUMBER:** 1:07-cv-01321

I certify that a copy of the "Application for a Writ of Mandamus Directed at The United States Department of Justice" was served on the parties indicated below in a manner prescribed:

| PARTY SERVED | METHOD OF SERVICE | DATE SERVED |
|---|---|---|
| James M. Crawford<br>528 N. Glassell<br>Orange, Ca.  92867 | US Mail | September 1,2007 |
| Sean Kennedy<br>321 East 2nd Street<br>Los Angeles, Ca.  90012 | US Mail | September 1,2007 |
| California Attorney General<br>1300 "I" Street<br>Sacremento, Ca.  94244-2550 | US Mail | September 1,2007 |
| United States Attorney<br>General<br>Department of Justice<br>950 Pennsylvania Ave. N.W.<br>Washington, DC  20530 | US Mail | August 28, 2007 |
| United States Attorney<br>501 3rd Street N.W.<br>Washington, DC 20001 | US Mail | September 1,2007 |

_____                    8·28·07
James Davis Bennett                        _____
                                           Date

**Note:** The September 1, 2007 dates are approximates actual dates mailed to each party available on request(Plaintiff is incarcerated).

**EXHIBIT−A**

*MAILED*
*7-23-2007*

July 22, 2007

Freedom of Information Act
320 First Street, N.W.
Room 527
Washington, DC  20534

Reference: United States District Court
           Criminal Case No. SA CR 03-0025(B)AHS

Dear Sir/Madame,

    I am making this request under the Freedom of Information
Act(FOIA) as codified in Title 5, United States Codes, Section
552. My request is pursuant to 5 USC Section 552(a)(3)(A) (i)(ii).
My specific request is made for the purpose of obtaining the copies of
the three Criminal Indictments which contain Grand Jury Foreperson
signatures. The Initial Indictment was received January 2003. The
First Superseding Indictment was received October 2004 and the
Second Superseding Indictment was received September 2005. Please
forward Copies of those three Indictments which have the Authenticating
Foreperson's signatures thereon in addition Please forward copies of
of the ballots used by the Grand Jury Members which indicate their
concurrance to Indict. In addition please forward the signed verdict forms
related to all 25 convictions.

    To summarize I am requesting the following specific documents
related to Federal Criminal Case Number SA CR 03-0025(B)AHS-United
States of America vs. James Davis Bennett:

        a. all three indictments with grand jury foreperson's
           signatures-the dates are 1/2003, 10/2004, and 9/2005,
        b. the signed ballots used by the Grand Jury in each of
           the Indictments mentioned in "a" above, and
        c. all signed verdict forms related to all 25 convictions.

    You may forward the above to the address appearing below.

Thanks in Advance,

James Davis Bennett/Reg#32589-112
FCI Safford
P.O. Box 9000
Safford, AZ 85548

Request #                                                            *Mailed 7-30-2007*

## FREEDOM OF INFORMATION/PRIVACY ACT
## REQUEST ACT OF 1974

TO: Department of Justice      FROM: James Davis Bennett
    Attn: Freedom of Information      Reg#32589-112
    950 Pennsylvania Ave. NW      FCI Safford
    Washington DC  20530-0001      P.O. Box 9000
                                   Safford, AZ 85548

Pursuant to Title 5 U.S.C. section 552 and all other relevant sections and parts thereof, I the undersigned, also identified above in the upper-right-hand section, hereby respectfully request the following information:

1. All three indictments with grand jury foreperson's signatures-they are dated 1/2003, 10/2004, and 9/2005.

2. The signed ballots used by the Grand Jury in each of the Indictments mentioned in "1" above, and

3. All signed verdict forms related to all 25 convictions.

Items 1, 2, and 3 above are associated with Federal District Court Case number SA CR 03-0025(B)AHS which was opened in January 2003 and closed in January 2007. The case was processed in the Central District of California.

If there are applicable rules and regulations governing your agency in such matters and request(s), please forward them to me so that I may comply with them per the FREEDOM OF INFORMATION ACT of 1974.

If for any reason the above requested in formation is deemed to be privileged or exempt under the FREEDOM OF INFORMATION ACT, please specify the Statutory reason for the exemption, the name and title of the person or persons making the decision to withhold the material.

The FREEDOM OF INFORMATION ACT also provides that if only potions of a file are exempt the remainder must be released. I also reserve the right to appeal for the withholding, deletion or exemption of any portions of the materials requested herein.

Per the regulations and rules of the FREEDOM OF INFORMATION ACT of 1974 your agency has (20) working days to respond to this request. In the event I do not receive your response in the time period prescribed by the rules of the Act, I will deem this formal request denied, and seek judicial remedy.

DATED:    July 29, 2007      SUBMITTED BY: James Davis Bennett
                                            REQUESTER

**EXHIBIT-B**

Petitioner 1    that you allowed the government to bring in during trial --

2    if that never occurred, I don't think we would have a

3    problem either, but you did.  You allowed 25 counts to come

4    in to this court, 25 counts.  We only started off with 12

5    counts in the Indictment.  Count 11 was dismissed.  That

6    left us with Counts 1 through 10 and Count 12.  I don't know

7    where the 25 counts came from.

8          I also do not know -- Jury Instruction or Court

9    Instruction No. 26, what are the properties and lenders that

10    Court instruction applies to.

11          So if you can answer those questions for me, and I

12    realize that you decline to provide me the verdict form on

13    all the charges.  I would once again request the verdict

14    form just so we know exactly what we are doing here and just

15    so that I know exactly what happened.

16          THE COURT:  Is there anything else?

17          MR. BENNETT:  If you could tell me exactly what

18    the convictions were?  The Court instructions were not --

19    did not match the Indictment, so I am trying to find out if

20    -- I just read your tentative on the sentencing.  I am

21    trying to find out what are the charges you plan to sentence

22    me on?  Is it going to be the indicted charges, or is it

23    going to be the charges that you told -- you gave

24    instructions to the jury on?

25          THE COURT:  Let me advise you that you are

1    entitled to take an appeal of the Court's judgment by filing

2    a Notice of Appeal within ten days from today's date, and if

3    you fail to file a Notice of Appeal within that time, there

4    will be no review of the Court's judgment.

5            Do you have questions about your right to appeal?

6            MR. BENNETT:  I think at this point I need an

7    attorney.  I am requesting assistance of a Court-appointed

8    attorney because you refuse to explain to me on the record

9    what the convictions are and what the violations are.  I

10   don't think I need to leave here without knowing that.

11           If you are going to give me a sentence to prison,

12   I think you have an obligation not only to this court but to

13   this government to tell me before I leave out of here.  The

14   Fifth Amendment demands that you tell me exactly what you

15   plan to sentence me on since you changed the charges from

16   what was indicted.

17           So I don't think it's something that you can tell

18   me that I need to finish and shut up and get moving.  I

19   think you need to do that, Your Honor, and I think that

20   justice demands it.

21           THE COURT:  Do you have any questions about your

22   right of appeal?

23           MR. BENNETT:  I am requesting at this point

24   Court-appointed counsel to complete this sentencing.

25           THE COURT:  Do you have any questions about your