IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES D. BENNETT                          )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )Civ. No. 07-1321 (CKK)
                                          )
JAMES M. CRAWFORD, et al.                 )
                                          )
        Defendants.                       )
_____)

## MOTION TO DISMISS

The federal defendant, the United States of America, hereby moves to dismiss the

complaint under Fed. R. Civ. P. 12 (b)(1) and (6) for lack of jurisdiction and failure to state a

claim upon which relief can be granted.  In support of this motion, the Court is respectfully

referred to the accompanying memorandum of points and authorities.


Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
LAURIE J. WEINSTEIN, D.C. BAR # 389511
Assistant United States Attorney
555 Fourth Street, N.W., Room E4820
Washington, D.C.  20530
(202) 514-7133

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES D. BENNETT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )Civ. No. 07-1321 (CKK) |
| | ) |
| JAMES M. CRAWFORD, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant United States has moved to dismiss plaintiff's complaint under Fed. R. Civ. P.

12 (b)(1) and (6) for lack of jurisdiction and failure to state a claim upon which relief can be

granted.   The subject of this lawsuit is plaintiff's criminal conviction in the United States

District Court for the Central District of California (Southern Division) and subsequent

incarceration.  U.S. v. Bennett, Crim. No. 03-25 (B) (AHS) (C.D. Cal.).  Plaintiff alleges, *inter*

*alia*, that the District Court in that matter improperly added charges to the jury instructions, that

the FBI Special Agent who assisted in the investigation leading to his arrest and the Assistant

United States Attorneys involved in his prosecution engaged in fraud, and that United States

District Court Judge Alicemarie Stotler changed the charges upon which plaintiff was convicted.[1]

He alleges violations of the Fourth, Fifth and Sixth Amendments, and abuse of process.

Plaintiff's prayer for relief asks for injunctive, declarative and monetary relief.

_____

[1]  The other defendants, who include plaintiff's appointed counsel, James Crawford, and
the State Bar of California are not addressed in this motion, although we note that there is no
return of service indicated for either.   Moreover, to the extent the unidentified Does may be
federal employees, this Office is not authorized to represent them at this time and nothing in this
filing should be read to waive any defenses those individuals may have, including, without
limitation, immunity from suit.

Because these allegations arise from the criminal conviction of plaintiff in the Central District of California (Southern Division) and allege errors in that proceeding, this Court should dismiss the complaint here in its entirety.  Plaintiff has previously challenged his trial and subsequent incarceration before both the Ninth Circuit and the District Court here in the District of Columbia.  Therefore, this case should also be dismissed on grounds of res judicata. Furthermore, to the extent plaintiff challenges his conviction, his only remedy is a habeas action which would belong in the jurisdiction in which he is held (Arizona).

As the District Court noted in Bennett v. Stotler, et al., Civ. No. 06-1635 (JDB), aff'd 2007 WL 964624 (C.A.D.C.) (Bennett I) (Slip Opinion attached as Exhibit A), "plaintiff cannot come to this Court to lodge a challenge to his continued detention and prosecution in California, nor can he seek monetary damages against officials of all three branches of the federal government for their roles in the criminal case against him."  Slip. Op. at 8.  In fact, the analysis and law in Bennett I serve equally as well to address the specific claims in this complaint as well as that one.

## I.  Standard of Review Under Fed. R. Civ. P. 12(b)(1) and (6)

Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and for dismissal for failure to state a claim pursuant to 12(b)(6) are judged under a particular standard of review.   A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and  other extrinsic information, and ultimately

2

weigh the conflicting evidence.  See id.

In making determinations on a motion to dismiss under Rule 12(b)(6), the Supreme Court

has recently refocused the analysis of when a plaintiff has alleged facts that can withstand a

motion to dismiss.  See Bell Atlantic v. Twombly,  — U.S. — , 127 S. Ct. 1955 (2007).  In

Twombly, the Court held that, "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do," id. at 1964-65; that "[f]actual allegations must be

enough to raise a right to relief above the speculative level," id.; and that a plaintiff must make "a

'showing,' rather than a blanket assertion, of entitlement to relief," id. at 1965, n.3.  In so

holding, the Court rejected a literal reading of the Court's earlier statement in Conley v. Gibson,

355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed * * * unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief."  The Court explained that this "phrase is best forgotten as an incomplete,

negative gloss on an accepted pleading standard."  Id. at 1969.  In addition, the Court stressed

that"[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if

groundless, be weeded out early in the discovery process through 'careful case management.'"

Id. at 1959.  Instead, the Court admonished, courts should "tak[e] care to require allegations" that

meet the Federal Rules' threshold pleading requirements.  Id.

Under both standards, the complaint filed in this case must be dismissed.

## II.  Plaintiff's Claims Are Barred by Res Judicata

Plaintiff specifically notes in his Complaint that "the actions, behaviors, and damages all

occurred in Federal District Court Case Number SA CR 03-0025 (B) AHS and United States

Court of Appeals for the Ninth Circuit Case Number 06-50580." Compl. ¶ 39.   With regard to

all federal defendants, plaintiff's previous lawsuit in this District (<u>Bennett I</u>) completely bars the

present action by res judicata.   The exact same set of circumstances serves as the basis for his

claims in <u>Bennett I</u>.   In that case, the plaintiff also complained about the lack of a grand jury

indictment relating to some subset of the charges under which he was convicted in his criminal

case in California.   As described by Judge Bates, plaintiff there alleged:

> violations of his Fourth, Fifth, and Sixth Amendment rights, including the
> issuance of a search warrant without probable cause, the introduction of evidence
> obtained from an unlawful search, his conviction on charges not presented in the
> indictment, and the ineffective assistance of counsel.

<u>Bennett I</u>, slip op. at 6.   These are the exact same allegations that plaintiff is making in this new

lawsuit.   <u>See</u> Compl. at ¶¶ 32 -36.

