## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMES DAVID BENNETT,** | ) | **Civil Action  No. 07-1321(CKK)** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES M. CRAWFORD,** | ) | |
| **SEAN KENNEDY,** | ) | |
| **STATE BAR OF CALIFORNIA and** | ) | |
| **DOES 1-34, Inclusive,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MOTION TO DISMISS

Sean K. Kennedy, the Federal Public Defender for the Central District of California, hereby moves to dismiss the complaint under Fed. R. Civ. P. 12 (b) (2), (3) and (6) for lack of jurisdiction, improper venue and failure to state a claim upon which relief can be granted.  In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:  November __ 2007           By _____/s/_____
Gail Ivens (California State Bar No. 116806)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012
(213) 894-5022

1

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Sean K. Kennedy moves[1] to dismiss plaintiff's complaint under Fed. R. Civ. P.

12 (b)(2), (3) and (6) for lack of jurisdiction, improper venue, and failure to state a claim upon

which relief can be granted.   The subject of this lawsuit is plaintiff's criminal conviction in the

United States District Court for the Central District of California (Southern Division) and his

subsequent incarceration.  United States v. Bennett, CR 03-25-AHS (C.D. Cal.).  Plaintiff

alleges, inter alia, that  his right to proceed pro se on his direct appeal was violated when Mr.

Kennedy located appointed counsel to represent him on the direct appeal from his criminal

conviction pursuant to an order of the Ninth Circuit Court of Appeal.  (See Exhibits A, B, and C

attached hereto).[2]  With respect to Mr. Kennedy, plaintiff alleges violations of the Sixth

Amendment, abuse of process and false imprisonment (See Fourth and Fifth Claims for Relief).

Plaintiff's prayer for relief asks for injunctive, declarative and monetary relief.

---

[1]     Pursuant to this Court's local order (4., NOTE), a courtesy copy of this pleading, which is being filed electronically, is being sent via Federal Express to Chambers because there are three exhibits attached.  Because counsel is located in Los Angeles, the courtesy copy will arrive after the electronic copy, as will counsel's government attorney certification, which is being sent under separate cover.

[2]     In ruling on a motion to dismiss this Court may take "judicial notice of facts on the public record." Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1228 (D.C. Cir. 1993) (court may look to record of another proceeding "to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted"); Covad Communications Co. v. Bell Atlantic Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005).  Records of the docket and filings in another court are a proper subject for judicial notice. See, e.g., Conecuh-Monroe Community Action Agency v. Bowen, 852 F.2d 581, 583 (D.C. Cir.1988) (taking judicial notice of administrative decision not included in the record); Aeronautical Radio, Inc. v. F.C.C., 983 F.2d 275, 282, 299 (D.C. Cir. 1993).  Exhibits A, B, and C, attached hereto, are, respectively, two filings from the Ninth Circuit in plaintiff's direct criminal appeal in United States v. Bennett, CA No. 06-50580 and the docket of that case from the PACER system.

Venue is not proper in this district, and there is no personal jurisdiction over Mr. Kennedy.  Further, because there is no Sixth Amendment right to proceed in pro per on direct appeal from a federal criminal conviction, plaintiff cannot state a cause of action against Mr. Kennedy for locating appointed counsel pursuant to the directive of the Ninth Circuit Court of Appeals.  A Bivens[3] claim cannot be asserted against a federal officer who is an employee of the judicial branch, such as Mr. Kennedy.  Further, because he was acting pursuant to the direction of the Ninth Circuit to locate counsel, Mr. Kennedy enjoys judicial immunity for his actions in locating counsel for plaintiff.

As the District Court noted in Bennett v. Stotler, et al., Civ. No. 06-1635 (JDB), aff'd 2007 WL 964624 (C.A.D.C.) (Bennett I) (Slip Opinion attached as Exhibit A to Motion to Dismiss filed by the United States in this action), "plaintiff cannot come to this Court to lodge a challenge to his continued detention and prosecution in California, nor can he seek monetary damages against officials of all three branches of the federal government for their roles in the criminal case against him."  Slip. Op. at 8.

## I.    The Screening Provisions of The Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915A, Require Immediate Dismissal of Plaintiff's Complaint.

Initially, it should be noted that the Prison Litigation Reform Act of 1995 (PLRA) requires all district courts to screen all civil cases brought by prisoners.  See McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997).  If a complaint fails to pass muster under 28 U.S.C. § 1915A[4], the "district court should sua sponte dismiss the complaint." Id. at 612.  The

---

[3]      Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[4]      28 U.S.C. § 1915A provides in relevant part:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

provisions of § 1915A apply to prisoner complaints regardless of their fee status.  Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999); Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (§1915A's screening procedure applies to all civil complaints filed by prisoners, regardless of payment of filing fee); McGore v. Wrigglesworth, 114 F.3d at 608 (same).

Pursuant to 28 U.S.C. § 1915A a district court must sua sponte dismiss a complaint in a civil action where a prisoner, such as plaintiff in this case, seeks redress from a governmental agency or officer, such as Mr. Kennedy, if the case is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A. McLittle v. O'Brien, 974 F.Supp. 635, 636 (E.D.Mich. 1997).  The screening provisions of the PLRA are applicable to Bivens actions brought by federal inmates. See e .g., Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000); see also Diaz v. Van Norman, 351 F.Supp.2d 679, 680-81 (E.D. Mich. 2005).

Bivens provides the only cause of action for which the named individuals may be held personally liable under federal law, but only to the extent that they were personally and directly involved in the alleged unconstitutional conduct. See Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993). Otherwise, the Court has a duty to "stop insubstantial Bivens actions in their tracks and get rid of them." Simpkins v. District of Columbia Government, 108 F.3d 366, 369-70

---

governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

(D.C. Cir. 1997).

Dismissal is appropriate because public defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of <u>Bivens</u>. <u>See</u> <u>Christian v. Crawford</u>, 907 F.2d 808, 810 (8th Cir. 1990) (per curiam); <u>Cox v. Hellerstein</u>, 685 F.2d 1098, 1099 (9th Cir. 1982).  <u>See also</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 319-28 (1981) (holding that public defenders are not state actors for purposes of § 1983).  In addition, there is no Sixth Amendment right to proceed pro se on direct appeal.  <u>Martinez v. Court of Appeal</u>, 528 U.S. 152, 159, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); <u>United States v. Gamboa</u>, 439 F.3d 796, 818 (8th Cir. 2006); <u>United States v. Gillis</u>, 773 F.2d 549, 560 (4th Cir.1985); <u>United States v. Morris</u>, 204 F.3d 776, 779 (7th Cir. 2000); <u>McMeans v. Brigano</u>, 228 F.3d 674, 684 (6th Cir. 2000).  Plaintiff's Sixth Amendment right to represent himself on appeal could not have been violated because he has no such right.  The complaint is frivolous and should be dismissed.

A suit may be dismissed as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196, 1198 (6th Cir. 1990).  The standard for sua sponte dismissal under §1915A for a failure to state a claim is the same as the standard under Rule 12(b)(6).  On either basis, dismissal of the case against Mr. Kennedy is appropriate pursuant to this Court's screening obligation under § 1915A.

## II.    <u>Venue is Improper in this District</u>

Although plaintiff does not allege a basis for jurisdiction, it can be inferred from the allegations of the complaint that the jurisdictional basis is federal question based on the <u>Bivens</u> allegations.  Title 28 U.S.C. § 1391(b) provides that venue is proper only in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or

5

a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

None of the events are alleged to have occurred in this District. Counsel was appointed for plaintiff in the Central District of California and the Ninth Circuit's order issued from San Francisco, California. Thus, none of the possible venue provisions apply, venue is improper in this district as to Mr. Kennedy, and the complaint should be dismissed. Cameron v. Thornburgh, 983 F.2d at 257. See, e.g., Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983) ("[b]ecause no defendants in this action, except perhaps the Secretary of Interior, reside in the District of Columbia, and because Naartex's claim did not arise in the District of Columbia, venue does not lie here").

