# UNITED STATES DISTRICT COURT
## FOR
## THE DISTRICT OF COLUMBIA

James Davis Bennett,                    )   Civil Action No.: 07-1321(CKK)
                                        )
      Plaintiff,                      )   **Plaintiff's Judicial Notice Pursuant**
                                        )   **to Rules of Evidence 201, Plaintiff's**
vs                                      )   **Opposition to Defendant's Motion to**
                                        )   **Dismiss, and Plaintiff's Motion for**
James M. Crawford, et al.,              )   **Summary Judgment Pursuant to Civil**
                                        )   **Procedures Rule 56.**
      Defendants.                     )
                                        )
_____        )

# RECEIVED

JAN - 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**TABLE OF CONTENTS**                    **PAGE(S)**

Table of Exhibits...........................................iii

Table of Authorities.......................................iv

Judicial Notice.............................................1

Verification................................................7

Opposition to Defendant's Motion to Dismiss:

      Introduction........................................8

      Issues..............................................8
          a.  is Mr. Kennedy a Government Employee..........9
          b.  did Mr. Kennedy violate § 3006A(b)............9
          c.  does Heck v. Humphrey apply to acquittals.....9

      Arguments...........................................9
          a.  Mr. Kennedy is a Government Employee..........9
          b.  Mr. Kennedy violated § 3006A(b)..............15
          c.  Heck is inapplicable to acquittals...........18

Conclusion.................................................20

Summary Judgment-FRCVP Rule 56:

      Introduction.......................................22

      Issue..............................................23
          a.  can Federal Defenders appoint counsel.........23

      Argument...........................................23
          a.  only Judges can appoint counsel...............23

Conclusion.................................................24

## TABLE OF EXHIBITS

**Exhibit**                          **Subject**

A.........................Jurisdiction for Lenders

B.........................No Grand Jury Jurisdiction

C.........................Plaintiff warns Judge regarding Jurisdiction

D.........................Judge, US Attorney Discuss un-charged counts

E.........................R-29 Acquittal Opinion

F.........................Refusal to Identify Conviction at Sentencing

G.........................Ninth Circuit Docket-Government Default

H.........................Indictment's Counts 5,6&7 Lender not licensed

I.........................Mr. Kennedy's response letter to conflict

J.........................Administrative Office of US Courts Chart

K.........................Mr. Kennedy's conflict with Plaintiff

L.........................District Dkt no order for appointments

**TABLE OF AUTHORITIES**                    **PAGE(S)**

Statutory Directives:

    -18 USC 3006A..................................ii,9,15,17,22,23,24

    -18 USC 225...................................5

    -28 USC 1346..................................9,12,20

    -28 USC 1402..................................9,13

    -28 USC 1391..................................10,11,12,14

    -28 USC 2679..................................15

    -42 USC 1983..................................19

    -28 USC 1915A.................................20

Federal Rules:

    -FREVD Rule 201...............................i,1

    -FRCVP Rule 56................................i,ii,1,23

    -FRCRP Rule 29................................4,5

    -FRCVP Rule 8.................................18

    -FRCVP Rule 12................................18

Common Law Directives:

    -Beattie v. United States 756 F.2d 91.........14

    -Bivens v. Six Unknown Agents 403 U.S. 388.....9,12,14,20

    -Briggs v. Goodwin 569 F.2d 1.................11

    -Cameron v. Thornburgh 983 F.2d 253...........10

    -Driver v. Helms 577 F.2d 147.................11

    -Heck v. Humphrey 512 U.S. 477................18,19,20

    -Marbury v. Madison 1 Cr.(5 U.S.) 137-(1803)...15

    -Mireles v. Waco 502 U.S. 9...................17

    -Safford v. Briggs 444 U.S. 527...............11

    -Sindram v. Suda 986 F.2d 1459................18

    -The Mayor v. Copper 6 Wall (73 U.S.) 247......15

UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James Davis Bennett,     ) | **Civil Action No.: 07-1321(CKK)** |
|             ) | |
|     Plaintiff,    ) | **Plaintiff's Judicial Notice Pursuant** |
|             ) | **to Rules of Evidence 201, Plaintiff's** |
| vs             ) | **Opposition to Defendant's Motion to** |
|             ) | **Dismiss, and Plaintiff's Motion for** |
| James M. Crawford, et al.,  ) | **Summary Judgment Pursuant to Civil** |
|             ) | **Procedures Rule 56.** |
|     Defendant.   ) | |
|             ) | |
| _____) | |

### JUDICIAL NOTICE

The following are factual events occurring in District Court

Case Number 03-0025(B)AHS and Appellate Court Case Number 06-50580.

I certify and verify the veracity of the following facts under the

penalty of perjury and would support each if called to testify.

Therefore, I request this court take judicial notice pursuant to

Federal Rules of Evidence Rule 201(a), (b)(1)-(2), and (d). As

required by Rule 201(b)(2) the facts below are followed by

documented evidence and or the related source of their verification.

    1. Just prior to Christmas and New Years 2003-2004 Chief

Judge Alicemarie H. Stotler allows Bennett's retained counsel to

motion off prior to Bennett's location of replacement counsel.

Docket number(hereafter Dk#) 62.

-1-

2. After Bennett narrowed his search for new counsel to two
firms; Judge Stotler orders Bennett to go down and apply for
representation with the Federal Defenders Office. Exhibit K, DK# 67.

3. After being informed that the Federal Defenders had a conflict
with Bennett and against Bennett's wishes; Judge Stotler appoints
CJA attorney Michael S. Meza. Exhibit K, Dk# 69.

4. Meza makes motion to suppress evidence based primarily on
a lack of Federal Jurisdiction resulting from FBI Agent Michael
Rawlin's false search warrant affidavit claiming a Federally insured
Bank; Flagstar, made the loans for the purchase of the properties he
was investigating. Exhibit A, Dk# 79.

5. During the suppression hearing assistant US Attorney Lawrence
E. Kole admits and Judge Stotler confirms that a non-federally insured
institution; Long Beach City Mortgage, was the true company making
the loans which were the subject of agent Rawlin's false affidavit.
Exhibit A, Dk# 93.

6. Although US Attorney Kole and Judge Stotler admit that
Flagstar was not the company who made the loans for the purchase of
properties in the affidavit and in the indictment's counts 5, 6, and 7;

-2-

trial on these counts went forward even in face of the lack of Federal

Jurisdiction. See page 5 lines 10-26 and page 6 lines 1-3, presented

as counts 5, 6, and 7 of the trial indictment in Exhibit B versus

the documents from the true lender Long Beach City Mortgage in

Exhibit A.

7. Thereafter, CJA attorney Michael Meza makes request for

funds for evidence copies(Dk# 116) and for an investigator to locate

witnesses and serve subpoenas. Dk# 124. Both requests were denied by

Judge Stotler. Dk# 117 & 124.

8. As a result Meza motions to be relieved(Dk# 120) and Judge

Stotler denies. Dk# 123.

9. Then Bennett makes motion through appointed counsel to bring

in retained counsel or in the alternative to represent himself. Dk# 152.

10. During the hearing related to ¶# 9 above Bennett warns Judge

Stotler about the Jurisdictional problems related to Government Fraud

associated with their known falsification of Federal Jurisdiction

through misrepresenting Federally insured lenders in place of

Non-federally insured lenders. Exhibit C & Dk# 153.

11. After denying Bennett's motion mentioned in ¶# 9 above and

-3-

during trial Judge Stotler, CJA appointed attorney Meza, and un-licensed

assistant United States Attorney Brett A. Sagel all discuss which of

the multiple un-charged, un-indicted, un-arraigned violations were

to apply to each of the un-charged, un-indicted, un-arraigned counts.

Exhibit D & Dk# 197.

    12. Close examination of the above reveals that the District

Court not only falsely maintained Jurisdiction over Counts 5, 6, and 7

(the falsified Flagstar Loans mentioned in ¶# 4, 5, and 6 above)

but also in the entire criminal proceedings as none of the indictments;

to include the final indictment used for trial, were authorized

by the Grand Jury as evidenced by the lack of signatures. Exhibit B

& Dk#s 1, 82, and 129.

    13. Because of the forced representation of CJA appointed

Attorney Meza, pertinent evidence related to the false indictment

and charges were totally concealed from Bennett and the jury until

after conviction when Bennett was allowed to file a Federal Rules

of Criminal Procedures Rule 29 requesting acquittal on all

charges. Dk#s 1, 82, and 129.

    14. Subsequently, Judge Stotler acquits Bennett of count 12

(18 USC 225-Continuing Financial Crimes Enterprise) for the very

reasons Bennett warned her of during his request to bring in retained

counsel and the very reason she and Kole admitted during the search

warrant suppression hearing(see ¶#s 4, 5, 6, 10, 11 & 12 above);

Government falsifying Federal Bank related charges. Exhibit E &

Dk# 254.

    15. Count 12; 18 USC 225, requires convictions totaling 5 million

or more in the predicate offenses associated with Federally Insured Banks.

Therefore, in order to issue acquittal in count twelve it necessarily

requires the issuance of a number of acquittals in the predicate

offenses. In Stotler's opinion in Exhibit E she presents two charts

of offenses alleged by the Government to have been associated with

Federally Insured Banks. These predicate offense counts  appearing within

the two charts appear to be the counts which sustained convictions

which are not being reversed by the R-29 acquittal. All other counts

to include those appearing in the un-authorized indictment as

counts 1, 5, 6, 7, 8, 9, & 10 are not included in the charts but

are included in the chart's "TOTAL Gross Receipts-Sum for Nonfinancial

institutions" thus supporting Judge Stotler's and US Attorney Kole's

admission(Exhibit A & Dk# 93) that the non-federally insured lender

Long Beach City Mortgage and not Flagstar Bank was the true lender

in counts 5, 6, and 7 contrary to that which was misrepresented

in the search warrant affidavit and the un-authorized indictment.

Because of the confusion created by the manipulation of Federal

Jurisdiction; at sentencing Bennett requested Judge Stotler

clarify and support all convictions with verdict forms(Exhibit F

& Dk# 316). She outright refuses to disclose the violations of

conviction and suggests Bennett take it up on appeal. Exhibit F.

16. On Appeal Bennett files his opening brief which outlines

the documented events above and questions district jurisdiction

because of the lack of Grand Jury authorization. Exhibit B and

Exhibit G-entry date 2/5/07.

17. The Government reads the brief, learns about the mention

of a lack of Federal Jurisdiction, defaults, and requests the

court remove the brief and Bennett from participation. Exhibit G-

entry dates 3/9/07 and 3/30/07.

18. Commissioner Peter L. Shaw takes over all further

decisions on Bennett's appeal and becomes responsible for striking

-6-

the opening brief, removing Bennett's Pro Se status, and appointing

unwanted CJA counsel to re-write the brief. Exhibit G-entry dates

4/27/07 and 6/8/07.

19. Thereafter Mr. Kennedy appoints James M. Crawford and

when he requests to be relieved Kennedy appoints Phillip A.

Trevino. Exhibit G-entry dates 6/08/07, 7/3/07, 8/6/07, 9/7/09

and 9/21/07.

20. During Kennedy's appointment of James M. Crawford Plaintiff

Bennett sends a letter to Mr. Kennedy requesting he not take any

actions and reminding him of his conflict of interest with Plaintiff.

Mr. Kennedy ignores the letter, appoints James M. Crawford, and

through his current counsel Gail Ivens proceeds to explain the

process of appointment . Exhibit I.

I James Davis Bennett verify the veracity of the facts

outlined above under the penalty of perjury.

Signed: _____

Dated: 12·25·07 _____

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
### INTRODUCTION

21. The Plaintiff has been harmed by the United States Government and its employees by the criminal actions they used and covered up to falsely imprison him.

22. The United States obtained search warrants through fraud (¶ 4, 5, 6, and 12), created un-indicted charges through fraud (¶ 11 & 12), ignored warnings related to un-charged counts (¶ 9 & 10), forced CJA Attorney on Plaintiff to conceal the fraud(¶ 9 & 11), issued acquittal when Plaintiff went Pro Se and revealed the fraud(¶ 13, 14, and 15), refused to identify the counts of conviction for sentencing because of the fraud(¶ 15), struck Plaintiff's opening brief because it revealed the fraud(¶ 16 17, and 18), illegally appointed another CJA Attorney to keep Plaintiff in prison to conceal the fraud(¶ 18. 19. and 20), and now Mr. Kennedy files a frivolous motion requesting he be allowed to escape liability for his part in the fraud.

### ISSUES

23. In deciding the Defendant's motion to dismiss  the Court is presented with three straightforward issues:

      a. Is Mr. Kennedy a Government employee and was he
         undertaking the traditional functions of a private
         attorney?
      b. Did Mr. Kennedy violate § 3006A and unethically
         participate in Plaintiff's case?
      c. Does Heck v. Humphrey's favorable outcome doctrine
         apply to cases where acquittals have been issued?

Although the Defendant presents eight arguments they can easily be

addressed by answering the three questions above.

### ARGUMENTS

      a. **Mr. Kennedy is a Government employee therefore venue is
         proper, personal jurisdiction is satisfied, Bivens is
         appropriate and he is a proper party for a tort claim
         pursuant to 28 U.S.C. § 1346.**

24. Mr. Kennedy is a government employee whoes position

was created through the Criminal Justice Act as codified

in 18 U.S.C. § 3006A(g)(2). He is supervised through the appellate

court and paid through the Administrative Office of the United State

Courts. See Exhibit J "Defender Services Division".

25. Title 28, United States Codes, Section 1402(b) provides

venue for claims against the United States; it states, "Any civil

action on a tort claim against the United States under

subsection (b) of section 1346 of this title may be prosecuted only

in the judicial district where the plaintiff resides or wherein

the act or omission complained of occurred". Subsection (b)

specifically covers the negligent and wrongful acts of "Appointing, supervising, and Administering discipline"(see complaint page 10) committed by the United States through employees of which Mr. Kennedy is one of many.

26. Title 28, United States Codes, Section 1391(e) provides venue for actions against "an officer or employee of the United States" acting in his official capacity or under color of legal authority; it states, "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or any agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides" & "(2) a substantial part of the events or ommissions giving rise to the claim occurred........". This subsection also covers the negligent and wrongful acts of "Appointing, supervising, and Administering discipline"(see complaint page 10) committed by the United States through employees of which Mr. Kennedy again is one of many.

27. In Cameron v. Thornburgh, 983 F.2d 253 at 256, footnote 2

-10-

the Court stated that Section 1391(e) makes venue proper for a suit

against government officials in any district in which a defendant

resides and because Attorney General Thornburgh lived in the District

of Columbia, the court correctly concluded that venue would have

been proper in this district for the injunctive claim.

