UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James Davis Bennett,          :
                              :
        Plaintiff,            :
                              :
v.                            :     Civil Action No. 07-1321 (CKK)
                              :
James M. Crawford *et al.*    :
                              :
        Defendants.           :

MEMORANDUM OPINION

Plaintiff is a prisoner at the Federal Correctional Institution in Safford, Arizona, challenging his conviction entered by the United States District Court for the Central District of California. He sues the United States, the State Bar of California, Federal Public Defender Sean Kennedy, and Appointed Counsel James Crawford for constitutional violations, fraud and false imprisonment. He claims that the government, among other misdeeds, "used fraud to obtain the search warrant . . . to obtain the indictment . . . [and] to appoint an attorney," and "used [] the appointed attorney to help conceal [] changes made to the charges within the indictment . . . prior to sentencing . . . [and] during appeal." Compl. at 1.

The United States moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and defendants Kennedy and Crawford (by joinder) move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3) and (b)(6). For the following reasons, the Court will grant defendants' respective motions.[1]

---

[1] The State Bar of California has yet to appear in the case. Plaintiff is not proceeding *in forma pauperis* and therefore is responsible for service of process. The docket reflects no proof of service upon this defendant and the 120-day time period for service has expired. Plaintiff sues the State Bar for failing to properly supervise Kennedy and Crawford. Because the grounds for dismissing the complaint against Kennedy and Crawford presumably would apply to this defendant, the Court will dismiss the complaint in its entirety. *See* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner complaint and dismiss it, or any portion thereof, upon a determination that it fails to state a claim upon which relief may be granted).

The United States asserts among other grounds for dismissal that the case is barred by *res judicata*. As this Court previously determined, plaintiff may neither challenge his conviction and detention in this Court nor recover monetary damages from the participants of his criminal proceedings based on their official conduct. *Bennett v. Stotler*, Civ. Action No. 06-1635 (D.D.C., Sept. 17, 2007) (Bates, J.). Because the parties in this action are not identical to those in the earlier action, however, the Court will not apply the doctrine of *res judicata*.[2] Instead, the Court finds that plaintiff is collaterally estopped from relitigating the jurisdictional issue.

Collateral estoppel or issue preclusion bars the relitigation of issues previously tried and decided in a court of competent jurisdiction. It "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit," *Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970); accord *Yamaha Corporation of America v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992); *see McCord v. Bailey*, 636 F.2d 606, 609 (D.C. Cir. 1980) *cert. denied*, 451 U.S. 983 (1981) (approving the raising of collateral estoppel by a defendant who was not a party or privy to the previous action). Collateral estoppel applies when "the precise issue of jurisdiction [] led to the initial dismissal." *GAF Corp. v. U.S.*, 818 F.2d 901, 912 (D.C. Cir. 1987); accord *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983). In view of Judge Bates' previous ruling, the Court concludes that plaintiff is procedurally barred from challenging his conviction in this Court.

To the extent that plaintiff is suing defendants Kennedy and Crawford in their personal capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), those defendants rightly assert that plaintiff may not proceed under *Bivens* without

---

[2] In order for *res judicata* to apply, a defendant must show: (1) the identity of parties in both suits, (2) a judgment rendered by a court of competent jurisdiction, (3) a final judgment on the merits, and (4) an identity of the cause of action in both suits. *Paley v. Estate of Ogus*, 20 F. Supp. 2d 83, 87 (D.D.C.1998).

first establishing that his conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not made such a showing, nor could he credibly argue the point when his direct appeal of the criminal conviction is pending in the Ninth Circuit. *See* Kennedy's Motion to Dismiss, Ex. C. To the extent that plaintiff seeks injunctive relief against Kennedy and Crawford, Compl. at 10-11, the California-based defendants rightly argue that plaintiff has not shown how this Court could exercise personal jurisdiction over them under the District of Columbia's long-arm statute. *See* Kennedy's Memorandum In Support of Motion to Dismiss at 6-9.

For the foregoing reasons, the Court grants the United States' motion to dismiss pursuant to Rule 12(b)(6), and grants Kennedy and Crawford's motion to dismiss pursuant to Rule 12(b)(2) and (b)(6). A separate Order accompanies this Memorandum Opinion.

DATE: Jan. 31, 2008

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

3