Under the doctrine of res judicata, a party may not re-litigate issues that were or could

have been litigated in an earlier action.   <u>See</u> <u>Federated Department Stores, Inc. v. Moitie</u>, 452

U.S. 394, 398 (1981).   "The doctrines of res judicata and collateral estoppel are designed to

'preclude parties from contesting matters that they have had a full and fair opportunity to

litigate.'"   <u>Carter v. Rubin</u>, 14 F. Supp.2d 22, 33 (D.D.C. 1998) (citing <u>Montana v. United States</u>,

440 U.S. 147, 153 - 54 (1979)).   "These doctrines protect parties from the expense and burdens

associated with multiple lawsuits, conserve judicial resources, and reduce the possibility of

inconsistent decisions."   <u>Id.</u> at 33-34 (citing <u>United States v. Mendoza</u>, 464 U.S. 154, 158-59

(1984)).   In this regard, "[u]nder res judicata, or claim preclusion, 'a final judgment on the merits

of an action precludes the parties or their privies from relitigating issues that were **or could have**

**been** raised in that action.'"   <u>Carter</u> 14 F. Supp.2d at 34 (citing <u>Allen v. McCurry</u>, 449 U.S. 90,

94 (1980))(emphasis added); <u>Nevada v. United States</u>, 463 U.S. 110, 129-30 (1983).

Because "res judicata belongs to courts as well as to litigants," a court may invoke res

judicata *sua sponte*. <u>Stanton v. D.C. Ct. of Appeals</u>, 127 F.3d 72, 77 (D.C. Cir. 1997); <u>see</u> <u>also</u>

<u>Tinsley v. Equifax Credit Info. Servs., Inc.</u>, 1999 WL 506720, at *1 (D.C. Cir. 1999) (per

curiam)(noting that a district court may apply res judicata upon taking judicial notice of the

parties' previous case).

In order to apply res judicata, there must be the existence of (1) an identity of parties in

both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on

the merits; and (4) an identity of the cause of action in both suits. <u>Paley v. Estate of Ogus</u>, 20 F.

Supp.2d 83, 86 (D.D.C. 1998) (citing <u>Brannock Assocs., Inc. v. Capitol 801 Corp.</u>, 807 F. Supp.

127, 134 (D.D.C. 1992)). Each of these factors is present in the instant matter. In the previous

cases, the United States, or its agencies, and, as near as can be determined, the same federal

employees identified in the present complaint were parties.[2] Plaintiff's complaints about his

criminal trial have actually been resolved by this Court in <u>Bennett I</u>, and are currently pending in

the Ninth Circuit (<u>see</u> attached notice of appeal from criminal case, Exhibit B).[3] Even a quick

review of the allegations in <u>Bennett I</u> and the allegations in this matter establishes their identity.

Therefore, because the issues raised in this complaint were previously raised in <u>Bennett I</u>,

this case should be dismissed based on res judicata.

---

[2] <u>See</u> <u>Bennett I</u>, Slip Op. at 3-5 for a discussion of the immunity each of the apparent
federal employee defendants enjoy.

[3] Plaintiff also filed two additional civil suits in California apparently relating to his
criminal lawsuit. <u>See</u> docket sheets, attached as Exhibit C.

**III.  Plaintiff May Not Bring a Habeas Action in This District**

To the extent that plaintiff's challenges to his criminal conviction would potentially result in his release, he may not pursue such a remedy in this District.  Plaintiff, according to the complaint, is currently incarcerated in the Federal Correctional Institution in Safford, Arizona.  Habeas corpus is the exclusive remedy for a federal prisoner who sues with the goal of securing his release from confinement.  Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc)(Congress has designated habeas corpus as the appropriate vehicle for individuals who challenge the lawfulness of their custody).  The exclusivity of habeas corpus is not limited to claims for "immediate release or release in the near future," but includes any claim that the prisoner "is being deprived of the chance to secure his release . . ."  Id.  The requirement that the plaintiff seek relief in habeas cannot be evaded by artful pleading; prisoners may therefore not evade the requirements of habeas corpus "by the simple expedient of putting a different label on their pleadings."  Id., quoting Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 832 (D.N.J. 1996)(court, mindful that a change in plaintiff's parole eligibility date will not automatically result in his immediate release, nevertheless viewed complaint as a "thinly veiled attack on duration of confinement").  The D.C. Circuit, in Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000), reaffirmed the continuing validity of Chatman-Bey in requiring the use of habeas corpus before other avenues of relief (in that case, the Privacy Act), even where the claim, if successful, would have a "merely probabilistic impact on the duration of custody."  Razzoli,  230 F.3d at 373.

Plaintiff's allegations contesting his conviction, including allegations that the defendants violated the Constitution in his conviction by unlawful search and seizure and by convicting him

on charges not brought by the grand jury, are clearly arguments sounding in habeas.  His real

claim is that he is being held unlawfully.  See Chatman-Bey, 864 F.2d at 809. [4]

Finally, the Court cannot construe this complaint as a habeas corpus petition, because

plaintiff is not incarcerated within the jurisdiction of the Court.   Bennett, who is a prisoner in the

custody of the Federal Bureau of Prisons, currently in the Federal Correctional Institution in

Safford, Arizona, can only obtain such relief in a habeas corpus petition brought in the district

where his immediate custodian is located.  Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C.

Cir. 2001), citing, Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000) and

Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10 (D.C. Cir. 1988) (en banc).