## III.   There is no Personal Jurisdiction

Plaintiff must establish personal jurisdiction over Mr. Kennedy pursuant to a two-part inquiry: whether jurisdiction is can be demonstrated under the state's long-arm statute and then whether a finding of jurisdiction satisfies the constitutional requirements of due process. See United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). The District's long-arm statute provides, in relevant part, that

> [a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's-(1) transacting any business in the District of Columbia; ... (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he [i] regularly does or solicits business, [ii] engages in any other persistent course of conduct, or [iii] derives substantial revenue

6

from goods used or consumed, or services rendered, in the District

of Columbia.

D.C.Code Ann. § 13-423(a) (1981). A plaintiff seeking to establish jurisdiction over a

non-resident under the foregoing provisions of the long-arm statute must demonstrate, pursuant

to section (a)(1), that the defendant transacted business in the District, or show, pursuant to

section (a)(4), that the defendant caused a tortious injury in the District, the injury was caused by

the defendant's act or omission outside of the District, and the defendant had one of the three

enumerated contacts with the District. Section (a)(1)'s "transacting any business" clause generally

has been interpreted to be coextensive with the Constitution's due process requirements and thus

to merge into a single inquiry. See Ferrara, 54 F.3d at 828. Section (a)(4) has been construed

more narrowly, however; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 & n. 15, 105

S.Ct. 2174, 2182-83 & n. 15, 85 L.Ed.2d 528 (1985); Crane v. Carr, 814 F.2d 758, 762-63 (D.C.

Cir.1987) ("The drafters of this provision apparently intended that the (a)(4) subsection would

not occupy all of the constitutionally available space.... This court has explicitly noted, moreover,

that (a)(4) of the D.C. long-arm statute may indeed stop short of the outer limit of the

constitutional space.").

Even when the literal terms of the long-arm statute have been satisfied, a plaintiff must

still show that the exercise of personal jurisdiction is within the permissible bounds of the Due

Process Clause, that is, whether "minimum contacts" between the defendant and the forum

establishing that "the maintenance of the suit does not offend traditional notions of fair play and

substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90

L.Ed. 95 (1945) (internal quotation marks omitted). Under the "minimum contracts" standard,

courts must insure that "the defendant's conduct and connection with the forum State are such

that he should reasonably anticipate being haled into court there." World-Wide Volkswagen

Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).  See GTE New

Media Services Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).

District of Columbia law also permits courts to exercise "general jurisdiction" over a

foreign corporation as to claims not arising from the corporation's conduct in the District, if the

corporation is "doing business" in the District. See D.C.Code § 13-334(a); AMAF Int'l Corp. v.

Ralston Purina Co., 428 A.2d 849, 850 (D.C. 1981); see also Helicopteros Nacionales de

Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984).  The

Supreme Court has explained that "a 'relationship among the defendant, the forum, and the

litigation' is the essential foundation of [specific] jurisdiction." Id., quoting Shaffer v. Heitner,

433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977); Dooley v. United Technologies

Corp., 803 F. Supp. 428, 433 (D.D.C.1992) (for the purposes of establishing jurisdiction under

the District of Columbia long-arm statute, it is contacts with the District, and not the nation as a

whole, that are critical); Heller v. Nicholas Applegate Capital Management, LLC., 498 F.

Supp.2d 100, 110 (D.D.C. 2007).

Under the Due Process Clause, such general jurisdiction over a foreign corporation is

only permissible if the defendant's business contacts with the forum district are "continuous and

systematic." Helicopteros, 466 U.S. at 415, 104 S.Ct. at 1872 (quoting Perkins v. Benguet

Consol. Mining Co., 342 U.S. 437, 438, 72 S.Ct. 413, 96 L.Ed. 485 (1952)); see El-Fadl v.

Central Bank of Jordan, 75 F.3d 668, 675 (D.C. Cir. 1996); see also Crane, 814 F.2d at 763

(describing the required contacts for general jurisdiction as "continuous and substantial");

Hughes v. A.H. Robins Co., 490 A.2d 1140, 1142, 1149 (D.C. 1985) (same).  The District of

Columbia Court of Appeals has indicated that the reach of "doing business" jurisdiction under §

13-334(a) is coextensive with the reach of constitutional due process. See Hughes, 490 A.2d at

1148 ("[W]e may find jurisdiction if [the defendant] ... has 'been carrying on in [the District] a

continuous and systematic, but limited, part of its general business.' " (quoting <u>Perkins</u>, 342 U.S. at 438, 72 S.Ct. at 414)); <u>see also</u> <u>Everett v. Nissan Motor Corp.</u>, 628 A.2d 106, 108 (D.C.1993).

Because plaintiff fails to allege facts to support personal jurisdiction over Mr. Kennedy, who resides and works within the Central District of California, see D.C.Code Ann. § 13-423, there is no personal jurisdiction over Mr. Kennedy.  <u>See</u> <u>El-Fadl v. Central Bank of Jordan</u>, 75 F.3d at 672.  Further, to the extent there are any contacts between Mr. Kennedy and the District of Columbia, the cause of action stated does not arise from those contacts and therefore there is no personal jurisdiction to hear the claims.  <u>See</u> <u>generally</u> <u>Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 568 (2d Cir. 1996) (declaring that "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test" than for specific jurisdiction); 4 Wright & Miller, Federal Practice and Procedure: § 1067.5, at 499-507 (noting that, although "[s]pecific jurisdiction ... may be asserted when the defendant's forum contacts are isolated or sporadic, but the plaintiff's cause of action arises out of those contacts with the state," when "the cause of action sued on does not arise from the defendant's contacts with the forum state, an assertion of general jurisdiction must be predicated on contacts that are sufficiently continuous and systematic to justify haling the defendant into a court in that state").

The action giving rise to the fifth cause of action, the appointment of attorney James Crawford as appellate counsel for plaintiff, occurred in California, specifically in the Central District of California, Los Angeles.  The Federal Public Defender for the Central District of California does not maintain an office in the District of Columbia and there is no jurisdiction in this Court.  Plaintiff does not allege any proper basis for jurisdiction and the case should be dismissed.

**IV.    Mr. Kennedy is not a federal official for purposes of Bivens**

In Bivens, the Supreme Court created a federal tort counterpart to the remedy created by

42 U.S.C. § 1983 as it applies to federal officers. To state a claim under Bivens, a claimant must

show (1) a deprivation of a right secured by the Constitution and laws of the United States; and

(2) that the deprivation of the right was caused by an official acting under color of federal law.

See Mahoney v. National Org. for Women, 681 F. Supp. 129, 132 (D. Conn.1987) (citing Flagg

Bros., Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)).  Plaintiff

alleges that Mr. Kennedy has deprived him of his Sixth Amendment right to proceed with

counsel of choice (in his case, in pro se) and has abused process resulting in his false

imprisonment.

When bringing a Bivens claim, a plaintiff must allege that the person who allegedly

caused a constitutional deprivation acted under color of federal law. See Mahoney, 681 F.Supp.

at 132, (citing Flagg Brothers, 436 U.S. at 155-56).  Plaintiff has not alleged that Mr. Kennedy

acted under color of federal law, nor could he.