28. When commenting on section 1391(e) as it relates to the

acquisition of personal jurisdiction over a defendant the Court in

Cameron said, "Focusing on appellant's claim for an injunction,

the court concluded that venue was proper under 28 U.S.C. § 1391(e)

and that the court had personal jurisdiction under the nationwide

service of process provision of the same section and that "case law

interpret[s] the statute to provide for personal jurisdiction over

suits for injunctive relief against defendants in their official

capacities. " Mem. Op at 3. See Briggs v. Goodwin, 569 F.2d 1,

7-10(D.C. Cir. 1977), rev'd on other grounds sub nom. Safford v.

Briggs, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed. 2d 1(1980); see also

Driver v. Helms 577 F.2d 147, 155(1st Cir. 1978), rev'd on other

grounds sub nom.

29. Mr. Kennedy bases his arguments around 28 U.S.C. § 1391(b)

that venue is improper, that the court lacks personal jurisdiction,

that he is not a Federal Official for Purposes of Bivens, and that

he is not a proper party for a Federal Tort Claim under 28 U.S.C.

§ 1346. Section 1391(b) states, "A civil action wherein jurisdiction

is not founded solely on diversity of citizenship may, **EXCEPT AS**

**OTHERWISE PROVIDED BY LAW**, be brought only in (1) a judicial district

where any defendant resides, if all defendants reside in the same

state, (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant may be found, if

there is no district in which the action may otherwise be brought."

    30. To accept Kennedy's argument necessarily requires the

court to classify Mr. Kennedy as a private attorney who was selected

by Bennett and who has absolutely no connection with the Government.

As shown below; to accept this framing of the argument will leave

the Court with egg on its face if it issues a ruling supported by

this clearly mistaken characterization of Mr. Kennedy's functions.

    31. It is clear that "Mr. Kennedy is a federal employee"

because this is how he characterizes himself when he attempts

to escape liability by invoking the "immunity protections of the

FTCA"(Defendant Motion page 11). It is equally clear that the

"Plaintiff's prayer for relief asks for injunctive, declarative

and monetary relief"(Defendant Motion page 2-see also Complaint

page 10-11). It is also equally clear that the United States is a

party Defendant(Complaint page 1) and that the Plaintiff alleges

"that the United States, James M. Crawford, Sean Kennedy and the

State Bar of California abused their process of Appointing, supervising

and administering dsicipline to unethical licensed and un-licensed

Attornies"(Complaint page 10).

32. Therefore, the fact senario indicated in ¶ 31 above

makes clear that venue is proper in this court because The United

States is a party Defendant, it is alleged that the United States

abused its's process of "Appointing, supervising, and administering

discipline, and that the Plaintiff requests injunctive, declarative

and monetary relief". The application of these facts makes it clear

that 28 USC § 1402(b) is the appropriate statute providing venue

for the United States( as Appointing, supervising, and administering

-13-

discipline occurs here). In Beattie v. United States, 756 F.2d 91,

the court held that venue was proper in the United States District

Court for the District of Columbia for claims alleging negligence

by officers of the United States in training, selecting, and

supervising Navy personnel outside the District of Columbia.

Additionally, Mr. Kennedy is a self admitted Government employee

therefore 28 U.S.C. § 1391(e) is the appropriate statute providing

venue and personal jurisdiction for Mr. Kennedy.

33. Also, locating or appointing counsel does not provide

Mr. Kennedy with the Bivens exemption he seeks. As he so appropriately

put it that exemption is reserved for "public defenders and other

other attorneys appointed to represent defendants in federal

proceeding"(see authorities used Defendant's Motion page 10).

Mr. Kennedy did not represent Plaintiff, as a matter of fact he went

against his own admitted conflict of interest with Plaintiff(Exhibit

K & Dk # 67 & 69) and acted against Plaintiff's clear request

that he not participate.

34. Finally, Mr. Kennedy is alleged to have violated Plaintiff's

-14-

constitutional rights leading up to false imprisonment(complaint

page 9 and 10). Therefore, Mr. Kennedy's mistaken "immunity protections

of the FTCA"(motion page 11) based on 28 U.S.C. § 2679(b)(1)

mandating an action against the United States as the Plaintiff's

exclusive remedy is exempted from the exclusivity clause because

this action " is brought for a violation of the Constitution". See

28 U.S.C. § 2679(b)(2) which effectively exempts Constitutional

violations from the exclusivity clause.

> **b. Mr. Kennedy has no jurisdiction to appoint counsel**
> **and is ethically barred from participating in Bennett's**
> **current case.**

35. The Supreme Court has stated that there are two prerequisites

to jurisdiction before it is deemed to be present; first,

the Constitution must have given the courts the capacity to receive

it(Marbury v. Madison, 1 Cr.(5 U.S.)137-(1803)), and second, an

act of Congress must have conferred it. The Mayor v. Copper, 6 Wall

(73 U.S.) 247, 252(1868).

36. The Jurisdiction for the appointment of CJA Counsel is

found in 18 U.S.C. § 3006A(a); it states, "Each United States district

court, with the approval of the judicial council of the circuit,

-15-

shall place in operation throughout the district a plan for

furnishing representation for any person financially unable to obtain

adequate representation in accordance with this section and "Prior

to approving the plan for a district, the judicial council of the

circuit shall supplement the plan with provisions for representation

on appeal". Subsection (b) goes on to state; "Unless the person

waives representation by counsel, the United States magistrate[United

States magistrate judge] or the court, if satisfied after appropriate

inquiry that person is financially unable to obtain counsel,

shall appoint counsel to represent him".

37. After being approved to proceed in Pro Se the Plaintiff

was able to receive acquittal on charges lacking Federal Jurisdiction

(Exhibit E & Dk# 254), conduct his sentencing challenging Judge

Stotler's concealment of Federal Jurisdiction(Exhibit F), and filed

his opening brief disclosing the concealment of the lack of Federal

Jurisdiction(Exhibit G-entry date 2/5/07). Thereafter the Circuit

allowed the Government to read the opening brief(Exhibit G-entry date

2/5/07 and 3/9/07), then allowed them to request the brief be

removed and re-written by a CJA appointed Attorney(Exhibit G-entry

-16-

date 3/9/07). This is the very thing the District did when

appointing CJA attorney Meza to assist the court in concealing the

Jurisdictional deficiency in the first place. Thereafter Sean

Kennedy appoints James M. Crawford(Exhibit I) and after Crawford's

removal Kennedy appoints Phillip A. Trevino(Exhibit G-entry date

9/7/07).

38. 18 USC § 3006A(b) only authorizes a Magistrate or an

Article III Judge to appoint counsel. Also, there are no such

statutes that authorizes any attorney in a case to act on behalf

of a party to which they have an admitted conflict. Mr. Kennedy

is not a Magistrate or Article III Judge. He has an admitted conflict

with the Plaintiff but ignores this conflict and still moves forward

to appoint Crawford and Trevino. Now Mr. Kennedy wants to shield

himself from liability for his intentional actions by using

Judicial immunity. Judicial Immunity only applies when the questioned

action is within the jurisdictional power of the judicial actor.

But, it is clear from the authorities that actions taken in a

complete absence of all jurisdiction fall outside the judicial

immunity doctrine. See Mireles v. Waco, 502 U.S. 9, 11-12,

-17-

112 S.Ct. 286, 116 L.Ed. 2d 9(1991); Sindram v. Suda, 986 F.2d 1459,

1460(D.C. Cir. 1993)(per curiam).

39. Judicial immunity is an affirmative defense that must be

plead or made by motion. FRCVP Rule 8 & 12. Black's Law 8th Edition

describes an affirmative defense as "A defendant's assertion of

facts and arguments that, if true, will defeat the plaintiff's or

prosecution's claim.....[and] The defendant bears the burden of

proving an affirmative defense". Mr. Kennedy has failed to prove

that he has any statutory jurisdiction to participate in the

Plaintiff's case. Even worst, Mr. Kennedy cannot explain how

ethically he should be allowed to view sensitive information related

to a case where he has a self admitted conflict(see Exhibit K,

Dk# 67 & 69). Under these factual considerations Mr. Kennedy cannot

be said to have justification for the application of any immunity

doctrine to his intentional acts.

### c. Heck v. Humphrey's favorable outcome doctrine does not apply to convictions that have been acquitted.

40. Heck v. Humphrey, 512 U.S. 477, has come to be known as

the seminal case espousing the "Favorable Outcome Doctrine". That

doctrine states that "in order to recover damages for [an] allegedly

-18-

unconstitutional conviction or imprisonment, or for other harm caused

by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or

sentence has been reversed.......". id at 486-87.

41. Mr. Kennedy in some way seems to believe that this is an

action for Habeas release and that because of Heck v. Humphrey's

favorable outcome doctrine the Plaintiff is barred from bringing it.

What he fails to mention is that the Plaintiff has had count twelve

and a number of the predicate counts upon which that count relies

reversed(¶ 12, 13, 14, 15, & 16 above). Mr. Kennedy can not simply make

an assumption that because Plaintiff is in prison that the instant

action is barred. Although he attempts to invoke the Favorable Outcome

Doctrine as an affirmative defense he must still do what the sentencing

Judge refused to do; that is prove which of the many un-indicted,

un-arraigned, and un-charged counts forms the basis of his affirmative

defense. After all, "The defendant bears the burden of proving an

affirmative defense"(Blacks Law 8th) and as clearly shown in Exhibit

F the sentencing Judge could not articulate what the basis for sentencing

was. Therefore if the sentencing Judge could not determine which

counts sustained or did not sustain convictions there is no way

that Mr. Kennedy can prove his favorable outcome defense.

42. Considering that Mr. Kennedy's arguments regarding proper

venue, personal jurisdiction, Bivens, 28 U.S.C. 1346, Judicial

immunity, and Heck v. Humphrey have been exposed that leaves only two

arguments upon which the court might reasonably issue a dismissal.

Because of the substantial evidence presented in the Judicial Notice

(¶ 1-20) tending to warrant summary judgment in favor of the

Plaintiff; the final Defendant arguments for the application of

28 U.S.C. § 1915A appears to be "frivolous" and since the Plaintiff

never requested to "proceed pro se"(Motion at 2) but only requested

that his prior Circuit Approved Pro Se Status along with his brief

that had already been filed be honored; just as anyone would

expect, appears equally "frivolous". Therefore, the Kennedy argument

that "There is no constitutional right to proceed pro se" has absolutely

no foundation because Plaintiff does have a right to bring in retained

counsel of his choice and Kennedy nor anyone else ever inquired.

### CONCLUSION

42. In order for the court to dismiss based on the Defendant's

arguments II and III the Court has to make a factual determination that Mr. Kennedy is a non-Government employee. To dismiss based on the Defendant's argument IV the Court has to make a factual determination that Mr. Kennedy is a Government or Private Attorney performing the traditional functions related to representing clients. To dismiss based on the Defendant's argument V the Court has to make a factual determination that Mr. Kennedy is being sued in his personal capacity and that there are no contitutional violations alleged. To dismiss based on the Defendant's argument VI the Court has to make a factual determination that Mr. Kennedy is a Magistrate or an Article III Judge and that he does not have an admitted conflict with the Plaintiff. To dismiss based on the Defendant's argument VII the Court has to make a factual determination that the Plaintiff was never acquitted. The other two Defendant arguments are not well founded and therefore they deserve little discussion. It would appear that there is little to no support for any of the required factual determinations.

Dated this 25th Day of December 2007,

By: _____

James Davis Bennett

-21-

## SUMMARY JUDGMENT-FRCVP RULE 56
## INTRODUCTION

43. Plaintiff once again proffers to dismiss all actions

including criminal appeal #06-50580 if this court will order the

United States to produce the indictment signed by a Grand Jury

Foreperson bearing the 25 trial counts with the five various

violations alleged against each(see Exhibit D & E), along with

the verdict forms(see request Exhibit F), and along with the

arraignment transcripts proving Plaintiff was arraigned on all

of the 25 counts times 5 violations.

44. The United States will never produce the documents

itemized above. They have made sure that no one finds out. This

is why they used CJA attorney Michael S. Meza when Plaintiff was

in the process of bringing in retained counsel(see Exhibit K,

Dk# 67 & 69). This is why  Mr. Kennedy violates 28 U.S.C. § 3006A

by making the un-authorized appointment of CJA attorneys Crawford

and Trevino when he knows he has an admitted conflict of interest

(see Exhibit K). This is why when you look at Ninth Circuit docket

entries  7/3/07 and 9/21/07 in Exhibit G they refer you to orders

supposedly filed in the District "June 20, 2007 appointing James M.

Crawford" and "September 14, 2007 appointing Phillip A. Trevino";

such orders do not exist(see Exhibit L, District Dk#s 396-404).

This is also why summary judgment in favor of Plaintiff appears

more then equitable.

## ISSUE

a. Did Congress give Federal Defenders who have ethical
conflicts with clients Jurisdiction to appoint
Counsel under the Criminal Justice Act?

## ARGUMENT

a. Congress only gave Jurisdiction to appoint Counsel
under the CJA to Magistrate and Article III Judges
therefore Mr. Kennedy's appointment of Crawford &
Trevino in spite of a conflict lacks Jurisdiction.

45. In 18 U.S.C. 3006A(b) it is clear that Congress only

provided Jurisdiction to appoint counsel under the CJA to

Judges and not to Federal Defenders who have a conflict of interest

such as Mr. Kennedy(Exhibit K). It is equally clear that absent

a filed order from the District Court; Mr. Kennedy was the only

party that took any actions that lead to the representation of

Plaintiff by Crawford and Trevino(see description of appointment

process by Gail Ivens in Exhibit I).

46. FRCVP Rule 56(a) allows for summary judgment after the

"expiration of 20 days". Subsection (d) allows the Court to

"make an order specifying the facts that appear without substantial

controversy".

47. The Plaintiff respectfully request that the court "make

an order specifying the" following facts as they relate to the

participation of Mr. Kennedy:

> i. that he violated 18 U.S.C. 3006A(b) when he appointed
>    Crawford and Trevino and
> ii. that he has un-ethically participated in the Plaintiff's
>     Case by ignoring his admitted conflict of interest.

## CONCLUSION

48. The record is clear and undisputable. Mr. Kennedy appointed

Crawford and Trevino in violation of section 3006A(b) and his admitted

ethical conflict of interest against Plaintiff.

Dated this 25th Day of December 2007,

By: _____
    James Davis Bennett/Reg#32589-112
    FCI Safford
    P.O. Box 9000
    Safford, AZ 85548

-24-

# EXHIBIT A

**Contents:**

- -Search warrant suppression hearing excerpts from October 25, 2004 colloquy between Chief Judge Alicemarie H. Stotler and US Attorney Lawrence E. Kole confirming Long Beach City Mortgage as the true lender in the un-authorized indictment's Counts 5, 6, and 7.

- -Deeds of Trust, Payment Letters to Borrowers from Long Beach City Mortgage, and Flagstar's purchase commitments.