## IV. Conclusion

For the above reasons, plaintiff's complaint in this matter should be dismissed.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR
United States Attorney

---

[4]  Plaintiff's allegation that he was the victim of abusive prosecution also relates to his
confinement, even though he requests damages.  In Heck v. Humphrey, 512 U.S. 477 (1994), the
Supreme Court held that to recover damages for an allegedly unconstitutional imprisonment, the
plaintiff in a § 1983 civil rights action must prove that his conviction or sentence has been
"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by a federal court's issuance of a
writ of habeas corpus." Heck, 512 U.S. at 487.  The Supreme Court analogized federal civil
rights litigation to the tort of malicious prosecution, where to prevail a plaintiff must allege and
prove termination of the prior criminal proceeding in his favor, saying: "the hoary principle that
civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal
judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the
unlawfulness of his conviction **or confinement**." Heck, 512 U.S. at 486 (emphasis added).
    Applying Heck to this case, plaintiff's claim should be dismissed.  Plaintiff has not raised
this claim in a habeas corpus petition and obtained a ruling in his favor.  Consequently, since the
defendants' actions have not been invalidated but plaintiff's success would necessarily imply
their invalidity, his damages complaint is precluded.  Heck, 512 U.S. at 487.

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
LAURIE J. WEINSTEIN, D.C. BAR # 389511
Assistant United States Attorney
555 Fourth Street, N.W., Room E4820
Washington, D.C.  20530
(202) 514-7133

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES DAVIS BENNETT,

    Plaintiff,

    v.

ALICEMARIE STOTLER, *et al.*,

    Defendants.

Civil Action No. 06-1635 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's *pro se* complaint and request for a temporary restraining order and a preliminary injunction. The Court, *sua sponte*, will dismiss the complaint.

### I. BACKGROUND

According to plaintiff, the defendants, among whom are "an unscrupulous judge, errant prosecutor[s], a mischievous investigator, and a court appointed panel attorney," conducted an "Illegal crime conviction ring."[1] Compl. at 7. Special Agent Michael Rawlins of the Federal

---

[1]    Plaintiff was charged with wire fraud, bank fraud, and other offenses in connection with a "scheme to defraud mortgage lenders and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises." *See* Compl., Ex. I (Trial Indictment) at 2. Plaintiff recruited family members and associates as intermediaries who purchased properties at or near market value, recruited others as straw buyers who purchased these properties from the intermediaries at inflated prices, and obtained loans using fraudulent loan packages from financial institutions for the straw buyers, who then defaulted on the mortgage loans leaving the lenders with losses exceeding $1 million. *Id.* at 3-4. Plaintiff was arrested on January 29, 2003, was tried by a jury, and was convicted on January 10, 2006. Compl. at 10, 12. Apparently, he is to be sentenced on October 6, 2006.

Bureau of Investigation allegedly obtained a search warrant "through perjury designed to create[]
probable cause and perjury designed to create federal jurisdiction." *Id.* at 9 (emphasis in
original). After a search of plaintiff's residence and business office, Special Agent Rawlins and
Assistant United States Attorney David Hofer allegedly "used the illegally obtained documents
from the search" to cause plaintiff's arrest and to bring criminal charges against him. *Id.* at 10.
The presiding judge, Alicemarie Stotler, Chief Judge of the United States District Court for the
Central District of California, allowed Assistant United States Attorney Brett A. Sagel, "who was
unlicensed," to try the case for the government. *Id.* at 11. Further, Chief Judge Stotler allegedly
forced plaintiff to accept the substandard services of appointed defense counsel and ruled against
plaintiff on his motions to suppress evidence, to call a handwriting expert as a witness at the
criminal trial, and for acquittal. *Id.* at 10, 11. In addition, Chief Judge Stotler allegedly "changed
the Grand Jury Indictment by adding 15 additional counts used to increase the probability of
convictions." *Id.* at 11 (emphasis in original). Plaintiff faulted Alberto Gonzales, United States
Attorney General, and James Sensenbrenner, Chair of the House Committee on the Judiciary, for
their alleged failure to formulate policies and to provide oversight designed to prevent the
violations of plaintiff's constitutional rights. *Id.* at 7.

Plaintiff demands unspecified monetary and punitive damages from all defendants.
Compl. at 17-18. In addition, he demands that Representative Sensenbrenner initiate
"investigative proceedings against [C]hief [J]udge Alicemarie Stotler for possible filing of
impeachment resolution for high crimes and misdemeanors and proof of same," and that
Attorney General Gonzales investigate "Chief [J]udge Alicemarie Stotler, David Hoffer, Brett A.
Sagel and Michael Rawlins for the constitutional violations [alleged in the complaint], for

obstruction of justice, perjury, subornation of perjury and other crimes against minorities and others." *Id.* at 17.

## II.  DISCUSSION

### A.  *Plaintiff's Claims for Monetary Damages are Barred*

#### 1.  Immunity Bars Claims for Money Damages

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)); *see Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Bradley v. Fisher*, 13 Wall. 335, 347 (1872). As the Supreme Court has stated,

> This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted).

It cannot be said that a district judge presiding over a criminal case exceeds her jurisdiction by appointing defense counsel, ruling on a motion to suppress evidence, instructing a jury, and ordering plaintiff's detention pending sentencing.  These acts were undertaken in Chief Judge Stotler's judicial capacity, and plaintiff's claims against her are barred by absolute judicial immunity. *See Clark v. Taylor*, 627 F.2d 284, 288 (D.C. Cir. 1980) (per curiam) (finding that Superior Court judges' disposition of motions in criminal proceeding "can only be characterized as judicial action").  Plaintiff's challenges to his conviction and sentence may be proper subjects

-3-

for a post-conviction motion in the United States District Court for the Central District of

California, or an appeal to the United States Court of Appeals for the Ninth Circuit, but they are

not a proper basis for a damages claim against the judge.