Although appellant sought to pursue a damages action against Mr. Kennedy pursuant to

Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), dismissal is appropriate because

public defenders and other attorneys appointed to represent defendants in federal proceedings are

not federal officials for purposes of Bivens. See Christian v. Crawford, 907 F.2d 808, 810 (8th

Cir. 1990) (per curiam); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir.1982). See also Polk

County v. Dodson, 454 U.S. 312, 319-28 (1981) (holding that public defenders are not state

actors for purposes of § 1983).  To the extent plaintiff alleges that Mr. Kennedy's actions

resulted in false imprisonment because of his role in selecting counsel for the appeal and/or in

denying him the right to proceed pro se on appeal, a Bivens action does not lie.

## V.     Mr. Kennedy is not a proper party for a federal tort claim under 28 U.S.C. § 1346

The caption of plaintiff's complaint references 28 U.S.C. § 1346, the Federal Tort Claims Act ("FTCA").  It does not appear that in either of the two causes of action which mention Mr. Kennedy, the Fourth or Fifth, that a FTCA claim is alleged.  Even if a liberal reading of the complaint resulted in reading a FTCA claim alleged against Mr. Kennedy, dismissal is appropriate.  Mr. Kennedy is a federal employee to whom the immunity protections of the FTCA apply.  Federal Public Defenders and any full-time attorneys he appoints are officers or employees of the judicial branch for purposes of 28 U.S.C. § 2671. They are thus employees of the government to whom the Westfall Act, which amended the FTCA, would apply.  See 28 U.S.C. § 2679(b)(1); Sullivan v. United States,  21 F.3d 198, 202 (7th Cir. 1994).  In the Westfall Act, Congress created immunity for federal public defenders appointed pursuant to 18 U.S.C. § 3006A(g)(2)(A) by extending the definition of an "employee of the government" to include officers and employees of the judicial branch and by making the FTCA action against the United States the plaintiff's exclusive remedy.[5]  See United States v. Smith, 499 U.S. 160, 163, 111 S.Ct.

---

[5]     The 2000 amendments to the FTCA are not relevant to the case at bar because Mr. Kennedy is alleged to have acted to cause counsel to be appointed for plaintiff, not to have provided representation under the Criminal Justice Act, 18 U.S.C. § 3006A.  As amended, the FTCA reads:

> As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

> "Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of

11

1180, 1187, 113 L.Ed.2d 134 (1991).

As a preliminary matter, plaintiff does not allege that he has exhausted his administrative remedies. A party pursuing a tort claim under the FTCA must present the claim in writing to the appropriate administrative agency within two years of the claim's accrual. 28 U.S.C. § 2401(b). The failure to comply with the presentment requirement bars the filing of the action in district court. Id. § 2675(a). This failure to allege the required exhaustion is fatal to any FTCA claims.

The FTCA, like § 1983, creates liability for certain torts committed by government officials. In Heck v. Humprhrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed. 2d 383 (1994), the Supreme Court held that when a claim alleges violation of a prisoner's constitutional rights under 42 U.S.C. § 1983 and it necessarily implies the invalidity of his conviction, his cause of action does not accrue until the conviction has been reversed. The same common law principles that informed the Supreme Court's decision in Heck apply to FTCA claims where the action calls into question the validity of a prior conviction. Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995). The FTCA, like § 1983, is "not [an] appropriate vehicle[ ] for challenging the validity of outstanding criminal judgments." Id. at ----, 114 S.Ct. at 2372; cf. Stephenson v. Reno, 28 F.3d 26 (5th Cir.1994) ( per curiam ) (applying Heck to a Bivens action pursuant to 28 U.S.C. § 1331 where plaintiff had not yet challenged the validity of his confinement). See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29

---

title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and *(2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.*

28 U.S.C.A. § 2671 (emphasis added).

L.Ed.2d 619 (1971)).

Because the complaint does not allege exhaustion, Mr. Kennedy was not providing representation under the CJA, and because plaintiff's criminal conviction is currently on direct appeal, to the extent the complaint is interpreted to allege an FTCA claim against Mr. Kennedy, it must be dismissed.

**VI.    Plaintiff's Claims Are Barred by Judicial Immunity**

When an indigent defendant appeals his criminal conviction he is guaranteed a right to counsel by 18 U.S.C. § 3006A.  When plaintiff appealed his criminal conviction from the Central District of California to the Ninth Circuit Court of Appeals, he requested that he be allowed to continue to represent himself pro se.  The Ninth Circuit took that request under consideration.  The Appellate Commissioner, Peter L. Shaw, issued a Report and Recommendation (See Exhibit A, attached hereto) to the Court which recommended that the request be denied.  The request was denied, and the Court issued an order appointing counsel.  Federal Public Defender Sean K. Kennedy was directed to locate counsel.  (See Exhibit B, attached hereto).  As can be seen from the PACER docket, Mr. Kennedy located counsel, James Crawford, who is also named as a defendant in this action.

Mr. Kennedy did not appoint counsel, he merely located counsel pursuant to the directive of the Ninth Circuit.  The Federal Public Defender is a federal employee within the Judicial rather than Executive or Legislative Branch.  To the extent Mr. Kennedy located counsel pursuant to the Court's order, he was acting as a delegatee of the Court and in a judicial capacity.  Judges enjoy absolute judicial immunity from suit for all actions taken in the judge's judicial capacity, unless the action is taken in the complete absence of all jurisdiction.  Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L.Ed. 2d 9 (1991);  Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam).  "This immunity applies even when the judge is accused of acting

13

maliciously or corruptly . . ." <u>Pierson v. Ray</u>, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

It is well established that judicial immunity "extends to other officers of government whose duties are related to the judicial process." <u>Barr v. Matteo</u>, 360 U.S. 564, 569, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); <u>see</u> <u>Stanton v. Chase</u>, 497 A.2d 1066, 1069 (D.C. 1985) (citing <u>Barr</u> and holding that the Deputy Chief of the Defender Services Office-then known as the CJA Office of PDS-was absolutely immune from suit for acts associated with appointment of counsel under the CJA); <u>Roth v. King</u>,  449 F.3d 1272, 1287 (D.C. Cir. 2006) ("is beyond question that PDS appellants' statutory role in the panel system is "related to the judicial process," and the District Court therefore properly afforded them judicial immunity"); <u>Gilbert v. Ferry</u>, 298 F.Supp.2d 606, 612 (E.D. Mich.2003) (state court administrator); <u>Montero v. Travis</u>, 171 F.3d 757, 761 (2d Cir.1999) (parole commissioner).

Plaintiff has not alleged that Mr. Kennedy did anything other than what he was directed to do by the Ninth Circuit in connection with their appointment of counsel for plaintiff on his direct criminal appeal.  A federal official sued under <u>Bivens</u> has the same immunity as a similar state official sued for identical violation under § 1983.  <u>Butz v. Economou</u>, 438 U.S. 478, 500, 98 S.Ct. 2894, 2907, 57 L.Ed.2d 895 (1978).  The act of appointing counsel is clearly within the jurisdiction of the Court of Appeals.  <u>Cf.</u>. <u>Clark v. Taylor</u>, 627 F.2d 284, 288 (D.C. Cir. 1980) (per curiam) (disposition of motions in a criminal proceeding "can only be characterized as judicial action").  Judicial immunity bars the claim(s) against Mr. Kennedy.

**VII.   Any Bivens Action has not yet Accrued and Plaintiff may not bring a Habeas Action in This District**

In <u>Heck v. Humprhrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that when a claim alleges violation of a prisoner's constitutional rights under 42 U.S.C. § 1983 and it necessarily implies the invalidity of his conviction, his cause of action does not accrue

until the conviction has been reversed.