---

DATE 10/25/04    COLLOQUY BETWEEN US ATTORNEY KOLB & JUDGE STEEH

KOLB:

1  → BUT MY UNDERSTANDING IS THAT FLAG STAR -- I'LL CALL FLAG STAR

2  THE LENDER.  I REALIZE FLAG STAR IS REALLY IN THE SECONDARY

3  MARKET.  THEY DIDN'T ACTUALLY MAKE THE ORIGINAL LOAN.  THEY

4  PURCHASED IT FROM THE LENDER AND THEN HELD IT.  BUT I WILL

5  CALL -- FOR EASE OF ARGUMENT I WILL CALL FLAG STAR THE

6  LENDER, BECAUSE AT THE TIME OF THE FORECLOSURE FLAG STAR WAS

7  HOLDING THE NOTE AS THE MORTGAGEE, I GUESS IT IS.

8      WHEN THE FORECLOSURE OCCURRED, FLAG STAR WAS SIMPLY

9  TAKING BACK THE PROPERTY THAT WAS IN FORECLOSURE.  SO I DON'T

10  KNOW THAT COUNSEL IS NECESSARILY CORRECT TO INDICATE THAT

11  THESE PRICES SHOWN IN THESE DOCUMENTS REFLECT AN AUCTION AT

12  WHICH FLAG STAR AND OTHER BIDDERS BID VARIOUS AMOUNTS AND

13  FLAG STAR HAPPENED TO COME OUT ON TOP.  I COULD BE WRONG AND

14  COUNSEL COULD BE CORRECT.  BUT WITHOUT ANY EVIDENCE HERE,

15  IT'S EQUALLY POSSIBLE AND I THINK MORE LIKELY THAT FLAG STAR

16  SIMPLY WAS THE ONLY ENTITY INVOLVED, SIMPLY TOOK THE PROPERTY

17  BACK AND USED AS THE VALUE THE OUTSTANDING PRINCIPAL AND

18  PROBABLY INTEREST AND OTHER THINGS THAT WERE UNPAID FOR THE

19  VALUE PLACED ON THE PROPERTY IN THE FORECLOSURE.

20      THE INDICATION IN THE AFFIDAVIT THAT THERE WAS A

21  LOSS SUFFERED BY FLAG STAR, IN ORDER FOR THAT TO BE REBUTTED

22  OR CHALLENGED, WHAT WE WOULD NEED TO SEE IS A LATER SALE BY

23  FLAG STAR TO A PRIVATE PARTY OF THE PROPERTIES AND TO SEE THE

24  VALUE IT WAS ULTIMATELY SOLD FOR.  AND MY UNDERSTANDING IS

25  THAT THE LOSS FIGURE IS DERIVED FROM WHAT FLAG STAR

Inconsistent
Page Numbers

1    SO THE AFFIDAVIT PROVIDES FACTS UPON WHICH THE

2 MAGISTRATE JUDGE COULD HAVE MADE AN INFERENCE THAT THE

3 APPRAISAL, IN ADDITION TO THE ESCROW, WAS BEING DONE BY

4 MR. BENNETT OR CERTAINLY BY SOMEONE AFFILIATED WITH HIM BEING

5 MR. BALES' SON-IN-LAW.

6    THE COURT:  I THINK THE DEFENDANT WAS TRYING TO

7 THROW DOWN THE GAUNTLET TO THE GOVERNMENT TO ADDRESS THE ROLE

8 OF LONG BEACH CITY MORTGAGE, AND THE -- I THINK THE RESPONSE

9 HAS BEEN THAT ESSENTIALLY THAT WAS THE LENDER FOR THE HIGH

10 SECOND PURCHASE.

11    WOULD THAT BE CORRECT?

12    MR. KOLE:  THAT'S CORRECT.  AND, YOUR HONOR, IT IS

13 TRUE THE AFFIDAVIT DOES NOT REFER TO LONG BEACH CITY MORTGAGE

14 BY NAME.  BUT THE AFFIDAVIT ALSO -- THE AFFIDAVIT DESCRIBES A

15 PATTERN THAT THE AFFIANT SAW IN GENERAL INVOLVING, AMONG

16 OTHER COMPANIES, MR. BENNETT'S WESTBELL MORTGAGE COMPANY.

17 BUT IN REGARD TO THESE THREE TRANSACTIONS, THE AFFIDAVIT

18 RIGHT ON ITS FACE DOESN'T SAY THAT THE MORTGAGE COMPANY --

19 THAT WESTBELL MORTGAGE COMPANY WAS INVOLVED, BUT LIMITS IT TO

20 THE OTHERS, MENTIONS MS. SIMON, AND SAID THAT SHE WAS ONLY A

21 FORMER EMPLOYEE.

22    SO IT'S APPARENT -- IT'S APPARENT FROM THE FACE OF

23 THE AFFIDAVIT THAT THE MORTGAGE COMPANY IS SOME OTHER

24 NON BENNETT ENTITY, BECAUSE THERE IS NO CONTENTION THAT THE

25 MORTGAGE COMPANY WAS OWNED BY MR. BENNETT.  AND SO THAT IS

UNITED STATES DISTRICT COURT

(2-2)

(10) VERBAL VOB IFY FUNDER PRIOR TO RELEASE OF FUNDS

(11) Title work to prove no delinquent taxes, undisclosed liens, judgments or assessments or approval may be mail and void.

(12) Original Underwriting package - the certified all copy documents.

(13) All disclosure including but not limited to GFE, TIL, Notice RE Escrow & Servicing, GAA.



This Loan Purchase Commitment to purchase this mortgage is void if this loan has been paid and/or the amount which would receive a special disclosure as defined by the Riegle Community Development and Regulatory Improvement Act of 1994 (Pub 1. 103-325 Sec. 2160) enacted in September 1994, contains the Home Ownership and Equity Protection Act of 1994. Required by 12CFR 226.32 (Requirement for certain closed-end home mortgage). The Correspondent recognizes that the Correspondent is responsible and liable for all credit and underwriting decisions. The Correspondent agrees to approve and/or to close the mortgage loan. The Correspondent understands that Flagstar Bank is only acting as an investor to purchase the mortgage loan subject to Flagstar Bank requirements.

ALL CONDITIONS ON THIS LOAN MUST BE FAXED TO
FLAGSTAR BANK, FSB  2600 TELEGRAPH · BLOOMFIELD HILLS, MI 48302

(fax (810-7??-96??))

(253)

Inconsistent
Page Numbers

1

# LOAN PURCHASE COMMITMENT

Correspondent
LONG BEACH CITY MORTGAGE
2900 ADAMS ST C-160
RIVERSIDE, CALIFORNIA 92504

Dear REBECCA FERNANDEZ

**FLAGSTAR BANK**

Loan Number: 982716189
Borrower's:
Property Address: 1412 W. 94TH PL.
LOS ANGELES, CALIFORNIA 90047
Date: 8/05/99

Donna

We are pleased to inform you that the above loan meets our purchase requirements...

$152,000.00

THE FOLLOWING CONDITIONS MUST BE COMPLIED WITH AT CLOSING OR THIS LOAN PURCHASE COMMITMENT IS NULL AND VOID

ALL CONDITIONS ON THIS LOAN MUST BE FAXED TO
STAR BANK, FSB 2600 TELEGRAPH BLOOMFIELD HILLS, MI 48302

Rhonda

(251)

1696

## PAYMENT LETTER TO BORROWER

FROM:    LONG BEACH CITY MORTGAGE INVESTMENTS INC.
         2900 ADAMS STREET, C-160
         RIVERSIDE, CALIFORNIA 92504

RE:   Loan No:  LBCM-1B
      Property Address:  1412 WEST 94TH PLACE, LOS ANGELES, CALIFORNIA
      90047

TO:      REBECCA FERNANDEZ
         14877 ASH DRIVE
         CHINO HILLS, CALIFORNIA 91709

Dear Borrower:

The monthly payments on the above referred to loan are to begin on    OCTOBER  1
1999    , and will continue monthly until        SEPTEMBER 1    , 2029    .

Your monthly payment will consist of the following:

        PRINCIPAL AND INTEREST
        MMI/PMI INSURANCE
        RESERVE FOR TAXES                        $      2,118.95
        RESERVE FOR INSURANCE
        RESERVE FOR FLOOD INSURANCE

           TOTAL MONTHLY PAYMENTS               $      2,118.95

You are to make your payments to:

        LONG BEACH CITY MORTGAGE INVESTMENTS INC.
        2900 ADAMS STREET, C-160
        RIVERSIDE, CALIFORNIA 92504

Any correspondence, or calls, in reference to your loan, please refer to the above loan
number.

Copy received and acknowledged.

Date: 8/10/99

                    _Rebecca Fernandez_
                    REBECCA FERNANDEZ

Inconsistent
Page Numbers

RECORDING REQUESTED BY

99 1574607

AND WHEN RECORDED MAIL TO

LONG BEACH CITY MORTGAGE
INVESTMENTS INC.
2900 ADAMS STREET, C-160
RIVERSIDE, CALIFORNIA
92504

Loan No. LBCM-19

FEE $53 — E

D.A. FEE Code 20  $ 4

NOTIFICATION SENT ✓

---

[Space Above This Line For Recording Data]

## DEED OF TRUST    NCPF Code 19  $ 42

THIS DEED OF TRUST ("Security Instrument") is made on AUGUST 9, 1999
The trustor is REBECCA FERNANDEZ, A SINGLE WOMAN

("Borrower")  The trustee is

JOAN H. ANDERSON

("Trustee")  The beneficiary is
LONG BEACH CITY MORTGAGE INVESTMENTS INC., A DELAWARE MORTGAGE
which is organized and existing under the laws of DELAWARE                   , and whose address is
2900 ADAMS STREET, C-160, RIVERSIDE, CALIFORNIA 92504
("Lender")  Borrower owes Lender the principal sum of
TWO HUNDRED FIFTY TWO THOUSAND AND 00/100**********
Dollars (U S $ 252,000.00           )  This debt is evidenced by Borrower's note dated the same date as
this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and
payable on SEPTEMBER 1, 2029        This Security Instrument secures to Lender  (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note, (b) the
payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security
Instrument, and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following
described property located in            LOS ANGELES            County, California
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A".
A.P.N.: 6055-009-056

which has the address of 1412 WEST 94TH PLACE,   LOS ANGELES
[Street]                          [City]

California    90047
[Zip Code]          ("Property Address"),

CALIFORNIA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT                    Form 3005 9/90
Great Lakes Business, Inc. (800) 649-1362                    Page 1 of 8

CA3005 DOT

(90)

503-A

LOAN PURCHASE COMMITMENT

Correspondent
LONG BEACH CITY MORTGAGE
3900 ADAMS ST C-160
RIVERSIDE, CALIFORNIA 92504-
Dir: ARTURO VARGAS

**FLAGSTAR BANK**

| | |
|---|---|
| Loan Number: | 980718119-AUS |
| Borrower's: | 243-245 1/2 WEST 56TH ST. |
| Property Address: | LOS ANGELES, CALIFORNIA 90011- |
| Plan: | 1YCCU    Sales Date:   7/29/99 |

We are pleased to inform you that the above lock meets our purchase requirements, subject to the following terms of our program descriptions, guidelines, policies, agreements and the following additional terms and conditions:

| 1255,000.00 | O/O | 360 Months | P73/1 |
|---|---|---|---|
| (Loan Amount) | (Occupancy) | (Term) | (Program) |

2. The title to the property located at the above address, given to secure this loan and all other legal matters pertaining to this transaction must exist with the approval of FLAGSTAR BANK.

3. There will be no amount required to be held in escrow to cover earning real estate taxes, hazard insurance, and flood insurance and private mortgage insurance, if applicable, at closing.

4. Mortgage Title Insurance for at least the loan amount must be provided at your own expense, through your attorney or title company, and must be in our office prior to the closing being scheduled.

5. Hazard Insurance must be obtained through a company acceptable to us, naming FLAGSTAR BANK, its Successors and/or its Assigns as their interest may appear, P.O. Box 37004, Irvine, CA, 92619-7004 as beneficiary, in the amount at least equal to the loan amount. A paid receipt for the first year's premium must accompany the policy at closing. A binder is not acceptable. POLICY AND RECEIPT MUST BE ORIGINALS AND PROVIDED AT THE CLOSING FROM AN INSURANCE COMPANY WITH A B+ RATING OR BETTER ACCEPTABLE TO FLAGSTAR BANK.

6. This Loan Purchase Commitment shall be null and void if, in the opinion of FLAGSTAR BANK, there is a material change in the financial condition, employment of the borrower(s), cash equity, occupancy, or any other material situations prior to or at closing.

7. The property is to comply with all applicable law and code enforcement requirements.

8. This Loan Purchase Commitment will expire _November 5th, 1999_____. This is not your lock expiration. This loan must close and disburse no later than your lock expiration or loan purchase commitment expiration whichever is earlier or this loan purchase commitment is null and void. If this loan purchase commitment i. extended it shall be extended at a different rate and different fee.

THE FOLLOWING ADDITIONAL CONDITIONS MUST BE MET AND ANALYZED BY FLAGSTAR PRIOR TO CLOSING
( 1 )  Flood certification ordered by Flagstar.
( 2 )  Signed AUS Authorization Form.  ( New credit )
( 3 )  **NOTE** APPROVAL IS BASED ON ORIGINAL TERMS REQUESTED; ANY CHANGES ARE SUBJECT TO RE
( 4 )  UNDERWRITE AUTOMATION & MAY RENDER APPROVAL INVALID

THE FOLLOWING CONDITIONS MUST BE COMPLIED WITH AT CLOSING OR THIS LOAN PURCHASE COMMITMENT IS NULL AND VOID
( 1 )  Sign and date typed loan application.
( 2 )  Total new house payment including taxes and insurance cannot exceed $2,239.97
( 3 )  Borrower's cash used for closing, net of the original real estate broker's deposit (if applicable), cannot exceed $0.00
( 4 )  If title work shows any gas, oil, or mineral rights, title company must issue a letter stating final policy will insure over these rights.
( 5 )  If any other exceptions show on title work, they must be approved by Flagstar bank closing department prior to draft.
( 6 )  All applicable riders and disclosures per product description and FNMA/FHLMC guidelines.
( 7 )  Flagstar to have first and only lien.
( 8 )  Flood Hazard Notice zone .
( 9 )  4306
(10)  VERBAL VOE FY FUNDER PRIOR TO RELEASE OF FUNDS
(11)  Title work to prove no delinquent taxes, undisclosed liens, judgement or assessment or approval may be null and void.
(12)  Original Underwriting package - Blue certified all copy documents.
(13)  All disclosures including but not limited to GFE, TIL, Notice R/E Escrow & Servicing, CAF.