Prosecutors, too, are absolutely immune from civil suits for damages arising from the

performance of their official duties. *See Imbler v. Pachtman*, 424 U.S. 409, 422-24 (1976); *Gray*

*v. Bell*, 712 F.2d 490, 499 (D.C. Cir.1983) (limiting absolute prosecutorial immunity to conduct

"so closely associated with judicial process that it can be characterized as advocatory"), *cert.*

*denied*, 465 U.S. 1100 (1984). Actions taken in the course of prosecuting the criminal case

against plaintiff, such as initiating criminal proceedings and presenting evidence at criminal

trials, are "intimately associated with the judicial phase of the criminal process." *Imbler v.*

*Pachtman*, 424 U.S. at 430. Plaintiff's claims for monetary damages against Assistant United

States Attorneys Hofer and Sagel are thus barred by prosecutorial immunity. *See, e.g., Moore v.*

*Motz*, 437 F.Supp.2d 88, 91-92 (D.D.C. 2006) (concluding that claims against prosecuting

attorneys of Justice Department's Criminal Division are barred by prosecutorial immunity).

Finally, legislative immunity bars plaintiff's claims for monetary damages against

Representative Sensenbrenner. "It is the purpose and office of the doctrine of legislative

immunity, having its roots as it does in the Speech or Debate Clause of the Constitution . . . , that

legislators engaged in the sphere of legitimate legislative activity . . . should be protected not only

from the consequences of litigation's results but also from the burden of defending themselves."

*Dombrowski v. Eastland*, 387 U.S. 82, 84-85 (1967) (internal citations and quotation marks

omitted). The Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1, confers on members of

Congress immunity for all actions "within the 'legislative sphere,' even though their conduct, if

-4-

performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) (quoting *Doe v. McMillan*, 412 U.S. 306, 312-13 (1973)); *see Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502 (1975) (Speech or Debate Clause's purpose is "to insure that the legislative function the Constitution allocates to Congress may be performed independently"); *see also Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 13 (D.C. Cir. 2006).

Congress' power "to investigate and to do so through compulsory process" falls within the scope of legitimate legislative activity. *See Eastland v. United States Servicement's Fund*, 421 U.S. at 504; *Doe v. McMillan*, 412 U.S. at 313 (protecting the "act[ ] of authorizing an investigation pursuant to which the subject materials were gathered"); *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) ("Investigations, whether by standing or special committees, are an established part of representative government."); *see also Bastien v. Office of Senator Ben Nighthorse Campbell*, 390 F.3d 1301, 1314 (10th Cir. 2004) ("the words 'Speech or Debate' have been read broadly to encompass all formal actions in the official business of Congress, including voting, conducting hearings, issuing reports, and issuing subpoenas), *cert. denied*, __ U.S. __, 126 S.Ct. 396 (2005). Claims arising from Representative Sensenbrenner's action, or inaction, in his capacity of Chair of the House Committee on the Judiciary will therefore be dismissed.

   2.  The Supreme Court's Holding in *Heck v. Humphrey* Bars Claims for Money Damages

   In *Heck v. Humphrey*, the Supreme Court held that a state prisoner's "claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can

-5-

demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. at 487); *see also White v. United States Probation Office*, 148 F.3d 1124, 1126 (D.C. Cir.1998) (per curiam) (dismissing Privacy Act suit because judgment in plaintiff's favor on challenge to legal conclusions of presentence investigation report "would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding"). The holding in *Heck v. Humphrey* applies to civil rights claims against individuals in *Bivens* actions also. *Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996) (per curiam) (applying *Heck* rationale so that plaintiff "cannot recover damages for the actions of those who allegedly brought about his [criminal] convictions" where plaintiff was found guilty and verdicts had not been overturned).

Plaintiff alleges several violations of his Fourth, Fifth and Sixth Amendment rights, including the issuance of a search warrant without probable cause, the introduction of evidence obtained from an unlawful search, his conviction on charges not presented in the indictment, and the ineffective assistance of defense counsel. A decision in this case in plaintiff's favor necessarily implies that his conviction is invalid, and plaintiff does not establish here the invalidity of his conviction by showing that it has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. at 487.

Insofar as plaintiff brings civil rights claims against any party in his individual capacity under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the claims must fail. Therefore, plaintiff's claims for monetary damages against Special

-6-

Agent Rawlins and all other defendants will be dismissed on this basis.

### C. This Court Cannot Consider Plaintiff's Habeas Claim

The Court construes plaintiff's demands for injunctions "designed to prevent Chief Judge Alicemarie Stotler's continued unconstitutional detention of the plaintiff," Compl. at 17, as a demand for his immediate release sounding in habeas.[2] "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000) (concluding that federal prisoner's exclusive remedy is habeas "even when a non-habeas claim would have a merely probabilistic impact on the duration of custody"). Habeas corpus actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas action is plaintiff's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Thus, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir.), *cert. denied*, 543 U.S. 975 (2004).

Neither plaintiff nor his custodian are within the territorial confines of the District of

---

[2]    The Court also construes plaintiff's "Notice of Motion & Motion for Judicial Notice Pursuant to Federal Rules of Evidence 201 supporting Plaintiff's Affidavit, Motion for Temporary Restraining Order & Preliminary Injunction," *see* Dkt. #2, as a habeas claim. Plaintiff, who will be sentenced on October 6, 2006, contends that he remains "incarcerated on charges in violation of [h]is Fifth and Fourth Amendment rights," *id*. at 6. This motion will be denied as well.

Columbia. Plaintiff's habeas claim therefore cannot proceed in this district, and hence will be dismissed.

### D. Decisions to Initiate Criminal Prosecutions are Left to the Attorney General's Discretion

To the extent that plaintiff demands criminal prosecution against defendants, that claim must fail. This Court has no authority to compel the Attorney General to initiate a criminal investigation or to prosecute a criminal case. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution"); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam) (concluding that mandamus "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966).