> We hold that, in order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other harm
> caused by actions whose unlawfulness would render a conviction
> or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal . . . A
> claim for damages bearing that relationship to a conviction or
> sentence that has not been so invalidated is not cognizable under
> § 1983.

Heck v. Humphrey, 512 U.S. at 486-87.  Heck applies with equal force in a Bivens action filed
by a federal prisoner. Williams v. Hill, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996) (per curiam)
(applying Heck rationale and barring plaintiff from recovering damages for the actions of those
who allegedly brought about his criminal conviction where the guilty verdicts had not been
overturned); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995); Stephenson v. Reno, 28 F.3d
at 27).

        This Court may take judicial notice that plaintiff's direct appeal of his criminal conviction
is still pending in the Ninth Circuit under United States v. Bennett, CA No. 06-50580.  A copy of
the PACER docket sheet is attached hereto as Exhibit C.

        The fifth cause of action in the complaint, which is the only cause of action asserted
against Mr. Kennedy, alleges "abuse of process resulting in fraudulent and false imprisonment."

        In addition to the fact that any Bivens claim has not yet accrued, even if it had accrued, it
does not sound as a Bivens claim.  A prisoner may not bring a claim for false arrest because it
falls within the core of habeas corpus, which is his only remedy to challenge the legality of his
conviction.  See Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924

(2004) (stating that claims challenging the fact of conviction "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983"); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ... his sole federal remedy is a writ of habeas corpus."); Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc)(Congress has designated habeas corpus as the appropriate vehicle for individuals who challenge the lawfulness of their custody); Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 832 (D.N.J. 1996)(court, mindful that a change in plaintiff's parole eligibility date will not automatically result in his immediate release, nevertheless viewed complaint as a "thinly veiled attack on duration of confinement"); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000) (habeas corpus relief must be pursued before other avenues of relief even where the claim, if successful, would have a "merely probabilistic impact on the duration of custody").

    Finally, to the extent that plaintiff's challenges to his criminal conviction would potentially result in his release, he may not pursue such a remedy in this District. The proper respondent in a habeas action is plaintiff's warden. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." Stokes v. United States Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Plaintiff, according to the complaint, is currently incarcerated in the Federal Correctional Institution in Safford, Arizona, and can only obtain such relief in a habeas corpus petition brought in the district where his immediate custodian is located. Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001), citing, Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 and Chatman-Bey v. Thornburgh, 864 F.2d at 808-10.

**VIII.    There is No Constitutional Right to Proceed Pro Se on a Direct Criminal Appeal**

The gravamen of plaintiff's complaint against Mr. Kennedy is that he violated the Sixth

Amendment by doing as the Ninth Circuit ordered him to do -- locate counsel to represent

plaintiff pursuant to 18 U.S.C. § 3006A on his direct criminal appeal of his conviction to the

Ninth Circuit Court of Appeals.  He styles this Sixth Amendment violation as a Bivens action.

For all the reasons recited above, the action cannot be brought in this district, there is no

jurisidiction over Mr. Kennedy in this district, and the action is barred in any event under Heck v.

Humphrey.  The complaint, if properly screened under 28 U.S.C. § 1915A, should be dismissed.

The Court can also, however, cut to the chase and find a failure to state claim under Fed. R. Civ.

P. 12(b)(6) because there is no Sixth Amendment right to proceed pro se on direct appeal.

Martinez v. Court of Appeal, 528 U.S. 152, 159, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); United

States v. Gamboa, 439 F.3d 796, 818 (8th Cir. 2006); United States v. Gillis, 773 F.2d 549, 560

(4th Cir.1985); United States v. Morris, 204 F.3d 776, 779 (7th Cir. 2000); McMeans v. Brigano,

228 F.3d 674, 684 (6th Cir. 2000).  Plaintiff's Sixth Amendment right to represent himself on

appeal could not have been violated because he has no such right.  He therefore fails to state a

claim.

To withstand dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must make "a

'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atlantic v. Twombly,  —

U.S. — , 127 S. Ct. 1955, 1965 n.3 (2007).  As instructed by the Supreme Court, district courts

should "tak[e] care to require allegations" that meet the Federal Rules' threshold pleading

requirements.  Id.   As discussed herein, plaintiff's allegations do not demonstrate an entitlement

to relief, and the complaint should be dismissed.

**IX.**   <u>**Conclusion**</u>

For all of the above reasons, plaintiff's complaint in this matter should be dismissed.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:  November __, 2007         By _____/s/_____
                                 Gail Ivens (California State Bar No. 116806)
                                 Deputy Federal Public Defender
                                 321 East 2nd Street
                                 Los Angeles, California 90012
                                 (213) 894-5022

18

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Motion to Dismiss was served upon Plaintiff by depositing a

copy of it in the United States Mail, addressed to:


JAMES DAVIS BENNETT
R32589-112
SAFFORD
Medium 1
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 9000
SAFFORD, AZ 85548

JAMES M. CRAWFORD
528 North Glassell
Orange, CA 92867

LAURIE J. WEINSTEIN
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
E4820
Washington, DC 20530


on this 8th day of November, 2007.


_____/s/_____
Maria A. Garza

# EXHIBIT  A

Bennett v. Crawford, et al.,
Case No CV 07-1321-CKK
Re: Motion to Dismiss



FILED

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JAMES DAVIS BENNETT,<br><br>Defendant - Appellant. | No. 06-50580<br><br>D.C. No. CR-03-25-AHS<br>Central California<br>(Santa Ana)<br><br>REPORT AND<br>RECOMMENDATION |

Before: Peter L. Shaw, Appellate Commissioner

I
Background

Appellant James Davis Bennett was convicted after a sixteen-day jury trial of four counts of wire fraud and six counts of bank fraud in connection with his participation in a real estate investment and mortgage loan enterprise. Bennett was sentenced to 121 months in prison and ordered to pay restitution in the amount of $751,050. In the district court, Bennett was represented by appointed counsel through trial. The district court then relieved appointed counsel and permitted Bennett to represent himself for sentencing and filing of the notice of appeal. During the district court proceedings, Bennett filed at least two pro se interlocutory appeals that were dismissed by this court for lack of jurisdiction, five

No. 06-50580

pro se petitions for writs of mandamus that were denied by this court, and one pro

se petition for a writ of certiorari that was denied by the United States Supreme

Court.  Bennett also submitted a number of unwarranted or unsuccessful pro se

letters and motions to the district court, including repetitive motions for discovery

and release on bail.

During this appeal, Bennett has submitted two pro se motions for bail that

were denied because they had not been presented to the district court in the first

instance, another pro se motion for bail that was denied on its merits, and

unsuccessful motions for a bill of particulars and judicial notice.  Bennett also

submitted a pro se opening brief.  Bennett never formally requested leave of this

court to represent himself on appeal and the court never addressed the issue on its

own motion.  Before filing its answering brief, the government appropriately

requested that the court determine whether Bennett's self-representation should be

permitted.  In response, Bennett submitted a pro se reply brief, although no

answering brief had been filed.

The government's request for a determination regarding Bennett's self-

representation was referred to the Appellate Commissioner, pursuant to Ninth

Circuit General Order 6.3(e), which authorizes the Appellate Commissioner to

2

No. 06-50580

confirm that appellant's intention to proceed pro se and waiver of his right to

counsel are knowing, intelligent, and unequivocal. *See Hendricks v. Zenon*, 993

F.2d 664, 669 (9th Cir. 1993).