( Fax ( 800 - 778 - 9688 ))

This Loan Purchase Commitment to purchase this mortgage is void if this loan bears rates and/or fees above a certain percentage and/or amount which would require a special disclosure as defined by the Flagic Community Development and Regulatory Improvements Act of 1994 (Pub 1. 103-325 Sec. 2160) enacted in September 1994, containing the Home Ownership and Equity Protection Act of 1994. Required by 12CFR 226.32 (Requirements for certain closed-end home mortgages). The Correspondent is responsible and liable for all credit and underwriting decisions. The Correspondent agrees to approve and/or to close the mortgage loan. The Correspondent understands that Flagstar Bank is only acting as an investor to purchase the mortgage loan subject to Flagstar Bank requirements.

ALL CONDITIONS ON THIS LOAN MUST BE FAXED TO
FLAGSTAR BANK, FSB   2600 TELEGRAPH  BLOOMFIELD HILLS, MI  48302

Underwriter

CLATES ID
FBI Agent
PFEIFER
TESTIMONY
IN 12/6/05 TRANSCRIPTS

( 253 )

**Inconsistent Page Numbers**

1456

## PAYMENT LETTER TO BORROWER

FROM:   LONG BEACH CITY MORTGAGE INVESTMENTS INC.
2900 ADAMS STREET, C-160
RIVERSIDE, CALIFORNIA 92504

RE:   Loan No: #LBCM-18
Property Address:   243-245 1/2 W. 56TH ST., LOS ANGELES, CALIFORNIA
90011

TO:   ARTURO VARGAS
1041 BROAD AVENUE
WILMINGTON, CALIFORNIA 90744

Dear Borrower:

The monthly payments on the above referred to loan are to begin on   OCTOBER 1
1999   , and will continue monthly until   SEPTEMBER 1   2029   .

Your monthly payment will consist of the following:

PRINCIPAL AND INTEREST                              $       2,152.59
MMI/PMI INSURANCE
RESERVE FOR TAXES
RESERVE FOR INSURANCE
RESERVE FOR FLOOD INSURANCE

TOTAL MONTHLY PAYMENTS                          $       2,152.59

You are to make your payments to:

LONG BEACH CITY MORTGAGE INVESTMENTS INC.
2900 ADAMS STREET, C-160
RIVERSIDE, CALIFORNIA 92504

Any correspondence, or calls, in reference to your loan, please refer to the above loan
number.

Copy received and acknowledged.

Date: 8-3-99

_Arturo Vargas_
ARTURO VARGAS

(83)

Inconsistent
Page Numbers

ING REQUESTED BY

ORNIA COUNTIES TITLE CO.

ND WHEN RECORDED MAIL TO
LONG BEACH CITY MORTGAGE
INVESTMENTS INC.
2900 ADAMS STREET, C-160
RIVERSIDE, CALIFORNIA
92504

Loan No. LBCM-18

**99 1504786**

NCPF Code 19  $ 39    FEE $ 60 W

[Space Above This Line For Recording Data]

# DEED OF TRUST

D.A. FEE Code 20  $ 4

THIS DEED OF TRUST ("Security Instrument") is made on AUGUST 2, 1999
The trustor is ARTURO VARGAS, A SINGLE MAN

JOAN H. ANDERSON
                                                                ("Borrower"). The trustee is

("Trustee"). The beneficiary is
LONG BEACH CITY MORTGAGE INVESTMENTS INC., A DELAWARE MORTGAGE
which is organized and existing under the laws of DELAWARE                , and whose address is
2900 ADAMS STREET, C-160, RIVERSIDE, CALIFORNIA 92504
                           ("Lender"). Borrower owes Lender the principal sum of
TWO HUNDRED FIFTY SIX THOUSAND AND 00/100**********
Dollars (U.S. $ 256,000.00        ). This debt is evidenced by Borrower's note dated the same date as
this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and
payable on SEPTEMBER 1, 2029          . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the
payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following
described property located in          LOS ANGELES                      County, California:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A".
A.P.N.: S101-029-012

which has the address of 243-245 1/2 W. 56TH ST., LOS ANGELES
                                        [Street]                                [City]

California    90011                  ("Property Address");
            [Zip Code]

CALIFORNIA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT
                                                        Page 1 of 8                          Form 3005 9/90

(85)

## PAYMENT LETTER TO BORROWER

FROM:   LONG BEACH CITY MORTGAGE INVESTMENTS INC.
        2900 ADAMS STREET, C-160
        RIVERSIDE, CALIFORNIA 92504

RE:    Loan No:  LBCK-23
       Property Address:   768-770 1/2 E. 43RD PL., LOS ANGELES, CALIFORNIA
       90011

TO:    WILLIAM ROGERS
       768-770 1/2 E. 43RD PL.
       LOS ANGELES, CALIFORNIA 90011

Dear Borrower:

The monthly payments on the above referred to loan are to begin on   NOVEMBER  1,
1999   , and will continue monthly until        OCTOBER 1        ,   2029   .

Your monthly payment will consist of the following:

PRINCIPAL AND INTEREST
MMI/PMI INSURANCE                            $        2,081.11
RESERVE FOR TAXES
RESERVE FOR INSURANCE
RESERVE FOR FLOOD INSURANCE



        TOTAL MONTHLY PAYMENTS               $        2,081.11

You are to make your payments to:

       LONG BEACH CITY MORTGAGE INVESTMENTS INC.
       2900 ADAMS STREET, C-160
       RIVERSIDE, CALIFORNIA 92504

Any correspondence, or calls, in reference to your loan, please refer to the above loan
number.

Copy received and acknowledged.

Date: 9-8-99                          _____
                                      WILLIAM ROGERS


(93)



RECORDING REQUESTED BY
CALIFORNIA COUNTIES TITLE CO.

AND WHEN RECORDED MAIL TO
LONG BEACH CITY MORTGAGE
INVESTMENTS INC.
2900 ADAMS STREET, C-160
RIVERSIDE, CALIFORNIA
92504

Loan No. LBCM-23

99 1766634

FEE $ 53 -V

Loan No. LBCM-23

9 80718555

[Space Above This Line For Recording Data]

## DEED OF TRUST

D.A FEE Code 20    $
NCPF Code 19    $ 142

THIS DEED OF TRUST ("Security Instrument") is made on  SEPTEMBER 7, 1999
The trustor is WILLIAM ROGERS, AN UNMARRIED MAN

JOAN H. ANDERSON

("Borrower"). The trustee is

("Trustee"). The beneficiary is
LONG BEACH CITY MORTGAGE INVESTMENTS INC.,  A DELAWARE MORTGAGE
which is organized and existing under the laws of DELAWARE              , and whose address is
2900 ADAMS STREET, C-160, RIVERSIDE, CALIFORNIA 92504

("Lender"). Borrower owes Lender the principal sum of
TWO HUNDRED FORTY SEVEN THOUSAND FIVE HUNDRED AND 00/100************
Dollars (U.S. $247,500.00           ). This debt is evidenced by Borrower's note dated the same date as
this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and
payable on OCTOBER 1, 2029     . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the
payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following
described property located in              LOS ANGELES                        County, California:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A"
A.P.N.: 5115-012-007

which has the address of 768-770 1/2 E. 43RD PL., LOS ANGELES
[Street]                                                      [City]
California  90011                        ("Property Address");
         [Zip Code]

CALIFORNIA-Single Family-FNMA/FHLMC UNIFORM INSTRUMENT
Document Systems, Inc. (800) 649-1362                   Page 1 of 8                            Form 3005 9/90

(95)

**EXHIBIT B**

**Contents:**

-Jurisdictional statements notifying in the last paragraph the lack of district court jurisdiction resulting from the Government's neglect to get prior Grand Jury approval.

-Second Superseding Indictment showing the Government fraudulently used Flagstar for Jurisdictional purposes as the lender disbursing loan proceeds in counts 5, 6, and 7(page lines 17-26 & page 6 lines 1-3) when they admitted Long Beach was the true lender and the un-Constitutional lack of Grand Jury authorization(page 7 lines 18-20).

Jurisdiction executed by the UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION IN SANTA ANA was predicated on TITLE 18, Sections 1343, 1344, 2(b) and 225 of the UNITED STATES Criminal Codes which are Wire Fraud, Bank Fraud, Causing an Act to Be Done and Continuing Financial Crimes Enterprise Respectively. The District Court has Jurisdiction over all offenses against the laws of the UNITED STATES pursuant to 18 U.S.C. 3231.

The Final Judgment against Appellant was entered October 6, 2006. Excerpt A. The Notice of Appeal of that Judgment was timely filed on October 6, 2006. Excerpt A. This is an appeal as of right pursuant to Federal Rules of Appellate Procedures, Rule 4 (b). Jurisdiction of the UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT is pursuant to 28 U.S.C. 1291.

This Appeal is from a final Judgment that disposes of all parties Claims.

Although Jurisdiction may have been predicated as indicated above The Government has failed to produce a legitimate signed indictment by a duly sworn Foreperson. This in addition to the other misrepresentations by the Government which are presented herein makes the Jurisdictional statements appearing above questionable. In addition The Government used an un-licensed Assistant Attorney to present their case to both the Grand Jury and the Petit Jury thus raising ethnical Concerns.

v



FILED
CLERK, U.S. DISTRICT COURT

SEP - 7 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2004 Grand Jury

UNITED STATES OF AMERICA,          ) No. SA CR 03-25(B)-AHS
                                   )
                Plaintiff,         ) S E C O N D
                                   ) S U P E R S E D I N G
           v.                      ) I N D I C T M E N T
                                   )
JAMES DAVIS BENNETT,               )
                                   ) [18 U.S.C. § 1343: Wire Fraud;
                Defendant.         ) 18 U.S.C. § 1344: Bank Fraud;
                                   ) 18 U.S.C. § 225: Continuing
                                   ) Financial Crimes Enterprise; 18
                                   ) U.S.C. § 2(b): Aiding and
                                   ) Abetting]

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1343 and 2(b)]

INTRODUCTION

     At all times relevant to this indictment:

     1.    Defendant JAMES DAVIS BENNETT ("BENNETT") was the owner
of West Belle Realty, a company in the business of representing
buyers and sellers in real estate transactions, West Belle
Mortgage, a company in the business of originating mortgage loans

//

//

BAS:bas
BAS

1   for real estate transactions, and West Belle Mortgage Escrow, a

2   company in the business of providing escrow services for real

3   estate transactions (collectively "West Belle").

4        2.    Steven Brian Rogers ("Rogers") was a realtor and loan

5   agent at West Belle.

6        3.    Donna M. Simon ("Simon") was a loan agent at Long Beach

7   City Mortgage, a company in the business of originating mortgage

8   loans for real estate transactions.

9        4.    Benny Ibarra ("Ibarra") and Ricardo Omar Garcia

10   ("Garcia") were employees of West Belle.

11   THE FRAUDULENT SCHEME

12        5.    Beginning on a date unknown and continuing through in

13   or about January 2002, in Los Angeles and Orange Counties, within

14   the Central District of California, and elsewhere, Defendant

15   BENNETT, Rogers, Simon, Ibarra, Garcia and others knowingly

16   devised, participated in, and executed a scheme to defraud

17   mortgage lenders and to obtain money and property by means of

18   materially false and fraudulent pretenses, representations and

19   promises.

20        6.    In carrying out this scheme, Defendant BENNETT, Rogers,

21   Simon, Ibarra, Garcia and others engaged in and caused others to

22   engage in the following fraudulent and deceptive acts, practices

23   and devices, among others:

24        a.    Defendant BENNETT, Rogers, Simon, Ibarra, and

25   other co-schemers would identify residential real estate (the

26   "properties") for sale.

27   //

28
                                    2

b.    Defendant BENNETT, Rogers, Simon, Ibarra, and other co-schemers would recruit relatives and associates (the "intermediaries") to enter into escrows to purchase the properties at or near fair market value.

c.    Defendant BENNETT, Rogers, Simon, Ibarra, and other co-schemers would recruit other relatives and associates (the "straw buyers") to enter into other escrows to purchase the properties from the intermediaries at inflated prices.

d.    To obtain mortgage loans for the straw buyers, Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and caused others to prepare fraudulent loan packages concealing the double escrows and falsely representing that the straw buyers were purchasing the properties directly from the original sellers at the inflated prices and that the straw buyers were creditworthy.  To support these fraudulent loan packages, Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and caused others to prepare false and fabricated documentation, including false settlement statements, grant deeds, title reports, down payment checks, pay stubs, W-2 statements, and bank statements.

e.    Defendant BENNETT, Rogers, Simon, Ibarra, and other co-schemers submitted and caused others to submit these fraudulent loan packages to mortgage lenders in Orange and Los Angeles Counties.

7.    Based on the fraudulent acts, practices and devices, the mortgage lenders funded the loans.  At the close of escrow, Defendant BENNETT, Rogers, Simon, Ibarra, Garcia and other co-

3

1  schemers received fees, commissions and profits.

2      8.   Within months of the resale of the residential

3  properties, the straw buyers typically defaulted on the loan

4  payments, leaving mortgage lenders with losses in excess of

5  $1,000,000.

6  THE WIRINGS

7      9.   On or about the dates set forth below, in the Central

8  District of California and elsewhere, for the purpose of

9  executing the above-described scheme to defraud and attempting to

10 do so, Defendant BENNETT, Rogers, Simon, Ibarra, Garcia, and

11 others caused to be transmitted in interstate commerce by wire

12 communications the following wire transfers from mortgage

13 lenders' accounts outside California to title insurance company

14 and escrow accounts in California.

| Count | Date | Funds Wired |
|-------|------|-------------|
| One | 7/27/99 | The CIT Group's $270,000 mortgage loan for the purchase of 2612 Griffith Avenue, Los Angeles, California |
| Two | 10/14/99 | Mortgage Portfolio Services' $233,750 mortgage loan for the purchase of 760 East 43rd Place, Los Angeles, California |
| Three | 3/1/00 | Greenpoint Mortgage Funding, Inc.'s $225,250 mortgage loan for the purchase of 615 West Imperial Highway, Los Angeles, California |
| Four | 2/27/01 | Laguna Capital Mortgage Corporation's $248,000 mortgage loan for the purchase of 860 Cerritos Avenue, Long Beach, California |

4

COUNTS FIVE THROUGH ELEVEN

[18 U.S.C. §§ 1344 and 2(b)]

10.    The Grand Jury hereby incorporates by reference and realleges each and every allegation of paragraphs one through eight of this indictment.

11.    Flagstar Bank, Equicredit Corporation, and First Union Mortgage Corporation were financial institutions and wholly owned subsidiaries of financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation.