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss plaintiff's complaint and deny his motion for injunctive relief. In short, plaintiff cannot come to this Court to lodge a challenge to his continued detention and prosecution in California, nor can he seek monetary damages against officials of all three branches of the federal government for their roles in the criminal case against him. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
_____
JOHN D. BATES

Date: October 5, 2006                    United States District Judge

-8-

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 06-5319                     September Term, 2006

06cv01635



James Davis Bennett,
                Appellant

    v.

Alicemarie Stotler, et al,
                Appellees

**MANDATE** Filed On:
Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: _____ 7, 5, 07

BY: _____

ATTACHED: ___ Amending Order
           ___ Opinion
           ___ Order on Costs

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED   MAR 2 2 2007

**CLERK**

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Sentelle, Rogers, and Garland, Circuit Judges

### JUDGMENT

FILED

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

      This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. It is

      **ORDERED AND ADJUDGED** that the judgment of the district court be affirmed. Although we do not adopt the reasoning of the district court, we conclude that the sole claim raised in appellant's brief – that the district court violated Fed. R. Civ. P. 56 – affords no basis for reversal. Because the district court did not grant summary judgment, but instead dismissed appellant's complaint for improper venue and failure to state a claim, the court was not required to follow the procedures described in Rule 56. Therefore, appellant presents no basis on which this court could do other than affirm the judgment.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

EXHIBIT B

Case 1:07-cv-01321-CKK   Document 8-3   Filed 09/17/2007   Page 2 of 9
Case 8:03-cr-00025-AHS   Document 319   Filed 10/06/2006   Page 1 of 3
SEND

DISTRICT
1    UNITED STATE, COURT ~~OF APPEALS FOR THE NINTH CIRCUIT~~
2    CENTRAL DISTRICT OF CALIFORNIA

                                    ) Case No.: SA CR 03-25 AHS (B)
3   James Davis Bennett,            )
                                    ) Notice of Appeal of Conviction
4            Appellant,             ) and Sentencing in the above
                                    ) Case
5        vs.
                                         FILED
6   United States of America,       CLERK, U.S. DISTRICT COURT
    Fees Pd
7        Appellee                        OCT - 6 2006

                                    CENTRAL DISTRICT OF CALIFORNIA
8                                   BY _____ DEPUTY

9

10       This is a notice of appeal of the Convictions and the

11   Sentencing in the above case.

12

13

14
                              Dated this 8th day of September,
15                            2006

16                            _____
                              SANTA ANA JAIL
17                            BK. NO. 06-00190-B3-
                              22
18                            P.O. BOX 22003
    I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
    FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL   SANTA ANA, CA.
19  (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF   92701
    RECORD, IN THIS ACTION, ON THIS DATE.
                OCT 16 2006                              James Davis Bennett,
20  DATE: _____                        In Pro Se
        _____
21  DEPUTY CLERK

22

23

24                            DOCKETED ON CM

25                               OCT 16 2006

                              BY _____ 181

NOTICE OF CONVICITONS & SENTENCING - 1

# CERTIFICATE OF SERVICE

**Case Name: United States of America v. James Davis Bennett**

**Case Number: SA CR 03-25AHS**

I certify that a copy of the  Notice of Appeal of Conviction and Sentencing in the above Case  was served on the following in the manner prescribed below:

| Party Served | Method of Service | Date Served |
|---|---|---|
| United States Attorney<br>Attn: Brett A. Segal<br>411 W. Fourth Street #8000<br>Santa Ana, Ca. 92701 | Personal Service | September 8, 2006 |

James Davis Bennett

9-8-06

**Date of Certification**

SCANNED

APPEAL, CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:03-cr-00025-AHS-1

Case title: USA v. Bennett, et al
Other court case number: 3:03-mj-00238 INTERIN

Date Filed: 01/29/2003
Date Terminated: 11/09/2006

Assigned to: Judge Alicemarie H. Stotler

Appeals court case numbers: '06-50334' '9th CCA', '06-50361' '9th CCA', '06-50585' '9th CCA'

### Defendant

**James Davis Bennett** (1)
*TERMINATED: 11/09/2006*

represented by **James Davis Bennett**
REG #32589-112
FCI Safford
PO Box 9000
Safford, AZ 85548
PRO SE

**Craig M Wilke**
Federal Public Defenders Office
411 W 4th St, Ste 7110
Santa Ana, CA 92701-4598
714-338-4500
Email:
zzCAC_FPD_Document_Receiving@fd.org

*TERMINATED: 03/01/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Debra J Rice**
Moses S Hall Law Offices
2651 East Chapman Avenue, Suite 110
Fullerton, CA 92831
714-738-4830
*TERMINATED: 03/29/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael S Meza**
Michael S Meza Law Offices
333 City Blvd W, 17th Fl
Orange, CA 92868
714-564-2501
Email: mmezalaw@aol.com
*TERMINATED: 03/29/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Vincent John La Barbera, Jr**
La Barbera & Myers
600 W Santa Ana Blvd, Ste 950
Santa Ana, CA 92701
714-541-9558
*TERMINATED: 02/23/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
|  | The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of One hundred and twenty-one (121) months. The defendant shall pay a special assessment of $1,000.00. |
| 18:1343 and 2(b): WIRE FRAUD; AIDING AND ABETTING (1ss-4ss) | The defendant shall pay restitution in the total amount of $751,050.00. The defendant shall pay a total fine of $12,500. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years under the terms and conditions of the U.S. Probation Office and General Order 318 and General Order 01-05 |
|  | The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of One hundred and twenty-one (121) months. The defendant shall pay a special assessment of $1,000.00. |
| 18:1344 and 2(b): BANK FRAUD; AIDING AND ABETTING (5ss-10ss) | The defendant shall pay restitution in the total amount of $751,050.00. The defendant shall pay a total fine of $12,500. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years under the terms and conditions of the U.S. Probation Office and General Order 318 and General Order 01-05 |