## II
## Analysis

Although the district court granted appellant's request to represent himself

for sentencing and filing of the notice of appeal, the court of appeals makes an

independent determination whether an appellant in a criminal appeal will be

permitted to represent himself on appeal. *See* 9th Cir. R. 4-1(d). There is no

constitutional right to self-representation in a criminal appeal, but the court may,

in its discretion, allow self-representation in appropriate cases. *See Martinez v.*

*Court of Appeal*, 528 U.S. 152, 163 (2000). The court may permit a defendant to

proceed pro se if: (1) the defendant's request to proceed pro se and the waiver of

the right to counsel are knowing, intelligent, and unequivocal; (2) the defendant is

apprised of the dangers and disadvantages of self-representation on appeal; and (3)

self-representation would not undermine a just and orderly resolution of the

appeal. *See* 9th Cir. R. 4-1(d).

In determining whether a defendant should be permitted to proceed pro se,

the court considers: (1) whether the issues on appeal are so complex that a lay

3

No. 06-50580

person would require substantial assistance of counsel to aid the court in deciding

the case; (2) whether appellant's self-representation would unduly burden the

court or other parties; and (3) whether self-representation would undermine the

integrity of the outcome. *See Martinez*, 528 U.S. at 162-63.

A review of submissions by Bennett to the district court and to this court, in

particular his pro se opening brief, shows that the court would benefit from having

counsel present this issues in this criminal appeal, especially the significant

sentence imposed.  For example, Bennett writes in the pro se opening brief:

> Welcome to STOTLER-KING (Burger King); the fast food
> of criminal justice processing where Justice is Injustice.  Todays
> [sic] Briefing Menu includes:
> - SEARCH WARRANTS where the affiant can select from
> the following - 1) The true lender or any other investor
> purchasing loans whichever satisfies his jurisdictional hurdles, 2)
> Statements from a multitude of imaginary former employees of
> the Defendant or a Brother-in-law who's statements can be
> modified to satisfy your non-existant [sic] Probable Cause needs.
> - INDICTMENTS where undefined generic counts can be
> modified with Courts Instructions from which the Jury may select
> from the following to Convict in each count- 1) Bank Fraud, 2)
> Mail Fraud, 3) Wire Fraud, 4) Mail Fraud Affecting A Financial
> Institution, or 5) Wire Fraud Affecting A Financial Institution.
> - PANEL ATTORNIES [sic] where the Court can select an
> Attorney who will ignore the following Constitutional Violations
> perpetrated by the Judge and Prosecutor- 1) Fifth Amendment
> Grand Jury Right, 2) Fifth Amendment Due Process and Equal
> Protection Right, 3) Sixth Amendment Unanimous Verdict Right,

4

No. 06-50580

> 4) Sixth Amendment Right to be informed of the Nature and Cause of Charges and Sixth Amendment Right to Counsel.
>
> All of the above Menu items are processed with the Highest Degree of Ethical Professionalism where the Main Basic Ingrediant [sic] is Fraud!
>
> FRAUD-"Deceit Trickery; Specif: Intentional perversion of truth in order to induce another to part with something of value or surrender a legal right [Constitutionally Guaranteed Rights?]." Websters [sic] Collegiate Dictionary 10th Edition.
>
> Society typically associates Fraud, Shams, and Scams with Criminals and Criminal behavior.  Society does not typically associate Fraud as being a part of the Judicial, Prosecutorial, or Investigatorial [sic] functions.

It is evident that the court -- and Bennett -- would benefit from having experienced appointed counsel review the lengthy trial record and identify and brief the issues on appeal.

Moreover, Bennett's repetitive filing of appeals and motions lacking in jurisdiction, service of his opening brief on the United States Supreme Court, failure to request leave of court to represent himself, and submission of a reply brief when the government had not yet submitted an answering brief, reveal that Bennett lacks sufficient familiarity with appellate procedure and that his self-representation could burden the court's judicial and administrative resources.

For the foregoing reasons, a significant risk is present that Bennett's self-representation would undermine the integrity of the outcome of the appeal.  This is

No. 06-50580

not an appropriate case in which to exercise the court's discretion to allow self-representation. *See Martinez*, 528 U.S. at 162-63. In this case, the court's interest in the fair and efficient administration of justice outweighs appellant's interest in self-representation. *Id.*

III
Recommendation

The court should deny permission to Bennett to represent himself and should appoint new counsel to represent Bennett on appeal. The court should ask the Clerk to strike Bennett's pro se opening brief filed February 5, 2007 and Bennett's pro se reply brief received March 28, 2007. The court should set a new briefing schedule for Bennett's appeal.

*Peter L. Shaw*
Gen. Order 6.3(e)



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JU    2007

CATHY A. C         N, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>    v.<br><br>JAMES DAVIS BENNETT,<br><br>        Defendant - Appellant. | No. 06-50580<br><br>D.C. No. CR-03-25-AHS<br>Central California<br>(Santa Ana)<br><br><br>ORDER |

Before: LEAVY and T.G. NELSON, Circuit Judges

The government's request for a determination whether appellant James

Davis Bennett may represent himself on appeal was referred to the Appellate

Commissioner pursuant to Ninth Circuit General Order 6.3(e), which authorizes

the Appellate Commissioner to confirm that appellant's intention to proceed pro se

and waiver of his right to counsel are knowing, intelligent, and unequivocal. *See*

*Martinez v. Court of Appeal*, 528 U.S. 152, 162-63 (2000); *Hendricks v. Zenon*,

993 F.2d 664, 669 (9th Cir. 1993).

On April 27, 2007, the Appellate Commissioner filed a Report and

Recommendation concluding that the court should deny appellant Bennett's self-

representation and appoint new counsel to represent Bennett on appeal. Bennett

was allowed 21 days within which to file objections to the Report and

No. 06-50580

Recommendation. During the objection period, Bennett filed a "Motion for Default Judgment of Acquittal, etc." and, with a cover letter from his wife, an "Ex Parte Motion to Relieve Counsel Supplement, etc." Bennett's submissions are construed as objections to the Appellate Commissioner's Report and Recommendation. So construed, Bennett's objections are overruled.

The court adopts the Appellate Commissioner's Report and Recommendation in full. Appellant Bennett is denied permission to represent himself on appeal. New counsel will be appointed by separate order.

The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender, 321 East Second Street, Los Angeles, California 90012-4206 (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel.

The Clerk shall strike Bennett's pro se opening brief filed February 5, 2007 and Bennett's pro se reply brief received March 28, 2007. The Clerk shall provide copies of both stricken briefs to Mr. Kennedy, who is requested to serve the briefs on new counsel for such consideration as counsel deems appropriate.