12.    On or about the dates set forth below, within the Central District of California, Defendant BENNETT, Rogers, Simon, Garcia, and others, for the purpose of executing the above-described scheme to defraud the following financial institutions and to obtain monies and funds owned by and in the custody and control of these financial institutions by means of materially false and fraudulent pretenses, representations and promises, caused these financial institutions to disburse loan proceeds in the amounts listed below for the purchase of the properties listed below:

| Count | Date | Financial Institution, Loan Amount, Property |
|---|---|---|
| Five | 8/6/99 | Flagstar Bank's $256,000 mortgage loan for the purchase of 245 West 56th Street, Los Angeles, California |
| Six | 8/16/99 | Flagstar Bank's $252,000 mortgage loan for the purchase of 1412 West 94th Place, Los Angeles, California |

5

| | | |
|---|---|---|
| Seven | 9/17/99 | Flagstar Bank's $247,500 mortgage loan for the purchase of 768 East 43rd Place, Los Angeles, California |
| Eight | 11/22/00 | Equicredit Corporation's $200,000 mortgage loan for the purchase of 1495 Alamitos Avenue, Long Beach, California |
| Nine | 11/28/00 | Equicredit Corporation's $232,000 mortgage loan for the purchase of 1105 Ohio Avenue, Long Beach, California |
| Ten | 3/2/01 | Equicredit Corporation's $248,000 mortgage loan for the purchase of 1304-1306 Junipero Avenue, Long Beach, California |
| Eleven | 1/8/02 | First Union Mortgage Corporation's $227,500 mortgage loan for the purchase of 1052 North Loma Vista Drive, Long Beach, California |

6

COUNT TWELVE

[18 U.S.C. § 225]

13.   The Grand Jury hereby incorporates by reference and realleges each and every allegation of paragraphs one through twelve of this indictment.

14.   Beginning on a date unknown and continuing through in or about January 2002, in Los Angeles and Orange Counties, within the Central District of California, Defendant BENNETT knowingly conducted a continuing financial crimes enterprise, in that Defendant BENNETT committed a series of violations under Title 18, United States Code, Sections 1341, 1343, and 1344, which violations were undertaken by Defendant BENNETT, in concert with at least three other persons whom Defendant BENNETT organized, managed, and supervised, and from which continuing series of violations Defendant BENNETT received in excess of $5,000,000 in gross receipts from on or about April 2, 1999, and ending on or about March 2, 2001.

A TRUE BILL

_____
Foreperson

DEBRA W. YANG
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

KENNETH B. JULIAN
Assistant United States Attorney
Acting Chief, Santa Ana Branch Office

7

**EXHIBIT C**

Contents:

-Excerpts from the October 31, 2005(9 days before trial)
transcripts showing on page 11 and 12 of the transcripts
that Bennett warns Chief Judge Stotler about Government
falsifying Jurisdiction by misrepresenting who the true
lenders were and bringing charges not presented to a Grand
Jury.

1    TELL US WHAT HE MAY KNOW, IF ANYTHING, AS TO SOME OF THESE

2    ITEMS THAT YOU HAVE MENTIONED.

3         WAS THERE ANYTHING ELSE YOU WANTED TO ADD,

4    MR. BENNETT?

5         DEFENDANT BENNETT:  IN REGARDS TO THE FACTS THAT I

6    HAVE UNCOVERED?  IS THAT WHAT WE ARE SPEAKING OF AT THIS

7    POINT?

8         THE COURT:  NO, THIS IS YOUR MOTION.  I JUST WANT

9    TO MAKE SURE THAT YOU HAVE SET FORTH YOUR MOTION FULLY AND

10   COMPLETELY.

11        DEFENDANT BENNETT:  WELL, FIRST OF ALL, I GUESS

12   WHAT I WANT TO SAY IS THAT I HAVE BEEN GATHERING FACTS THAT

13   I HAVE NOT BEEN ABLE TO PRESENT TO THE COURT.  AND I TRIED

14   TO TELL MY COUNSEL WHAT IT IS THAT I HAVE, AND I STILL

15   DON'T --

16        I HAVE IN FRONT OF ME A PLEA AGREEMENT FOR

17   MR. FERNANDEZ THAT WAS SENT TO ME, OR GIVEN TO ME AS AN

18   EXHIBIT IN AN ACCUSATION DEPARTMENT OF -- CALIFORNIA

19   DEPARTMENT OF REAL ESTATE ACCUSATION AGAINST MY LICENSE.  IN

20   THAT PLEA AGREEMENT ON PAGE 5, IT HAS MR. FERNANDEZ PLEADING

21   GUILTY TO DEFRAUDING INDIE MAC BANG ON A PROPERTY AT

22   958 EAST SIGNAL HILL -- 958 EAST 25TH STREET, IN SIGNAL

23   HILL.  ON THAT SAME PARTICULAR PROPERTY, I JUST WENT THROUGH

24   A HEARING A WEEK AGO WHEN I GOT THIS DOCUMENT AND THE

25   CALIFORNIA DEPARTMENT OF REAL ESTATE HAS BEEN -- THEY HAVE

1    ME ACCUSED OF DEFRAUDING THIS SAME -- NOT THIS LENDER BUT

2    ANOTHER LENDER FOR THE SAME AMOUNT OF MONEY.  THEY HAD THE

3    CEO THERE THAT INDICATED THAT THEY LOST THE MONEY, AND HERE

4    WE HAVE MR. FERNANDEZ PLEADING GUILTY TO BANK FRAUD OF FUNDS

5    THAT WEREN'T -- THAT DIDN'T COME FROM THE BANK THAT THE

6    GOVERNMENT IS SAYING THAT THEY DID COME FROM.  THIS HAS BEEN

7    THE WHOLE ISSUE.  THE GOVERNMENT HAS BEEN CONCEALING THE

8    JURISDICTION TO GET THESE CHARGES IN FRONT OF THE GRAND JURY

9    AND THE CHARGES IN FRONT OF THE COURT HERE.  AND I DON'T

10   HAVE AN OPPORTUNITY TO SHOW WHAT I HAVE AND TO SHOW WHAT I

11   FOUND OUT OVER THE COURSE OF THE TIME THAT WE HAVE BEEN

12   INVOLVED IN THIS.

13            THE COURT:  ARE YOU TALKING ABOUT THINGS THAT YOU

14   WANT TO BE EXHIBITS IN FRONT OF THE JURY?

15            DEFENDANT BENNETT:  I'M TALKING ABOUT -- I'M

16   TALKING ABOUT THE INABILITY TO BRING FORTH MOTIONS THAT ARE

17   RELEVANT TO THESE EXHIBITS, YOUR HONOR.  I CAN'T EXPRESS --

18            TAKE, FOR INSTANCE, THE MOTION TO QUASH AND

19   TRAVERSE THE SEARCH WARRANT THAT WAS FILED LAST AUGUST,

20   AUGUST OF 2004.  THE MOTION DID NOT GO TO THE ACTUAL HEART

21   OF WHAT WAS -- THE FACTUAL HEART OF WHAT WAS GOING ON.  WHAT

22   WAS ACTUALLY HAPPENING WAS THAT SPECIAL AGENT RAWLINS WAS --

23   IN HIS AFFIDAVIT TO THE COURT TO GET THE SEARCH WARRANT OF

24   MY OFFICE AND MY HOME, HE NEGLECTED TO TELL THE COURT THAT

25   THE FLAGSTAR BANK WAS NOT THE FUNDING INSTITUTION AND THAT

12

1    FLAGSTAR BANK WASN'T THE LENDING INSTITUTION.  AND I THINK

2    IN YOUR HONOR'S -- WHEN YOU GAVE YOUR OPINION, I THINK THAT

3    WHAT YOU SAID IN THERE WAS THAT IS THAT YOU FOUND THAT TO BE

4    DISTURBING.  YOUR HONOR, IT'S MATERIAL TO THE ELEMENT OF THE

5    CRIME AND ITS MORE THAN DISTURBING.  IT'S PERJURY, AND IT'S

6    OBSTRUCTION OF JUSTICE.

7            THE COURT:  ALL RIGHT.  ANYTHING ELSE YOU WANT TO

8    TELL US ABOUT YOUR MOTION?

9            DEFENDANT BENNETT:  NOTHING OTHER THAN I WOULD

10   LIKE THE OPPORTUNITY TO AT LEAST PRESENT MY CASE AND AT

11   LEAST FILE MOTIONS THAT I BELIEVE ARE PERTINENT TO MY

12   DEFENSE.  VERY PERTINENT TO MY DEFENSE.

13           THE COURT:  ALL RIGHT.  WHY DON'T YOU TAKE A SEAT,

14   MR. BENNETT.  AND MR. SAGEL CAN SET THE RECORD STRAIGHT, IF

15   THERE IS ANYTHING CHRONOLOGICALLY MISSED OR OTHERWISE AND

16   THEN WE CAN COME BACK TO YOU.

17           MR. SAGEL:  THANK YOU, YOUR HONOR.

18           FIRST AND FOREMOST -- AND I DON'T KNOW IF THIS

19   REQUIRES ASKING MR. BENNETT A FOLLOW-UP QUESTION -- BUT I

20   GUESS I'M STILL UNCERTAIN OF, IF YOUR HONOR AND THIS COURT

21   IS NOT GOING TO GIVE HIM NEW COUNSEL, WHICH THE GOVERNMENT

22   DOES NOT BELIEVE HE'S ENTITLED TO, IS NOT APPROPRIATE IN

23   THIS CASE, IS HE -- HIS MOTION SEEMS TO SAY THEN HE WANTS TO

24   REPRESENT HIMSELF.  I'M NOT SURE IF THAT IS STILL THE

25   POSITION HE IS TAKING.  THAT'S A QUESTION THE GOVERNMENT

**EXHIBIT D**

**Contents:**

-Excerpts from the December 15, 2005 trial transcripts where un-licensed US Attorney Brett A. Sagel, Chief Judge Alicemarie H. Stotler, and CJA Attorney Michael S. Meza together discuss 25 un-charged, un-indicted, and un-arraigned counts and how to present the 5 various Federal violations of law they plan to present to the trial jury in court instruction #26.

DATE 12/15/05 UNLicensed Tulsa Sagel Speaks to Group 53

US ATTY
BRETT A. SAGEL

THE COURT

JUDGE STOTLER

1    THEM IN A SIMPLISTIC FORM AS MAIL FRAUD.

2        WITH REGARDS TO THE OTHER -- WITH REGARDS TO ALL

3    25 PROPERTIES OR THE 15 THAT ARE NOT CHARGED, MORE OR LESS,

4    THE GOVERNMENT WILL BASICALLY BE RELYING ON MAIL FRAUD.  I

5    DON'T THINK IT'S EITHER LEGALLY REQUIRED OF THE GOVERNMENT

6    OR THERE IS ANY BASIS TO TELL THE GOVERNMENT OR TO TELL THE

7    JURY HOW TO CONFINE THE GOVERNMENT.  THE GOVERNMENT CHARGED

8    THIS -- THE GRAND JURY CHARGED THIS CASE AFTER HEARING THE

9    EVIDENCE, UNDER ONE OF THREE, BANK FRAUD, WIRE FRAUD, OR

10   MAIL FRAUD, OR THE LATTER TWO AFFECTING A FINANCIAL

11   INSTITUTION.  I DON'T KNOW ANY BASIS IN WHICH DEFENDANT

12   COULD LIMIT WHAT THE GOVERNMENT COULD ARGUE IF THE FACTS

13   PRESENTED, FOR EXAMPLE, TWO OF THE UNCHARGED COUNTS ARE

14   FUNDED BY EQUICREDIT.  I DON'T SEE -- IF WE WANTED TO, WE

15   ARE GETTING TO THE SAME PLACE, WHETHER WE USE MAIL FRAUD

16   AFFECTING A FINANCIAL INSTITUTION.  WE WOULD HAVE TO USE THE

17   SAME EVIDENCE FROM THE BANK FRAUD STATUTES OF EQUICREDIT,

18   BASICALLY, THAT IT'S FDIC CHARTERED OR A WHOLLY OWNED

19   SUBSIDIARY.  BUT I'M NOT SURE THAT THERE IS ANY BASIS IN

20   WHICH THE GOVERNMENT CAN BE CONFINED TO ONLY ONE OUT OF

21   THREE THEORIES WHEN THEY ARE ALL CHARGED IN THE INDICTMENT

22   AND THERE IS EVIDENCE TO SUPPORT ANY ONE OF THOSE THREE.

23        THE COURT:  THE DEFENDANT IS GOING BY WHAT COUNSEL

24   SAID AND THAT'S THE SAME THING I HEARD GOVERNMENT COUNSEL TO

25   SAY, WHICH WAS SUPPOSEDLY THAT WAS THE SIMPLE APPROACH TO

**EXHIBIT E**

**Contents:**

-Chief Judge Alicemarie H. Stotler's FRCRP Rule 29 Acquittal
of count 12(18 USC 225) for lack of Federal Jurisdiction in
the predicate violations "Affecting Financial Institutions"
related to 18 USC § 20's definition of institutions qualifying
for Bank Fraud related charges(see page 3 lines 13-16). Note the
two charts identification of "Total Gross Receipts-Sum from
Nonfinancial institutions". Included in this sum are the amounts
from the indictment's counts 5, 6, 7, 8, 9, 10 the Flagstar
and EquiCredit Bank Fraud counts thus indicating Judge Stotler
issued acquittals in these counts but sentenced Bennett on
them anyway(see Exhibit F).

CLERK. U.S. DISTRICT COURT

MAY 2 4 2006

CENTRAL DISTRICT OF CALIFORNIA
BY /////     DEPUTY

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11  UNITED STATES OF AMERICA,        )    SA CR 03-25(B) AHS
                                     )
12               Plaintiff,          )    ORDER DENYING IN PART AND
                                     )    GRANTING IN PART
13          v.                       )    DEFENDANT'S MOTION FOR
                                     )    JUDGMENT OF ACQUITTAL
14  JAMES DAVIS BENNETT,             )
                                     )
15               Defendant.          )
                                     )
16                                   )
                                     )
17  _____

18                              I.

19                         **INTRODUCTION**

20          On February 6, 2006, defendant filed a Motion for

21  Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules

22  of Criminal Procedure ("Rule 29 Motion").  The government filed

23  opposition on February 17, 2006.  On March 24, 2006, the Court held

24  a hearing on the Rule 29 Motion.  Before the Court ruled on the

25  motion, however, defendant asked the Court to hear his request to

26  relieve counsel.  The Court granted the motion to relieve defense

27  counsel and allowed defendant to proceed in pro se.  The hearing

28  was continued to May 19, 2006, so that the DOCKETED ON CM onsider

DOCKETED ON CM

MAY 2 5 2006

nb

254

1  defendant's pro se filings and the government's response thereto.