| 18:225: CONTINUING FINANCIAL CRIMES ENTERPRISE (12ss) | Order Dismissing Original Indictment and First Superseding Indictment |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1343 WIRE FRAUD (1-4) | Order Dismissing Original Indictment and First Superseding Indictment |
| 18:1343 and 2(b) WIRE FRAUD; AIDING AND ABETTING (1s-4s) | Order Dismissing Original Indictment and First Superseding Indictment |
| 18:1344 BANK FRAUD (5-10) | Order Dismissing Original Indictment and First Superseding Indictment |
| 18:1344 and 2(b) BANK FRAUD; AIDING AND ABETTING (5s-11s) | Order Dismissing Original Indictment and First Superseding Indictment |
| 18:1344 and 2(b): BANK FRAUD; AIDING AND ABETTING (11ss) | Government motion to dismiss Count 11 with prejudice is granted. |
| 18:225 CONTINUING FINANCIAL CRIMES ENTERPRISE (12s) | Order Dismissing Original Indictment and First Superseding Indictment |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| USA | represented by | **Brett A Sagel** |

AUSA - Office of US Attorney-Criminal Div
411 West Fourth Street, Suite 8000
Santa Ana, CA 92701
714-338-3598
Email:
USACAC.SACriminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Andrew Hoffer**
AUSA - Office of US Attorney
Criminal Division
411 W 4th St, Ste 8000
Santa Ana, CA 92701-4599
714-338-3500
Email:
USACAC.SACriminal@usdoj.gov
*TERMINATED: 11/04/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/29/2003 | 1 | INDICTMENT filed against James Davis Bennett (1) count(s) 1-4, 5-10, Steven Brian Rogers (2) count(s) 1-4, 5-10, Donna M Simon (3) count(s) 1-4, 5-10, Benny Ibarra (4) count(s) 1-4, Ricardo Omar Garcia (5) count (s) 1-4, 10. Offense occurred in OC. (th) (Entered: 01/30/2003) |
| 01/29/2003 |  | BENCH WARRANT issued for James Davis Bennett by Magistrate Judge Arthur Nakazato. (th) (Entered: 01/30/2003) |
| 01/29/2003 | 6 | MEMORANDUM filed by USA as to James Davis Bennett, Steven Brian Rogers, Donna M Simon, Benny Ibarra, Ricardo Omar Garcia. This criminal action, being filed on January 29, 2003, was not pending in the U.S. Attorney's Office before December 22, 1998, the date on which U.S. District Judge Nora M. Manella began receiving criminal matters. (th) (Entered: 01/30/2003) |
| 01/29/2003 | 7 | MEMORANDUM filed by USA as to James Davis Bennett, Steven Brian Rogers, Donna M Simon, Benny Ibarra, Ricardo Omar Garcia. This criminal action, being filed on January 29, 2003, was not pending in the U.S. Attorney's Office before November 2, 1992, the date on which U.S. District Judge Lourdes G. Baird began receiving criminal matters. (th) (Entered: 01/30/2003) |
| 01/29/2003 | 8 | MEMORANDUM filed by USA as to James Davis Bennett, Steven Brian Rogers, Donna M Simon, Benny Ibarra, Ricardo Omar Garcia seeking authority for an investigative action and being filed on January 29, 2003, does not relate to, a mtr pending in the Narcotic Section of the US Atty's Ofc before July 17, 2001, the date on which Magistrate Judge Patrick J. Walsh resigned his appt in that ofc; or was personally involved or on which he was personally consulted while employed in the US Atty's Ofc. (th) (Entered: 01/30/2003) |
| 01/29/2003 | 9 | MEMORANDUM filed by USA as to James Davis Bennett, Steven Brian Rogers, Donna M Simon, Benny Ibarra, Ricardo Omar Garcia seeking authority for an investigative action and being filed on January 29, 2003, does not relate to, a mtr pending in the Major Frauds Section of the US Atty's Ofc before June 30, 2001, the date on which Magistrate |

| | | Appellants copy of the completed record to include all filings and all RM:\Appeals\LA06CR0387-DSF-L.pdforters Transcriptions and the missing ocket Entries listed herein[389] filed by Plaintiff USA as to Defendant James Davis Bennett. *Government's Amended Response to Motion for Copy of Record* (Attachments: # 1 Exhibit to response to motion)(Kole, Lawrence) (Entered: 04/24/2007) |
|---|---|---|
| 05/02/2007 | 393 | MINUTES OF IN CHAMBERS ORDER by Judge Alicemarie H. Stotler: Court finds Defendant James Davis Bennetts MOTION for Appellants copy of the completed record to include all filings and all Reporters Transcriptions and the missing docket Entries listed herein [389] appropriate for submission on papers without oral argument. Matter is removed from Courts 05/07/07 calendar. Court Reporter: Not Present. (ln, ) (Entered: 05/02/2007) |
| 05/21/2007 | 394 | MINUTES OF IN CHAMBERS ORDER by Judge Alicemarie H. Stotler: Defendants Motion for Appellants copy of the completed record to include all filings and all Transcriptions and the missing docket Entries listed herein[389] is denied without prejudice. Court Reporter: None. (ln, ) (Entered: 05/21/2007) |
| 06/07/2007 | 395 | NOTICE of Change of Address changing address to FCI Safford, PO Box 9000, Safford, AZ 85548. Filed by Defendant James Davis Bennett (ln) (Entered: 06/12/2007) |
| 06/08/2007 | 396 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment 319 CCA #06-50580. The governments request for a determination whether appellant James Davis Bennett may represent himself on appeal was referred to the Appellant Commissioner. On 4/27/2007, the Appellate Comissioner filed a Report and Recommendation concluding that the court should deny appellant Bennetts self-representation and appoint new counsel to represent Bennett on appeal. Bennett was allowed 21 days within which to file objections to the Repoort and Recommendation. The Court adopts the Appellate Commissioners Report and Recommendation infull. Appellant Bennett is denied permission to represent himself on appeal. New counsel will be appointed by separate order. Order received in this district on 6/13/2007. (dmap) (Entered: 06/14/2007) |
| 06/28/2007 | 397 | AMENDED TRANSCRIPT DESIGNATION AND ORDERING FORM as to James Davis Bennett, for Dates: 12/15/03, 1/12/04. 1/26/04, 2/9/04, 2/23/04, 10/4/04, 10/25/04, 7/25/05, 9/7/05, 11/8/05, 11/10/05, 11/15/05, 11/16/05, 11/17/05, 11/22/05, 11/23/05, 11/29/05, 11/30/05, 12/1/05, 12/6/05, 12/14/05, 12/15/05, 1/3/06, 1/4/06, 1/10/06, 3/24/06, 4/12/06, 5/19/06, 10/6/06; Court Reporter: Debbie Gale, Theresa Lanza, Leslie King, Deborah Parker, Lisa Gonzalez, Pat Ciep, Nancy Smith-Wells, Jennifer Lewis, Sharon Seffens; Court of Appeals Case Number: 06-50580; Re: Notice of Appeal to USCA - Final Judgment, 319 (Attachments: # 1)(Crawford, James) (Entered: 06/28/2007) |
| 07/19/2007 | 399 | TRANSCRIPT filed as to James Davis Bennett for dates of 10/06/06 before Judge Alicemarie H Stotler, Court Reporter: Sharon A Seffens. |