No. 06-50580

New counsel shall order any additional transcripts by July 30, 2007. The court reporters shall file the transcripts in the district court by August 29, 2007. Appellant Bennett's opening brief and excerpts of record are due October 8, 2007. Appellee's answering brief is due November 7, 2007.  Appellant Bennett's optional reply brief is due 14 days after service of the answering brief.

| SESSION | FUNCTION | NO. | DESTINATION STATION | DATE | TIME | PAGE | DURATION | MODE | RESULT |
|---|---|---|---|---|---|---|---|---|---|
| 6260 | TX | 001 | 9121389400081 | JUN.08 | 03:22 | 004 | 00h00m41s35s ECM | | OK |

NAME :U.S. Appellate Commissioner Shaw
TEL  :415 355-8111
DATE :JUN.08.2007 03:23

**TX RESULT REPORT**



**OFFICE OF THE APPELLATE COMMISSIONER**
**United States Court of Appeals for the Ninth Circuit**
**95 Seventh Street**
**P.O. Box 193939**
**San Francisco, CA 94119-3939**
**(415) 556-6220**
**FAX (415) 556-6228**

**FAX TRANSMITTAL COVER SHEET**

**DATE:**      08 June 2007

**TO:**      Sean K. Kennedy, FPD@ Central CA
            Attn: Maria Garza, CJA Panel Administrator

**RE:**      USA v. BENNETT; 06-50580

**Message:**  Hi Maria! Cheers! The briefs are being sent via U.S Mail under
            separate cover. Thank You.

**FROM:**    Don Lewis, Deputy Clerk

IF YOU HAVE NOT RECEIVED ALL PAGES, PLEASE CONTACT
Don Lewis at (415)355-8215 or FAX: (415)355-8111

TOTAL NUMBER OF PAGES (including this page): 04

P:\WPDOCS\fax.wpd

# EXHIBIT  B

<u>Bennett v. Crawford, et al.,</u>
Case No CV 07-1321-CKK
Re: Motion to Dismiss

**FILED**

UNITED STATES COURT OF APPEALS

**JUN 08 2007**

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-50580 |
| Plaintiff - Appellee, | D.C. No. CR-03-25-AHS |
| v. | Central California |
| | (Santa Ana) |
| JAMES DAVIS BENNETT, | |
| Defendant - Appellant. | ORDER |

Before: LEAVY and T.G. NELSON, Circuit Judges

The government's request for a determination whether appellant James Davis Bennett may represent himself on appeal was referred to the Appellate Commissioner pursuant to Ninth Circuit General Order 6.3(e), which authorizes the Appellate Commissioner to confirm that appellant's intention to proceed pro se and waiver of his right to counsel are knowing, intelligent, and unequivocal. *See Martinez v. Court of Appeal*, 528 U.S. 152, 162-63 (2000); *Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993).

On April 27, 2007, the Appellate Commissioner filed a Report and Recommendation concluding that the court should deny appellant Bennett's self-representation and appoint new counsel to represent Bennett on appeal. Bennett was allowed 21 days within which to file objections to the Report and

No. 06-50580

Recommendation.  During the objection period, Bennett filed a "Motion for

Default Judgment of Acquittal, etc." and, with a cover letter from his wife, an "Ex

Parte Motion to Relieve Counsel Supplement, etc."  Bennett's submissions are

construed as objections to the Appellate Commissioner's Report and

Recommendation.  So construed, Bennett's objections are overruled.

The court adopts the Appellate Commissioner's Report and

Recommendation in full.  Appellant Bennett is denied permission to represent

himself on appeal.  New counsel will be appointed by separate order.

The Clerk shall serve a copy of this order by facsimile transmission on Sean

K. Kennedy, Federal Public Defender, 321 East Second Street, Los Angeles,

California 90012-4206 (FAX: (213) 894-0081), who will locate appointed

counsel.  The district court shall provide this court with the name and address of

appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14

days of locating counsel.

The Clerk shall strike Bennett's pro se opening brief filed February 5, 2007

and Bennett's pro se reply brief received March 28, 2007.  The Clerk shall provide

copies of both stricken briefs to Mr. Kennedy, who is requested to serve the briefs

on new counsel for such consideration as counsel deems appropriate.

No. 06-50580

New counsel shall order any additional transcripts by July 30, 2007. The

court reporters shall file the transcripts in the district court by August 29, 2007.

Appellant Bennett's opening brief and excerpts of record are due October 8, 2007.

Appellee's answering brief is due November 7, 2007.  Appellant Bennett's

optional reply brief is due 14 days after service of the answering brief.

# EXHIBIT  C

Bennett v. Crawford, et al.,
Case No CV 07-1321-CKK
Re: Motion to Dismiss

Search for Case


Print Page

# General Docket
## US Court of Appeals for the Ninth Circuit

Court of Appeals Docket #: 06-50580                    Filed: 10/17/06
Nsuit:   0
USA v. Bennett, et al
Appeal from: Central District of California (Santa Ana)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
    1) criminal
    2) Sentence & Conviction
    3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0973-8 : CR-03-00025-AHS
    presiding judge: Alicemarie H. Stotler, District Judge
    court reporter: Sharon Seffens, Court Reporter
    Date Filed: 1/29/03
    Date order/judgment: 10/11/06
    Date NOA filed: 10/6/06
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: in forma pauperis

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    05-50736   null   null   null
    Date filed: 9/23/05   Date disposed: 1/27/06   Disposition: 42-1/clk
    05-70713   AK    MDH    RRC
    Date filed: 2/12/05   Date disposed: 4/11/05   Disposition: den/jdg
    05-76352   null   null   null
    Date filed: 10/31/05   Date disposed: 1/25/06   Disposition: den/jdg
    06-50334   BBF    MDH    SRT
    Date filed: 6/8/06   Date disposed: 7/24/06   Disposition: jurdef/jdg
    06-50361   null   null   null
    Date filed: 6/26/06   Date disposed: 7/14/06   Disposition: 42b/clk
    06-72765   MMS    SR    MDH
    Date filed: 5/30/06   Date disposed: 8/9/06   Disposition: den/jdg
    06-72846   MMS    SR    MDH
    Date filed: 6/2/06   Date disposed: 8/9/06   Disposition: den/jdg
    06-73405   DFO    SPG    RRC
    Date filed: 7/5/06   Date disposed: 9/29/06   Disposition: den/jdg
    06-80065   null   null   null
    Date filed: 6/2/06   Date disposed: 6/6/06   Disposition: err/clk

Current cases:
          Lead        Member      Start       End
    companion:
          06-50580    06-50585    10/19/06

Docket as of November 7, 2007 11:17 pm                Page 1

06-50580 USA v. Bennett, et al

UNITED STATES OF AMERICA                 Brett A. Segal, Esq.
    Plaintiff - Appellee                 [COR LD NTC aus]
                                         USSA - OFFICE OF THE U.S.
                                         ATTORNEY
                                         411 W. Fourth St.
                                         Santa Ana, CA 92701-4599


   v.

JAMES DAVIS BENNETT                       James Davis Bennett
    Defendant - Appellant                 #32589-112
                                         [COR LD NTC prs]
                                         FCIS - FEDERAL CORRECTIONAL
                                         INSTITUTION (SAFFORD)
                                         P.O. Box 9000
                                         Safford, AZ 85548-9000

                                         Phillip A. Trevino, Esq.
                                         FAX 978/383-7775
                                         213/949-8000
                                         Ste. 801
                                         [COR LD NTC cja]
                                         LAW OFFICES OF PHILLIP A.
                                         TREVINO
                                         137 N. Larchmont Blvd.
                                         Los Angeles, CA 90004

Docket as of November 7, 2007 11:17 pm                 Page 2


06-50580 USA v. Bennett, et al

UNITED STATES OF AMERICA

        Plaintiff - Appellee

   v.