2         On March 14, 2006, defendant filed an Ex Parte Motion to

3  Relieve Counsel, Supplement to Rule 29 Motion and/or Petition for

4  Writ of Certiorari.  On March 24, 2006, a duplicate copy of this

5  document was filed.  On April 7, 2006, the government filed

6  opposition to defendant's Supplement to Rule 29 Motion.  On April

7  20, 2006, defendant filed a reply thereto.  On May 4, 2006,

8  defendant filed a Discovery Supplement to Reply.  On May 19, 2006,

9  the Court held a hearing on the matter and granted defendant's Rule

10  29 Motion as to Count 12 of the Second Superseding Indictment only.

11                      II.

12                **DISCUSSION**

13  **A.**      **A Rational Trier of Fact Could Not Have Found the**

14            **Essential Elements of the Crime Charged in Count 12**

15         "On a motion for judgment of acquittal, a court should

16  set aside the jury's verdict only if, viewing the evidence in the

17  light most favorable to the government, any rational trier of fact

18  could not have found the essential elements of the crime beyond a

19  reasonable doubt."  United States v. Johnson, 804 F.2d 1078, 1083

20  (9th Cir. 1986).  In reviewing a motion for judgment of acquittal,

21  the government is entitled to all reasonable inferences that might

22  be drawn from the evidence.  Id.

23         Count 12 charged defendant with a continuing financial

24  crimes enterprise.  This crime is defined as (1) organizing,

25  managing, or supervising a continuing financial crimes enterprise

26  and (2) receiving $5 million or more in gross receipts from such

27  enterprise in any 24-month period.  18 U.S.C. § 225(a); see United

28  States v. Harris, 79 F.3d 223, 229 (2d Cir. 1996).  The term

1 "continuing financial crimes enterprise" ("CFCE") means four or

2 more people acting in concert to commit a series of violations[1]

3 under either the bank fraud statute, the wire fraud statute, or the

4 mail fraud statute, among other possible violations.  18 U.S.C. §

5 225(b); see Harris, 79 F.3d at 229.  The latter two types of

6 violations must affect a financial institution for purposes of the

7 CFCE statute.[2]  18 U.S.C. § 225(b); Harris, 79 F.3d at 229.  Among

8 other things, a "financial institution" is a bank or savings

9 association the deposits of which are insured by the FDIC.  18

10 U.S.C. § 20(1); 12 U.S.C. § 1813(c)(2).

11         **1.    The Evidence Demonstrates That Receipts from the**

12               **CFCE Do Not Total $5 Million**

13         In this case, the Court grants the Rule 29 Motion as to

14 Count 12 because the government fails to show that the entire $5

15 million in gross receipts attach to violations affecting financial

16 institutions.  As shown in the charts below, when one subtracts the

17 receipts from transactions with nonfinancial institutions, the

18 total gross receipts total well under $5 million.  The first chart

19 uses the information from defendant's summary Exhibit 524, while

20 the second chart uses the information from the government's summary

21 Exhibit 258.  The exhibits differed for purposes of this

22

23 _____

       [1] A "series" of violations is three or more violations.  See

24 Harris, 79 F.3d at 229.

25        [2] The bank fraud statute, 18 U.S.C. § 1344, builds in the
   requirement that bank fraud affect a financial institution.  Bank

26 fraud is defined as "a scheme or artifice -- (1) to defraud a
   _financial institution;_ or (2) to obtain any of the moneys, funds,

27 credits, assets, securities, or other property owned by, or under
   the custody or control of, a _financial institution._"  18 U.S.C. §

28 1344 (emphases added).

1   calculation only as to the receipts attributable to two properties,

2   760 East 43rd Street and 520 Chestnut.  Using either party's

3   information, the receipts total under $5 million.

4   **CALCULATION UNDER DEFENDANT'S EXHIBIT 524**

| Property | Lender | Exhibit verifying lender | Receipt |
|---|---|---|---|
| 9501 S. Western | Mortgage Portfolio Services | Deft.'s Ex. 516 | $250,698.37 |
| 1177 W. 38th St. | Chadwick Mortgage, Inc. | Govt.'s Ex. 135 | $255,529.32 |
| 760 E. 43rd St. | Mortgage Portfolio Services | Deft.'s Ex. 515 | $116,073.57 |
| 456 E. 40th St | Home Loan Mortgage Co. | Deft.'s Ex. 512 | $211,914.43 |
| 615 W. Imperial | Greenpoint Mortgage Funding, Inc. | Deft.'s Ex. 513 | $223,439.99 |
| 1485 Molino | Mortgage Capital Acceptance | Govt.'s Ex. 158 | $186,365.68 |
| 1017 Raymond Ave. | Home Mortgage America/ Greenpoint Mortgage | Govt.'s Ex. 174 | $237,640.56 |
| 930 E. 11th St. | Home Mortgage America/ Greenpoint Mortgage | Deft.'s Ex. 519 | $244,807.78 |
| 428 W. 5th St. | New Freedom Mortgage Co. | Deft.'s Ex. 517 | $251,593.11 |
| 520 Chestnut | First National Home Finance | Deft.'s Ex. 518 | $183,729.82 |
| 549 E. 17th St. | First Union Mortgage Co. | Govt.'s Ex. 225 | $252,838.38 |
| 2121 Atlantic | BNC Mortgage Inc. | Govt.'s Ex. 234 | $251,407.38 |
| 860 Cerritos | Laguna Capital Mortgage | Deft.'s Ex. 514 | $241,443.84 |

| | | | |
|---|---|---|---|
| TOTAL from Nonfinancial institutions | | | $2,907,482.23 |
| TOTAL Gross Receipts in Deft.'s Ex. 524 | | | $5,532,021.21 |
| TOTAL Gross Receipts - Sum from Nonfinancial institutions | | | $2,624,538.98 |

## CALCULATION UNDER GOVERNMENT'S EXHIBIT 258

| Property | Lender | Exhibit verifying lender | Receipt |
|---|---|---|---|
| 9501 S. Western | Mortgage Portfolio Services | Deft.'s Ex. 516 | $250,698.37 |
| 1177 W. 38th St. | Chadwick Mortgage, Inc. | Govt.'s Ex. 135 | $255,529.32 |
| 760 E. 43rd St. | Mortgage Portfolio Services | Deft.'s Ex. 515 | $232,688.84 |
| 456 E. 40th St | Home Loan Mortgage Co. | Deft.'s Ex. 512 | $211,914.43 |
| 615 W. Imperial | Greenpoint Mortgage Funding, Inc. | Deft.'s Ex. 513 | $223,439.99 |
| 1485 Molino | Mortgage Capital Acceptance | Govt.'s Ex. 158 | $186,365.68 |
| 1017 Raymond Ave. | Home Mortgage America/ Greenpoint Mortgage | Govt.'s Ex. 174 | $237,640.56 |
| 930 E. 11th St. | Home Mortgage America/ Greenpoint Mortgage | Deft.'s Ex. 519 | $244,807.78 |
| 428 W. 5th St. | New Freedom Mortgage Co. | Deft.'s Ex. 517 | $251,593.11 |

| | | | |
|---|---|---|---|
| 520 Chestnut | First National Home Finance | Deft.'s Ex. 518 | $252,390.01 |
| 549 E. 17th St. | First Union Mortgage Co. | Govt.'s Ex. 225 | $252,838.38 |
| 2121 Atlantic | BNC Mortgage Inc. | Govt.'s Ex. 234 | $251,407.38 |
| 860 Cerritos | Laguna Capital Mortgage | Deft.'s Ex. 514 | $241,443.84 |
| TOTAL from Nonfinancial institutions | | | $3,092,757.69 |
| TOTAL Gross Receipts in Govt.'s Ex. 258 | | | $5,869,334.13 |
| TOTAL Gross Receipts - Sum from Nonfinancial institutions | | | $2,776,576.44 |

2. **The Government's Argument That the Receipts Need Not Come from Violations Affecting Financial Institutions is Unpersuasive**

The government argues that the $5 million in gross receipts need not all "come from" financial institutions, relying on <u>United States v. Lefkowitz</u>, 125 F.3d 608 (8th Cir. 1997), and <u>United State v. Gallant</u>, No. CRIM.03-CR-00232-RPM, 2006 WL 278554 (D. Colo. Feb. 3, 2006). In <u>Lefkowitz</u>, the defendant induced financial institutions to invest $1,120,000 in his fraudulent scheme, which investments allowed the defendant's company to make offerings grossing over $5 million within a 24-month period. The court concluded that these facts, together with facts demonstrating the other elements of § 225 had been met, were sufficient to support a jury's finding that the defendant violated § 225. In <u>Gallant</u>, the district court instructed the jury that the

6

1  government must prove the defendants "received more than $5,000,000
2  in gross receipts, from such enterprise during a 24-month period."
3  Gallant, 2006 WL 278554 at *2.  In addition, the "continuing
4  financial crimes enterprise [must have] affected a financial
5  institution."  Id.  The Gallant court held that the defendants'
6  argument that "gross receipts must be shown to have been received
7  from the offenses constituting the 'continuing financial crimes
8  enterprise' specifically charged" took too narrow a view of § 225.
9  Id. at *3.  The purpose of § 225 was to increase the penalty for
10 violations that "were a part of repeated and continuing criminal
11 conduct affecting the health of a financial institution."  Id.
12 Thus, the CFCE count required only evidence "that the defendants
13 were responsible for a recurring pattern of fraud to obtain funds
14 from [a financial institution] unlawfully."  Id.

15          The Court finds the Second Circuit's opinion in Harris
16 more persuasive on this issue.  In that case, the court explained
17 that the $5 million element of the offense was "tied to the series
18 of violations," i.e., the $5 million or more in receipts should
19 come "from the series of violations during any 24-month period."
20 Harris, 79 F.3d at 230.  According to the express language of
21 § 225(b) and 18 U.S.C. 1344 (bank fraud statute), the mail fraud,
22 wire fraud, and bank fraud violations in the series must affect a
23 financial institution.  With only those violations that affect
24 financial institutions comprising the series, and thus, the
25 enterprise, as detailed in the chart above, the total gross
26 receipts from the enterprise would be less than $5 million.
27 //
28 //

7

1
2

### III.

### CONCLUSION

3

For the foregoing reasons, the Court denies in part and

4 grants in part defendant's Rule 29 Motion.  The Court grants the

5 motion as to Count 12 only.

6

IT IS SO ORDERED.

7

IT IS FURTHER ORDERED that the Clerk shall serve a copy

8 of this Order on counsel and defendant at his last known place of

9 incarceration.

10

DATED: May 24, 2006.

11



12

13

ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT F

**Contents:**

    -Excerpts from the October 6, 2006 sentencing transcripts showing Bennett requesting all convictions, verdict forms, and the determination of all un-charge, un-indicted, and un-arraigned counts. Stotler refuses and leaves it up to the Appeals court.

9

1    that you allowed the government to bring in during trial --
2    if that never occurred, I don't think we would have a
3    problem either, but you did.  You allowed 25 counts to come
4    in to this court, 25 counts.  We only started off with 12
5    counts in the Indictment.  Count 11 was dismissed.  That
6    left us with Counts 1 through 10 and Count 12.  I don't know
7    where the 25 counts came from.

8                I also do not know -- Jury Instruction or Court
9    Instruction No. 26, what are the properties and lenders that
10   Court instruction applies to.

11               So if you can answer those questions for me, and I
12   realize that you decline to provide me the verdict form on
13   all the charges.  I would once again request the verdict
14   form just so we know exactly what we are doing here and just
15   so that I know exactly what happened.

16               THE COURT:  Is there anything else?

17               MR. BENNETT:  If you could tell me exactly what
18   the convictions were?  The Court instructions were not --
19   did not match the Indictment, so I am trying to find out if
20   -- I just read your tentative on the sentencing.  I am
21   trying to find out what are the charges you plan to sentence
22   me on?  Is it going to be the indicted charges, or is it
23   going to be the charges that you told -- you gave
24   instructions to the jury on?

25               THE COURT:  Let me advise you that you are

10

1   entitled to take an appeal of the Court's judgment by filing
2   a Notice of Appeal within ten days from today's date, and if
3   you fail to file a Notice of Appeal within that time, there
4   will be no review of the Court's judgment.
5          Do you have questions about your right to appeal?
6          MR. BENNETT:  I think at this point I need an
7   attorney.  I am requesting assistance of a Court-appointed
8   attorney because you refuse to explain to me on the record
9   what the convictions are and what the violations are.  I
10  don't think I need to leave here without knowing that.
11         If you are going to give me a sentence to prison,
12  I think you have an obligation not only to this court but to
13  this government to tell me before I leave out of here.  The
14  Fifth Amendment demands that you tell me exactly what you
15  plan to sentence me on since you changed the charges from
16  what was indicted.
17         So I don't think it's something that you can tell
18  me that I need to finish and shut up and get moving.  I
19  think you need to do that, Your Honor, and I think that
20  justice demands it.
21         THE COURT:  Do you have any questions about your
22  right of appeal?
23         MR. BENNETT:  I am requesting at this point
24  Court-appointed counsel to complete this sentencing.
25         THE COURT:  Do you have any questions about your

EXHIBIT G

**Contents:**

-Ninth Circuit docket showing Commissioner Shaw deprived
Bennett of due process by concealing(striking) the opening
brief with the Jurisdictional Statement, hid Bennett's
objection to his recommendations to strike the opening
brief, and made un-Constitutional Judicial orders denying
motion for re-hearing, denying habeas corpus relief(28 USC 2241),
and ordering replacement CJA counsel.

-Ninth Circuit "Order for Time Schedule" showing their approval of
Bennett's Pro Se Status.

-Default Notice issued to Government after they learned
of the Jurisdictional Statements within the brief.

FILED
CLERK, U.S. DISTRICT COURT

OCT 16 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPU

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff(s)/Appelle(s)

v.

JAMES DAVIS BENNETT,.

      Defendant(s)/Appellant

| | |
|---|---|
| U.S. COURT OF APPEALS CASE NUMBER: | |
| U.S. DISTRICT COURT CASE NUMBER: | SA CR 03-25-AHS |
| DISTRICT OF: | CENTRAL CALIFORNIA |
| NOTICE OF APPEAL FILED: | 10/06/06 |

☐ CJA OF F.P.
☐ APPOINTED COUNSEL
☐ RETAINED COUNSEL
☐ ON BAIL
☒ Pro-se

☐ PAID APPEAL
☐ FED. PUBLIC DEFENDER
☐ ADV. COUNSEL
☐ IN CUSTODY

## ORDER FOR TIME SCHEDULE

The parties, counsel and court personnel in the processing of this appeal, will comply with the following time schedule:

1. If not exempt, the docket fee will be transmitted to the Clerk of the District Court: **IMMEDIATELY**

2. Date transcript(s) will be ordered from the court reporter: **11/6/06**
   If this case is under CJA, give the date that the order is to be given to the court reporter.