| | | (ln) (Entered: 07/24/2007) |
|---|---|---|
| 07/20/2007 | 398 | TRANSCRIPT filed as to James Davis Bennett for dates of 2/9/04 before Judge Alicemarie H. Stotler, Court Reporter: Leslie A. King. (ml) (Entered: 07/23/2007) |
| 09/07/2007 | 400 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment, 319, CCA #06-50580. The motion of James M. Crawford, to be relieved as counsel for appellant is granted. New counsel will be appointed by separate order. The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. New counsel shall designate the reporter's transcript by 10/15/07. The transcript is due 12/17/07. The briefing schedule has been set. Order received in this district on 9/10/07. (car) (Entered: 09/11/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/12/2007 12:32:45 | | |
| PACER Login: | us7084 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 8:03-cr-00025-AHS |
| Billable Pages: | 27 | Cost: | 2.16 |

EXHIBIT C

CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:06-cv-00897-UA-UA

James Davis Bennett v. Alicemarie Stotler et al
Assigned to: Judge Unassigned
Referred to: Judge Unassigned
Cause: 28:1331 Fed. Question

Date Filed: 09/25/2006
Date Terminated: 11/16/2006
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**James Davis Bennett**                    represented by **James Davis Bennett**
                                                          06-00190-B/ 3589-112
                                                          Federal Correctional Institution Safford
                                                          PO Box 9000
                                                          Safford, AZ 85548
                                                          PRO SE

V.

**Defendant**
**Alicemarie Stotler**

**Defendant**
**Brett A Sagel**

**Defendant**
**David Hoffer**

**Defendant**
**Michael Rawlins**

**Defendant**
**James Senebrenner**

**Defendant**
**Alberto Gonzalez**

**Defendant**
**DOES**
*1-10*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2006 | | LODGED COMPLAINT filed by plaintiff James Davis Bennett. (rla, ) (Entered: 10/03/2006) |
| 11/16/2006 | 1 | MINUTES: (In Chambers) Court has received a untitled document from Plaintiff, the gist of which is that Plaintiff seeks to withdraw his previously-submitted complaint. Clerk is directed to process the document as a request under FRCP 41(a)(1) and close the case by Judge Ralph Zarefsky Court Reporter: N/A. (Made JS-6. Case Terminated.) (Attached a Letter from Plaintiff lodged 10/5/06) (ir, ) (Entered: 11/27/2006) |
| 12/04/2006 | 2 | Mail Returned addressed to James Davis Bennett re 1 In Chambers Order/Directive; Terminated Case. (esa, ) (Entered: 01/09/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/12/2007 12:28:51 | | | |
| **PACER Login:** | us7084 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:06-cv-00897-UA-UA |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

194

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-02302-JSL-JCR

James Davis Bennett v. Deborah D Parker et al
Assigned to: Judge J. Spencer Letts
Referred to: Magistrate Judge John Charles Rayburn, Jr
Cause: 28:1331 Federal Question: Bivens Act

Date Filed: 04/06/2007
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**James Davis Bennett**

represented by **James Davis Bennett**
06-00190-B/ 3589-112
Federal Correctional Institution Safford
PO Box 9000
Safford, AZ 85548
PRO SE

V.

**Defendant**

**Deborah D Parker**

**Defendant**

**Does**
*1-10,*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2007 | 1 | CIVIL RIGHTS COMPLAINT filed against defendants Deborah D Parker, Does pursuant to 403 U.S. 388 (1971). Case assigned to Judge J. Spencer Letts and referred to Magistrate Judge John Charles Rayburn, Jr. (Filing fee$350.00 PAID.), filed by Plaintiff James Davis Bennett.(et) (Entered: 04/16/2007) |
| 04/06/2007 | | 20 DAY Summons Issued re Complaint (Prisoner Civil Rights) [1] as to Deborah D Parker, Does 1-10. (et) (Entered: 04/16/2007) |
| 04/06/2007 | 2 | NOTICE OF REFERENCE to United States Magistrate Judge John Charles Rayburn Jr. (et) (Entered: 04/16/2007) |
| 04/06/2007 | 3 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff James Davis Bennett. (et) (Entered: 04/16/2007) |
| | | |