JAMES DAVIS BENNETT

        Defendant - Appellant

Docket as of November 7, 2007 11:17 pm                 Page 3


06-50580 USA v. Bennett, et al

10/17/06        DOCKETED (COPY) CAUSE AND ENTERED APPEARANCES OF COUNSEL.
                Filed in D.C. on 10/16/06; setting schedule as follows:
                transcript shall be ordered by 11/6/06 for James Davis

Bennett; transcript shall be filed by 1/5/07; appellants'
briefs, excerpts due by 2/14/07 for James Davis Bennett;
appellees' brief due 3/16/07 for USA; appellants' reply
brief due by 3/30/07 for James Davis Bennett. (RT required:
yes) (Sentence imp 121 months) (MOATT)  [06-50580]  (af)
[06-50580]

10/17/06        Filed aplt James Davis Bennett's notice of mtn and mtn for
                bail pursuant to "FRAP 9(b) & (c)"; with exhibitis; served
                on 10/16/06. (MOATT) [06-50580] (af) [06-50580]

10/17/06        Filed aplt James Davis Bennett's mtn for bill of
                particulars pursuant to FRCRP 7(f) in aplt's notice of
                appeal conviction & sentencing in the above case; served on
                10/16/06. (MOATT) [06-50580] (af) [06-50580]

10/24/06        Received    letter dated 10/24/06 from Reporter Jennifer
                Lewis requesting an ext of time to file transcript (to
                moatt per promo; bail motion pending)  [06-50580] (cb)
                [06-50580]

10/26/06        Received James Davis Bennett in 06-50580 notice of
                designation of reporter's transcript. [06-50580] (je)
                [06-50580]

10/30/06        Filed Appellant James Davis Bennett in 06-50580, Appellant
                James Davis Bennett in 06-50585's motion to take judicial
                notice; served 10/25/06.  [to moatt per PROMO - bail mtn
                pending] [06-50580, 06-50585] [06-50580, 06-50585] (je)
                [06-50580 06-50585]

10/31/06        Rec'd aplt James Davis Bennett in 06-50580's reply to govt's
                response to aplt's mtn for bill of particulars pursuant to
                FRCRP 7(f) in aplt's notice of appeal of convictions &
                sentencing; served on 10/30/06. (MOATT) (No response rec'd)
                [06-50580] (af) [06-50580]

10/31/06        Rec'd aplt James Davis Bennett in 06-50580's reply to gov't
                response to aplt's mtn for bail pursuant to FRAP 9(b)&(c);
                served on 10/30/06. (MOATT) (No response rec'd) [06-50580]
                (af) [06-50580]

11/9/06         Rec'd notice of change of address from James Davis Bennett
                for Appellant James Davis Bennett in 06-50580, James Davis
                Bennett for Appellant James Davis Bennett in 06-50585
                dated 11/03/06.  [new address: James Davis Bennett,
                32589-112, FCI Victorville Medium I, P.O. Box 5300,
                Adelanto, CA 92301]  [06-50580, 06-50585] (je)
                [06-50580 06-50585]

Docket as of November 7, 2007 11:17 pm                    Page 4


06-50580 USA v. Bennett, et al

11/21/06        Received email from Jennifer Lewis stating that the
                transcript mailed to Mr. Bennett was returned to her

|          | stating on the envelope that he is "no longer in custody." [06-50580] (gs) [06-50580] |
|----------|---|
| 12/6/06  | Received letter dated 12/4/06 from Pamela R. Bennett re: ntc that pro se aplt Paul Bennett is still in custody in Victorville and req to hear bail mtn (MOATT) [06-50580] (gail) [06-50580] |
| 12/6/06  | Received letter from pro se's wife dated 12/4/06 re: request for status of motions pending.....(sent to casefile; order of 12/11/06 responds to all pending motions in question) (ca) [06-50580] |
| 12/11/06 | Filed order ( Alfred T. GOODWIN, M. M. McKEOWN, ): Aplt's mtn for bail penidng appeal is denied without prejudice to renewal, if necessary, following presentation of the mtn to the dist ct. [5978385-1] (CITE) Aplt's "mtn for a bill of particulars" is denied. [5979177-1] Aplt's "mtn to take judicial notice" is denied. [5994270-1] The court rptr's mtn to file the transcript late is granted.  The Clerk shall file the transcript rcvd on 11/21/06, and shall notify the court rptr of aplt's new address and instruct her to send aplt a copy of the transcript at his new address.  The brfing sched established prvsly shall remain in effect.  [06-50580] (gail) [06-50580] |
| 12/11/06 | Filed James Davis Bennett in 06-50580 notice of designation of reporter's transcript (prvsly rcvd; filed per 12/11/06 order) [06-50580] (gail) [06-50580] |
| 1/9/07   | Filed Appellant James Davis Bennett's motion to reconsideration of motion for bail pending appeal; served on 1/8/07. (MOATT) [06-50580] (ca) [06-50580] |
| 1/11/07  | Rec'd aplt James Davis Bennett in 06-50580 notice of designation of reporter's transcript. [06-50580] (af) [06-50580] |
| 1/23/07  | Filed (MOATT/PE) Order (Richard A. PAEZ, Jay S. BYBEE,) Aplt's mtn to recon the denial of his bail mtn is DENIED. Aplt's renewed mtn for bail pending appeal is DENIED w/out prejudice to renewal, if necessary, following presentation of the mtn to the DC. (cite) The briefing schedule established previously shall remain in effect.  [06-50580] (af) [06-50580] |
| 2/5/07   | Filed original and 7 copies Appellant James Davis Bennett in 06-50580 opening brief  ( Informal: no) 30 pages and 5 copies of excerpts; served on 1/31/07  [06-50580] (gail) [06-50580] |

Docket as of November 7, 2007 11:17 pm                    Page 5

06-50580 USA v. Bennett, et al

| 2/26/07 | Filed Appellant's mtn for bail; recon of 9th Cir. order |
|---------|---|

dated 1/23/07 [06-50580] served on 2/23/07 [6101453] MOATT [06-50580] (gail) [06-50580]

2/26/07 Copy DC motion received: Aplt's mtn for completed record to incudle all filings [06-50580] (gail) [06-50580]

3/2/07 Filed order ( Alfred T. GOODWIN, A. W. TASHIMA, ): Appellant's motion for bail pending appeal is denied because aplt has not shown, by clear and convincing evidence, that aplt is not likely to flee or pose a danger to the safety of any other person or the community if released. (6101453-1) (CITE)  The brfing sched established prvsly shall remain in effect. [06-50580] (gail) [06-50580]

3/9/07 Filed Aple USA's mtn for determination as to whether deft-aplt will be given leave to proceed pro se [06-50580] served on 3/8/07 [6113429] MOATT (gail) [06-50580]

3/28/07 Received orig. and 1 copies James Davis Bennett in 06-50580's reply brief  ( Informal: yes ) of 7 pages; served on 3/27/07 . (rcvd because no answ brf has yet been filed.) [06-50580] (gail) [06-50580]

3/30/07 Sent Appellee USA in 06-50580 31(c) letter for failure to file answ brf. response to 31(c) letter due 4/16/07; [06-50580] (sent in error mtn to proceed pro se pending/moatt) (gail) [06-50580]

3/30/07 Received 1 copy Appellant James Davis Bennett in 06-50580's addendum to reply brief (includes portion of transcripts) ( [6131931-1] ,served on 3/30/07 [06-50580] (gail) [06-50580]

3/30/07 Filed Appellant's mtn to continue with current brfing sched and to accept the government's filing dated 3/8/07 as opposition brf [06-50580] served on 3/27/07 [6135883] MOATT [06-50580] (gail) [06-50580]

4/4/07 Received letter (undated) from pro se re: req for status of case (sent public docket to aplt in response) (gail) [06-50580]

4/16/07 Received Lawrence A. Kole for Appellee USA in 06-50580 letter dated 4/12/07 re: ntc that no answ brf is yet due and govt will await new due date. [06-50580] (gail) [06-50580]

4/20/07 Referred to MOATT re: status of aple's mtn filed 3/9/07. [6113429-1] [06-50580] (ea) [06-50580]

4/25/07 Received letter from pro se dated 4/25/07 re: req "to expeditiously to complete appeal"  (copy to MOATT) (gail)

06-50580 USA v. Bennett, et al

          [06-50580]