3. The court reporter's transcript(s) will be filed in the District Court: **1/5/07**
   Certificate of Record will be submitted to the Court of Appeals by the Clerk of the District Court immediately upon the filing of the transcript. The Certificate of Record indicates that the complete trial court record, including designated transcripts, is available for use of the parties.

4. Appellant's opening brief and excerpts of record will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: **2/14/07**

5. The appellee's brief will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: **3/16/07**

6. The appellant's [optional] reply brief will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: **3/30/07**

By direction of the Judicial Conference of the United States, this Court must expedite criminal appeals. This time schedule must be adhered to without exception. This appeal will be deemed ready for calendaring on the first available calendar after the appellee's brief is filed.

For the Court:
CATHY A. CATTERSON, Clerk
U.S. Court of Appeals

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF
RECORD, IN THIS ACTION, ON THIS DATE.

DATED: 10/16/06

DEPUTY CLERK

By: _____ C. REYES
Deputy Clerk,
United States District Court
Central District of California

Circuit Rule 42-1 requires that this appeal may be dismissed if appellee's brief is not timely.

DOCKETED ONLY

OCT 16 2006

A-7 (04/99)    ORDER FOR TIME SCHEDULE - U.S.C.C.A. 9TH CIRCUIT

FOR THE NINTH CIRCUIT

March 30, 2007

FILED

MAR 3 0 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES DAVIS BENNETT,

Defendant - Appellant.

No.  06-50580
D.C. No.  CR-03-00025-AHS

**DEFAULT NOTICE**

Court records do not reflect receipt of the answering brief or a letter stating that no brief will be filed.  Within 14 days from the date of this notice, appellee shall submit the brief and a motion for relief from default or inform the court in writing that no answering brief will be filed.  In the absence of a timely response to this order, the case will be calendared on the basis of the opening brief alone and appellee will be barred from participating in any scheduled oral argument. Fed. R. App. P. 31(c); 9th Cir. R. 31-2.3.

FOR THE COURT:

Cathy A. Catterson
Clerk of Court

*Gail Nelson-Ho*

By: Gail Nelson-Hom
Deputy Clerk

of 12/11/06  responds to all pending motions in question) (ca) [06-50580]

12/11/06      Filed order ( Alfred T. GOODWIN, M. M. McKEOWN, ): Aplt's mtn for bail penidng appeal is denied without prejudice to renewal, if necessary, following presentation of the mtn to the dist ct. [5978385-1] (CITE) Aplt's "mtn for a bill of particulars" is denied. [5979177-1] Aplt's "mtn to take judicial notice" is denied. [5994270-1] The court rptr's mtn to file the transcript late is granted.  The Clerk shall file the transcript rcvd on 11/21/06, and shall notify the court rptr of aplt's new address and instruct her to send aplt a copy of the transcript at his new address.  The brfing sched established prvsly shall remain in effect.  [06-50580] (gail) [06-50580]

12/11/06      Filed James Davis Bennett in 06-50580 notice of designation of reporter's transcript (prvsly rcvd; filed per 12/11/06 order) [06-50580] (gail) [06-50580]

1/9/07        Filed Appellant James Davis Bennett's motion to reconsideration of motion for bail pending appeal; served on 1/8/07. (MOATT) [06-50580] (ca) [06-50580]

1/11/07       Rec'd aplt James Davis Bennett in 06-50580 notice of designation of reporter's transcript. [06-50580] (af) [06-50580]

1/23/07       Filed (MOATT/PE) Order (Richard A. PAEZ, Jay S. BYBEE,) Aplt's mtn to recon the denial of his bail mtn is DENIED. Aplt's renewed mtn for bail pending appeal is DENIED w/out prejudice to renewal, if necessary, following presentation of the mtn to the DC. (cite) The briefing schedule established previously shall remain in effect.   [06-50580] (af) [06-50580]

2/5/07        Filed original and 7 copies Appellant James Davis Bennett in 06-50580 opening brief  ( Informal: no) 30 pages and 5 copies of excerpts; served on 1/31/07 [06-50580] (gail) [06-50580]

Docket as of September 7, 2007 11:18 pm                Page 5

06-50580 USA v. Bennett, et al

2/26/07       Filed Appellant's mtn for bail; recon of 9th Cir. order dated 1/23/07 [06-50580] served on 2/23/07 [6101453] MOATT [06-50580] (gail) [06-50580]

2/26/07       Copy DC motion received: Aplt's mtn for completed record to incudle all filings [06-50580] (gail) [06-50580]

3/2/07        Filed order ( Alfred T. GOODWIN, A. W. TASHIMA, ): Appellant's motion for bail pending appeal is denied because aplt has not shown, by clear and convincing evidence, that aplt is not likely to flee or pose a danger

to the safety of any other person or the community if
released. [6101453-1] (CITE)  The brfing sched established
prvsly shall remain in effect.  [06-50580] (gail)
[06-50580]

3/9/07        Filed Aple USA's mtn for determination as to whether
              deft-aplt will be given leave to proceed pro se [06-50580]
              served on 3/8/07 [6113429] MOATT (gail) [06-50580]

3/28/07       Received orig. and 1 copies James Davis Bennett in
              06-50580's reply brief ( Informal: yes ) of 7 pages;
              served on 3/27/07 . (rcvd because no answ brf has yet been
              filed.) [06-50580] (gail) [06-50580]

3/30/07       Sent Appellee USA in 06-50580 31(c) letter for failure to
              file answ brf. response to 31(c) letter due 4/16/07;
              [06-50580] (sent in error mtn to proceed pro se
              pending/moatt) (gail) [06-50580]

3/30/07       Received 1 copy Appellant James Davis Bennett in 06-50580's
              addendum to reply brief (includes portion of transcripts) (
              [6131931-1] , served on 3/30/07 [06-50580] (gail)
              [06-50580]

3/30/07       Filed Appellant's mtn to continue with current brfing sched
              and to accept the government's filing dated 3/8/07 as
              opposition brf [06-50580] served on 3/27/07 [6135883] MOATT
              [06-50580] (gail) [06-50580]

4/4/07        Received letter (undated) from pro se re: req for status of
              case (sent public docket to aplt in response) (gail)
              [06-50580]

4/16/07       Received Lawrence A. Kole for Appellee USA in 06-50580
              letter dated 4/12/07 re: ntc that no answ brf is yet due
              and govt will await new due date.  [06-50580] (gail)
              [06-50580]

4/20/07       Referred to MOATT re: status of aple's mtn filed 3/9/07.
              [6113429-1] [06-50580] (ea) [06-50580]

4/25/07       Received letter from pro se dated 4/25/07 re: req "to
              expeditiously to complete appeal"  (copy to MOATT) (gail)

Docket as of September 7, 2007 11:18 pm              Page 6


06-50580 USA v. Bennett, et al

              [06-50580]

4/27/07       Filed order (Appellate Commissioner) The Clerk shall serve
              copies of the Report and Recommendation filed
              contemporaneously with this order on all parties at the
              addresses of record.  Appellant James Davis Bennett may
              file a pro se objection to the Report and Recommendation
              within 21 days after this order is filed.  The Clerk shall

forward to the Appellate Commissioner any objection filed.
( Ap.Com.) [06-50580] (dl) [06-50580]

4/27/07          Filed Report and Recommendation by Appellate Commissioner.
                 [06-50580] (dl) [06-50580]

5/1/07           Filed Appellant's mtn for default jdgmnt of acquittal on
                 counts 1-10; mtn for hearing to determine the legality of
                 aplt's continued detention pursuant to 28 USC 2241; and mtn
                 to refer Alicemaire Stotler, Lawrence E. Kole, and Brett A.
                 Sagel to Congress for criminal investigation [06-50580]
                 served on 4/19/07 [6171378] APP. COMM. [06-50580] (gail)
                 [06-50580]

5/14/07          Received letter dated May 11, 2007, from appellant's spouse
                 in support of appellant's request to proceed pro se.
                 (Ap.Com.) [06-50580] (dl) [06-50580]

5/15/07          Received notice of objection to App.Comm. recommendation
                 from Appellant James Davis Bennett in 06-50580 (rcvd in
                 court on 5/15/07; rcvd in docketing on 6/5/07) (copy to
                 APP. COMM.) (gail) [06-50580]

5/29/07          Rec'd notice of change of address from Appellant James
                 Davis Bennett in 06-50580 dated 5/23/07 (new address:
                 #32589-112 FCI Stafford, P.O.Box 9000, Safford, AZ 85548)
                 [06-50580] (gail) [06-50580]

5/29/07          Received letter dated 23 May 2007 from the wife of
                 appellant re: request of appellant to represent himself.
                 (Ap.Com.) [06-50580] (dl) [06-50580]

Docket as of September 7, 2007 11:18 pm                    Page 7


06-50580 USA v. Bennett, et al

6/8/07           Filed order ( Edward LEAVY, Thomas G. NELSON): ...On April
                 27, 2007, the Appellate Commissioner filed a Report and
                 Recommendation concluding that the court should deny
                 appellant Bennett's self-representation and appoint new
                 counsel to represent Bennett on appeal. Bennett was allowed
                 21 days within which to file objections to the Report and
                 Recommendation. During the objection period, Bennett filed
                 a "Motion for Default Judgment of Acquittal, etc." and,
                 with a cover letter from his wife, an "Ex Parte Motion to
                 Relieve Counsel Supplement, etc." Bennett's submissions are
                 construed as objections to the Appellate Commissioner's
                 Report and Recommendation. So construed, Bennett's
                 objections are overruled. The court adopts the Appellate
                 Commissioner's Report and Recommendation in full. Appellant
                 Bennett is denied permission to represent himself on
                 appeal. New counsel will be appointed by separate order.
                 The Clerk shall serve a copy of this order by facsimile
                 transmission on Sean K. Kennedy, Federal Public Defender,
                 321 East Second Street, Los Angeles, California 90012-4206
                 (FAX: (213) 894-0081), who will locate appointed counsel.

The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. The Clerk shall strike Bennett's pro se opening brief filed February 5, 2007 and Bennett's pro se reply brief received March 28, 2007. The Clerk shall provide copies of both stricken briefs to Mr. Kennedy, who is requested to serve the briefs on new counsel for such consideration as counsel deems appropriate. New counsel shall order any additional transcripts by July 30, 2007. The court reporters shall file the transcripts in the district court by August 29, 2007. Appellant Bennett's opening brief and excerpts of record are due October 8, 2007. Appellee's answering brief is due November 7, 2007. Appellant Bennett's optional reply brief is due 14 days after service of the answering brief. [06-50580] (dl) [06-50580]

6/11/07       Rec'd aplt James Davis Bennett in 06-50580's request for criminal investigation; served on 6/2/07. (App. Comm) [06-50580] (af) [06-50580]

6/19/07       Filed Appellant James Davis Bennett in 06-50580's motion to disbar Lawrence E. Kole & Brett A. Sagel [06-50580] served on 6/18/07 [6211691] MOATT [06-50580] (gail) [06-50580]

6/22/07       Received letter dated 6/17/07 from pro se re: "aplt's formal proffer to the 9th Circuit" (APP.COMM.) (gail) [06-50580]

7/2/07        Filed Appellant James Davis Bennett in 06-50580's motion to reconsider 6/8/07 order [06-50580] served on 6/17/07 [6221883] MOATT [06-50580] (gail) [06-50580]

Docket as of September 7, 2007 11:18 pm                    Page 8


06-50580 USA v. Bennett, et al

7/2/07        Received Appellant in 06-50580 notice of designation of reporter's transcript. CASEFILE [06-50580] (gail) [06-50580]

7/3/07        Received copy of District Court order filed on June 20, 2007 appointing James M. Crawford, Esq., as CJA counsel of record for appellant. [06-50580] (dl) [06-50580]

7/10/07       Filed order (Appellate Commissioner) This court has received appellant James Davis Bennett's pro se request for a criminal investigation, motion to disbar the government attorneys, and petition for rehearing and proffer. Because appellant Bennett is represented by counsel, only counsel may file motions. The court therefore declines to entertain Bennett's submissions. With this order, the Clerk shall serve copies of the pro se submissions on appellant's newly appointed counsel of record, James M. Crawford, Esq., 528 North Glassell, Orange, California 92867, for such

consideration as counsel deems appropriate. The Clerk shall also serve this order on appellant individually, James Davis Bennett, Reg. No. 32589-112, Federal Correctional Institution, P.O. Box 9000, Safford, Arizona 85548. ( Ap.Com.)  [06-50580] (dl) [06-50580]

8/6/07          Filed James M. Crawford in 06-50580's motion to withdraw as counsel [06-50580] ; served on 8/2/07 MOATT (gail) [06-50580]

9/7/07          Filed order (Appellate Commissioner) The motion of James M. Crawford, Esq., 528 North Glassell Street, Orange, California 92867, (714) 288-0180, to be relieved as counsel for appellant is granted. New counsel will be appointed by separate order. The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender, 321 East Second Street, Los Angeles, California 90012-4206 (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. New counsel shall designate the reporter's transcript by October 15, 2007. The transcript is due December 17, 2007. Appellant's opening brief and excerpts of record are due January 28, 2008; appellee's answering brief is due February 27, 2008; and the optional reply brief is due within 14 days after service of the answering brief. ( MoAtt)  [06-50580] (dl) [06-50580]

Docket as of September 7, 2007 11:18 pm          Page 9

| PACER Service Center | |
|---|---|
| Transaction Receipt | |
| 09/13/2007 08:26:29 | |
| PACER Login: | sg1989 | Client Code: | |
| Description: | dkt report | Case Number: | 06-50580 |
| Billable Pages: | 9 | Cost: | 0.72 |



If you view the full docket online, you will be charged for 10 Pages     $ 0.80

# US Court of Appeals for the Ninth Circuit
## Case Summary

Court of Appeals Docket #: 06-50580                    Filed: 10/17/06
Nsuit:    0
USA v. Bennett, et al
Appeal from: Central District of California (Santa Ana)

Lower court information:
     District: 0973-8 : CR-03-00025-AHS
     presiding judge: Alicemarie H. Stotler, District Judge

| | |
|---|---|
| 9/21/07 | Received copy of District Court order filed on September 14, 2007 appointing Phillip A. Trevino, Esq., as CJA counsel of record for appellant. [06-50580] (dl) [06-50580] |
| 10/9/07 | Filed Appellant James Davis Bennett's motion to remove Aplt Commissioner "from further participation" [06-50580] served on 10/4/07 [6315304]  (MOATT) [06-50580] (gail) [06-50580]. |
| 10/15/07 | Received Appellant James Davis Bennett in 06-50580 notice of designation of reporter's transcript (multiple hearings from 1/31/03 to 1/26/07 are listed) [06-50580] (gail) [06-50580] |
| 10/29/07 | Received notice of petition under USC 2241 from Appellant James Davis Bennett in 06-50580  (MOATT) (gail) [06-50580] |
| 11/1/07 | Filed Appellant James Davis Bennett's mtn for grand jury authorized jurisdiction [06-50580] served on 10/29/07 [6339313] (MOATT) [06-50580] (gail) [06-50580] |
| 11/13/07 | Filed Phillip A. Trevino in 06-50580's motion for leave to expend funds under the Criminal Justice Act (APPELLATE COMMISSIONER). (tu) [06-50580] |
| 11/15/07 | Filed Appellant James Davis Bennett's mtn for smmry jdgmnt of "Petitioner under 28 USC $2241 for a writ of habeus corpus" [06-50580] served on 11/13/07 [6346374] (MOATT) [06-50580] (gail) [06-50580] |
| 11/26/07 | Filed Appellant's ntc of mtn and mtn for temporary retraining order [06-50580] served on 11/9/07 [6358271] (MOATT) [06-50580] (gail) [06-50580] |
| 11/26/07 | Filed Appellant James Davis Bennett in 06-50580's motion for immediate release [06-50580] served on 11/17/07 [6358278] (MOATT) [06-50580] (gail) [06-50580] |
| 11/29/07 | Filed order (Appellate Commissioner) Aplt's mtn for approval under the CJA to incur up to $700 to photcopy dist court records is granted. [6355666-1] Aplt is instructed to |

EXHIBIT H

Contents:

-Internet print out from California agencies responsible for
overseeing lending activities within that state. They
clearly show that if Flagstar was making Real Estate Loans
there they did it illegally.