| 04/20/2007 | 4 | MINUTES OF IN CHAMBERS ORDER RE: CASE MANAGEMENT ORDER AND PROCEDURES held before Judge John Charles Rayburn Jr.: Plaintiff is advised that, under FRCP 4(m), service of the summons and complaint must be accomplished on each named defendant within 120 days after the filing of the complaint. The complaint herein was filed on 4/6/07. Accordingly, the 120-day period will expire on 8/5/07. Plaintiff is warned that failure to effectuate proper service by that date may result in the dismissal of the action without prejudice as to any unserved defendant(s) by reason of plaintiff's failure to prosecute, unless plaintiff can show good cause for extending the time for service. (See document for further specifics)Tape #: None. (mrgo, ) (Entered: 04/23/2007) |
| 05/29/2007 | 6 | Letter re change of address from Plaintiff (de) (Entered: 06/06/2007) |
| 06/01/2007 | 5 | NOTICE OF DOCUMENT DISCREPANCIES AND ORDER by Judge John Charles Rayburn Jr. ORDERING Letter re change of address submitted by Plaintiff James Davis Bennett received on 5/29/07 to be filed and processed; filed date to be the date the document was stamped Received but not Filed with the Clerk.(de) (Entered: 06/06/2007) |
| 07/25/2007 | 7 | AFFIDAVIT OF PROOF OF SERVICE Pursuant to FRCP Rule 4(1) filed by plaintiff James Davis Bennett, served on 7/23/07. (ad) (Entered: 08/08/2007) |
| 08/13/2007 | 8 | NOTICE OF DISCREPANCY AND ORDER: by Judge John Charles Rayburn Jr., ORDERING Letter submitted by Plaintiff James Davis Bennett received on 8/9/07 is not to be filed but instead rejected. Denial based on: Improper communication to the Court by letter, L/R 83-2.11. Plaintiff is notified that his proof of service does now appear in Pacer (service having occurred on 7/2507)(dts) (Entered: 08/13/2007) |
| 08/23/2007 | 10 | AFFIDAVIT IN SUPPORT OF DEFAULT filed by Plaintiff James Davis Bennett (yc) (Entered: 08/30/2007) |
| 08/24/2007 | 9 | MINUTES OF IN CHAMBERS ORDER RE: PROOF OF SERVICE held before Judge John Charles Rayburn Jr.: It is unclear to the Court whether service of process on defendant has been properly effectuated. If plaintiff does contend that he has effectuated proper service, he is ORDERED to file a response to this minute order on or before 9/10/07, which sets forth the legal basis for his contention and clearly indicates in what capacity defendant is being sued.(mrgo) (Entered: 08/28/2007) |
| 08/31/2007 | 11 | Submission to the Clerk of the Court for Filing of AFFIDAVIT in support of Default and Default Judgment filed by Plaintiff James Davis Bennett. (ad) (Entered: 09/07/2007) |

| PACER Service Center |
| --- |
| Transaction Receipt |
| 09/12/2007 12:29:13 |

Case 1:07-cv-01321-CKK    Document 8-4    Filed 09/17/2007    Page 6 of 8

| PACER Login: | us7084 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:07-cv-02302-JSL-JCR |
| Billable Pages: | 2 | Cost: | 0.16 |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of September, 2007, a copy of the foregoing

Motion to Dismiss and its accompanying memorandum in support and proposed Order, was

mailed, postage prepaid to plaintiff as follows:

James D. Bennett
F.C.I. Safford
#32589-112
P.O. Box 9000
Safford, AZ 85548

Laurie Weinstein
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES D. BENNETT                                  )
                                                 )
     Plaintiff,                                 )
                                                 )
     v.                                         )Civ. No. 07-1321 (CKK)
                                                 )
JAMES M. CRAWFORD, et al.                         )
                                                 )
     Defendants.                                )
_____                   )

### ORDER

Upon consideration of defendant United States's Motion to Dismiss, its accompanying

memorandum and any opposition thereto, it is hereby

ORDERED that the complaint against the United States is DISMISSED with prejudice.

Date:

_____

UNITED STATES DISTRICT COURT

Copies to:

James D. Bennett
F.C.I. Safford
#32589-112
P.O. Box 9000
Safford, AZ 85548

Laurie Weinstein
Assistant United States Attorney
(by ECF)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2007, a copy of the foregoing

Motion to Dismiss and its accompanying memorandum in support and proposed Order, was

mailed, postage prepaid to plaintiff as follows:

James D. Bennett
F.C.I. Safford
#32589-112
P.O. Box 9000
Safford, AZ 85548


_____/s/_____
Laurie Weinstein
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES D. BENNETT                          )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )Civ. No. 07-1321 (CKK)
                                          )
JAMES M. CRAWFORD, et al.                 )
                                          )
        Defendants.                       )
_____)

ORDER

Upon consideration of defendant United States's Motion to Dismiss, its accompanying

memorandum and any opposition thereto, it is hereby

ORDERED that the complaint against the United States is DISMISSED with prejudice.

Date:

_____
UNITED STATES DISTRICT COURT

Copies to:

James D. Bennett
F.C.I. Safford
#32589-112
P.O. Box 9000
Safford, AZ 85548

Laurie Weinstein
Assistant United States Attorney
(by ECF)

## <u>CERTIFICATE OF SERVICE</u>

I certify that the Motion for Extension of Time and Order previously filed in case number

Civ. No. 07-1321 (CKK), Bennett v. Crawford,  was served on Defendant United States of

America by depositing a copy of it in the United States Mail, addressed to:

LAURIE J. WEINSTEIN
Assistant United States Attorney
555 Fourth Street, N.W., Room E4820
Washington, D.C. 20530


on this 17th day of September, 2007.


_____/s/_____
Maria A. Garza