4/27/07        Filed order (Appellate Commissioner) The Clerk shall serve copies of the Report and Recommendation filed contemporaneously with this order on all parties at the addresses of record. Appellant James Davis Bennett may file a pro se objection to the Report and Recommendation within 21 days after this order is filed. The Clerk shall forward to the Appellate Commissioner any objection filed. ( Ap.Com.) [06-50580] (dl) [06-50580]

4/27/07        Filed Report and Recommendation by Appellate Commissioner. [06-50580] (dl) [06-50580]

5/1/07         Filed Appellant's mtn for default jdgmnt of acquittal on counts 1-10; mtn for hearing to determine the legality of aplt's continued detention pursuant to 28 USC 2241; and mtn to refer Alicemaire Stotler, Lawrence E. Kole, and Brett A. Sagel to Congress for criminal investigation [06-50580] served on 4/19/07 [6171378] APP. COMM. [06-50580] (gail) [06-50580]

5/14/07        Received letter dated May 11, 2007, from appellant's spouse in support of appellant's request to proceed pro se. (Ap.Com.) [06-50580] (dl) [06-50580]

5/15/07        Received notice of objection to App.Comm. recommendation from Appellant James Davis Bennett in 06-50580 (rcvd in court on 5/15/07; rcvd in docketing on 6/5/07) (copy to APP. COMM.) (gail) [06-50580]

5/29/07        Rec'd notice of change of address from Appellant James Davis Bennett in 06-50580 dated 5/23/07 (new address: #32589-112 FCI Stafford, P.O.Box 9000, Safford, AZ 85548) [06-50580] (gail) [06-50580]

5/29/07        Received letter dated 23 May 2007 from the wife of appellant re: request of appellant to represent himself. (Ap.Com.) [06-50580] (dl) [06-50580]

Docket as of November 7, 2007 11:17 pm        Page 7

06-50580 USA v. Bennett, et al

6/8/07         Filed order ( Edward LEAVY, Thomas G. NELSON): ...On April 27, 2007, the Appellate Commissioner filed a Report and Recommendation concluding that the court should deny appellant Bennett's self-representation and appoint new counsel to represent Bennett on appeal. Bennett was allowed 21 days within which to file objections to the Report and Recommendation. During the objection period, Bennett filed a "Motion for Default Judgment of Acquittal, etc." and, with a cover letter from his wife, an "Ex Parte Motion to Relieve Counsel Supplement, etc." Bennett's submissions are

construed as objections to the Appellate Commissioner's Report and Recommendation. So construed, Bennett's objections are overruled. The court adopts the Appellate Commissioner's Report and Recommendation in full. Appellant Bennett is denied permission to represent himself on appeal. New counsel will be appointed by separate order. The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender, 321 East Second Street, Los Angeles, California 90012-4206 (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. The Clerk shall strike Bennett's pro se opening brief filed February 5, 2007 and Bennett's pro se reply brief received March 28, 2007. The Clerk shall provide copies of both stricken briefs to Mr. Kennedy, who is requested to serve the briefs on new counsel for such consideration as counsel deems appropriate. New counsel shall order any additional transcripts by July 30, 2007. The court reporters shall file the transcripts in the district court by August 29, 2007. Appellant Bennett's opening brief and excerpts of record are due October 8, 2007. Appellee's answering brief is due November 7, 2007. Appellant Bennett's optional reply brief is due 14 days after service of the answering brief. [06-50580] (dl) [06-50580]

6/11/07    Rec'd aplt James Davis Bennett in 06-50580's request for criminal investigation; served on 6/2/07. (App. Comm) [06-50580] (af) [06-50580]

6/19/07    Filed Appellant James Davis Bennett in 06-50580's motion to disbar Lawrence E. Kole & Brett A. Sagel [06-50580] served on 6/18/07 [6211691] MOATT [06-50580] (gail) [06-50580]

6/22/07    Received letter dated 6/17/07 from pro se re: "aplt's formal proffer to the 9th Circuit" (APP.COMM.) (gail) [06-50580]

7/2/07    Filed Appellant James Davis Bennett in 06-50580's motion to reconsider 6/8/07 order [06-50580] served on 6/17/07 [6221883] MOATT [06-50580] (gail) [06-50580]

Docket as of November 7, 2007 11:17 pm            Page 8

06-50580 USA v. Bennett, et al

7/2/07    Received Appellant in 06-50580 notice of designation of reporter's transcript. CASEFILE [06-50580] (gail) [06-50580]

7/3/07    Received copy of District Court order filed on June 20, 2007 appointing James M. Crawford, Esq., as CJA counsel of record for appellant. [06-50580] (dl) [06-50580]

7/10/07      Filed order (Appellate Commissioner) This court has received appellant James Davis Bennett's pro se request for a criminal investigation, motion to disbar the government attorneys, and petition for rehearing and proffer. Because appellant Bennett is represented by counsel, only counsel may file motions. The court therefore declines to entertain Bennett's submissions. With this order, the Clerk shall serve copies of the pro se submissions on appellant's newly appointed counsel of record, James M. Crawford, Esq., 528 North Glassell, Orange, California 92867, for such consideration as counsel deems appropriate. The Clerk shall also serve this order on appellant individually, James Davis Bennett, Reg. No. 32589-112, Federal Correctional Institution, P.O. Box 9000, Safford, Arizona 85548. ( Ap.Com.) [06-50580] (dl) [06-50580]

8/6/07      Filed James M. Crawford in 06-50580's motion to withdraw as counsel [06-50580] ; served on 8/2/07 MOATT (gail) [06-50580]

9/7/07      Filed order (Appellate Commissioner) The motion of James M. Crawford, Esq., 528 North Glassell Street, Orange, California 92867, (714) 288-0180, to be relieved as counsel for appellant is granted. New counsel will be appointed by separate order. The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender, 321 East Second Street, Los Angeles, California 90012-4206 (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. New counsel shall designate the reporter's transcript by October 15, 2007. The transcript is due December 17, 2007. Appellant's opening brief and excerpts of record are due January 28, 2008; appellee's answering brief is due February 27, 2008; and the optional reply brief is due within 14 days after service of the answering brief. ( MoAtt) [06-50580] (dl) [06-50580]

9/21/07      Received copy of District Court order filed on September 14, 2007 appointing Phillip A. Trevino, Esq., as CJA counsel of record for appellant. [06-50580] (dl) [06-50580]

Docket as of November 7, 2007 11:17 pm        Page 9

06-50580 USA v. Bennett, et al

10/9/07      Filed Appellant James Davis Bennett's motion to remove Aplt Commissioner "from further participation" [06-50580] served on 10/4/07 [6315304] (MOATT) [06-50580] (gail) [06-50580]

10/15/07      Received Appellant James Davis Bennett in 06-50580 notice of designation of reporter's transcript (multiple hearings from 1/31/03 to 1/26/07 are listed) [06-50580] (gail)

                              [06-50580]

10/29/07          Received notice of petition under USC 2241 from Appellant
                  James Davis Bennett in 06-50580  (MOATT) (gail)
                  [06-50580]

11/1/07           Filed Appellant James Davis Bennett's mtn for grand jury
                  authorized jurisdiction [06-50580] served on 10/29/07
                  [6339313] (MOATT) [06-50580] (gail) [06-50580]

Docket as of November 7, 2007 11:17 pm              Page 10

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 11/14/2007 16:07:01 | | |
| PACER Login: | fp0087 | Client Code: | |
| Description: | dkt report | Case Number: | 06-50580 |
| Billable Pages: | 10 | Cost: | 0.80 |