# Multiple Department License Lookup

This lookup will search licensing information for the Department of Corporations, Department of Financial Institutions, Department of Real Estate and the Office of Real Estate Appraisers.

Please indicate the type of search desired, either by person name or company name and then enter the desired name. For persons, specify the name as Last Name, First Name.

Name Search Help

⊙ Person Name ( Last Name, First Name)

⦿ Company Name

Name: Flagstar Bancorp, Inc.

Find | No matches were found for this lookup.

To locate specific details about the various licensees of the California Real Estate and Financial Service Departments
Click Here

# Multiple Department License Lookup

This lookup will search licensing information for the Department of Corporations, Department of Financial Institutions, Department of Real Estate and the Office of Real Estate Appraisers.

Please indicate the type of search desired, either by person name or company name and then enter the desired name. For persons, specify the name as Last Name, First Name.

<u>Name Search Help</u>

⊂ Person Name ( Last Name, First Name)

⊙ Company Name

Name: |Flagstar Bank

__Find__ | No matches were found for this lookup.

To locate specific details about the various licensees of the California Real Estate and Financial Service Departments
Click Here

**EXHIBIT I**

**Contents:**

-Letter from Mr. Kennedy's counsel Gail Ivens confirming
 that "the administration of the [CJA] panel was assigned
 to the Federal Public Defender" and that "Attorneys are
 assigned to cases randomly".
-Docket entry showing that Mr. Kennedy's office informed
 Judge Stotler that they have a conflict with Plaintiff
 Bennett therefore they could not participate in his
 representation.

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

**SEAN K. KENNEDY**
*Federal Public Defender*
**DEAN R. GITS**
*Chief Deputy*

**CRAIG WILKE**
*Directing Attorney*
*Santa Ana Office*
**JESUS G. BERNAL**
*Directing Attorney*
*Riverside Office*

Direct Dial: (213) 894-5022

June 22, 2007

James Davis Bennett
Reg. No. 32589-112
F.C.I. Safford
P.O. Box 9000
Safford, AZ 85548

Re:    United States v. Bennett, CA No. 06-50580

Dear Mr. Bennett:

        I am in receipt of your letter to Mr. Kennedy which sets forth your concerns about
the process by which the Federal Public Defender selects the counsel to handle your appeal.
I am the Administrator of the Appellate Panel for the Central District, and Mr. Kennedy
referred your letter to me for response.

        I was a member of the Central District appellate panel from 1990 until I returned to
this office as a Deputy in January of 2006, and am very familiar with the history and
process of appointments for appeal in this district. From 1990 to 1996, the panel was
administered by a Magistrate Judge. Beginning in 1996, the administration of the panel
was assigned to the Federal Public Defender by delegation from the Chief Judge of the
Ninth Circuit. Currently, the panel consists of approximately 40 attorneys. These attorneys
must have significant appellate or other transferable experience prior to joining the panel,
their qualifications and membership are reviewed every three years, and they attend a
mandatory training on appellate practice each Spring. Attorneys are assigned to cases
randomly, by rotation, unless a case requires specialized handling or qualifications (for
example, a death penalty appeal). Their representation in cases assigned to them is totally
independent of our office. Although we provide training and resources to the panel
attorneys, their litigations decisions, made in consultation with their clients, are their own
and are not supervised by our office.

        Your case had already been assigned to panel attorney James Crawford prior to the
time I received your letter. I cannot undo the appointment, nor would it be proper for me to
do so. Your remedy at this point is to address your concerns to the Appellate

June 22, 2007
Page 2

Commissioner, Peter Shaw, who rules on issues regarding counsel for the Ninth Circuit.

The Ninth Circuit does not maintain a separate list of panel attorneys for appointments; that job is delegated to either the FPD or a Magistrate Judge in each of the districts of the Ninth Circuit. You could request that counsel from a different district be appointed to represent you. I would not recommend that, however. Mr. Crawford is an experienced attorney, and you are unlikely to find someone more qualified to handle your appeal in a different district. Mr. Crawford has the additional advantage that he is already familiar with the Central District judges and attorneys. You must do, however, what you think best.

I hope this addresses your concerns. Best of luck on your appeal.

Sincerely

Gary Ivens
Deputy Federal Public Defender

cc:    Sean K. Kennedy, Federal Public Defender
       James Crawford, esq.
       528 N. Glassell Ave.
       Orange, CA 92867
       (714) 288-0180

**EXHIBIT J**

Contents:

-Organization chart showing Kennedy's Department(Defender Services come under the supervision of the "Administrative Office of the United States Courts.

## ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS



Item No. 44

**EXHIBIT L**

**Contents:**

  -Docket entries at the District showing that there has never
  been an order filed authorizing James M. Crawford or Phillip
  A. Trevino to represent the Plaintiff.

APPEAL, CLOSEI

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:03-cr-00025-AHS All Defendants

Case title: USA v. Bennett, et al
Other court case number: 3:03-mj-00238 INTERIN

Date Filed: 01/29/2003
Date Terminated: 01/26/2007

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2007 | 404 | TRANSCRIPT filed as to James Davis Bennett for dates of 05/13/05 before Judge Alicemarie H Stotler, Court Reporter: Debbie Gale. (ln) (Entered: 11/20/2007) |
| 10/24/2007 | 403 | TRANSCRIPT filed as to Steven Brian Rogers for dates of 01/26/07 before Judge Alicemarie H Stotler, Court Reporter: Deborah D Parter. (ln) (Entered: 11/02/2007) |
| 10/15/2007 | 402 | TRANSCRIPT DESIGNATION AND ORDERING FORM as to James Davis Bennett, for Dates: Date format: YY-MM-DD: 03-01-31; 03-02-03; 03-02-10; 03-02-18; 03-03-17; 03-06-09; 03-08-27; 03-12-15; 04-01-12; 04-01-26; 04- 02-09; 04-02-23; 04-10-04; 04-10-25; 04-11-08; 04-12-13; 05-05- 13; 05-07-25; 05-09-07; 05-09-26; 05-10-03; 05-10-31; 05-11-08; 05-11-10; 05-11-15; 05-11-16; 05-11-17; 05-11-22; 05-11-23; 05- 11-29; 05-11-30; 05-12-01; 05-12-06; 05-12-12; 05-12-14; 05-12- 15; 06-01-03; 06-01-04; 06-01-10; 06-03-24; 06-04-21; 06-05-19; 06-10-06; 06-10-16; 07-01-26.; Court Reporter: Tape Services, Kathleen Haaland, Walter Ledge, Debbie Gale, Theresa Lanza, Leslie King, Deborah Parker, Lisa Gonzalez, Pat Ciep, Nancy Smith-Wells, Jennifer Lewis, Sharon Seffens.; Court of Appeals Case Number: CA 06-50580, Re: Notice of Appeal to USCA - Final Judgment, 319 (Trevino, Phillip) (Entered: 10/15/2007) |
| 09/07/2007 | 400 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment, 319, CCA #06-50580. The motion of James M. Crawford, to be relieved as counsel for appellant is granted. New counsel will be appointed by separate order. The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. New counsel shall designate the reporter's transcript by 10/15/07. The transcript is due 12/17/07. The briefing schedule has been set. Order received in this district on 9/10/07. (car) (Entered: 09/11/2007) |
| 08/17/2007 | 401 | TRANSCRIPT filed as to James Davis Bennett for dates of 12/06/05 before Judge Alicemarie H Stotler, Court Reporter: ECRO. (ln) (Entered: 09/13/2007) |
| 07/20/2007 | 398 | TRANSCRIPT filed as to James Davis Bennett for dates of 2/9/04 before Judge Alicemarie H. Stotler, Court Reporter: Leslie A. King. (ml) (Entered: 07/23/2007) |
| 07/19/2007 | 399 | TRANSCRIPT filed as to James Davis Bennett for dates of 10/06/06 before Judge Alicemarie H Stotler, Court Reporter: Sharon A Seffens. (ln) (Entered: 07/24/2007) |
|  |  |  |

APPEAL, CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:03-cr-00025-AHS All Defendants

Case title: USA v. Bennett, et al                    Date Filed: 01/29/2003
Other court case number: 3:03-mj-00238 INTERIN       Date Terminated: 01/26/2007

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2007 | 400 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment, 319, CCA #06-50580. The motion of James M. Crawford, to be relieved as counsel for appellant is granted. New counsel will be appointed by separate order. The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. New counsel shall designate the reporter's transcript by 10/15/07. The transcript is due 12/17/07. The briefing schedule has been set. Order received in this district on 9/10/07. (car) (Entered: 09/11/2007) |
| 08/17/2007 | 401 | TRANSCRIPT filed as to James Davis Bennett for dates of 12/06/05 before Judge Alicemarie H Stotler, Court Reporter: ECRO. (ln) (Entered: 09/13/2007) |
| 07/20/2007 | 398 | TRANSCRIPT filed as to James Davis Bennett for dates of 2/9/04 before Judge Alicemarie H. Stotler, Court Reporter: Leslie A. King. (ml) (Entered: 07/23/2007) |
| 07/19/2007 | 399 | TRANSCRIPT filed as to James Davis Bennett for dates of 10/06/06 before Judge Alicemarie H Stotler, Court Reporter: Sharon A Seffens. (ln) (Entered: 07/24/2007) |
| 06/28/2007 | 397 | AMENDED TRANSCRIPT DESIGNATION AND ORDERING FORM as to James Davis Bennett, for Dates: 12/15/03, 1/12/04. 1/26/04, 2/9/04, 2/23/04, 10/4/04, 10/25/04, 7/25/05, 9/7/05, 11/8/05, 11/10/05, 11/15/05, 11/16/05, 11/17/05, 11/22/05, 11/23/05, 11/29/05, 11/30/05, 12/1/05, 12/6/05, 12/14/05, 12/15/05, 1/3/06, 1/4/06, 1/10/06, 3/24/06, 4/12/06, 5/19/06, 10/6/06; Court Reporter: Debbie Gale, Theresa Lanza, Leslie King, Deborah Parker, Lisa Gonzalez, Pat Ciep, Nancy Smith-Wells, Jennifer Lewis, Sharon Seffens; Court of Appeals Case Number: 06-50580; Re: Notice of Appeal to USCA - Final Judgment, 319 (Attachments: # 1)(Crawford, James) (Entered: 06/28/2007) |
| 06/08/2007 | 396 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment 319 CCA #06-50580. The governments request for a determination whether appellant James Davis Bennett may represent himself on appeal was referred to the Appellant Commissioner. On 4/27/2007, the Appellate Comissioner filed a Report and Recommendation concluding that the court should deny appellant Bennetts self-representation and appoint new counsel to represent Bennett on appeal. Bennett was allowed 21 days within which to file objections to the Repoort and Recommendation. The Court adopts the Appellate Commissioners Report and Recommendation infull. Appellant Bennett is denied permission to represent himself on appeal. New counsel will |

**EXHIBIT K**

Contents:

-Docket entries from the District demonstrating the Kennedy
conflict of interest with Plaintiff Bennett.

| | | |
|---|---|---|
| 02/09/2004 | 66 | FURTHER STATUS CONFERENCE RE: REPRESENTATION held before Judge Alicemarie H. Stotler as to James Davis Bennett: Defendant informs the Court that he has not yet retained counsel. Court advised defendant that he may represent himslef, or have counsel appointed for him with defendant contributing towards his attorney's fees. Defendant wishes to continue to seek retained counsel. Further Status Conference is scheduled for 2:30 p.m. on 02/23/04. Defendant is ordered back at that time. New counsel shall file appearance before the Court, and appear with defendant. C/R: Leslie King (tso) (Entered: 02/11/2004) |
| 02/23/2004 | 67 | MINUTES OF FURTHER STATUS CONFERENCE RE: REPRESENTATION held before Judge Alicemarie H. Stotler as to James Davis Bennett: Defendant informs the Court he has not yet retained counsel. Court appoints Federal Public Defender to represent defendant. In the event the Federal Public Defender has a conflict, the Court shall be notified and CJA counsel shall be appointed. Defendant is advised that reasonable contribution might be necessary to his defendant. Retained counsel is not precluded. Trial will commence as scheduled on 04/27/04. Defendant ordered back at that time. Defendant remains on bond under the same terms and conditions as previously order pending trial. Defendant ordered to the Federal Public Defender's Office forthwith. C/R: Theresa A. Lanza (tso) (Entered: 02/27/2004) |
| 02/23/2004 | 68 | NOTICE OF DISCREPANCY AND ORDER by Judge Alicemarie H. Stotler as to James Davis Bennett: Striking Motion; Stipulation and Order to modify Pretrial Supervision. (tso) (Entered: 03/01/2004) |
| 03/01/2004 | 69 | (IN CHAMBERS) APPOINTMENT OF CJA COUNSEL by Judge Alicemarie H. Stotler as to James Davis Bennett: Court has been informed by the Federal Public Defender of a conflict regarding the appointed representation of defendant on 02/23/04. Accordingly, Court appoints CJA Counsel Michael S Meza as attorney of record for defendant. Mr Meza accepts the apointment and acknowledges this matter has a complex case designation with a three-week treial estimate, trial to commence 04/27/04 at 9:00 a.m. C/R: None (tso) (Entered: 03/02/2004) |
| 03/10/2004 | 70 | MAIL RETURNED UNDELIVERABLE as to James Davis Bennett Item: Notice of Document Discrpancies (document |

(10)